IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON and TESSIE ROBB, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,<br><br>Defendants. | Civil Case No. 07-CV-5325 (JLL-ES)<br><br>DECLARATION OF ANDREW B. JOSEPH IN SUPPORT OF DISCOVERY CONFIDENTIALITY ORDER |

I, Andrew B. Joseph, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney-at-law of the State of New Jersey and a partner of the law firm Drinker Biddle & Reath LLP, one of the counsel representing Defendant AT&T Mobility LLC f/k/a Cingular Wireless LLC ("ATTM") in this litigation. As such, I have personal knowledge of the following facts.

2. Pursuant to Local Civil Rule 5.3(b)(2), I make this Declaration in support of Defendant ATTM and Plaintiff Barry Hall's request for entry of a Stipulated Protective Order Regarding Confidentiality of Documents and Testimony ("Protective Order"), which will govern the use, handling, disclosure, inspection, or exchange of Discovery Materials in the above-captioned action.

3. Defendant ATTM provides wireless communications services to tens of millions of customers.

1

  4.  Plaintiff Hall is a former ATTM customer who has asserted certain claims against ATTM.

  5.  Other parties to this action, including Defendant Sprint Nextel and Plaintiffs Judy Larson, Joe Milliron, and Tessie Robb, who assert claims only against Sprint Nextel, are not parties to this stipulated request for a Protective Order.

  6.  ATTM has filed a motion to compel arbitration of Hall's dispute with ATTM. In connection with that motion, Hall has served discovery requests, and ATTM has agreed to provide certain information in response to those requests that necessarily will implicate information of a confidential and proprietary nature, including, for example, customer-identifying information (*e.g.*, social security number, home address, etc.), confidential commercial information, competitive customer information, and other information not generally available to the public.

  7.  In addition, some of the material sought implicates the confidentiality interests of ATTM's customers, including that of Plaintiff Hall.

  8.  The disclosure of such material poses a risk of causing harm to ATTM's customers and to ATTM's competitive position in the marketplace. The latter is particularly so here, because ATTM and Sprint are competitors. ATTM and Hall thus have agreed upon a protocol for controlling and limiting disclosure of such information produced in discovery as set forth in the proposed Protective Order.

  9.  In order to streamline the discovery process and minimize the need for Court intervention, the proposed Protective Order adopts an "umbrella" approach that allows the producing party to designate in good faith Discovery Materials as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" depending upon the nature of such information. Each

category of information may be disclosed only to specified classes of individuals, as set forth in the proposed Protective Order.

10. This action involves only private litigants, and does not concern matters of significant public interest.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing is willfully false, I may be subject to punishment.

Executed on May 15, 2008.

Andrew B. Joseph