James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Stephen A. Weiss
Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19102
(215) 564-2300

Paul M. Weiss
George K. Lang
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Interim Class Counsel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB, and WILLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL and NEXTEL FINANCE COMPANY<br><br>Defendants. | Civil Action No. 07-05325(JLL) |

## ~~PROPOSED~~ ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Class Settlements and Approving the Form and Method of Notice to the Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the Parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on December 4, 2008, has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

## I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.    The terms of the Settlement Agreement, dated December 2, 2008, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and with the assistance and oversight of Mediator Hon. Nicholas H. Politan.  The Court finds that the class settlement

embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that Notice of the Class Settlement should be given as provided in paragraphs IV, V and VI of this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

II.   **THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL**

2.   The Settlement Class is defined as follows:

All Persons in the United States who are or were parties to a personal fixed-term subscriber agreement for a Sprint Nextel Wireless Service Account for personal or mixed business/personal use, whether on the Sprint CDMA network or Nextel iDEN network, or both, *excluding accounts* for which the responsible party for the Wireless Service Account is a business, corporation or a governmental entity, entered into between July 1, 1999 and December 31, 2008 and whose claims relate in any way to an Early Termination Fee or use of an Early Termination Fee in a fixed-term subscriber agreement, and/or use or propriety of a fixed-term subscriber agreement whether the term was for the initial fixed-term subscriber agreement or subsequent extensions or renewals to the fixed-term subscriber agreement for whatever reason and/or who were charged by or paid an Early Termination Fee to Sprint Nextel, **excluding only** the *Ayyad* Class Claims and Persons whose right to sue Sprint Nextel as a Settlement Class Member is otherwise barred by a prior settlement agreement and/or prior final adjudication on the merits. The Settlement Class includes Persons who were subject to an ETF, whether or not they paid any portion of the ETF either to Sprint Nextel or to any outside collection agency or at all, and

3

includes persons who are prosecuting excluded claims to the extent such persons have claims other than those expressly excluded.  Also excluded from the Class are members of the judiciary, Defendants, any entity in which they have a controlling interest, and their officers and directors, and the members of their immediate families are excluded.

3.      The Court preliminarily finds that the proposed nationwide Settlement Class meets all the applicable requirements of FED. R. Civ. P. 23(a), (b)(2) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only.  The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

a.      <u>Numerosity</u>

The Settlement Class consists of millions of members located throughout the United States, and satisfy the numerosity requirement of FED. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

b.      <u>Commonality</u>

Common questions of law and fact, with regard to the alleged activities of Sprint Nextel exist, for each of the Settlement Class Members.  These issues are central to this case and are sufficient to establish commonality.

c.      <u>Typicality</u>

Plaintiffs claims in this litigation are typical of the claims of the Settlement Class Members. Therefore, in the context of this settlement the element of typicality is satisfied.

d.      Adequate Representation

Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.   Additionally, this Court recognizes the experience of Class Counsel James E. Cecchi of CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, 5 Becker Farm Road, Roseland, New Jersey 07068; Paul M. Weiss, George K. Lang of FREED & WEISS LLC, 111 West Washington Street, Suite 1331, Chicago, Illinois 60602; Stephen A. Weiss and Jonathan Shub of SEEGER WEISS LLP, 1515 Market Street, Suite 1380, Philadelphia, PA 19102; and finds under FED. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class Members has been fully met.

e.      Predominance of Common Issues

Plaintiffs commonly assert that the fixed Early Termination Fee provided for in Sprint Nextel subscriber agreements, regarding service contract cancellation prior to the end of the contract term is improper and thus causing all Settlement Class Members to be improperly subject to ETFs.  In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f.      Superiority of the Class Action Mechanism

The class action mechanism is ideally suited for treatment of the settlement of these matters.   Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

g.      Rule 23(b)(2)

As to the Prospective Relief, Sprint Nextel has acted or refused to act with respect to fixed rate ETF's, on

5

grounds that apply generally to the Settlement Class so that the Prospective Relief is appropriate.

4.      The Class Representatives are:   Judy Larson, Joe Milliron, Tessie Robb and Willie Davis.   Based upon the Court's familiarity with the claims and parties, and the negotiation process overseen by Mediator the Hon. Nicholas H. Politan, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.   The Court finds that each of these representatives, were subject to a Sprint Nextel ETF.

5.      The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Class Counsel pursuant to FED. R. C P. 23(g):

Counsel for the Class

James E. Cecchi
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN,
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
George K. Lang
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

> Stephen A. Weiss
> Jonathan Shub
> SEEGER WEISS LLP
> 1515 Market Street, Suite 1380
> Philadelphia, PA 19102
> (215) 564-2300

6.      If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Sprint Nextel shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under FED. R. Civ. P. 23.

## III.   **COMMON FUND**

7.      The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

      a.    The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

      b.    The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

      c.    The assets of the Escrow Account are segregated from other assets of Sprint Nextel, the transferors of the payment to the Settlement Fund.

8.      Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

7

      a.      The Escrow Account met the requirements of paragraphs 7(a) and 7(b) of this Order prior to the date of this Order approving the establishment of the Escrow Account subject to the continued jurisdiction of this Court; and

      b.      Sprint Nextel and the Claims Administrator may jointly elect to treat the Class Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Class Escrow Account met the requirements of paragraph 7 and 7(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 7 of this Order are met.  If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Escrow Account on that date.

## IV.  NOTICE TO SETTLEMENT CLASS MEMBERS

9.     The Court has considered the proposed notices attached as Exhibits E, F and G to the Agreement, including the proposed forms of notice, as well as the proposal for the Claim Form (set forth in the Agreement), and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. C P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the notices in all respects (including the proposed forms of notice, and the proposal for the Claim Forms set forth in the Agreement) and orders that notice be given in substantial conformity therewith.  The notice to be placed in national publications in a manner and format to be approved by the Court within 10 days of

this Order.  The costs of disseminating the notice shall be paid from the Common Fund in accordance with the Agreement.

10.    The Court appoints Gilardi & Co., LLC of San Rafael, California as Settlement Administrator.  Responsibilities of the Settlement Administrator shall include the following: (a) establishing a toll-free phone number (to be included in the Publication Notice for purposes of communicating with Settlement Class Members); (b) establishing and maintaining a website for purposes of posting the Long Form Notice, the Claim Form, the Agreement and related documents; (c) accepting and maintaining documents sent from Settlement Class Members, including Claim Forms, Request for Exclusion, and other documents relating to claims administration; and (d) administering claims for the allocation of the Cash Benefits and Non-Cash Benefits among Settlement Class Members.

## V.    REQUEST FOR EXCLUSION FROM THE CLASS

11.    Settlement Class Members who wish to be excluded from Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than 21 days before the Final Approval Hearing, and shall clearly state the following: the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Agreement or requested by the Settlement Administrator and further state that:

9

The undersigned individual hereby represents that he/she has authority to sign and submit this Request for Exclusion on behalf of the above-named class member. The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, et seq., or other laws governing their obligations to any class member. The undersigned understands that by submitting this Request for Exclusion, the class member identified above will not be entitled to receive any proceeds of the class Settlement Fund. By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

12.     Person who submit valid Request for Exclusion shall not be bound by the Agreement, or the Final Approval Order and Judgment.  Not later than ten days before the Final Approval Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and Sprint Nextel's Counsel, a report stating the total number of ~~Person~~ Persons that have submitted timely and valid Requests for Exclusion from the Settlement Class and the names of such Person.  Such Persons will not be entitled to receive any relief under this Settlement Agreement.

13.     Any Settlement Class Member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 11 above shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and

Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## VI.   **PROOFS OF CLAIM**

14.   To effectuate the Agreement and Class Settlement, the Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and Claim Forms.   The Settlement Administrator shall preserve (on paper or transferred into electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court.   All written communications received by the Settlement Administrator from Settlement Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and Sprint Nextel's Counsel, including prior to payments being mailed to each Settlement Class Member.

15.   In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

> The Settlement Administrator shall maintain a website for the settlement which enables the filing of Claim

Forms online, and shall maintain a toll-free telephone number for potential Settlement Class Members to obtain information regarding the Settlement and regarding filing a Claim.

Potential Settlement Class Members shall be given the option of completing the Claim Form online or submitting the Claim Form by mail. The Settlement Administrator shall identify duplicate Claim Forms using reasonable means (such as the use of unique identifying numbers on each Claim Form) and shall object to the acceptance of any such Claim Forms as set forth below.

For Persons claiming a Cash Benefit or Non-Cash settlement benefit, the Settlement Administrator shall require sufficient proof supporting a claim to meet a preponderance of evidence standard, and shall categorize the claim depending upon the type of claim and quality of proof provided, in accordance with the settlement benefit rules set forth in Article II, Categories 1 through 4 of the Agreement. The information required to make an Approved Claim is as set forth in the settlement benefit rules, and such information shall include the sworn verification of the claimant, identifying information (name, account number, address, telephone number for the qualifying line of service for which a settlement benefit is being claimed), ETF amount charged or paid by the claimant (if any), and year that the ETF was charged or paid by the claimant (if any), monetary harm suffered by the claimant, if any, and when and how the claimant attempted to terminate service, if applicable. Persons claiming a Cash Benefit or Non-Cash Benefit shall be advised in writing that their claim may be verified, and that their claim is made under penalty of perjury.

Sprint Nextel and Class Counsel shall have the right to inspect and verify the Claim Forms (including forms submitted electronically) received by the Settlement Administrator, and Sprint Nextel may submit pertinent information to the Settlement Administrator for review

and consideration by the Settlement Administrator for purposes of making an objection to the Claim Form. If Sprint Nextel or the Settlement Administrator determines that any Claim Form is not timely or is duplicative of another Claim Form filed, or if Sprint Nextel determines that a claim is otherwise invalid (such as where a Settlement Class Member is seeking a Cash Benefit but in fact received a full credit or refund for a disputed charge or has otherwise previously participated in a settlement or has been bound by a prior judgment or release), Sprint Nextel and/or the Settlement Administrator, as the case may be, shall object to the acceptance of the Claim Form by providing Class Counsel with a list of Claim Forms to which objection is made, together with the reasons for objecting to the Claim Form, in writing. If Class Counsel do not dispute an objection to a Claim Form, that Claim Form shall be rejected by the Settlement Administrator.

If a dispute arises between Class Counsel and Sprint Nextel regarding any objection to a Claim Form and/or decision by the Settlement Administrator regarding a lack of qualifying proof on a Claim Form that results in a materially lower settlement benefit categorization than has been requested by a putative Claimant, Sprint Nextel and Class Counsel shall agree upon a dispute resolution process that shall, at a minimum, require that the Parties confer regarding same, and if no agreement is reached, the submission of the dispute to an arbitrator to be appointed by Judge Linares and compensated out of the Common Fund. Regardless of the dispute resolution process agreed-upon, in the absence of contrary evidence from a claimant Settlement Class Member, information from Sprint's data, customer records and billing systems shall be conclusive.

If a Claim Form is rejected by the Settlement Administrator, and/or if, by reason of a lack of qualifying proof, the Settlement Administrator allows a Claim Form into a category of benefit providing less monetary value

to the putative Claimant than the category selected by the putative Claimant, the Settlement Administrator shall promptly provide written notice to the Person making the claim by mailing a letter or emailing such notice to any email address provided by the Person for the receipt of correspondence by the Settlement Administrator.

Except as set forth above, if a Claim Form for Cash Benefits is accepted, there shall be no notice of acceptance required to be sent to the Claimant. Tender of the settlement benefit shall suffice for notice.

If a Claim Form for Non-Cash Benefits is accepted, the Settlement Administrator shall provide the Claimant with a letter or email containing a unique code that will enable the Claimant to obtain their Non-Cash Benefit if and when such settlement benefits are tendered, along with instructions for how and when to obtain the settlement benefit.

The deadline for submitting the Claim Form shall be 60 days after entry of the Final Approval Order. Any Claim Form submitted more than 60 days after entry of the Final Approval Order shall be untimely and void. In the event of a dispute over the timeliness of a Claim Form, the dispute resolution procedures described above shall apply.

All claims for settlement benefits are subject to verification by Sprint Nextel and Class Counsel review and each claimant Settlement Class Member must sign or attest to the veracity of his or her claim by attesting under penalty of perjury. All claimant Settlement Class Members are required to provide or submit certain information to verify that they are appropriately claiming a benefit, as set forth in the "Settlement Benefits Claim Process" section of the Agreement. No Settlement Class Member will be entitled to a Cash Benefit if the Settlement Class Member: (i) previously received a credit, adjustment or offset of the ETF charge(s); (ii) released Sprint Nextel from liability arising out of ETF

charges in a prior claim or lawsuit settlement benefit obtained by the Settlement Class Member; or (iii) their account has an outstanding balance for usage or charges excluding the balance for the ETF charge(s).

No settlement benefits shall be distributed pursuant to this Settlement Agreement until after the Effective Date. If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made. The data within Sprint Nextel's records shall be the deciding and controlling factor in evaluating the validity of eligibility for settlement benefits.

## VII.   CLAIMS PROCESS

16.   For all Settlement Class Members, the benefit to which each Settlement Class Member is entitled will be determined in accordance with the following provisions:

### Category I. - Claimants Who Paid an ETF (Other Than Category III or IV Class Members):

A.   Those Claimants who had a two-year term contract and terminated within the first six months of that contract term, and show sufficient proof that they paid an ETF including signing under penalty of perjury, shall be entitled to a payment of $25 from the Common Fund; or to the extent such Settlement Class Members desire to activate a new service line with Sprint Nextel: (i) a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 free bonus minutes per month for the first year of that two-year contract. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

B.     Those Claimants who had a one-year term contract and terminated within the first three months of that contract term, and show sufficient proof that they paid an ETF including signing under penalty of perjury, shall be entitled to a payment of $25 from the Common Fund; or to the extent such Settlement Class Members desire to activate a new service line with Sprint Nextel: (i) a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 bonus minutes per month for the first year of that two-year contract.  All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

C.     Those Claimants who had a two-year term contract and terminated at any time between the seventh to the twenty fourth month of that contract term, and show sufficient proof that they paid an ETF including signing under penalty of perjury, shall be entitled to a payment of $90 from the Common Fund; or to the extent such Settlement Class Members desire to activate a new service line with Sprint Nextel:  (i) a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 bonus minutes per month for the first year of that two-year contract.  All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

D.     Those Claimants who had a one-year term contract and terminated within the fourth to twelfth month of that contract term, and show sufficient proof that they paid an ETF including signing under penalty of perjury, shall be entitled to a payment of $90 from the Common Fund; or to the extent such Settlement Class Members desire to activate a new service line with Sprint Nextel:  (i) a

waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 bonus minutes per month for the first year of that two-year contract. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

E.     Those Claimants who cannot show sufficient proof that they paid an ETF, but sign under penalty of perjury that they paid an ETF will receive $25 cash payment; or to the extent such Settlement Class Members desire to activate a new service line with Sprint Nextel: (i) waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two year contract to become a Sprint Nextel subscriber and; (ii) 100 free bonus minutes per month for the first year of that two year contract. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

**Category II. - Claimants Who Were Charged an ETF But Did Not Pay the ETF:**

A.     Those Claimants who had a two-year term contract and terminated within the first six months of that contract term, and show sufficient proof that they were charged an ETF, including signing under penalty of perjury, shall be entitled to $25 in credit relief, if the debt owed to Sprint Nextel is still owned by Sprint Nextel; or to the extent such Settlement Class Members desire to activate a new service line with Sprint Nextel:   (i) a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 free bonus minutes per month for the first year of that two year contract. All Approved Claims to activate a new service line will be subject to Sprint Nextel's

standard terms and conditions of service, credit approval policies, and available service plans.

B.     Those Claimants who had a one-year term contract and terminated within the first three months of that contract term, and show sufficient proof that they were charged an ETF, including signing under penalty of perjury, shall be entitled to $25 in credit relief, if the debt owed to Sprint Nextel is still owed by Sprint Nextel; or to the extent such class members desire to activate a new service line with Sprint Nextel:  (i) a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 free bonus minutes per month for the first year of that two year contract. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

C.     Those Claimants who had a term contract and terminated after the seventh month of a two year term or terminated after the fourth month of a one year term, and show sufficient proof that they were charged an ETF, including signing under penalty of perjury, shall be entitled to (i) a $90 credit, if the debt owed to Sprint Nextel is still owned by Sprint Nextel, or (ii) to the extent such Settlement Class Members desire to active a new line of service with Sprint Nextel:  (i) a waiver of the approximately $36 activation fee normally charged by Sprint Nextel free activation in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber; and (ii) 100 free bonus minutes per month for the first year of that two year contract. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

D.     Those Claimants who had a term contract and would otherwise be eligible to receive a benefit under Categories II (A), (B) or (C) or III (B) but whose debt is

18

no longer owned by Sprint Nextel, or cannot show sufficient proof that they were charged an ETF, but sign under penalty of perjury that they were charged, shall be entitled to either:  (i) to the extent such class members desire to activate a new service line with Sprint Nextel, a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber and 100 bonus minutes per month for the first year of that two-year contract; or (ii) a 90 minute Sprint Nextel prepaid Long Distance Calling Card to be purchased out of the Common Fund.   All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

**Category III. - Claimants Who Claim Their Wireless Term Contract(s) Including Amendments, Changes and/or Extensions to the Contract(s) or the Assessment or Potential Assessment of an ETF, or is Improper, Invalid, Unlawful or Otherwise Unenforceable For Any Reason Whatsoever:**

A.   Those Claimants who were charged and paid an ETF, and show sufficient proof that they paid an ETF, including signing under penalty of perjury, shall be entitled to either: (i) to the extent such Settlement Class Members desire to activate a new line of service with Sprint Nextel, a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber, and 100 bonus minutes per month for the first year of that two-year contract; or (ii) a $90 cash payment. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

B.   Those Claimants who were charged and did not pay an ETF, and show sufficient proof that they were charged an ETF, including signing under penalty of

perjury, shall be entitled to either: (i) to the extent such Settlement Class Members desire to activate a new line of service with Sprint Nextel, a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in connection with obtaining a new two-year contract to become a Sprint Nextel subscriber and 100 bonus minutes per month for the first year of the two-year contract; or (ii) a $90 credit, if the debt owed to Sprint Nextel is still owned by Sprint Nextel. All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

C.    Those Claimants who did not terminate their wireless service agreements early and were not charged an ETF, and either show sufficient proof that they attempted to terminate under penalty of perjury or Sprint Nextel's records corroborate this fact, but remained a customer for the sole reason of avoiding an ETF charge shall be entitled either: (i) $35 cash payment; or (ii) if the Settlement Class Member is a current Sprint Nextel subscriber, 30 anytime bonus minutes per month (that will not rollover) for one year.

**Category IV. - Claimants Whose Claim Arises After Notice to The Class But Before January 1, 2011:**

A.    Any Claimant who has a wireless line of service under a term contract entered into before January 1, 2009 and is subject to a flat-rate ETF that terminates after the close of the notice period, whose Approved Claim arose after the Claim Period but before January 1, 2011, and who swears under penalty of perjury that they were harmed as a result of the flat rate ETF will be entitled to obtain either: (i) a Sprint Nextel prepaid 90 minute Long Distance Calling Card to be purchased out of the Common Fund; (ii) to the extent such Settlement Class Member desires to activate a new line of service with Sprint Nextel, a waiver of the approximately $36 activation fee normally charged by Sprint Nextel in

connection with obtaining a new two-year contract to become a Sprint Nextel subscriber and 100 free bonus minutes per month for the first year of that two year contract; or (iii) 300 free text messages per month for six months.  All Approved Claims to activate a new service line will be subject to Sprint Nextel's standard terms and conditions of service, credit approval policies, and available service plans.

17.     If the total valid Approved Claims for all Settlement Class Members is less than the total amount of the Common Fund and Non-Cash Benefits allocated to satisfy Settlement Class Member claims (net of fees and expenses as set forth in the Agreement), each Settlement Class Member will be paid 100% of their Approved Claim, and the remaining cash will be returned to Sprint Nextel and Sprint Nextel shall issue prepaid calling cards Personal Identification Numbers in that amount to a charitable organization that holds a 501(e)(3) designation or other organization or institution to be agreed upon.  If total Approved Claims for all Settlement Class Members exceeds the amount of the Common Fund in the case of Cash Benefits or the total Non-Cash Benefits, all such Settlement Class Member Approved Claims will be reduced proportionately.

## VIII. CONFIDENTIALITY

18.     Any information received by the Settlement Administrator in connection with the Class Settlement that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to

any other person or entity other than Class Counsel, Sprint Nextel's Counsel, and the Court, or as otherwise provided in the Agreement.

## IX.   **FINAL APPROVAL HEARING**

19.   A hearing on final settlement approval (the "Final Approval Hearing") will be held on March 5, 2009 at 10:00 a.m. before this Court, at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, New Jersey 07101, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to Sprint Nextel; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to finally approve the Agreement; and (f) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Class should be deemed as a final judgment under FED. R. Civ. P. 54(b) with respect to all claims by Settlement Class Members against Sprint Nextel and other Sprint Nextel-Related Released Parties.

20.     On or before February 27, 2009, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

21.     Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of a Class Settlement, the dismissal with prejudice of Sprint Nextel, the entry of final judgment as to Sprint Nextel, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 23 on or before February 6, 2009. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before February 6, 2009, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 23 on or before February 6, 2009. Settlement Class Members who object in the manner

and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

22.     Any discovery or other information sought regarding the Settlement Agreement, the Settlement, the Motion for Preliminary Approval Of The Class Settlement, Directing Notice To The Class And Scheduling Fairness Hearing, the Final Approval Order and Judgment and any matters related thereto, by any Settlement Class Member, any counsel on behalf of any Settlement Class Member or by any objector or counsel representing an objector shall be made in this Action in the context of the Final Approval process set forth in this Order and any such discovery or request for information sought other than in this proceeding and in connection with the Final Approval process set forth in this Order is hereby enjoined.

23.     Counsel for the Parties who must be served with all documentation described above in Paragraph 21 are as follows:

Counsel for the Class

James E. Cecchi
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN,
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
George K. Lang
FREED & WEISS, LLC
111 West Washington Street, Suite 1331
Chicago Illinois 60602
(312) 220-0000

Counsel for Sprint Nextel

Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Dominic Surprenant
A. Brooks Gresham
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

24.     The date and time of the Final Approval Hearing shall be set forth in the Publication Notice (except for the Invoice Notice) and the notice posted on the Settlement Administrator's website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Agreement.

25.     All proceedings in this Action with respect to Sprint Nextel are hereby stayed and suspended, pending the Final Approval of the Class Settlement

("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

      26.    Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 23 above by February 6, 2009, and file it with the Court on or before February 6, 2009.

      27.    Pending Final Approval, Sprint Nextel may seek an injunction that no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Sprint Nextel-Related Released Party any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and Class Counsel and Class Representatives are directed to cooperate, but are not required to participate, in the Sprint Nextel's efforts to obtain said injunction or injunctions. Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, including the Class Released Claims and any such Settlement Class Member shall

be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## X.   **OTHER PROVISIONS**

28.    Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

29.    In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Sprint Nextel.

30.    Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Sprint Nextel-Related Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

Date:_____12/5/08_____            _____
                                 Honorable Jose L. Linares
                                 United States District Judge