NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARSON, et al., | : |
|         Plaintiffs, | : |
| v. | :   CIVIL ACTION NO. 07-5325 (JLL) |
| AT&T MOBILITY LLC, et al., | : |
|         Defendants. | :   **ORDER** |

**LINARES, District Judge.**

This matter comes before the Court on two separate Orders to Show Cause, which were issued on December 31, 2008, and January 7, 2009, respectively. The Orders pertained to: (1) Sprint's motion – pursuant to the All Writs Act, 28 U.S.C. § 1651(a) – to stay the *Ayyad* subscriber class litigation currently underway as part of the In re Cellphone Termination Fee Cases, JCCP 4332 (Alameda County Superior Court, State of California) ("Subscriber Class Case"); (2) Sprint's motion to also stay the ongoing California arbitration captioned Smith v. Sprint Spectrum, L.P., et al., No. 1220034325 (JAMS arbitration) ("Smith Arbitration");[1] and (3) Smith Arbitration counsel's ("Smith Counsel") motion to effect a mass opt-out of his class from the Larson settlement or alternatively to compel Sprint to provides the names, addresses, and contact information of his respective class members.

The Court having considered the briefs and other submissions of counsel, and having heard extensive oral argument on January 15, 2009, as to all issues; and for good cause shown, the Court finds as follows:

---

[1] Plaintiffs' counsel in the Larson matter ("Larson Counsel") join Sprint's motions.

(1) This Court possesses jurisdiction over absent Larson class members as part of the settlement in the instant case ("Larson Settlement"). Notice has gone out and the opt-out period is currently running, Carlough v. Amchem Prods., 10 F.3d 189, 201 (3d Cir. 1993) (commencement of opt-out period and dissemination of notice is sufficient for the court's exercise of personal jurisdiction over absent class members). In addition, in its conditional approval of the Larson Settlement, this Court preliminarily found that the absent class members were adequately represented by Larson Counsel.

(2) The All Writs Act is limited in scope and application by the Anti-Injunction Act, 28 U.S.C. § 2283. Under the Anti-Injunction Act, a Court cannot enjoin a state action unless the enjoining court acts "where necessary in aid of jurisdiction."[2] The Third Circuit has set forth a three-part test to determine whether a court should invoke this exception to the Anti-Injunction Act:

> First, we look to the nature of the federal action to determine what kinds of state court interference would sufficiently impair the federal proceeding. Second, we assess the state court's actions, in order to determine whether they present a sufficient threat to the federal action. And finally, we consider principles of federalism and comity, for a primary aim of the Anti-Injunction Act is to prevent needless friction between the state and federal courts.

In re Diet Drugs, 282 F.3d 220, 234 (3d Cir. 2002). Moreover, the Third Circuit has identified complex nationwide class actions with conditional settlements in place (as is the case here) as being particularly vulnerable to competing state actions. Id. at 236 ("In complex cases where

---

[2] The Anti-Injunction Act precludes a court from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. No Act of Congress and no court judgment is at issue here; therefore, only the "in aid of jurisdiction" exception applies.

certification or settlement has received conditional approval, or perhaps even where settlement is pending, the challenges facing the overseeing court are such that it is likely that almost any parallel litigation in other fora represents a genuine threat to the jurisdiction of the federal court.")

(3) The Subscriber Class is currently proceeding with summary judgment motions regarding the issue of whether or not Sprint's imposition of a flat-rate early termination fee ("ETF") is illegal under California law. Subscriber Class Counsel seeks to obtain, from Judge Winifred Smith of the Superior Court of California, an injunction preventing Sprint from charging flat-rate ETFs to any California customers covered by the Subscriber Class.

(4) To allow the Subscriber Class Case to go forward with its request for injunctive relief in California would directly undermine the Larson Settlement by placing California consumers in a different position vis-à-vis the rest of the members of the Larson Settlement class and by giving California consumers a different set of benefits than that accorded to the entire class. Because the Court finds the Subscriber Class members to be covered in full by the Larson Settlement, any further state court litigation regarding that class – prior to this Court's final approval hearing regarding the Larson Settlement – will have the effect of obstructing this Court's "path to judgment." Diet Drugs, 282 F.3d at 234 ("the state action must not simply threaten to reach judgment first, it must interfere with the federal court's own path to judgment.") Specifically, this Court finds a substantial likelihood that any decision in the Subscriber Class Case would effectively scuttle a significant portion of the Larson Settlement and threaten its ultimate viability.

(5) Smith Counsel's class – defined generally as those consumers across all states

3

except for California who paid or were charged an ETF in excess of their remaining monthly recurring charges – is completely subsumed by the Larson Settlement. Thus, each Smith class member has a remedy under the Larson Settlement. Therefore, the Court finds that further prosecution of the Smith Class claims would directly undermine and preempt this Court's path to judgment regarding the Larson Settlement.

(6) The fact that notice has been issued and the opt-out period has ended in the Smith Arbitration distinguishes it factually from any other case that has thus far addressed the propriety of enjoining parallel state court actions that threaten to undermine a federal class action settlement.[3] Seizing upon this difference, Smith Counsel contends that upon notice, and in any event upon the conclusion of the opt-out period in the Smith Arbitration, the Smith Class had an attorney-client relationship with Smith Counsel. This relationship, the argument goes, precluded Sprint and Larson Counsel from negotiating a settlement that encompassed the Smith Class without first consulting with Smith Counsel. This Court disagrees. Rather, in an apparent issue of first impression, this Court finds that allowing the running of a state court opt-out period to play a role in undermining a federal court settlement would effectively cause a race to the courthouse whereby attorneys in state class actions would seek to disseminate notice and close the opt-out period as quickly as possible. Instead of sanctioning or encouraging such practice, this Court chooses to follow the principles enunciated by the Third Circuit, whereby a federal

---

[3] Neither party could cite to a case where the settling court sought to enjoin an action that had already completed its notice and opt-out period. This Court, having searched for such a case, also came up empty. Thus, the Court treats this issue as a novel one.

4

court can enjoin parallel state court proceedings in order to protect its jurisdiction.[4] Here, the Smith Arbitration is a certified class with no settlement in place, and its further prosecution will clearly obstruct this court's consideration of final approval of the Larson Settlement.[5]

(7) It is well-settled that the right to opt-out of a class action is an individual one. See, e.g., Hanlon v. Chrysler Corp., 150 F.3d 1011, 1024 (9th Cir. 1998) ("[t]he right to participate, or to opt out, is an individual one and should not be made by the class representative or class counsel.") The Third Circuit has repeatedly upheld efforts by district courts enjoin state court plaintiff from effecting mass opt-outs from federal actions. See, e.g., Carlough v. Amchem Prods., 10 F.3d 189, 198 (3d Cir. 1993). Given the overwhelming amount of law denying mass opt-outs, Smith Counsel fails to convince this Court that a mass opt-out of any sort is applicable here. Thus, Smith Counsel cannot opt out his class *en masse* from the Larson Settlement. The Court also finds that Sprint is not obligated to provide to Smith Counsel the names and contact information of each of his class members, such that he might effect an opt-out on behalf of each

---

[4] An arbitration is a "state proceeding" for purposes of the Anti-Injunction Act "if it has been ordered or its award enforced by court in judicial (as opposed to merely ministerial) proceedings." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 879 (9th Cir. 2000). The Smith Arbitration resulted from a Florida state court order. Thus, the Anti-Injunction act applies.

[5] Notably, Smith Counsel does not argue that the Smith Arbitration will not obstruct this Court's path to judgment. Rather, Smith Counsel hangs his hat on the attorney-client argument and the notion that the running of an opt-out period suffices to remove his case from All Writs Act jurisdiction. Smith Counsel also makes the additional argument that the Smith Arbitration – because it was first-filed – cannot be enjoined. The Third Circuit has clearly rejected the earlier-filed argument. Diet Drugs, 282 F.3d at 238 n.14 ("it is conceivable that an earlier filed state court action might present just as great an interference with the federal proceeding as a later filed state action"); see also In re Community Bank of Northern Virginia and Guaranty Bank Second Mortgage Litigation, No. 03-425, 2008 WL 821662, *6 (W.D.Pa. March 27, 2008) (enjoining earlier-filed state case). Moreover, this Court rejects Smith Counsel's attorney-client argument.

named individual. Such a holding would effectively result in a prohibited mass opt-out and violate the right of an individual to make the opt-out decision. Furthermore, the ruling would potentially scuttle the Larson Settlement because of Sprint's ability to void the Larson Settlement if it results in a certain percentage of opt-outs.

**ACCORDINGLY, IT IS THEREFORE** on this 15th day of January, 2009,

**ORDERED** that Sprint's motion to temporarily enjoin Subscriber Class Counsel from any further prosecution of its claims in California state court is **GRANTED**; and it is further

**ORDERED** that the Subscriber Class Case is hereby stayed until the earlier of 45 days after this Court's final approval hearing regarding the Larson Settlement OR the date of issuance of this Court's opinion approving or denying the Larson Settlement; and it is further

**ORDERED** that Sprint's motion to temporarily enjoin Smith Counsel from further prosecution of his claims is **GRANTED**; and it is further

**ORDERED** that the Smith Arbitration matter is hereby stayed until the earlier of 45 days after this Court's final approval hearing regarding the Larson Settlement OR the date of issuance of this Court's opinion approving or denying the Larson Settlement; and it is further

**ORDERED** that Smith Counsel's request to effect a general mass opt-out of his class or to compel Sprint to provide names and addresses of the member of his class is **DENIED**; and it is further

**ORDERED** that Sprint shall forward a copy of this Order to Judge Winifred Smith and Judge Stephen E. Haberfeld (ret.).

**SO ORDERED.**

Jose L. Linares
United States District Judge