UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON and TESSIE ROBB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL<br><br>Defendants. | Civil Action No. 07-5325(JLL) |

## DECLARATION OF JAMES E. CECCHI IN SUPPORT OF CLASS COUNSELS' AND SUPPORTING COUNSELS' PETITION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
Jeffrey Leon
George K. Lang
Eric C. Brunick
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Stephen A. Weiss
Jonathan Shub
SEEGER WEISS LLP
Suite 1380
Philadelphia, Pennsylvania 19102

Attorneys for Plaintiff and the Class

JAMES E. CECCHI, of full age, hereby declares under penalty of perjury as follows:

1. I am a member of the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, P.C. I submit this affidavit in support of Class Counsel's application for an award of attorneys' fees in connection with services rendered on behalf of Plaintiffs and the Class in the above-captioned class action, as well as for the reimbursement of expenses incurred by Class Counsel in connection with that representation.

2. During the period November 2007 the present, my firm has served as counsel, along with Freed & Weiss, LLP and Seeger Weiss LLP, to plaintiffs in the above captioned matter. These firms were appointed Interim Class Counsel in July 2008, and Class Counsel under this Court's Preliminary Approval Order dated December 4, 2008. My firm has conducted its representation of Plaintiffs on a contingency fee basis.

3. As counsel for plaintiffs, this firm was extensively involved in every aspect of this case from investigating the facts, drafting the complaints, conducting discovery, responding to discovery, drafting pleadings and briefs, attending court appearances, conducting settlement negotiations and finalizing all papers in support of the settlement. All of this work was essential and necessary. Further, it was critical to the creation of the common fund in this case.

4. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys, and professional support staff of my firm who were involved in representing Plaintiffs, and the lodestar calculation based on those hours utilizing normal billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5. The total number of hours expended by my firm to date is 1379.3 hours. The total lodestar for my firm is $895,541.00. These figures are necessarily incomplete as much work remains to be done including preparing for and presenting arguments at the final approval hearing.

6. My firm's lodestar figures do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. As detailed in Exhibit 2 attached hereto, my firm has incurred a total of $35,442.15 in unreimbursed expenses.

8. The expenses incurred are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9. I have also annexed hereto the Declarations of each firm which performed work on this matter, and related matters, and who are supporting final approval of the Settlement. I have also annexed hereto a Summary Chart compiling all counsels' time and expenses which are included in Class Counsels' fee petition.

10. In total, Class Counsel and supporting counsel have expended 6,387.53 hours prosecuting these cases and have incurred lodestar in the amount of $3,250,871.40. The total amount of reimbursable expenses incurred is $171,558.80. A summary chart itemizing these hours and expenses by firm is annexed hereto as Exhibit A.

11. In addition, I have also annexed hereto the declarations of each law firm participating in this fee petition, and supporting approval of the Settlement.

12. Specifically, annexed hereto as Exhibit B is the Declaration of Paul Weiss, setting forth the lodestar and reimbursable expenses of Freed & Weiss LLC.

3

13. Annexed hereto as Exhibit C is the Declaration of Stephen A. Weiss, setting forth the lodestar and reimbursable expenses of Seeger Weiss LLP.

14. Annexed hereto as Exhibit D is the Declaration of Michael J. Flannery, setting forth the lodestar and reimbursable expenses of Carey & Danis, LLC.

15. Annexed hereto as Exhibit E is the Declaration of Michael Sobol, setting forth the lodestar and reimbursable expenses of Lief, Cabraser, Heiman & Bernstein, LLP.

16. Annexed hereto as Exhibit F is the Declaration of Robert A. Curtis, setting forth the lodestar and reimbursable expenses of Foley Bezek Behle & Curtis, LLP.

17. Annexed hereto as Exhibit G is the Declaration of Richard J. Burke, setting forth the lodestar and reimbursable expenses of Richard J. Burke, LLC.

18. Annexed hereto as Exhibit H is the Declaration of J. Paul Gignac, setting forth the lodestar and reimbursable expenses of Aria Ozzello & Gignac LLP.

_____
JAMES E. CECCHI

Dated: March 2, 2009