# EXHIBIT A

Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055


James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700

*Attorneys for Plaintiffs*


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al., | Civil Action No. 07-05325 (JLL) |
| Plaintiffs, | |
| v. | **PRELIMINARY <u>APPROVAL ORDER</u>** |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al., | |
| Defendants. | |

**WHEREAS**, Plaintiffs Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane

Waldmann, Robert Wise, Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively

(formerly Debra Lipton), Jacqueline Sims, and Kiisha Orr ("Plaintiffs") and Defendant AT&T

Mobility LLC ("ATTM") have reached a proposed settlement and compromise of the disputes

between them and other similarly situated individuals in the Action and in the Related Actions, which is embodied in the Settlement Agreement filed with the Court; and

**WHEREAS**, the Plaintiffs and ATTM (the "Parties") have applied to the Court for preliminary approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS** the Court finds as follows:  The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations involving multiple mediation sessions.  The Settlement Agreement is not the result of collusion.  The Settlement bears a reasonable relationship to the claims alleged by plaintiffs and the Settlement is sufficiently within the range of reasonableness so that notice of the Settlement should be given to the members of the Settlement Classes for their consideration as provided herein; and

**WHEREAS,** this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law, and good cause appearing

IT IS THIS        day of September, 2009

**ORDERED** as follows:

1.        The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.        For purposes of implementing this Settlement only, the stay of proceedings against ATTM issued by way of Order dated April 13, 2009 [Docket Entry 312] is hereby **VACATED**.

3.        Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable and adequate to the

Settlement Classes, as falling within the range of possible final approval, and as meriting submission to the Settlement Classes for their consideration.

4.      For purposes of the Settlement only, the Court certifies the Settlement Classes, which consist of:

(a)      The "ETF Assessed Class," defined as "all Persons in the United States who were parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies and were billed a Flat-Rate ETF by ATTM and/or its predecessor companies from January 1, 1998 until the date that the court preliminarily approves the settlement. The ETF Assessed Class includes such Persons whether or not they paid any portion of the ETF, whether to ATTM, any outside collection agency, or other third party to whom ATTM has assigned the rights to the ETF. The ETF Assessed Class excludes all current employees of ATTM."

(b)      The "Subscriber Class," defined as "all Persons in the United States who were or are parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies that included or includes a provision for a Flat-Rate ETF from January 1, 1998 until the date that the court preliminarily approves the settlement, and who have not paid or been billed a Flat-Rate ETF. The Subscriber Class excludes all current employees of ATTM."

5.      The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representatives are typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class

Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

6.      The Court appoints the law firms of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein and Strange & Carpenter as Class Counsel for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7.      A Final Approval Hearing shall be held before this Court at _____ a.m. on _____, 2010 at the United States District Court for the District Court of New Jersey, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's application for attorneys' fees, costs, expenses and incentive awards should be approved; and (c) whether the Proposed Plan of Allocation submitted by Plaintiff should be approved.  Consideration of any application for an award of attorneys' fees, costs, expenses and incentive awards and of the Proposed Plan of Allocation shall be separate from consideration of whether or not the proposed Settlement should be approved, and from each other, and shall be embodied in separate orders.

8.      Not later than twenty-one (21) days prior to the Final Approval Hearing, ETF Counsel shall submit to Class Counsel a summary of the attorneys' fees they wish to seek as part of the Settlement.  All other claims for attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, by Class Counsel and/or ETF Counsel shall be deemed waived.

9.      With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in

this Action and all Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any action or proceeding in any court, arbitration, tribunal , or jurisdiction, asserting any claims encompassed by the Settlement Agreement, including any Class Released Claims against any of the ATTM-Related Released Parties, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or the Related Actions and/or as a result of or in addition to those provided for by the Settlement Agreement.

10.     The Court approves, as to form and content, the Mail Notice, long and short-form Publication Notices, and the Invoice Notice substantially similar to the forms attached as Exhibits C, D, E, and F to the Settlement Agreement, respectively.

(a)     Mail Notice shall be provided to the ETF Payer Class Member List, as defined in the Settlement Agreement.  The Parties and the Settlement Administrator shall cooperate to take reasonable measures to eliminate duplicative entries, with the objective of ensuring to the extent practicable that any Person or Account who is a member of the ETF Assessed Class receives not more than one Mail Notice even if such Person or Account paid in full more than one ETF.

(b)     Members of the Subscriber Class who are currently party to a contract with ATTM that permits the assessment of a Flat-Rate ETF shall be informed of the Settlement with their monthly customer statements or by email.

(c)     The long-form Publication Notice shall be published on the settlement website. The short-form Publication Notice will be published as follows:

USA Today — once a week for two (2) consecutive weeks;

Los Angeles Times — once a week for two (2) consecutive weeks;

San Francisco Chronicle — once a week for two (2) consecutive weeks;

New York Times — once a week for two (2) consecutive weeks;

Washington Post — once a week for two (2) consecutive weeks;

Chicago Tribune — once a week for two (2) consecutive weeks;

Dallas Morning News — once a week for two (2) consecutive weeks;

Philadelphia Inquirer — once a week for two (2) consecutive weeks; and

Parade Magazine — one (1) week.

No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator and ATTM shall file with the Court declarations attesting to compliance with this Order.

11.     The Court finds that the Parties' plan for providing notice to the Settlement Classes (the "Notice Plan") described in Article IV of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of Fed.R.Civ.P. 23, the United States Constitution, and any other applicable law.

12.     The Court further finds that the Notice Plan described in Article IV of the Settlement Agreement will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the terms of the Settlement Agreement. Any member of the Settlement Classes who desires to be excluded from

the Settlement Classes, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked at least twenty-one (21) days prior to the date set for the Final Approval Hearing in paragraph 5 above. The Request for Exclusion must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and ATTM's Counsel, a report stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Settlement Classes, and the names of such Persons.

13.     Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing. The names of all Persons timely submitting valid Requests for Exclusion shall be provided to the Court.

14.     Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, to Class Counsel's application for attorneys' fees and costs and incentive awards, or to the proposed Plan of Allocation of Settlement Proceeds. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court and serve, no later than twenty-one (21) days prior to the date of the Final Approval

Hearing, a written notice of intention to appear together with supporting papers including a detailed statement of the specific objections made.

15.     Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to Brian R. Strange, Esq., Strange & Carpenter, 12100 Wilshire Blvd., Suite 1900, Los Angeles, California 90025; and James E. Cecchi, Esq., Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 5 Becker Farm Rd., Roseland, New Jersey 07068; and for Defendants' Counsel, to Andrew B. Joseph, Esq., Drinker Biddle & Reath LLP, 500 Campus Drive, Florham Park, New Jersey 07932.  Only Settlement Class Members who have filed and served valid and timely notices of intention to appear, together with supporting papers, shall be entitled to be heard at the Final Approval Hearing.

16.     All Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, as class members or otherwise, or receiving any benefits (including seeking or receiving awards of attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever) from any lawsuit, arbitration, administrative proceeding, regulatory proceeding or other proceedings or order in any jurisdiction, based on or relating to the claims, causes of actions, motions, defenses,  or the facts, and circumstances relating thereto, in the Action.  In addition, all Persons are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or

continuing any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction as a class action, a separate class, other representative action, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any of the Settlement Class Members, arising out of, based on or relating to the claims, causes of action, motions, defenses, facts and/or circumstances relating thereto, in the Action and/or the Class Released Claims, including the ETF-Related Claims.  Finally, all Settlement Class Members and all Persons in active concert or participation with Settlement Class Members, including their representatives, are preliminarily barred and enjoined from organizing or soliciting the participation of any Settlement Class Members (who have not timely excluded themselves from the Settlement Classes) into a separate class or group for purposes of pursuing a putative class action in any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, based on, arising out of, or relating to the claims, causes of action, facts, and/or circumstances alleged in the Action and/or the Class Released Claims, including the ETF-Related Claims.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this Action.

17.    The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)    The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

- 9 -

(b)      The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c)      The assets of the Escrow Account are segregated from other assets of ATTM, the transferor of the payment to the Common Fund.

18.      In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

19.      The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members.  The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.


_____
JOSE L. LINARES, U.S.D.J.

# EXHIBIT B

Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055


James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN,**
**CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700

*Attorneys for Plaintiffs*


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARRY HALL, et al.,** | Civil Action No. 07-05325 (JLL) |
| Plaintiffs, | **FINAL APPROVAL <u>ORDER AND</u>** |
| v. | **<u>JUDGMENT</u>** |
| **AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,** | |
| Defendants. | |

**WHEREAS**, on _____, 2009, a Preliminary Approval Order was entered by

this Court, preliminarily approving the proposed Settlement pursuant to the terms of the parties'

Settlement Agreement and directing that notice be given to the Settlement Classes.

**WHEREAS**, pursuant to the Parties' plan for providing notice to the Settlement Classes

(the "Notice Plan"), the Settlement Classes were notified of the terms of the proposed Settlement

and of a Final Approval Hearing to determine, *inter alia*:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the Class Released Claims against the ATTM-Related Released Parties and the ATTM Released Claims against the Class-Related Released Parties; and (2) whether judgment should be entered dismissing this Action with prejudice.

**WHEREAS**, a Final Approval Hearing was held on _____, 2009.  Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order.  Settlement Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees and expenses to Class Counsel, and the payment of incentive awards.

**NOW, THEREFORE**, the Court, having heard the presentations of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application of Class Counsel for awards of attorneys' fees and expenses and incentive awards for the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing

IT IS THIS _____ day of _____, 2009

ORDERED as follows:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Classes.

3.      The Settlement Classes, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Classes who did not submit timely and valid Requests for Exclusion.

4.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Classes:

a.      "ETF Assessed Class" is defined as "all Persons in the United States who were parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies and were billed a Flat-Rate ETF by ATTM and/or its predecessor companies from January 1, 1998 until the date that the Court preliminarily approved the settlement. The ETF Assessed Class includes such Persons whether or not they paid any portion of the ETF, whether to ATTM, any outside collection agency, or other third party to whom ATTM has assigned the rights to the ETF. The ETF Assessed Class excludes all current employees of ATTM."

b.      The "Subscriber Class" is defined as "all Persons in the United States who were or are parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies that included or includes a provision for a Flat-Rate ETF from January 1, 1998 until the date that the court preliminarily approved the settlement, and who have not paid or been billed a Flat-Rate ETF. The Subscriber Class excludes all current employees of ATTM."

In so holding, the Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes because:  Settlement Class Members, numbering in the millions, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the

Settlement Classes; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Classes they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Classes with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Classes is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.  In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes, based, *inter alia*, upon the Court's familiarity with the claims and parties in this case, the interests of the various constituent groups, and the arms-length negotiation process overseen by the Honorable Douglas K. Wolfson (ret.).

5.      The Court finds that the Notice Plan set forth in Article IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

6.      The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, is in the best interests of the Settlement Classes, and is therefore approved.  The Parties shall effectuate the Settlement Agreement in accordance with its terms.  The Settlement Agreement and every term and provision thereof shall be

deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

7.      Unless otherwise directed by the Court, within ten (10) days of the Effective Date, the funds in the Common Fund, except for other disbursements authorized by this Final Approval Order and Judgment, shall be distributed to the Settlement Classes pursuant to the Proposed Plan of Allocation of Settlement Proceeds.

8.      Upon the Effective Date, the Class Representatives and all Settlement Class Members and their counsel shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished, and discharged all ATTM-Related Released Parties from all Class Released Claims pursuant to Article VII of the Settlement Agreement.

9.      All Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any action or proceeding in any court, arbitration, tribunal, or jurisdiction, asserting any claims encompassed by the Settlement Agreement, including any Class Released Claims against any of the ATTM-Related Released Parties, or seeking an award of fees and costs, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or the Related Actions and/or as a result of or in addition to those provided for by the Settlement Agreement.

10.     All Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, as class members or otherwise, or receiving any benefits (including seeking or receiving awards of attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever) from any lawsuit, arbitration, administrative proceeding, regulatory proceeding or other proceedings or order in any jurisdiction, based on or relating to the claims, causes of actions, motions, defenses, or the facts, and circumstances relating thereto, in the Action.  In addition, all Persons are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction as a class action, a separate class, other representative action, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any of the Settlement Class Members, arising out of, based on or relating to the claims, causes of action, motions, defenses, facts and/or circumstances relating thereto, in the Action and/or the Class Released Claims, including the ETF-Related Claims.

11.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to ATTM's Flat-Rate ETF.

12.     This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against ATTM-Related Released Parties and Class-Related Released Parties of any fault, wrongdoing, or liability on their part, or of the validity or certifiability for litigation of any Class Released Claim or ATTM Released Claim or of the existence or amount of any damages.

13.     The payments ordered herein shall be made in the manner and at the times set forth in the Settlement Agreement.  The Court further approves the establishment of the Common Fund as set forth in the Settlement Agreement and the Escrow Agreement submitted by the Parties and finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations because the Escrow Account satisfies each of the following requirements:

        a.      The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

        b.      The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

        c.      The assets of the Escrow Account are segregated from other assets of ATTM, the transferors of the payment to the Common Fund.

14.      The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees in the amount of $ _____.  The Court further grants Class Counsel's application for reimbursement of costs and expenses in the amount of $ _____, which shall include Incentive Awards for Plaintiffs Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane Waldmann, Robert Wise, Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively (formerly Debra Lipton), Jacqueline Sims, and Kiisha Orr, each in the amount of $_____.

15.     The above-captioned Action is hereby dismissed in its entirety with prejudice.  Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees.  Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases or disputes, including disputes about attorneys' fees, including enforcement of the injunction issued above, and including any other matters related or ancillary to the foregoing.


_____
JOSE L. LINARES, U.S.D.J.

# EXHIBIT C

A proposed Settlement has been reached in a class action lawsuit against AT&T Mobility LLC ("AT&T Mobility"). The Settlement resolves several other cases that challenge AT&T Mobility's flat-rate early termination fee ("ETF"). The lawsuit claims that AT&T Mobility's flat-rate ETF provision in its wireless telephone service contracts (generally between $150 and $175) is unlawful. AT&T Mobility strongly denies any wrongdoing, but has agreed to settle to avoid the burden and costs of further litigation. *You may be a Class Member if:*

- You subscribed to wireless telephone service from AT&T Mobility or its predecessors and paid or were charged a flat-rate ETF at any time after January 1, 1998; OR
- Your contract included a flat-rate ETF provision at any time after January 1, 1998.

If the Settlement is approved, a settlement fund of $16,000,000 in cash and $2,000,000 in non-cash benefits will be created. You may submit a claim to receive monetary or other benefits. Claim forms are due by [INSERT].
- **If you wish to exclude yourself** from the lawsuit and keep your right to sue AT&T Mobility on your own, you must send a written request for exclusion to the Settlement Administrator by [INSERT]. If you do not exclude yourself, you will be bound by the terms of the Settlement and give up your rights to sue in court or arbitration regarding issues in the case.
- **If you do not exclude yourself**, you or your lawyer has the right to appear before the Court and object to the proposed Settlement. Objections must be written and postmarked by [INSERT]. Objections to the application for attorneys' fees and expenses must be received by [INSERT]. You will be bound by the terms of the Settlement even if your objection is rejected.

The Court will determine whether to approve the Settlement at a Fairness Hearing on [INSERT] at [INSERT] at the United States District Court for the District of New Jersey, on [INSERT].
For further information and a Claim Form
Visit: www.[INSERT].com, Call: 1-800-[INSERT]
or Write: Settlement Administrator, P.O. Box 0000, City State Zip

*Court-Ordered Legal Notice*

SETTLEMENT ADMINISTRATOR
[INSERT]
[INSERT]

If You Paid or Had a Contract Including a Flat-Rate Early Termination Fee from AT&T Mobility,
You May Be Entitled to Benefits from a Class Action Settlement

NAME LINE
ADDRESS LINE 1
ADDRESS LINE 2

# EXHIBIT D

**Legal Notice**

# If You Are Or Were An AT&T Mobility Customer Whose Contract Included A Provision For A Flat-Rate Early Termination Fee, A Class Action Settlement Could Affect Your Rights.

*Para ver este aviso en espanol, visita www.[INSERT].com/espanol*

A proposed settlement is pending in a class action entitled *Hall, et al., v. AT&T Mobility LLC*, Case No. 07-05325 (JLL) in the United States District Court for the District of New Jersey. The lawsuit alleges that AT&T Mobility LLC ("AT&T Mobility") and its predecessors violated state and federal laws by charging customers a flat-rate early termination fee ("ETF") in their wireless telephone service contracts. AT&T Mobility strongly denies any wrongdoing, but has agreed to settle to avoid the burden and cost of further litigation. You may be a part of the lawsuit if you are a current or former AT&T Mobility wireless subscriber who paid or was charged a flat-rate ETF, or whose contract included a flat-rate ETF provision, at any time after January 1, 1998.

*Your Legal Rights Are Affected Even If You Do Not Act. Read This Notice Carefully.*

## A SUMMARY OF YOUR RIGHTS AND CHOICES

| You May: | Summary: | Due Date: |
|---|---|---|
| **Submit a Claim** | **Submit a Claim.** You remain in the Settlement. You may be eligible for money or compensation if approved. You will be bound by the terms of the Settlement and give up your right to sue regarding issues in the case. | [INSERT]. This date may be extended. |
| **Ask to be Excluded** | **Get out of the Settlement.** You cannot object to the Settlement and will not be eligible for money or compensation from the Settlement. But you keep your right to sue on your own regarding issues in the case. | [INSERT] |
| **Submit an Objection** | **Object to the Settlement.** You remain in the Settlement. You may appear and speak at the Fairness Hearing on your own or through your own lawyer to object to or comment on the Settlement. | [INSERT] |
| **Do Nothing** | You remain in the Settlement. You get no money or compensation and give up your right to sue regarding issues in the case. | N/A |

**THESE RIGHTS AND OPTIONS**

**– AND THE DEADLINES TO EXERCISE THEM –
ARE EXPLAINED IN THIS NOTICE.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1.   What is this Notice about?...................................................................
2.   What is a class action and who is involved?...........................................
3.   What is this lawsuit about?..................................................................
4.   Why are these lawsuits class actions? ..................................................
5.   Am I a member of the Class? .............................................................

**TERMS OF THE SETTLEMENT**

6.   What are the terms of the Settlement?.................................................
7.   Is there any money available now? .....................................................

**YOUR RIGHTS AND OPTIONS**

8.   What happens if I do nothing? ...........................................................
9.   If I remain in the Class, what claims am I giving up? .............................
10.  Why would I ask to be excluded? ......................................................
11.  How do I exclude myself from the Class?............................................
12.  Can I object to the Settlement? .........................................................
13.  When is the Settlement Fairness Hearing? ..........................................
14.  Do I have to attend the Fairness Hearing?...........................................
15.  May I speak at the Fairness Hearing?..................................................

**THE LAWYERS REPRESENTING YOU**

16.  Does the Settlement Class have a lawyer? ..........................................
17.  Should I get my own lawyer? ...........................................................
18.  How will the lawyers be paid? ..........................................................

**GETTING MORE INFORMATION**

19.  Where can I get more information? .....................................................
20.  May I contact AT&T Mobility directly? ..............................................

## BASIC INFORMATION

**1.   What is this Notice about?**

You received this Notice because you may be a current or former AT&T Mobility customer who had a wireless telephone service contract that contained a flat-rate ETF provision. This Notice explains:

- What the lawsuit and the Settlement are about.

- Who the Settlement affects.

- Who represents the Class Members in the lawsuit.

- What your legal rights and choices are.

- How and by when you need to act.

**2.  What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of people who have similar claims.  The people together are called the "Class" or "Class Members."  In this case, the people who initiated the lawsuit ("Plaintiffs") and the company being sued, AT&T Mobility, have reached a proposed Settlement. The Court has allowed, or "certified," a class action for purposes of settlement, and all decisions made concerning the Settlement will affect everyone in the Class.

**3.  What is this lawsuit about?**

The lawsuit claims that AT&T Mobility violated state and federal laws by imposing a flat-rate ETF.  The suit seeks monetary damages and restitution, and declaratory and injunctive relief.  AT&T Mobility strongly denies any wrongdoing, but has agreed to settle to avoid the burden and cost of further litigation.  The Settlement resolves claims in several other cases and arbitrations that challenge AT&T Mobility's flat-rate ETF, including**:**

- *Hall, et al. v. AT&T Mobility LLC, et al.*, Case No. 07-05325 (JLL) (U.S. District Court, D.N.J.);

- *Sasik, et al. v. AT&T Wireless Services, Inc.*, Case No. 2:05-CV-2346-ABC (CWx) (U.S. District Court, C.D. Cal.);

- *Waldmann, et al. v. Cingular Wireless LLC*, Case No. 2:07-CV-05087-ABC (CWx) (U.S. District Court, C.D. Cal.);

- *Dias, et al. v. AT&T Wireless Services, Inc., et al.*, No. BC316195 (Calif. Super. Ct., L.A. County);

- *Kinkel v. Cingular Wireless LLC*, AAA WIA No. 11 494 02646 06 (American Arbitration Association Arbitration);

- *Cherrigan et al. v. AT&T Wireless Services, et al.*, JCCP 4332 (Calif. Super. Ct., Alameda County);

- *Ayyad, et al. v. Cingular Wireless LLC, et al.*, JCCP 4332 (Calif. Super. Ct., Alameda County); and

- *Graber v. AT&T Wireless PCS, LLC, et al.*, Case No. 50 2004CA004650MB(AI) (Florida Circuit Ct., Palm Beach County).

**4.  Why are these lawsuits class actions?**

These lawsuits are class actions for purposes of settlement because they meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  In order to be considered a class action, Rule 23 requires the following:

- That there are too many Class Members to be joined in a single action;

- That there are common questions of law or fact;

- That claims of the class representative are typical of other class members and their counsel can protect the interest of the whole Class; and

- That a class action is the best way to resolve the claims and disputes in the action.

## 5. Am I a Class Member?

You are a Class Member if you are a Person in the United States who:

- Was a party to a contract for a wireless telephone account with AT&T Mobility and/or its predecessors and was billed a flat-rate ETF by AT&T Mobility and/or its predecessors from January 1, 1998 until the date that the court preliminarily approves the settlement; OR

- Was or is a party to a contract for a wireless telephone account with AT&T Mobility and/or its predecessors that included or includes a provision for a flat-rate ETF from January 1, 1998 until the date that the court preliminarily approves the settlement, and who has not paid or been billed a flat-rate ETF.

## TERMS OF THE SETTLEMENT

## 6. What are the terms of the Settlement?

AT&T Mobility will pay $16,000,000.00 in cash and $2,000,000 in non-cash benefits into a settlement fund for the benefit of Class Members. Relief is as follows:

- If you can prove you paid a flat-rate ETF, or AT&T Mobility's records indicate you paid a flat-rate ETF, you may submit a Claim Form to receive up to $140.

- If you were charged a flat-rate ETF, or AT&T Mobility's records indicate you were charged a flat-rate ETF, but did not pay in full and/or did not receive a full credit within 30 days, you may submit a Claim Form to receive up to $25.

- Non-cash benefits, up to $2,000,000, will be provided for Persons who are parties to contracts for a wireless telephone accounts with AT&T Mobility as of the date that the court preliminarily approved the settlement. Non-cash benefits include: (1) an AT&T Prepaid Long Distance Card with up to 200 minutes; or (2) converting a flat-rate ETF to a prorated ETF. The actual amount received or non-cash benefits available (other than the prorated ETF benefit) will vary depending on the number of claims received.

For full details on the distribution of the Settlement benefits, please review the "Plan of Allocation" available at www.[INSERT].com/planofallocation.

All costs of administering the Settlement, including the cost of notice, attorneys' fees, and litigation costs, will be paid from the settlement fund before distribution to the Class. The Settlement does not relieve Class Members from any existing or future obligation to pay ETFs owed to AT&T Mobility.

## 7. Is there any money available now?

No. No money or benefits are available now because the Court has not yet decided whether to approve the Settlement and it has not become Final. There is no guarantee that money or benefits ever will be distributed; however, if you want to participate in the Settlement you must submit a Claim Form. Claim

Forms are available at www.[INSERT].com/ClaimForm.   The deadline to submit Claim Forms is [INSERT]. This deadline may be extended.

## YOUR RIGHTS AND OPTIONS

**You need to decide whether or not to participate in the Settlement.**

**8.   What happens if I do nothing?**

If you do nothing, you will automatically be considered part of the Settlement Class. However, in order to receive any benefit from the Settlement, you must submit a valid Claim Form. Claim Forms are available at www.[INSERT].com/ClaimForm.

**9.   If I remain in the Class, what claims am I giving up?**

If you remain in the Class, you give up your right to sue in court or arbitration or be part of any other lawsuit or arbitration against AT&T Mobility regarding any issues relating to the flat-rate ETF or the propriety of its assessment or collection.

**10. Why would I ask to be excluded?**

You want to exclude yourself from this Settlement if you already have (or intend to file) a lawsuit or arbitration against AT&T Mobility for the claims described above and want to continue that lawsuit or arbitration individually on your own behalf.  If you do not exclude yourself, you will be legally bound by all Court orders in this case and will lose your right to sue in court or arbitration regarding the issues in this case. If you received notice informing you that you are a member of the certified class in the *Ayyad* or *Cherrigan* cases, defined above, and if you do not exclude yourself from this Settlement, you will be giving up your rights to participate as a class member in those cases, as well as any other cases relating to the issues in this case.

**11. How do I exclude myself from the Class?**

You may exclude yourself ("opt-out") from the Settlement by sending a written request to the Claims Administrator postmarked no later than [INSERT]. Your request must reference your AT&T Mobility mobile telephone number(s), must be signed, and must be sent to:

AT&T Mobility ETF Settlement Claims Administrator
c/o Rust Consulting
P.O. Box 9454
Minneapolis, MN 55440-9454

If you want to exclude yourself from the Class, you will not get any money or other benefits from the Settlement. However, you keep your right to sue or continue to sue or arbitrate against AT&T Mobility in a separate case on an individual basis on your own behalf for issues relating to flat-rate ETFs.

**12. Can I object to the Settlement?**

Yes. If you remain in the Settlement, you may object to all or part of the Settlement.  Objecting is simply telling the Court that you do not like something about the Settlement.  You will still be bound by all Court orders, even if your objection is rejected.  All objections will be considered at the Fairness Hearing on [INSERT]. If you do not file an objection, you waive your right to appeal the Settlement.

To object, you must send a letter saying that you object to the Settlement in *Hall, et al. v. AT&T Mobility LLC*. Your request should include your:

- Name and address.

- Contact telephone number.

- AT&T Mobility mobile telephone number.

- Your or your representative's signature.

- Reasons for the objection

Objections must be sent to all the addresses below postmarked no later than [INSERT]:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the<br>District of New Jersey<br>50 Walnut Street<br>Newark, New Jersey 07101 | Brian R. Strange, Esq.<br>Strange & Carpenter<br>12100 Wilshire Blvd., Suite 1900<br>Los Angeles, California 90025 | Andrew B. Joseph<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932 |
| | James E. Cecchi, Esq.<br>Carella, Byrne, Bain, Gilfillan, Cecchi,<br>Stewart & Olstein<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 | |

You have the right to consult and/or retain an attorney at your own expense to advise you regarding the Settlement, your rights, and the Fairness Hearing. You have the right, either personally or through an attorney hired by you, to seek to intervene in the lawsuit.

### 13. When is the Settlement Fairness Hearing?

The Court will hold a Fairness Hearing on [INSERT], at [INSERT], in the United States District Court for the District of New Jersey, located at 50 Walnut Street, Newark, New Jersey 07101. The Court will consider if:

- The Settlement is fair, reasonable, and adequate;

- The Settlement should be approved;

- Attorneys' fees up to $6,000,000.00, plus reimbursement of reasonable expenses, should be awarded;

- Incentive awards up to $2,000 to each of the Class Representatives should be awarded; and

- There are any objections to the Settlement.

Attorneys' fees and Class Representative incentive awards will be paid from the settlement fund. Class Counsel's fee requests will be available at www.[INSERT].com/courtdocuments. You may object to any fee request by mailing your objection to the Court and Class Counsel at the addresses listed above by [INSERT].

**14. Do I have to attend the Fairness Hearing?**
No. Your attendance at the Fairness Hearing is not required even if you submit a written objection or comment. Class Counsel is prepared to respond to questions on your behalf. However, you or your attorney may attend the hearing at your own expense.

**15. May I speak at the Fairness Hearing?**
Yes. You may speak at the Fairness Hearing to object to the Proposed Settlement or application for attorneys' fees and expenses and incentive awards, but only if you filed a written objection as described above. Your objection must include a statement that you intend to appear and be heard at the Fairness Hearing. You may also enter an appearance through an attorney hired at your own expense. If you do not do so, Class Counsel will represent you. Until the Court makes a decision on whether the Settlement should be approved, neither you nor your representatives can pursue or file a lawsuit or arbitration against AT&T Mobility that relates to flat-rate ETFs.

## THE LAWYERS REPRESENTING YOU

**16. Does the Settlement Class have a lawyer?**
Yes. The Court appointed the law firms of Strange & Carpenter and Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein to represent you and other Class Members. They are called "Class Counsel." More information about these law firms, their practices, and their lawyers is available at www.carellabyrne.com and www.strangeandcarpenter.com.

**17. Should I get my own lawyer?**
You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, you may hire an attorney at your own expense to represent you and speak on your behalf.

**18. How will the lawyers be paid?**
Class Counsel will ask the Court for reimbursement of fees and expenses incurred as a result of this lawsuit. The money will be paid from the $16,000,000 settlement fund established by AT&T Mobility. Class Counsel have agreed not to seek more than $6,000,000 in fees plus reimbursement of expenses. Class Counsel also intend to seek $2,000 in incentive awards to each of the Class Representatives, Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane Waldmann, Robert Wise, Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively, Jacqueline Sims, and Kiisha Orr.

## GETTING MORE INFORMATION

**19. Where can I get more information?**
This notice is only a summary of relevant court documents. Complete copies of case-related documents are available at www.[INSERT]/courtdocuments. If you have further questions, you may:

- Call the toll free number: [INSERT];

- Visit the Settlement website at www.[INSERT].com;

- Write to the Settlement Claims Administrator:

  AT&T Mobility ETF Settlement Claims Administrator
  c/o Rust Consulting
  P.O. Box 9454
  Minneapolis, MN 55440-9454; or

- Contact Class Counsel identified above.

**20. May I contact AT&T Mobility directly?**

No.  Please do not contact the Court or AT&T Mobility's attorneys.  They are not in a position to give you any advice.  However, customers may always call AT&T Mobility's customer service to discuss billing concerns.

# EXHIBIT E

**Legal Notice**

# If You Are A Current Or Former AT&T Mobility Customer, You May Be Entitled To Benefits From A Class Action Settlement.

## What is this Notice?

There is a proposed Settlement pending in a class action involving a flat-rate Early Termination Fee ("ETF") charged to customers of AT&T Mobility LLC ("AT&T Mobility") and its predecessors. The lawsuit, *Hall v. AT&T Mobility LLC*, No. 07-05325 (JLL) is pending in the U.S. District Court for the District of New Jersey. The Settlement resolves several other cases that challenge AT&T Mobility's flat-rate ETF.

## What is the Lawsuit About?

The lawsuit claims that the AT&T Mobility flat-rate ETF in its wireless telephone service contracts is unlawful. AT&T Mobility strongly denies any wrongdoing, but has agreed to settle to avoid the burden and cost of further litigation. The Court has not made a decision on the merits of this case.

## Who is Included?

You may be a Class Member if you are a current or former customer of AT&T Mobility or its predecessors in the U.S. and you paid or were charged a flat-rate ETF, or your contract included a flat-rate ETF provision, at any time after January 1, 1998. If you are not sure whether you are included, you can get more information on the Settlement website or by contacting Class Counsel identified below.

## What does the Settlement Provide?

A settlement fund of $16,000,000 in cash and $2,000,000 in non-cash benefits will pay Class Member claims. AT&T Mobility has also agreed not to put a flat-rate ETF provision in new wireless service agreements for a minimum of 24 months. Certain costs will be deducted from the settlement fund before distribution, including Class Counsel's attorneys' fees, litigation costs and administration fees. The Settlement does not relieve Class Members from existing or future ETF obligations owed to AT&T Mobility.

## Who Represents Me?

The Court has appointed attorneys ("Class Counsel") to represent you. They are the law firms of Carella, Byrne, Bain, Gilfillan & Cecchi and Strange & Carpenter; You will not be charged for their work. Class Counsel will request an award for attorneys' fees and expenses from the Court up to $6,000,000 to be paid from the settlement fund. You may hire your own attorney, but only at your own expense.

## What are my Legal Rights?

Get complete information about the Settlement and make a decision about your rights:

• **Remain in the Settlement Class and submit a claim.** You will be bound by the terms of the Settlement and give up your rights to sue in court or arbitration regarding issues in the case. Claim Forms must be received by the Settlement Administrator by [INSERT], but the deadline may be extended by the Court.

• **Exclude yourself and get no benefit from the Settlement.** You keep your right to sue on your own behalf at your own expense. Requests for exclusion must be received by the Settlement Administrator by [INSERT].

• **Remain in the Settlement Class and file an objection.** You or your lawyer has the right to appear before the Court and object to the Settlement. Objections must be written and postmarked by [INSERT]. Objections to the application for attorneys' fees and expenses must be received by [INSERT]. Objections will be considered at the Fairness Hearing. You will be bound by the terms of the Settlement even if your objection is rejected.

• **Do nothing and do not file a claim.** You still give up your right to be part of any other lawsuit or arbitration against AT&T Mobility about issues relating to the flat-rate ETF.

## When Will the Court Consider the Proposed Settlement?

The Court will determine whether to approve the Settlement at a Fairness Hearing held on [INSERT] at [INSERT], in courtroom [INSERT], United States District Court for the District of New Jersey. The Court will consider any timely filed objections at that time. If you file a timely objection, you may appear at the hearing to explain your objection, but you are not required to attend. If the hearing is relocated or rescheduled, the new location or date will be posted on the website below.

## For further information and a Claim Form:

### Visit: www.[INSERT].com      Call: 1-[INSERT]

### Write: AT&T Mobility ETF Settlement Claims Administrator, c/o Rust Consulting, P.O. Box 9454, Minneapolis, MN 55440-9454

# EXHIBIT F

**Important Notice from the United States District Court
for the District of New Jersey about a Class Action Settlement**

*Para ver este aviso en espanol, visita www.[INSERT].com/espanol*

---

## *A Class Action Settlement Could Affect Your Rights If You:*

- *Subscribed to wireless telephone service from AT&T Mobility LLC ("AT&T Mobility") or its predecessors and paid or were charged a flat-rate early termination fee ("ETF") at any time after January 1, 1998, or*

- *Your contract included a flat-rate ETF provision at any time after January 1, 1998.*

---

A proposed Settlement has been reached in a class action alleging that AT&T Mobility's flat-rate ETF (generally between $150 and $175) was unlawful. The Settlement resolves several other cases that challenge AT&T Mobility's flat-rate ETF. AT&T Mobility strongly denies any wrongdoing, but has agreed to settle to avoid the burden and cost of further litigation. **The sole purpose of this notice is to inform you of the Settlement so that you may decide what to do.**

If the Settlement is approved, a settlement fund of $16,000,000 in cash and $2,000,000 in non-cash benefits will be created. Class Members who submit Claim Forms may receive monetary or other benefits. You may also choose to exclude yourself from, or object to, the Settlement. The Court has appointed attorneys to represent the Class. You may hire your own attorney, but only at your own expense.

For a full description of the Settlement, related Court documents, and deadlines and forms, please visit www.[INSERT].com.

- Claim Forms are due [INSERT], but the date may be extended.

- Requests to exclude yourself from the Settlement must be submitted to the Settlement Administrator and are due [INSERT].

- You or your lawyer has the right to appear before the Court and object to the Settlement. Any objections to the Settlement are due [INSERT], and any objections to attorneys' fees requested are due [INSERT].

- The Court will determine whether to approve the Settlement at a Fairness Hearing on [INSERT] at [INSERT] in the United States District Court for the District of New Jersey.

- If you do not exclude yourself by [INSERT] and you are a member of the Class, you will be bound by the terms of the Settlement and give up your rights to sue in court or arbitration regarding issues in the case.

**You can get a Claim Form at www.[INSERT].com/claimform, by calling 1-800-[INSERT] or by writing the Settlement Administrator at [INSERT].  Questions may also be directed to Class Counsel by email at [INSERT].**

Please do not contact AT&T Mobility or the Court with questions about this Settlement.

# EXHIBIT G

Andrew B. Joseph
Seamus C. Duffy
William M. Connolly
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, New Jersey 07932
973.549.7264

*Attorneys for Defendant AT&T Mobility LLC*

James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700

*Attorneys for Plaintiffs*

Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055

*Attorneys for Plaintiffs*

Stephen A. Weiss
Jonathan Shub
**SEEGER WEISS LLP**
1 William Street
New York, New York 10004
212.584.0700

*Attorneys for Plaintiffs*

Paul M. Weiss
George K. Lang
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
312.220.0000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARRY HALL, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,** <br><br> Defendants. | Civil Action No. 07-05325 (JLL) <br><br> **ESCROW AGREEMENT** |

## <u>ESCROW AGREEMENT</u>

This escrow agreement (the "Escrow Agreement"), dated _____, 2009,

by and among (a) Defendant AT&T Mobility LLC ("ATTM"), (b) Class Counsel on behalf of

the ETF Payer Class and the Subscriber Class, and (c) [INSERT BANK] as escrow agent (the "Escrow Agent") is entered into in connection with the Stipulation and Agreement of Settlement dated September 15, 2009 ("Settlement Agreement") in the above-captioned action.  All capitalized terms not otherwise defined herein shall have the same meaning as they have in the Settlement Agreement.

 **WHEREAS**, the Parties, by and through their respective counsel, have entered into the Settlement Agreement wherein, subject to final approval of the United States District Court for the District of New Jersey (the "Court") and other terms and conditions set forth therein, they agreed, *inter alia*, to the dismissal of the Action with prejudice and to the Releases set forth in the Settlement Agreement in exchange for, *inter alia*, payment by ATTM of Sixteen Million Dollars ($16,000,000.00) and the provision of Two Million Dollars ($2,000,000.00) in non-cash compensation.

 **WHEREAS**, the parties to this Escrow Agreement are entering into this Escrow Agreement in order to effectuate certain of the terms of the Settlement Agreement.

 **NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants and considerations therein, the parties to this Escrow Agreement agree as follows:

 1. **Deposit in Escrow**

 Pursuant to and in accordance with the terms and conditions of the Settlement Agreement, ATTM will place Three Million Five Hundred Thousand Dollars ($3,500,000.00) (the "Initial Escrow Amount") into the Escrow Account within ten (10) business days of preliminary approval of the Settlement Agreement by the Court. ATTM will place an additional Six Million Two-Hundred Fifty Thousand Dollars ($6,250,000.00) into the Escrow Account within ninety (90) days of preliminary approval of the Settlement Agreement by the Court. ATTM will place an additional Six Million Two-Hundred Fifty Thousand Dollars

($6,250,000.00) into the Escrow Account within ten (10) business days of final approval of the Settlement Agreement by the Court.  Class Counsel on behalf of the ETF Assessed Class and the Subscriber Class hereby confirms that the aggregate amount, Sixteen Million Dollars ($16,000,000.00), satisfies ATTM's entire monetary obligation under the Settlement Agreement.

**2.**      **Interest and Investments**

2.1      The Escrow Agent shall cause all funds in the Escrow Account to be invested in short term instruments backed by the full faith and credit of the United States government or fully insured by the United States government or an agency thereof, or any mutual fund whose holdings consist solely of securities of the United States government, and shall reinvest the proceeds of the instruments as they mature in similar instruments at their then current market rates.  The Escrow Agent shall not invest any portion of the Escrow Account in any debt obligation having a maturity in excess of ninety (90) days.

2.2      The Escrow Agent may cause to be sold or present for redemption any investment described in Section 2.1 above whenever it shall be necessary in order to provide funds to meet any payment required pursuant to this Escrow Agreement.  The Escrow Agent shall not be liable or responsible for any loss resulting from such sale or redemption.

2.3      All interest and other earnings received on the Escrow Account shall accrue to the benefit of the Escrow Account.  Any losses in the Escrow Account shall be borne by the Escrow Account and shall not be recoverable from ATTM, which shall have no liability, obligation or responsibility of any kind in connection with the investment, disbursement, or other oversight of the Escrow Account.

**3.**      **Payment and Distribution**

Except as otherwise ordered by the Court, the Escrow Agent is directed to hold and distribute the property of the Escrow Account in the following manner:

3.1     *Payment of Attorneys' Fees.*  Within fifteen (15) business days of the Escrow

Agent's receipt from Class Counsel of written notice, showing a copy having been previously

served upon ATTM's Counsel, that (1) the Court has entered the Final Approval Order and

Judgment in conformity with the terms of the Settlement Agreement and (2) the Court has

approved the Fee and Cost Application in conformity with the terms of the Settlement

Agreement effectuating the foregoing, the Escrow Agent shall pay from the Escrow Account the

amounts ordered by the Court for attorneys' fees and costs, to the extent, in the manner, and to

the Persons described in the Court's order.

3.2     *Payment of Notice and Administration Costs.*  Pursuant to written instructions

from Class Counsel, with copies sent to ATTM's Counsel, the Escrow Agent shall periodically

remit payments to the Settlement Administrator for notice and administration expenses.

3.3     *Settlement Payments and Allocation.*  After the Settlement Agreement becomes

Final, the balance of funds remaining in the Escrow Account after the disbursement of the

amounts referenced in Sections 3.1, 3.2 and 3.3 above shall be distributed in accordance with the

Plan of Allocation of Settlement Proceeds as approved and/or modified by the Court and with

any subsequent order of the Court concerning the distribution of the funds remaining in the

Escrow Account.

**4.     <u>Termination of the Escrow Agreement</u>**

4.1     If a Party elects to terminate the Settlement Agreement pursuant to the terms

thereof, the Party shall serve a copy of the Termination Notice by facsimile and/or personal

delivery upon the Escrow Agent and Settlement Administrator at the same time the Termination

Notice is served on the Parties' counsel.

4.2     Upon receipt of the Termination Notice, the Escrow Agent shall immediately

cease any disbursement or payment from the Escrow Account.  Within ten (10) days of its

receipt of the Termination Notice, the Escrow Agent shall provide an accounting of all disbursements or payments from the Escrow Account through the date of the Termination Notice, and of any unpaid expenses, costs, taxes or other liabilities of the Escrow Account that had accrued through the date of the Termination Notice.

4.3     Subject only to the expiration of any time deposit investment(s) not to exceed ninety (90) days, the Escrow Agent shall return to ATTM within thirty (30) days of the Termination Notice all funds remaining in the Escrow Account including all interest and earnings thereon, less any unpaid expenses, costs, taxes and other liabilities of the Escrow Account that had accrued through the date of the Termination Notice.

## 5.     **Taxes & Regulations**

5.1     The parties to this Escrow Agreement agree to treat the Escrow Account as being at all times a "qualified settlement fund" ("QSF") within the meaning of Treas. Reg. §§ 1.468B-1 through 1.468B-5, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.  The Escrow Agent shall be deemed the "administrator" for purposes of Treas. Reg. § 1.468B.  The Escrow Agent shall timely take all steps necessary for qualifying the Escrow Account as a QSF within the meaning of the regulations.  These obligations include, without limitation, the following:

a.     Preparing and filing a "Regulation Section 1.468B-3 Statement" on behalf of ATTM;

b.     Preparing and filing on behalf of the Escrow Account federal tax returns in accordance with Section 1.468B-2 of the regulations and other provisions of the Internal Revenue Code of 1986, as amended, and all necessary state, local and foreign tax returns; and

c.     Preparing and attaching to the Escrow Account's income tax return a "Regulation Section 1.468B-1 Relation Back Election" pursuant to Treasury Regulation Section 1.468B-1(j) for execution by the Escrow Agent and ATTM.

5.2     Notwithstanding any effort or failure of the Escrow Agent and the parties to this Escrow Agreement to treat the Escrow Account as a QSF effective as of the date hereof, any additional tax liability (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Escrow Account, including any taxes or tax detriments that may be imposed on ATTM, shall be reimbursed from the Escrow Account upon ATTM's written request to the Escrow Agent.  The Escrow Agent is authorized to withdraw from the Escrow Account (i) monies to pay all applicable federal and state taxes which the Escrow Account owes or is estimated to owe; (ii) any reimbursements payable to ATTM as described in this Section 5.2, and (iii) all expenses and costs incurred in connection with the operation and implementation of Section 5.

**6.     <u>Miscellaneous</u>**

6.1     The Escrow Agent shall provide to the Parties, within forty-five (45) days after the payment of the Initial Escrow Amount into the Escrow Account, and monthly thereafter, a statement of receipts and disbursements, and property on hand pertaining to the Escrow Account.

6.2     The Escrow Agent's acceptance and administration of the Initial Escrow Amount shall constitute submission to the jurisdiction of the Court for the purposes of carrying out this Escrow Agreement and with respect to all disputes or claims relating to or arising out of the same and an agreement to comply with all directions of the Court.

6.3     This Escrow Agreement shall be governed by and interpreted according to substantive laws of New Jersey, without reference to choice-of-law principles.

6.4     Copies of all notices and correspondence sent pursuant to this Escrow Agreement shall be served by fax (or such other method as all counsel listed below mutually agree) upon the Escrow Agent and the following:

a)      for Class Counsel, to James E. Cecchi, Esq., Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 5 Becker Farm Rd., Roseland, New Jersey 07068;

b)      and for ATTM's Counsel, to Andrew B. Joseph, Esq., Drinker Biddle & Reath LLP, 500 Campus Drive, Florham Park, New Jersey 07932.

6.5     The parties to this Escrow Agreement reserve the right to modify this Escrow Agreement upon written agreement of all parties to this Escrow Agreement other than the Escrow Agent, except any modification which shall affect the duties and responsibilities of the Escrow Agent may be made only upon agreement of the Escrow Agent.

6.6     All fees, expenses and costs incurred in connection with the creation and administration of the Escrow Account shall be reimbursed from the Escrow Account and shall be deemed costs of administrating the Settlement Agreement within the meaning thereof.

6.7     This Escrow Agreement may be executed in one or more counterparts, and transmitted among the parties to this Escrow Agreement by facsimile transmission, and such counterparts and facsimile transmissions shall be valid and effective as if an original.

Date: 

By:_____

On behalf of _____

Date: 

By:_____

On behalf of _____

Date: 

By:_____

On behalf of _____

# EXHIBIT H

Andrew B. Joseph
Seamus C. Duffy
William M. Connolly
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, New Jersey 07932
973.549.7264

*Attorneys for Defendant AT&T Mobility LLC*

Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055

*Attorneys for Plaintiffs*

James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARRY HALL, et al.,** | Civil Action No. 07-05325 (JLL) |
| Plaintiffs, | |
| v. | **ACKNOWLEDGEMENT AND GUARANTEE** |
| **AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,** | |
| Defendants. | |

I, the undersigned, acknowledge and agree as follows:

I have read the Stipulation and Agreement of Settlement (the "Settlement Agreement")

entered into between Plaintiffs Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane

Waldmann, Robert Wise, Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively

(formerly Debra Lipton), Jacqueline Sims, and Kiisha Orr ("Plaintiffs") and Defendant AT&T

Mobility LLC ("ATTM") in *Hall et al., v. AT&T Mobility LLC et al.*, No. 07-5325 (JLL)

(D.N.J.) and understand its terms.  I acknowledge that any amount received by me as attorneys'

fees and/or costs pursuant to the Settlement Agreement, plus interest accruing at a rate of 3.25%

per annum is subject to repayment to ATTM in the event that the Settlement Agreement is

terminated pursuant to its terms.  Within twenty (20) days of receiving written notice of

termination of the Settlement Agreement from any counsel for the parties, I will reimburse to

ATTM any and all sums received by me as attorneys' fees and costs pursuant to the Settlement

Agreement, plus interest accruing at a rate of 3.25% per annum.  By receiving any such sums, I

submit to the jurisdiction of the United States District Court for the District of New Jersey for the

enforcement of any and all disputes relating to or arising out of the reimbursement obligation set

forth herein and in the Settlement Agreement.

Date:

By:_____

## Acknowledgement & Guarantee

I, the undersigned, acknowledge and agree as follows on behalf of the law firm of

_____ (the "Firm").  I have read the Stipulation

and Agreement of Settlement (the "Settlement Agreement") entered into between Plaintiffs

Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane Waldmann, Robert Wise, Jackie

Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively (formerly Debra Lipton), Jacqueline

Sims, and Kiisha Orr ("Plaintiffs") and Defendant AT&T Mobility LLC ("ATTM") in *Hall et*

*al., v. AT&T Mobility LLC et al.*, No. 07-5325 (JLL) (D.N.J.) and understand its terms.  I hereby

make this Acknowledgement & Guarantee on behalf of the Firm.  I acknowledge that any

amount received by the Firm as attorneys' fees and/or costs pursuant to the Settlement

Agreement, plus interest accruing at a rate of 3.25% per annum is subject to repayment to ATTM

in the event that the Settlement Agreement is terminated pursuant to its terms.  Within twenty

(20) days of receiving written notice of termination of the Settlement Agreement from any

counsel for the parties, the Firm will reimburse to ATTM any and all sums received by the Firm

as attorneys' fees and costs pursuant to the Settlement Agreement, plus interest accruing at a rate

of one percent 3.25% per annum.  By receiving any such sums, the Firm and its shareholders

and/or partners submit to the jurisdiction of the United States District Court for the District of

New Jersey for the enforcement of any and all disputes relating to or arising out of the

reimbursement obligation set forth herein and in the Settlement Agreement.  I represent and

warrant that I am authorized to execute this agreement on the Firm's behalf and to bind the firm

to the obligations set forth herein.

Date:

By:_____

On behalf of _____

# EXHIBIT I

Andrew B. Joseph
Seamus C. Duffy
William M. Connolly
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, New Jersey 07932
973.549.7264

*Attorneys for Defendant AT&T Mobility LLC*

Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055

*Attorneys for Plaintiffs*

James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,<br><br>                Defendants. | Civil Action No. 07-05325 (JLL)<br><br><br>**CONFIDENTIALITY AGREEMENT RELATING TO SETTLEMENT AGREEMENT** |

Class Representatives Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane

Waldmann, Robert Wise, Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively

(formerly Debra Lipton), Jacqueline Sims, and Kiisha Orr ("Class Representatives"), by and

through their counsel of record; Defendant AT&T Mobility LLC ("Defendant"), by and through

its counsel of record; and Rust Consulting, Inc. ("Settlement Administrator"), by and through its duly authorized agent, hereby agree to provide confidential treatment to certain information in accordance with the terms set forth herein.

## Definitions

All capitalized terms not otherwise defined herein shall have the definitions set forth in the "Stipulation and Settlement Agreement" entered into by and between Class Representatives and Defendant in the above-captioned action.

"Confidential Information" shall include all information and documents provided to the Settlement Administrator by Defendant or its counsel for the purpose of administering the Settlement as well as any information, documents, or reports containing or derived from such information and documents. Any information contained in the Settlement Agreement itself or any other publicly-filed documents shall not be considered Confidential Information.

## Disclosure of Confidential Information

Confidential Information shall be used solely for the purpose of administering the Settlement and shall not be used or disclosed for any other purpose whatsoever.  Unless the Defendant directs otherwise in writing, Confidential Information may be disclosed only to:

1.  The Settlement Administrator's officers, employees, and agents as necessary to carry out the Settlement Administrator's duties in connection with the Settlement;

2.  Class Counsel, as required by the Settlement Agreement; and

3.  If requested by the Court, the Court and its staff.  The Parties shall take all necessary steps to preserve the confidentiality of Confidential Information submitted to the Court, including, but not limited to, filing the Confidential Information under seal in accordance by Local Civil Rule 5.3.

If the Settlement Administrator receives notice of a subpoena, court order, or request in any other form seeking access to Confidential Information, the Settlement Administrator shall immediately notify counsel for the Defendant prior to disclosing any Confidential Information. If Defendant does not consent, in writing, to disclosure by the Settlement Administrator, Defendant shall have the option to (1) provide attorneys at its expense to protect the confidentiality of the Confidential Information, or (2) reimburse the Settlement Administrator for any out-of-pocket costs, including attorneys' fees, reasonably incurred in protecting the confidentiality of the Confidential Information.

If the Settlement Administrator is required, pursuant to a court order or valid process, to produce or disclose Confidential Information notwithstanding this agreement, the Settlement Administrator will not be liable for its compliance with its obligations in this regard.

Nothing herein shall limit Defendant's own use of Confidential Information.

## Conclusion of Settlement

Within thirty (30) calendar days of the conclusion of the administration of the Settlement, the Settlement Administrator and Class Counsel shall: (1) assemble all Confidential Information in their possession; (2) return such Confidential Information to Defendant, or destroy such Confidential Information; and (3) provide written confirmation to counsel for Defendant that all such Confidential Information has been returned or destroyed.  The terms of this confidentiality agreement shall continue after the conclusion of the administration of the Settlement.

## Limitation of Publicity

Class Counsel shall not make any press release or other form of public announcement, including but not limited to an announcement on their respective law firm websites or any other websites controlled by Class Counsel, regarding the Settlement, until the date of entry of the

Final Approval Order and Judgment.  Notwithstanding the foregoing, Class Counsel may, until sixty (60) days after the Court has entered the Final Approval Order and Judgment, include a notice on their respective law firm websites that a settlement regarding Defendant's Flat-Rate ETF provisions was reached along with (a) a hyperlink to the settlement website, and (b) contact information for Class Counsel so that class members can inquire about the Settlement.

DATED: _____ __, 2009        CARELLA, BYRNE, BAIN, GILFILLAN,
                                   CECCHI, STEWART & OLSTEIN


                                   By: _____
                                        JAMES E. CECCHI

DATED: _____ __, 2009        STRANGE & CARPENTER


                                   By: _____
                                        BRIAN STRANGE



                                   *Counsel for Plaintiffs*

DATED: _____ __, 2009        DRINKER BIDDLE & REATH LLP


                                   By: _____
                                        WILLIAM M. CONNOLLY

                                   *Counsel for Defendants*

DATED: _____ __, 2009        RUST CONSULTING, INC.


                                   By: _____


SO ORDERED this        day of September, 2009



_____
ESTHER SALAS, U.S.M.J.

# EXHIBIT J

## <u>PROPOSED PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS</u>

This Plan of Allocation shall apply to the Common Fund established by Article III.1 of the Stipulation and Agreement of Settlement (hereafter, the "Settlement Agreement"), the Non-Cash Compensation defined in Article III.3 of the Settlement Agreement, and the Proration Benefit defined in Article III.4 of the Settlement Agreement.  All terms capitalized herein have the meanings defined in the Settlement Agreement.

1.     **Use of Funds**.  If and when the Settlement set forth in the Settlement Agreement becomes Effective, the Common Fund, net of any expenses paid or incurred pursuant to Article VI of the Settlement Agreement or any Taxes and Tax Expenses paid or incurred pursuant to Section 5 of the Escrow Agreement, shall be applied as follows:

(a)     To pay all unpaid costs and expenses incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members (except as set forth in the Settlement Agreement), administering and distributing the Common Fund or any portion thereof and processing Proofs of Claim;

(b)     To pay Class Counsel's (and, where applicable, ETF Counsel's) attorneys' fees, costs and expenses, including the fees of expert witnesses and consultants, and interest, if, and to the extent, allowed by the Court; and

(c)     To pay an incentive awards to the Class Representatives if, and to the extent, allowed by the Court.

2.     **The Claimant's Fund**.  The balance of the Common Fund, less any reserves authorized by the Court (hereinafter, the "Claimant's Fund"), shall be distributed commencing within thirty (30) days and concluding within ninety (90) days after the Effective Date to

Authorized Claimants (as defined in Paragraph 7, below) in accordance with this Plan of Allocation and other applicable orders which may be issued by the Court.

3.      **The Non-Cash Compensation**.  The Non-Cash Compensation shall be issued by AT&T Mobility LLC ("ATTM") commencing within thirty (30) days and concluding within ninety (90) days after the Effective Date to Authorized Claimants (as defined in Paragraph 7, below) in accordance with this Plan of Allocation and other applicable orders which may be issued by the Court.

4.      **The Proration Benefit**.  The Proration Benefit shall be applied by ATTM to the wireless service contracts of Authorized Claimants (as defined in Paragraph 7, below) commencing within thirty (30) days and concluding within ninety (90) days after the Effective Date in accordance with this Plan of Allocation and other applicable orders which may be issued by the Court.

5.      **Allocation of the Claimant's Fund**.  If the total of the aggregate Allowed Claims of all Authorized Claimants for cash claims exceeds the Claimant's Fund, the Claimant's Fund shall be allocated among Authorized Claimants who are entitled to cash claims, *pro rata*, in the proportion that the Allowed Claim of such Authorized Claimant bears to the total of the aggregate Allowed Claims of all Authorized Claimants, as computed by the Claims Administrator pursuant to this Plan of Allocation.

6.      **Allocation of the Non-Cash Compensation**.  If the face, retail value of the total of the aggregate Allowed Claims of all Authorized Claimants for non-cash benefits exceeds Two Million Dollars  $2,000,000.00, the value of the Non-Cash Compensation shall be allocated among Authorized Claimants who are entitled to non-cash benefits, *pro rata*, in the proportion that the face, retail value of the Allowed Claim of such Authorized Claimant bears to the face,

retail value of the total of the aggregate Allowed Claims of all Authorized Claimants for non-cash benefits, as computed by the Claims Administrator pursuant to this Plan of Allocation. Authorized Claimants shall receive non-cash benefits of the type to which they are entitled whose face, retail value is equivalent to their aforementioned *pro rata* share.

7.      **Definitions of "Claimant" and "Authorized Claimant."**  "Claimant" shall be a Member of the Settlement Classes who has submitted a proof of claim form (in the form attached hereto as Exhibit A) that the Claims Administrator, in its sole discretion, determines to be timely and properly completed and signed.  A proof of claim form is timely if it is submitted within sixty (60) days after the Court has entered the Final Approval Order and Judgment.  An "Authorized Claimant" shall be a Claimant who: (a) was not a member of the CPUC Refund Group, unless the Claimant was charged a Flat-Rate ETF by ATTM other than the Flat-Rate ETF charge which caused the Claimant to be a member of the CPUC Refund Group; and (b) whose Allowed Claim is (i) greater than zero, as computed pursuant to Paragraphs 8(a) and 8(b), (ii) a non-cash benefit, as provided in Paragraph 8(c), or (iii) the Proration Benefit, as provided in Paragraph 8(c).

8.      **Calculation of "Allowed Claim."**

(a)      **"Allowed Claims" for Class Members Who Submit a Proof of Claim Form Asserting That They Paid Flat-Rate ETFs**

(i)      "Allowed Claims" Where Claimant Submits Adequate Proof or ATTM Records Confirm Amount Paid.  Where a Claimant paid in full one or more Flat-Rate ETFs during the Class Period, whether to ATTM, a collection agency, or other third party to whom ATTM assigned the rights to the ETF, the Claimant shall receive an Allowed Claim in the amount to be determined by the number of months left on the Claimant's contract at termination:

| Months Remaining in Contract | | Maximum Cash Benefit |
|---|---|---|
| 1 year contract | 2 year contract | |
| 10-12 | 19-24 | $25 |
| 4-9 | 7-18 | $80 |
| 3 | 4-6 | $110 |
| 1-2 | 1-3 | $140 |

     **(ii)**    "Allowed Claims" Where Claim Form Does Not Include Adequate Proof of Payment and ATTM Records Do Not Show Payment.  Where a Claimant asserts but cannot prove that he or she paid in full one or more Flat-Rate ETFs during the Class Period, whether to ATTM, a collection agency, or other third party to whom ATTM assigned the rights to the ETF, but the Claimant certifies under penalty of perjury in the proof of claim form that he or she paid in full one or more such fees during the Class Period, the Claimant shall receive an Allowed Claim in an amount not to exceed Twenty-Five Dollars ($25.00) if the Claimant was charged such a fee or fees during the Class Period, and the Claimant certifies under penalty of perjury in the proof of claim form that the charging of the fee and/or the partial payment caused him or her harm.

     **(b)**    **"Allowed Claims" for Class Members Who Submit a Proof of Claim Form Asserting That They Were Charged But Did Not Pay in Full Flat-Rate ETFs.**  Where the Claimant was charged but did not pay in full one or more Flat-Rate ETFs during the Class Period, the Claimant shall receive an Allowed Claim in an amount not to exceed Twenty-Five Dollars ($25.00).  Notwithstanding the foregoing, the Claimant shall receive no Allowed Claim if the Claimant received a credit of such fee or fees within thirty (30) days of its assessment.

      **(c)**      **"Allowed Claims" for Class Members Subject to a Flat-Rate ETF.**

Where a proof of claim form asserts that a Claimant was not charged a Flat-Rate ETFs and

includes an attestation, sworn under penalty of perjury, that the Claimant was party to a contract

with ATTM as of the date that the court preliminarily approved the settlement that permitted the

assessment of a Flat-Rate ETF and has been harmed because a Flat-Rate ETF had or has the

potential to be assessed and/or believes that he or she should not be subject to a Flat-Rate ETF

will be entitled to an Allowed Claim of one of the following: (i) an AT&T Prepaid Long

Distance Card with up to two hundred (200) minutes, or (ii) the Proration Benefit.

Notwithstanding the foregoing, a Claimant who elected the Proration benefit shall receive: (a) an

Allowed Claim for cash benefits under Paragraph 8(a)(i) above if the Claimant is no longer a

party to a post-paid contract for wireless service at the time non-cash benefits are distributed and

was charged and paid in full one or more Flat-Rate ETFs; (b) an Allowed Claim for cash benefits

under Paragraph 8(a)(ii) above if the Claimant is no longer a party to a post-paid contract for

wireless service at the time non-cash benefits are distributed and was charged but did not pay in

full one or more Flat-Rate ETFs; or (c) an Allowed Claim under this paragraph of an AT&T

Prepaid Long Distance Card with up to two hundred (200) minutes if either the Claimant is no

longer a party to a post-paid contract for wireless service with ATTM that includes a Flat-Rate

ETF provision at the time the Proration Benefit would be applied, and was not charged and/or

did not pay in full a Flat-rate ETF.

      **(d)**      **Limitations on Allowed Claims**.  Claimants who receive an Allowed

Claim pursuant to Paragraph 8(a)(i) shall not be entitled to receive Allowed Claims under

Paragraphs 8(a)(ii), 8(b) or 8(c).  Claimants who receive an Allowed Claim pursuant to

Paragraph 8(a)(ii) shall not be entitled to receive Allowed Claims under Paragraphs 8(a)(i), 8(b)

or 8(c).  Claimants who receive an Allowed Claim pursuant to Paragraph 8(b) shall not be entitled to receive Allowed Claims under Paragraphs 8(a)(i), 8(a)(ii), or 8(c).  Claimants who receive an Allowed Claim pursuant to any subdivision of Paragraph 8(c) shall not be entitled to receive Allowed Claims under Paragraphs 8(a)(i), 8(a)(ii), or 8(b) or any other subdivision of Paragraph 8(c).  If the Settlement Administrator cannot determine whether a Claimant is entitled to receive a benefit or which benefit is sought, the Claimant will not receive an Allowed Claim. If the Settlement Administrator cannot determine which benefit is sought, the Claimant will receive an AT&T Prepaid Long Distance card with up to two hundred (200) minutes.

9.      The Claimant's Fund shall be allocated and distributed only to Authorized Claimants who receive benefits pursuant to Paragraphs 8(a) and 8(b).

10.     In determining whether a fact has been proven for purposes of this Plan of Allocation, the Claims Administrator shall use a preponderance of the evidence standard. Evidence that may be considered by the Claims Administrator in making this determination includes but is not limited to materials submitted by Claimants with their Claim Forms and records made available by ATTM in connection with the Settlement to effectuate notice.

11.     Class Counsel shall present to the Court an application for leave to distribute the Claimant's Fund in accordance with this Plan of Allocation and other applicable Orders of the Court, and for an order providing that the Court retains jurisdiction to allow or disallow the claim of any Person who does not submit a proof of claim form as required herein.

12.     In any distribution of funds pursuant to this Plan of Allocation, no check shall be issued if the amount would be less than Five Dollars ($5.00).

13.     Any amounts remaining in the Claimant's Fund after distribution has been made to Authorized Claimants and all expenses have been paid shall be conveyed to one or more

charitable organizations jointly proposed by the Class Representatives and ATTM and approved by the Court.  Class Counsel and ATTM shall each propose one or more organizations for distribution of half each of any such amounts, and consent by the non-proposing party shall not be unreasonably withheld.  If the face, retail value of the total of the aggregate Allowed Claims of all Authorized Claimants for non-cash benefits is less than Two Million Dollars ($2,000,000.00), AT&T Prepaid Long Distance Cards will be conveyed to the same charitable organization(s), such that the total face, retail value of the non-cash benefits distributed to Authorized Claimants and the charitable organization(s) is Two Million Dollars ($2,000,000.00).

    **14.**    The Court may, for good cause, extend any of the deadlines set forth in this Plan of Allocation without further notice to the Settlement Class Members.

DATED:  September 15, 2009        STRANGE & CARPENTER

                By:        /s/
                        BRIAN STRANGE

DATED:  September 15, 2009        CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

                By:        /s/
                        JAMES E. CECCHI

# EXHIBIT A

**AT&T MOBILITY EARLY TERMINATION FEE SETTLEMENT CLAIM FORM**
**This relates to your AT&T Mobility Account.**

for official use only

IF YOU BELIEVE YOU ARE A CLASS MEMBER AND BELIEVE THAT YOU ARE ENTITLED TO CLAIM A BENEFIT,
PLEASE COMPLETELY AND ACCURATELY FILL IN ALL OF THE INFORMATION REQUESTED BELOW.

Name: _____

Current Address: _____    State: ____   Zip Code: ____ ____ ____ ____

Current Telephone Number: (___  ___  ___)  ___  ___  ___ -- ___  ___  ___  ___

If you are unsure whether you are a Class Member, please review the class definition in the Settlement Agreement.  If you are a Class Member and unsure whether you can claim a benefit, please review the benefit eligibility in the Plan of Allocation.  Both are available on the settlement website: www.[INSERT].com.  The defined terms used in this Claim Form, other than those defined in this Claim Form, shall have the same meaning set forth in the Settlement Agreement.

**THIS CLAIM FORM MUST BE POSTMARKED**
**NO LATER THAN [INSERT], BUT THE DATE MAY BE EXTENDED ("CLAIM PERIOD").**

Name on the AT&T Mobility Account: _____

AT&T Mobility Account Number(s): _____

AT&T Mobility Wireless Phone Number(s): _____

Dates or Approximate Dates of Wireless Service Contract(s): _____

Date flat-rate ETF charged (if any), and/or Date flat-rate ETF paid (if any) and method of payment: _____

Amount of flat-rate ETF charged (if any): _____

Amount of flat-rate ETF paid (if any): _____

Current EMAIL Address: _____

Subject to the terms of the Settlement Agreement, and pending final approval of the Settlement, to obtain any benefits in this Settlement, you must complete and timely submit a Claim Form. This Claim Form is the means by which you can submit your claim. **IT IS IMPORTANT THAT YOUR CLAIM FORM IS COMPLETE AND YOU HAVE SUPPLIED ANY REQUIRED DOCUMENTATION.** You may also complete a claim online at www.[INSERT].com/claimform.  All claims must be filed electronically, or postmarked on or before the expiration date of the Claim Period. If you provide incomplete, incorrect, or inaccurate information, your claim may be denied. By submitting a Claim Form, you are agreeing to participate in the Settlement, if it becomes final, and you are forever waiving any right to seek any recourse or otherwise make any claim that is subject to the release agreement.  For the complete settlement terms, see the Settlement Agreement at www.[INSERT].com/settlementagreement.

## GENERAL INSTRUCTIONS

1. This Settlement will provide the benefits discussed below to qualifying former customers of AT&T Mobility or its predecessors who were charged a flat-rate ETF on or before [the date the Court preliminarily approves the settlement], and qualifying current customers of AT&T Mobility who had a flat-rate ETF provision in their subscriber agreement(s) as of [the date the Court preliminarily approves the settlement]. YOU MAY BE ELIGIBLE FOR BENEFITS WHETHER OR NOT YOU PAID A FLAT-RATE ETF. Three categories of benefits are available. Submit your claim under the category that describes your situation. Even if you have multiple claims, you may choose only ONE of the categories and ONE of the benefits under that category. The benefit amounts shown are the highest possible amounts. In the event that the claims for cash exceed the available settlement funds, the cash benefit amounts will be reduced pro rata in order to allow the maximum number of claims. In the event that the value of claims for non-cash benefits (other than the prorated ETF benefit) exceeds $2,000,000, the non-cash benefit amounts (other than the prorated ETF benefit) will be reduced pro rata in order to allow the maximum number of claims.

To obtain the proration benefit identified below, at the time that the benefits are made available you will need to be a current AT&T Mobility subscriber with a flat-rate ETF provision. If you are not at that time, you will receive one of the other categories of benefits depending on your particular circumstances. To learn more about what would happen in this situation, see the Plan of Allocation at www.[INSERT].com/planof allocation.

The prorated ETF provision to which you will be bound if you select that benefit currently reads as follows: "Your Service Commitment begins on the day we activate your service. You have received certain benefits from us in exchange for any Service Commitment greater than one month. If we terminate your service for nonpayment or other default before the end of the Service Commitment, or if you terminate your service for any reason other than (a) in accordance with the cancellation policy; or (b) pursuant to a change of terms, conditions or rates as set forth below, you agree to pay us with respect to each device identifier or telephone number assigned to you, in addition to all other amounts owed, an Early Termination Fee of $175. For service activated on or after May 25, 2008, the Early Termination Fee will be reduced by $5.00 for each full month toward your minimum term that you complete. The Early Termination Fee is not a penalty, but rather a charge to compensate us for your failure to satisfy the Service Commitment on which your rate plan is based."

2. When documentation is required, produce COPIES, and keep all originals in your possession. Be sure that all copies are legible.

3. All claims must be postmarked or electronically filed on or before [INSERT], but the date may be extended.

4. All claim materials and representations in support of your claim materials must be true and correct, are subject to verification by AT&T Mobility records, Class Counsel and the Settlement Administrator, and are submitted by you under penalty of perjury of the laws of the United States.

5. To obtain the latest information about the status of the Settlement, please visit www.[INSERT].com. Please refer to the Settlement Agreement which can be found at www.[INSERT].com/settlementagreement if you require more detailed instructions, or contact the Settlement Administrator at [INSERT] or Class Counsel by mail or email at [INSERT].

## BENEFIT ELECTION

Choose the one category that best matches your situation. You may choose only one benefit within that category.

**Category I — I paid in full a flat-rate ETF on or before [the date the Court preliminarily approved the Settlement]:**

**Select the situation that best describes your claim, along with the corresponding benefit:**

☐ By checking here, I choose to receive a check not to exceed $140. I certify under penalty of perjury that I paid in full a flat-rate ETF to AT&T Mobility, a collection agency, or other third party to whom AT&T Mobility assigned the rights to the ETF on or before [the date the Court preliminarily approved the Settlement], and that my contract was terminated as follows:

☐ With 1-2 months remaining of a 12 month contract or 1-3 months remaining of a 24 month contract (maximum recovery of $140); **OR**

☐ With 3 months remaining of a 12 month contract or 4-6 months remaining of a 24 month contract (maximum recovery of $110); **OR**

☐ With 4-9 months remaining of a 12 month contract or 7-18 months remaining of a 24 month contract (maximum recovery of $80); **OR**

☐ With 10-12 months remaining of a 12 month contract or 19-24 months remaining of a 24 month contract (maximum recovery of $25)

I further certify that (a) I can provide documentation to prove it, **OR** (b) I received a postcard informing me of my potential right to an award.

*I have attached the following documents as required to support my claim:* _____

**OR**

☐      By checking here, I choose to receive a check not to exceed $25. I certify under penalty of perjury that I was charged, and I paid in full, a flat-rate ETF to AT&T Mobility, a collection agency, or other third party to whom AT&T Mobility assigned the rights to the ETF on or before [the date the Court preliminarily approved the Settlement], and (a) I cannot provide documentation to prove it; and (b) I did not receive a postcard informing me of my potential right to an award.

**Category II — I was charged a flat-rate ETF, but did not pay it in full on or before [the date the Court preliminarily approved the Settlement]:**

☐      By checking here, I choose to receive a check not to exceed $25. I certify under penalty of perjury that I was charged a flat-rate ETF, but did not pay it in full on or before [the date the Court preliminarily approved the Settlement] and that the charging of the fee and/or the partial payment caused me harm. I understand that if records provided by AT&T Mobility to the Settlement Administrator do not establish that I was charged a flat-rate ETF on or before [the date the Court preliminarily approved the Settlement], I will not receive a check unless I provide documentation proving that I was charged a flat-rate ETF on or before [the date the Court preliminarily approved the Settlement]].

*I have attached the following documents as required to support my claim:* _____

**Category III — I was subject to a flat-rate ETF provision in my AT&T Mobility contract on [the date the Court preliminarily approved the Settlement] and I certify under penalty of perjury that I have been harmed by it and/or that I should not be subject to it, and I had not paid or been billed a flat-rate ETF on or before [the date the Court preliminarily approved the Settlement]:**

**I may elect one of the following:**

☐      By checking here, I choose to receive an AT&T Prepaid Long Distance Card with up to 200 minutes; **OR**

☐      By checking here, I choose to be subject to a prorated ETF provision instead of the flat-rate ETF provision that is currently in my contract. I understand that I will be provided with other benefits subject to the terms of the Plan of Allocation if, at the time that benefit becomes effective, I am no longer an AT&T Mobility subscriber with a flat-rate ETF provision.

I understand that I may not receive an AT&T Prepaid Long Distance Card if I do not provide my email address at the beginning of this form.

### DECLARATION UNDER PENALTY OF PERJURY

By submitting this Claim Form, I represent under penalty of perjury that I believe that I am a member of the Settlement Class and that all of the information and any documents I have provided are true and correct. I further represent that I am over the age of eighteen (18) and am of sound mind.

Claimant Signature: _____     Date• _____

NOTE: Do not call or write to AT&T Mobility, AT&T Mobility's Customer Care, AT&T Mobility's lawyers, or the Court regarding the Settlement, benefits or Claim Form. You may contact the Settlement Administrator at [INSERT] or one of your lawyers by sending an email to [INSERT] at [INSERT].com, by visiting [INSERT], or by writing to Class Counsel at [INSERT], attention AT&T Mobility ETF Settlement.