Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Attorneys for Defendants
Sprint Spectrum L.P. and
Nextel Finance Company

Dominic Surprenant
A. Brooks Gresham
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
(213) 443-3000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB and WILLIE DAVIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL and NEXTEL FINANCE COMPANY, <br><br> Defendants. | No. 2:07-cv-05325-JLL-ES |

**SPRINT'S MEMORANDUM OF LAW IN RESPONSE TO OBJECTORS THOMAS LAMBERT'S AND CHAD GARNER'S MOTION TO SEAL MATERIALS PURSUANT TO LOCAL RULE 5.3(c)(2)**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................. 1
BACKGROUND .................................................................................................... 2
ARGUMENT .......................................................................................................... 5
I.     STANDARDS FOR FILING UNDER SEAL .......................................... 5
II.    LEGITIMATE PRIVATE INTERESTS WARRANT THE RELIEF
SOUGHT ................................................................................................... 4
III.   SERIOUS INJURY WILL RESULT IF THE SUBJECT
DOCUMENTS ARE NOT SEALED ........................................................ 5
IV.   THE RELIEF SOUGHT IS NARROWLY TAILORED AND NO
LESS RESTRICTIVE MEANS EXIST TO PROTECT SPRINT'S
INTERESTS .............................................................................................. 6
CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*In re Adobe Systems, Inc. Securities Litigation*, 141 F.R.D. 155 (N.D. Cal. 1992) ...........................................................................................................6

*In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001) ...........................................4

*Nixon v. Warner Commc'ns.*, 435 U.S. 589 (1978)..........................................3

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994)......................4

*Smith v. Sprint Spectrum L.P.*, JAMS No. 1220034325 ............................2, 5

## RULES

New Jersey District Court Local Rule 5.3(c)(2) ...................................... *Ibid*

# PRELIMINARY STATEMENT

Sprint Spectrum L.P. and Nextel Finance Company (hereinafter "Sprint") join in objectors Chad Garner's and Thomas Lambert's (the "Objectors") Motion to Seal (the "Motion") certain documents previously filed by Objectors (the "Subject Documents") pursuant to Local Rule 5.3(c). The Subject Documents include or reference various declarations that were produced in separate actions subject to separate protective orders. Accordingly, Objectors and Sprint have an obligation to honor the confidential designation of these documents under the protective orders entered in these separate cases. Further, the Subject Documents contain Sprint's commercially sensitive and/or proprietary information.

Permanently sealing the Subject Documents, as requested in the Objectors' Motion, is supported by public policies aimed at protecting and safeguarding sensitive and/or proprietary business information. If the documents at issue on this Motion were made publicly available, third-parties (including Sprint's competitors) would have access to this proprietary information – potentially causing serious economic harm to Sprint. On the other hand, providing access to the documents at issue will not materially assist the public in assessing the basis for the Court's ruling with respect to the underlying objections.

## BACKGROUND

The Subject Documents include six documents, together with attached exhibits, that were filed by Objectors in connection with their objection to the above-captioned class action settlement. Specifically, and as set forth in Objector's Motion, the Subject Documents include: (1) Objections to Proposed Settlement (Docket Entry No. 184); (2) Request for Judicial Notice in Support of Objections to Proposed Settlement (Docket Entry No. 184); (3) Reply to Sprint Spectrum L.P.'s Opposition to Objections (Docket Entry No. 257); (4) Reply in Support of Objections to Proposed Settlement Based on Notice and Standing (Docket Entry No. 255); (5) Supplemental Filing Regarding Objections (Docket Entry No. 194); and (6) Request for Judicial Notice in Support of Supplemental Filing Regarding Objections (Docket Entry No. 195).

The Subject Documents include the information set forth in, or actually attach, a Declaration of Michael Fazio ("Fazio Declaration"), which is a highly sensitive document that was filed under seal in the arbitration proceeding captioned *Smith v. Sprint Spectrum L.P.*, JAMS No. 1220034325. The Fazio Declaration in turn attaches numerous declarations by Sprint executives and expert witnesses that contain highly confidential information.[1] The Subject Documents also include information

---

[1]  Sprint originally designated the Fazio Declaration as "Confidential" pursuant to the Stipulated Protective Order entered in *Smith*. Accordingly, the Fazio Declaration was automatically designated as "Attorneys' Eyes Only" pursuant to the Protective Order in this case. Paragraph 3 (footnote continued)

contained in, or actually attach, the Declaration of Christian M. Dippon, January 29, 2007, *Cellular Termination Fee Cases*, California Superior Court JCCP No. 4332, Bates-labeled SPR11735-11774 ("Dippon Declaration"). Mr. Dippon was one of Sprint's expert witnesses in the Cellular Termination Fee Cases. Because it contains Sprint's highly confidential and proprietary business information, the Dippon Declaration was filed under seal with the Alameda County Superior Court in the Cellphone Termination Fee Cases.

As set forth more fully below, the Subject Documents contain highly sensitive business information, the disclosure of which is likely to cause serious economic harm to Sprint. For the reasons set forth herein and set forth in the Objectors' Motion, this Court should order the Subject Documents to be permanently sealed by the Court.

## ARGUMENT

## I. STANDARDS FOR FILING UNDER SEAL

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978). Rather, the Court may enter an order sealing judicial records if it is satisfied that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined

---

states that "[t]o the extent that any receiving party receives Confidential Information that was produced in a separate action... and which Confidential Information was produced subject to a
(footnote continued)

and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The Court has discretion to "evaluate the competing considerations in light of the facts of individual cases." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994).

Pursuant to New Jersey District Court Local Rule 5.3(c)(2), the Court should order a record sealed if, given the nature of the materials at issue:

(a) legitimate private interests warrant the relief sought;

(b) serious injury will result if the record is not sealed; and

(c) no less restrictive means exist to achieve the overriding interest.

In the present case, each of the these factors favor granting the Objectors the relief they seek by the instant Motion.

## II. LEGITIMATE PRIVATE INTERESTS WARRANT THE RELIEF SOUGHT

As noted above, the Subject Documents contain references to, or attach, the Fazio Declaration, which has been designated by Sprint as "Attorneys' Eyes Only" pursuant to the Protective Order. The Fazio Declaration contains, among other things, various declarations of Sprint executives and expert witnesses. The information contained in these witness declarations are highly sensitive because they contain Sprint's pricing and sales strategies, marketing approaches, business practices,

---

protective order...the receiving party shall treat the Confidential Information...as Attorneys' Eyes Only Confidential Information." *See* Protective Order.

proprietary customer databases, financial data and information concerning ETF-related damages. In addition, the Subject Documents either reference the information contained in, or attach, the Dippon Declaration. [2] The Dippon Declaration is highly sensitive because it contains Sprint's proprietary and confidential business information, including information related to Sprint's pricing structure.

Accordingly, Sprint has a legitimate interest in keeping the above-referenced commercially sensitive information, and any references made thereto in the Subject Documents, from public disclosure.

## III. SERIOUS INJURY WILL RESULT IF THE SUBJECT DOCUMENTS ARE NOT SEALED

Substantial prejudice to Sprint's interests will almost certainly occur if the information contained in the Subject Documents are made public. The information that the Objectors seek to file under seal is confidential, commercially sensitive and/or proprietary in nature because, among other things, they relate to Sprint's pricing and sales strategies, marketing approaches, business practices, proprietary customer databases, financial data and information concerning ETF-related damages.

The public disclosure of such information would yield insight into Sprint's internal business policies, practices and procedures, as well as strategy on

---

[2]  The Dippon Declaration was also attached to the Fazio Declaration and designated as "Confidential" pursuant to the Stipulated Protective Order entered in *Smith v. Sprint Spectrum L.P.*, JAMS No. 1220034325 and also filed under seal in *Cellular Termination Fee Cases*, (footnote continued)

managing its customer data. Because this information is commercially sensitive and/or proprietary in nature, if made public, its disclosure would yield a competitive disadvantage to Sprint, which would in turn hinder Sprint's ability to compete effectively in the cellular industry. Given the intense competition in the wireless industry, Sprint firmly believes that any such public dissemination of this information will therefore likely lead to economic harm.

Sprint respectfully requests this Court grant the Objectors' Motion to seal the Subject Documents.

## IV. THE RELIEF SOUGHT IS NARROWLY TAILORED AND NO LESS RESTRICTIVE MEANS EXIST TO PROTECT SPRINT'S INTERESTS

With respect to Sprint's confidential and proprietary information, Objectors seek to seal only those portions of the record that contains confidential information. Further, no less restrictive means exist to achieve the overriding interest described above. This is especially true with respect the Fazio Declaration and all the exhibits attached thereto. Once the confidential information is disclosed to the public, the injury to the parties occurs. *See In re Adobe Systems, Inc. Securities Litig.*, 141 F.R.D. 155, 161 (N.D. Cal. 1992) (recognizing that release of non-public data could

---

California Superior Court JCCP No. 4332. Accordingly, the Dippon Declaration has been correctly designated as "Attorneys' Eyes Only." (*See* Protective Order at ¶ 3.)

inflict serious competitive injury on a business). The only way to ensure that this injury is not inflicted is to seal these documents.

## CONCLUSION

For the foregoing reasons, Sprint respectfully requests that the Objectors' Motion be granted and the Subject Documents at issue here be permanently sealed. Alternatively, if the Court does not find that the Objectors' Motion satisfies the requirements of Local Rule 5.3(c)(2), Sprint respectfully requests an opportunity to file its own motion to seal the Subject Documents.

DATED:     September 21, 2009          KELLEY DRYE & WARREN LLP


By:_ s/ Lauri A. Mazzuchetti _____
　　Joseph A. Boyle
　　Lauri A. Mazzuchetti
　　200 Kimball Drive
　　Parsippany, New Jersey 07054
　　(973) 503-5900

　　QUINN EMANUEL URQUHART
　　OLIVER & HEDGES, LLP
　　865 South Figueroa Street, 10th Floor
　　Los Angeles, California 90017-2543
　　(213) 443-3000

　　Attorneys for Defendants
　　Sprint Spectrum L.P. and
　　Nextel Finance Company