# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARSON, *et al.* | * |
| **Plaintiffs** | * |
| | * Case No.: **2:07-cv-05325 (JLL-ES)** |
| vs. | * |
| | * |
| SPRINT NEXTEL CORP., *et al.* | * |
| | * |
| **Defendants** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OBJECTION TO CLASS SETTLEMENT

You are hereby notified that Michael Wein hereby files his notice of Objection to Settlement, including but not limited to approval of the Settlement, and application for attorney's fees and expenses, and states as follows in support of this Court rejecting the proposed settlement offer between the parties as insufficient:

1. Michael Wein, was a former subscriber to Sprint and Nextel during the applicable period of the Class settlement, and entitled to the benefits as a member of the Class of consumers that are represented in the suit by the Plaintiffs.

2. Previously, in correspondence dated November 18, 2002, and sent to Sprint PCS, Mr. Wein, prior to being a licensed attorney, complained about the same issue that is before this Court of being charged an improper early termination fee. *See* Attached 'A.'

3. However, additionally, Mr. Wein noted in his correspondences that "[b]esides the erroneous $150 charged to my account, I was also charged an additional $19.50 for taxes in my September-October invoice. What makes this amount remarkable is that I was charged this almost 20 dollars in taxes on an invoice that has **no service minutes charged.** If my reading of this invoice is correct,

1

your computer therefore charges taxes to consumers for being **billed** $150 in a cancellation charge. I believe that this $19.50 in charges was charged illegally. Since I am a law school graduate, I would of course be curious to hear any explanation from you as to this charge. (I would also be curious whether a class action lawsuit would be in order for the thousands of customers who were apparently illegally charged $20 in taxes on their final bill.) [Emphasis as Shown]

4. There does not appear to be in the proposed Class Action Settlement, any accounting done for the many thousands of consumer and business customers who were charged about an extra $20 each in taxes for a non-existent fee by Sprint. This $20 is more than the proposed settlement, and should have been discovered by the Class Action Plaintiffs and their Counsels at Law through regular discovery techniques.

5. Accordingly, I object the proposed settlement, as insufficient in failing to account for the additional charges associated with collections of taxes by Sprint that were not permitted by law, as these taxes were for non-existent services and goods. These taxes were also greater, per customer, than that of the proposed settlement. As a result of the proposed settlement failing to account for these non-existence service tax charges, Plaintiffs' Class Action counsels have failed to appropriately exercise due diligence in prosecuting the action, and therefore are not entitled to the apparent significant amount of attorneys' fees sought, without further explanation for this discrepancy with this Court and the Class.

WHEREFORE, it is respectfully requested that this Court:

1. Deny the Proposed Class Settlement;

2. Order further examination of the Proposed Settlement in light of the additional taxes charged by Sprint Nextel for early termination fees, even those these fees do not imply any services of goods charged to which taxes could legally be levied;

3. For such further relief that is necessary, proper, and the interests of justice.

_____

Michael Wein, Esquire
Law Offices of Michael Wein
Belle Point Office Park
7829 Belle Point Drive
Greenbelt, MD 20770
Fax (301) 441-8877
(301) 441-1151

Fed. Bar Number 15950 (Maryland)

## AFFIDAVIT

I, Michael Wein, does hereby affirm upon personal knowledge and under the penalties of perjury, that the attached exhibit is an exact copy of what was sent to Sprint in 2002, as well as kept in my business records, and reprinted from business records electronically stored on a computer that maintains files in the ordinary course of business.

_____
Michael Wein, Esquire

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ?? day of September, 2009 the aforementioned OBJECTION TO CLASS SETTLEMENT was mailed via first class mail, postage prepaid to:

Clerk of the Court (Original)
United States District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07102

Class Counsel, James E. Cecchi, Esquire
Carella, Byrne, Bain
Attn: Sprint ETF Settlement
5 Becker Farm Rd.
Roseland, NJ 07068

Sprint Nextel Counsel
Joseph A. Boyle, Esquire
Kelley Drye & Warren, LLP
200 Kimball Drive
Parsippany, NJ 07504

_____
Michael Wein, Esquire

November 18, 2002

Michael Wein
6947 Nashville Road
Lanham, MD 20706
(301) 552-5520
Account # 3908061806-5

Sprint PCS
P.O. Box 8077
London, KY 40742

Dear Sprint PCS:

I am writing this letter to you because of a dispute regarding my account. I have been a loyal Sprint customer for at least 3 years. However, virtually every month for at least the past year, I have had difficulty in getting an accurate bill from Sprint, and have had to call customer service to get this rectified in some form or another virtually every month. Additionally, my service was cut off **without warning** in September of 2002, while I was on vacation out of state. Accordingly, I have chosen to discontinue service for cause. I contacted Sprint PCS to notify them of my decision to cancel service and the reasons for this cancellation. No notice was made at the time of my decision to cancel service as to any fees that might be accessed as a result. Unfortunately, I was nevertheless later accessed a $150.00 cancellation service fee on my account. I was informed that in order to get this latest error rectified, would require that I write you a letter. Ergo, this letter.

Please find enclosed a check for $166.04. This amount constitutes the entire amount that I believe is owed to you, and is an accord for full satisfaction of any and all obligations owed to your company. Besides the erroneous $150 charged to my account, I was also charged an additional $19.50 for taxes in my September-October invoice. What makes this amount remarkable is that I was charged this almost 20 dollars in taxes on an invoice that has **no service minutes charged**. If my reading of this invoice is correct, your computer therefore charges taxes to customers for being **billed** $150 in a cancellation charge. I believe that this $19.50 in charges was charged illegally. Since I am a law school graduate, I would of course be curious to hear any explanation from you

1

as to this charge. (I would also be curious whether a class action lawsuit would be in order for the thousands of customers who were apparently illegally charged $20 in taxes on their final bill.) Assuming I do not have to deal with the hassle of investigating this tax charge further, I would consider the matter concluded. If I do have go through this hassle, I would appreciate an explanation from Sprint PCS as to why I should be charged $19.50 in service taxes on a bill that has no service charged for that month.

Finally, I will briefly deal with the merits as to why I should not be charged for the $150.00 cancellation charge. From December 2001 to February 2002, I was in Australia doing some legal research. As I recall, I informed customer service that I would be out of the country during this time period, and asked them what would be the best way to maintain my voicemail for a minimal cost, since I would be unable to use my cell phone during these two months. They suggested reducing my plan to $19.99, which I then agreed to. Customer service stated that when I returned back to the United States, that I should call them up, to reactivate my original service. When I returned back in February of 2002, the plan that I had originally was no longer available. I then took what I was told was the best comparable service to my old rate plan. I do not recall being informed that this would require an additional one-year service agreement, especially since I had Sprint PCS for about three years already, and I do not recall agreeing to any such formal agreement.

I would request that you please remove the charges of $150.00 and $19.50 from my invoice, so that I can end my relationship with Sprint PCS.

Cordially yours,

Michael Wein