**LITE DEPALMA GREENBERG & RIVAS, LLC**
Joseph J. DePalma
Jennifer Sarnelli
Two Gateway Center – 12th Floor
Newark, NJ 07102
(973) 623-3000 (tel)
(973) 623-0858 (fax)
jdepalma@ldgrlaw.com
jsarnelli@ldgrlaw.com

*Objectors Counsel*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB, and WILLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL AND NEXTEL FINANCE COMPANY<br><br>                                    Defendants. | Civil Action No. 07-5325 (JLL)<br><br>**DECLARATION OF JOSEPH J. DEPALMA IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Return Date: October 21, 2009 |

I, Joseph J. DePalma, declare as follows:

1.   I am an attorney at law admitted to practice in the State of New Jersey and a

member in the law firm Lite DePalma Greenberg & Rivas, LLC ("LDGR"), one of

220257 v1                                         1

the law firms formerly serving as counsel for objectors Lina Galleguillos, Michael Moore, and Antranick Harrentsian in the above referenced action. I am a member in good standing of the State Bar of New Jersey. I have personal knowledge of the statements contained in this Declaration and if called to testify, I could and would testify competently to them. I am submitting this declaration in support of my firm's Motion for an Award of Attorneys' Fees, Costs and Expenses in connection with the above-entitled action.

2.   A description of my firm and the experience of its lawyers is attached as Exhibit A.

3.   My firm has devoted 359 of professional hours to the prosecution of these objections. The firm has a current lodestar of $168,757.50 with respect to this litigation. Attached as Exhibit B is a list of each lawyer, law clerk, and paralegal for which my firm is seeking compensation for legal services, the hours each individual expended, and the hourly rate at which compensation is sought for each individual. Detailed time records are maintained by the firm and are readily available to the Court upon request for an *in camera* inspection. My firm is seeking a 1.5 multiplier for its work preparing, filing and arguing the Galleguillos' objections. Therefore we request a total fee in the amount of $253,136.25.

4.   My firm expended a total of $8,608.98 in unreimbursed expenses that were necessarily incurred in connection with the objections filed to the proposed

settlement.  The expenses are reflected in the books and records of this firm.  These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.  The expenses are recorded at the same rates at which we bill all of our clients for such charges.  These expenses are shown in Exhibit C.

5.   The foregoing expenses were incurred solely in connection with these cases and are reflected on the books and records of my firm that are maintained in the ordinary course of business.  These books and records are prepared from invoices, receipts, expense vouchers, check records and other records, and are an accurate record of the expenses incurred in this case.

6.   My firm withdrew as counsel for the Galleguillos objectors on June 9, 2009.  The request for attorneys' fees and expenses does not include any time or expenses after this date.

7.   Should the Court approve the revised settlement, LDGR respectfully requests a fee and reimbursement of expenses for its work on the Galleguillos Objection.

8.   Among other tasks and responsibilities, my firm acted as the primary liaison with the Court for all communications both pre- and post-hearing on behalf of the Galleguillos objectors.

9.   Additionally, LDGR researched the credentials of numerous notice experts, spoke extensively with Todd B. Hilsee about the proposed notice program and recommended that the Galleguillos objectors retain Mr. Hilsee.  Throughout the objection process, my firm worked closely with co-counsel to draft the objection brief, performing both legal and factual research.  My firm also assisted in the drafting and cite checking of the briefs objecting to the terms of the proposed settlement, and actively participated in the four-day fairness hearing.

10.   My firm carefully studied each term of the proposed settlement to determine its fairness and adequacy.  My firm discovered the *cy pres* reversion provision within the settlement agreement and worked with co-counsel to make the Court aware of this provision which objectors argued is not in the best interest of the class.

11.   My firm also acted as a liaison between Scott Bursor and Class Counsel to attempt resolve the inadequacies in the proposed settlement in an attempt to preserve judicial resources.

12.   I believe that the actions taken by my firm resulted in the Court refusing to grant final approval of the proposed settlement.  Based on the objections, this Court Ordered Class Counsel and Sprint to provide more adequate notice to the class.  Specifically, the Court ordered that all known class members were to obtain mailed notice, that the notice to be mailed must comply with Rule 23 and that

Sprint must make a reasonable search of its records to obtain the names and addresses of additional class members and provide mailed notice to those class members as well.

13. As a direct result of the efforts made by my firm on behalf of objectors approximately 286,000 additional class members obtained mailed notice, and 14.8 million class members purportedly received Rule 23 compliant notice. (I take no position with respect to the fairness, adequacy and reasonableness of the revised settlement or the adequacy of notice as I am no longer counsel to the Galleguillos Objectors.)

14. In addition to the substantial changes to the notice program as a result of my firm's efforts on behalf of the Galleguillos objectors, the Court also noted its concern regarding the *cy pres* provision in the proposed settlement. While the Court did not have jurisdiction to strike this provision, it clearly noted its concerns regarding the *cy pres* of what could possibly amount to about $6 million from the settlement fund. If the Court ultimately strikes this provision it would be due to the objections argued by my firm and my former colleagues.

15. Overall, my firm provided a substantial benefit to this Court and the class. Providing a fee to objectors counsel is appropriate in circumstances, such as this, when objectors' counsel provides a substantial benefit.

I declare under penalty of perjury under the laws of the State of New Jersey and the United States of America that the foregoing is true and correct, and that this declaration was executed this 14th day of October, 2009.


/s/Joseph J. DePalma
Joseph J. DePalma

# Exhibit A

**FIRM BIOGRAPHY**

**LITE DEPALMA GREENBERG & RIVAS, LLC**

**JULY 2009**

Lite DePalma Greenberg & Rivas, LLC is a general practice law firm located in Newark, New Jersey. The firm specializes in commercial and complex litigation with a concentration in class action matters in the areas of securities, antitrust, consumer fraud and insurance sales practices. More detail about the firm and its attorneys appear on its Web site, www.ldgrlaw.com.

**MEMBERS OF THE FIRM**

The following are brief sketches of the backgrounds of Lite DePalma Greenberg & Rivas, LLC members:

**ALLYN Z. LITE** specializes in class action and other complex commercial litigation. He was designated by the Judges of the United States District Court for the District of New Jersey as Clerk of that Court from 1982 to 1986. While in that position, Mr. Lite created the Court's alternative dispute resolution program and served on and was Reporter for the committee that drafted the current Local Rules of the United States District Court for New Jersey. He was a member of the committee that drafted the new Rules of the United States Bankruptcy Court for the District of New Jersey, and participated as one of ten original members of the United States District Court Lawyer's Advisory Committee, on which he served for 11 years.

Mr. Lite is the author of New Jersey Federal Practice Rules (Gann Law Books), a commentary and annotations to the United States District Court's Local Rules, published annually, and cited frequently by the judges of that Court. Among his other publications is his co-authorship, with Bruce D. Greenberg, of the chapter entitled "Class Action Litigation" in New Jersey Federal Civil Procedure (NJLJ Books 1999 and annual supplements).

Mr. Lite has more than 20 years of class action litigation experience. He has served in an active role as Lead, Co-Lead, or Liaison Counsel in over 100 cases, including major securities, derivative, antitrust, consumer fraud, and products liability matters, in New Jersey federal and state courts and in other jurisdictions. In three of those cases, Mr. Lite and LDGR were Co-Lead Counsel for the State of New Jersey, Division of Investment, as Lead Plaintiff: Reginald Newton v. Tenet Healthcare Corp., (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL

(C.D. Cal.) ($216.5 million settlement with one defendant; case ongoing); In re Motorola
Securities Litigation; Civ. No. 03-C-287 (N.D. Ill.), reported opinions, 505 F. Supp. 2d 501
(N.D. Ill. 2007), 2004 WL 2032769 (N.D. Ill. Sept. 9, 2004) ($193 million settlement reached
three business days before trial); State of New Jersey and its Division of Investment v. Sprint
Corporation, Civil No. 03-2071-JWL (D. Kan.), reported opinions, 2008 WL 191780 (D. Kan.
Jan. 23, 2008), 2004 WL 1960130 (D. Kan. Sept. 3, 2004), 314 F. Supp. 2d 1119 (D. Kan. 2004)
(class certified; discovery ongoing).

Other significant class action cases in which Mr. Lite has played an active role include In
re Bristol-Myers Squibb Securities Litigation, Civil Action No. 00-1190(SRC), District of New
Jersey, reported opinions, 2005 WL 2007004 (D.N.J. Aug. 17, 2005), 205 F.R.D. 437 (D.N.J.
2002)(Liaison Counsel) ($185 million settlement after defeating defendants' summary judgment
motion and motions to exclude expert testimony); In re Electrical Carbon Products Antitrust
Litig., Master File No. 03-2182(JBS), District of New Jersey, 447 F. Supp. 2d 389 (D.N.J. 2006)
(Co-Liaison Counsel) ($21.9 million settlement); In re Nazi Era Cases Against German
Defendants Litigation, Civil Action No. 98-4104(WGB), District of New Jersey, 198 F.R.D. 429
(D.N.J. 2000) (Liaison Counsel in 60 actions filed throughout the United States and consolidated
in the District of New Jersey; $5.2 billion settlement); In re Prudential Insurance Company of
America Sales Practices Litigation, Master File No. 95-4704 (AMW), District of New Jersey,
962 F. Supp. 450 (D.N.J. 1997), aff'd as to settlement approval, 148 F.3d 283 (3d Cir. 1998)
(Liaison Counsel) (settlement worth over $4 billion); Chin v. Chrysler Corporation, Civil Action
No. 95-5569 (JCL), District of New Jersey, 461 F. Supp.2d 279 (D.N.J. 2006) (Co-Lead
Counsel) (catalyst for $53 million in relief to class); Weiss v. Mercedes-Benz of North America,
Master File No. 93-96 (JWB), District of New Jersey, 899 F. Supp. 1297 (D.N.J.), aff'd, 66 F.3d
314 (3d Cir. 1995) ($75 million settlement); Princeton Economics Group, Inc. v. American
Telephone and Telegraph Co., Docket No. L-3221-91, Superior Court of New Jersey, Law
Division (Mercer County) (Lead Counsel) ($95 million settlement); Garcia v. General Motors,
Docket No. L-4394-95, Superior Court of New Jersey, Law Division, Bergen County (Liaison
Counsel) ($25 million settlement); Angelino v. DaimlerChrysler Corporation, Case No. GIC
765729, Superior Court of California, San Diego Division.

In other areas of his practice in complex litigation, Mr. Lite established and coordinated
procedures for the nationwide defense of a major manufacturer of safety products in asbestos

litigation, and handled the defense of environmental matters involving discharge of petrochemicals with Federal EPA and the U.S. Coast Guard. Mr. Lite has worked for many years alongside some of the nation's top intellectual property firms, serving as New Jersey counsel in major patent and trademark litigation, particularly in the pharmaceutical industry.

Mr. Lite served on the Lawyers' Advisory Committee for the United States Court of Appeals for the Third Circuit from 1992 through 1994, and as a member of the Third Circuit Task Force on Equal Treatment in the Courts, Gender Commission. He also chaired the United States District Court's Merit Selection Panel to recommend candidates for a newly authorized United States Magistrate position assigned to Newark, New Jersey. In addition to many years of service on the Board of Trustees of the Association of the Federal Bar of New Jersey, Mr. Lite was co-chair for four years of the New Jersey State Bar Association's Class Action Committee.

Mr. Lite was selected as a mediator for the United States District Court pursuant to that Court's plan under the Civil Justice Improvements Act of 1990. As a mediator, Mr. Lite participated in environmental litigation involving the nation's largest Superfund site, and a multi-plaintiff public sector discrimination lawsuit, among others.

Mr. Lite is a 1978 graduate of the Seton Hall University School of Law. He was named as a New Jersey Super Lawyer in the May 2005, May 2006, and May 2007 issues of New Jersey Monthly magazine.

**JOSEPH J. DePALMA**, the Firm's Managing Member, has a vast breadth of experience in many types of class action cases involving securities, ERISA, anti-trust, product liability and consumer fraud. Mr. DePalma also handles shareholder derivative litigation, commercial litigation and transactional matters for the firm's corporate clients. He has a Masters Degree in Business Administration.

Recently, Mr. DePalma and LDGR have served as Co-Lead Counsel for the State of New Jersey, Division of Investment, as Lead Plaintiff in three prominent class actions which have resulted on significant recoveries: Reginald Newton v. Tenet Healthcare Corp., (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.) ($216.5 million settlement with one defendant; case ongoing); In re Motorola Securities Litigation; Civ. No. 03-C-287 (N.D. Ill.) ($193 million settlement reached three business days before trial); State of New Jersey and its

Division of Investment v. Sprint Corporation, Civil No. 03-2071-JWL (D. Kan.) (class certified; discovery ongoing).

Mr. DePalma has also played an active role in obtaining settlements in numerous recognized class actions comprising some of the largest settlements in the nation. Included in such cases are: In re Prudential Ins. Co. of America Sales Practices Litigation, 148 F.3d 283 (3d Cir. 1998) (over $4 billion paid out in largest insurance sales practices settlement ever) (Liaison Counsel); In re Lucent Technologies Securities Litigation, Civil Action No. 00cv621(AJL) (D.N.J.), reported opinions, 2003 WL 25488395 (D.N.J. Dec. 15 2003), 2002 WL 32815233 (D.N.J. July 16, 2002), 217 F. Supp. 2d 529 (D.N.J. 2002), 2002 WL 32818345 (D.N.J., May 9, 2002), 221 F. Supp. 2d 463 (D.N.J. 2001), 221 F. Supp. 2d 472 (D.N.J. 2001)(approximate $610 million settlement reached)(Liaison Counsel); Galanti v. Goodyear, Civil Action No. 03-209(SRC)(D.N.J.)($300 million product liability settlement)(Liaison Counsel); In re Aremissoft Corp. Securities Litigation, Civil Action No. 01-CV-2486 (JAP) (D.N.J.), reported opinion, 210 F.R.D. 109 (D.N.J. 2002)(over $250 million recovered to date; case is ongoing)(Liaison Counsel); In re Royal Dutch/Shell Transport Litigation, Civil Action No. 04-1398(JWB)(D.N.J.), reported opinions, 404 F. Supp. 2d 605 (D.N.J. 2005), 380 F. Supp.2d 509 (D.N.J. 2005) ($90 million ERISA settlement, the largest settlement ever under ERISA) (Liaison Counsel); P. Schoenfeld Asset Management, LLC v. Cendant Corp., Civil Action No. 98-4734(WHW) ($26 million settlement after precedent-setting decision in same case, Semerenko v. Cendant Corp., 223 F.3d 165 (3d Cir. 2000))(Liaison Counsel); Steiner v. MedQuist, Civil Action No. 04-CV-05487-JBS (D.N.J.), reported opinion, 2006 WL 2827740 (D.N.J. Sept. 29, 2006)($7.75 million)(Liaison Counsel); In re Tellium Securities Litigation, No. 02-CV-5878 (FLW) (D.N.J.), reported opinion, 2005 WL 1677467 (D.N.J. June 30, 2005)($5.5 million)(Liaison Counsel), and; In re NUI Securities Litigation, Civil Action No. 02-CV-5220 (MLC)(D.N.J.), reported opinion, 314 F. Supp. 2d 388 (D.N.J. 2004) ($3.5 million)(liaison counsel).

Mr. DePalma's years of experience also include the following major matters: In re Computron Software, Inc. Securities Litigation, Civil Action No. 96-1911 (AJL)(approximate $15 million settlement) (Liaison Counsel); In re USA Detergents, Inc. Securities Litigation, Master File No. 97-2459 (MTB), District of New Jersey ($10 million settlement)(Liaison Counsel); In re: The Children's Place Securities Litigation, Master File No. 97-5021 (JCL), District of New Jersey, reported opinion,1998 WL 35167284 (D.N.J. Sept. 4, 1998)($1.7 million

settlement) (Liaison Counsel), and; <u>Arthur Fields, et al. v. Biomatrix, Inc., et al.</u>, Civil Action No. 00-CV-3541(WGB), District of New Jersey ($2.45 million settlement) (Liaison Counsel).

Mr. DePalma has also achieved excellent results for clients in other areas of litigation. Among other things, he won large settlements for a condominium association on construction defect and legal malpractice claims, and has successfully handled securities arbitrations as well.

Mr. DePalma has lectured in the area of real estate law. He has also served as a member of the New Jersey Supreme Court's District Ethics Committee.

Mr. DePalma was named as a New Jersey Super Lawyer in the May 2007 issue of <u>New Jersey Monthly</u> magazine.

**BRUCE D. GREENBERG** has served as Co-Lead Counsel and Liaison Counsel in major securities, antitrust and consumer fraud class action cases. He also handles sophisticated appellate, commercial and real estate litigation.

A number of Mr. Greenberg's class action cases have resulted in significant settlements. Among his federal court class action successes are a settlement worth more than $750 million for a nationwide class in <u>Varacallo v. Massachusetts Mutual Life Ins. Co.</u>, 226 F.R.D. 207 (D.N.J. 2005)(Co-Lead Counsel), an insurance sales practices case, and partial settlements totaling over $149.8 million for a nationwide class in the multidistrict litigation captioned <u>In re Insurance Brokerage Antitrust Litigation</u>, MDL No. 1663, Civil Action No. 04-5184(FSH) (District of New Jersey) (Liaison Counsel). His efforts as Co-Lead Counsel for certified classes in the United States District Court for the Western District of Pennsylvania (<u>Zeno v. Ford Motor Co.</u>, 238 F.R.D. 173 (W.D. Pa. 2006), and 480 F. Supp. 2d 825 (W.D. Pa. 2007)) and in the Superior Court of New Jersey, led to a four-state settlement that afforded full benefit of the bargain relief to consumers in <u>Pedersen v. Ford Motor Co.</u>, No. GIC 821797 (Cal. Super Ct.). Mr. Greenberg was also instrumental in <u>In re Motorola Securities Litigation</u>, Civ. No. 03-C-287 (N.D. Ill.), where LDGR, as Co-Lead Counsel, achieved a $193 million settlement just three business days before trial was to begin, and in <u>Reginald Newton v. Tenet Healthcare Corp.</u>, (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.), where LDGR, again as Co-Lead Counsel, won a partial settlement for $216.5 million.

Mr. Greenberg's New Jersey state court class actions include a $100 million settlement for a nationwide consumer class in <u>Friedman v. Samsung Electronics America, Inc.</u>, Docket No.

BER-L-7250-01 (Liaison Counsel), a comparably sized settlement for a nationwide consumer class in Summer v. Toshiba America Consumer Products, Inc., Docket No. BER-L-7248-01 (Liaison Counsel), another nationwide consumer class settlement in Barrood v. IBM, Docket No. MER-L-843-98, that afforded class members full benefit of the bargain relief, (Co-Lead Counsel), a settlement for a New Jersey consumer class worth over $7 million in Delaney v. Enterprise Rent-A-Car Co., Docket No. OCN-L-1160-01 (Co-Lead Counsel), and a $4.5 million settlement for a New Jersey consumer class in DeLima v. Exxon, Docket No. HUD-L-8969-96 (Co-Lead Counsel).

A 1982 graduate of the Columbia University School of Law, Mr. Greenberg clerked for Justice Daniel J. O'Hern of the Supreme Court of New Jersey for the 1982-83 Term. Before joining the firm, Mr. Greenberg was a partner at Greenbaum Rowe Smith & Davis, LLP, Woodbridge, New Jersey, one of New Jersey's largest law firms.

Mr. Greenberg appears regularly in the appellate courts. He has argued five cases in the Supreme Court of New Jersey, two cases in the Third Circuit Court of Appeals, and several dozen in New Jersey's Appellate Division. Nearly 40 of his cases have been published, including significant cases on class actions, zoning and land use, restrictive employment covenants, real estate brokerage, and other topics.

Among his many other publications, Mr. Greenberg is the author of the chapter entitled "Supreme Court Review" in New Jersey Appellate Practice Handbook (New Jersey ICLE 2005 ed.), and co-author, with Allyn Z. Lite, of the chapter entitled "Class Action Litigation" in New Jersey Federal Civil Procedure (NJLJ Books 1999 and annual supplements). Law review articles that he has written have been cited with approval by the Supreme Court of New Jersey and Appellate Division. Mr. Greenberg has lectured on class actions for both New Jersey and Pennsylvania CLE, and has served as an expert witness on attorneys' fees in class actions. He has also spoken on civil trial preparation, appellate practice and other subjects.

Mr. Greenberg belongs to the New Jersey State Bar Association, and was Chair of the Association's Appellate Practice Committee from 2004-2006. He is also a member of the Land Use Law Section, and Securities Litigation and Regulatory Enforcement Committee. From 1991-2006, Mr. Greenberg was a member of the Supreme Court of New Jersey Committee on Character. He was also one of the founding members, and a past Chairman, of the New Jersey Law Firm Group, a consortium of major law firms to advance hiring of minority lawyers.

220296 v1

Mr. Greenberg was named as a New Jersey Super Lawyer in the May 2005, May 2006, and May 2007 issues of New Jersey Monthly magazine.

**ALBERTO RIVAS** was an Assistant U.S. Attorney in the United States Attorney's Office for the District of New Jersey from 1987 until 1996, the last three years serving as a Deputy Chief in the Criminal Division. Previously, he served as a law clerk to the Honorable Anne E. Thompson, United States District Court Judge for the District of New Jersey. As a federal prosecutor he tried over a dozen federal criminal cases, including homicides, extradition matters, healthcare fraud and tax.

Currently, Mr. Rivas is an Adjunct Professor at Rutgers University School of Law - Newark. He is also a frequent commentator on Court TV. Mr. Rivas has served on various professional committees, including the U.S. District Court Lawyers' Advisory Committee, 1995-1997; Board Member, Newark-Essex Legal Services Board, 1993--; and the Third Circuit Task Force on Equal Treatment in the Courts, Race and Ethnicity Commission 1994-1998. He is currently a member of the Third Circuit Court of Appeals Lawyers' Advisory Committee. He is the former President of the Rutgers University School of Law-Newark Alumni Association, 1995-1996, and a Trustee of the Hispanic Bar Association. He is also a member of the Middlesex County Community College Board of Trustees, where he currently serves as Secretary.

Mr. Rivas has served as a guest lecturer for the Association of Criminal Defense Lawyers and the New Jersey Institute of Continuing Legal Education. Mr. Rivas has also served as the Law Director for the City of Perth Amboy and is a member of the District V.A of the Fee Arbitration Committee. Mr. Rivas was appointed by the United States District Court in 2000 to monitor the Consent Decree entered into between the United States and the State of New Jersey to rectify problems of racial profiling by the New Jersey State Police.

**STEPHANIE M. KAY** manages the firm's health care practice. She has a background in many areas of litigation, but currently focuses her practice on representing skilled nursing and assisted living facilities in areas such as Medicaid eligibility, elder and guardianship law, and accounts receivable collection. Ms. Kay also represents a number of clients in the federal courts prosecuting violations of the Federal Communications Act. Ms. Kay was involved in the trial

and appeal phases of <u>Sgro v. Getty Petroleum Corp.</u>, 854 F. Supp. 1164 (D.N.J. 1994), aff'd, 96 F.3d 1434 (3d Cir. 1996), where she successfully represented Getty, and the courts clarified New Jersey law regarding commercial bailment.  Ms. Kay has also been involved in representing two municipalities and served as counsel to a small closely held corporation.

**MICHAEL E. PATUNAS** is an experienced litigator with broad experience in many types of complex civil litigation, including intellectual property, commercial, class action, business torts, negligence, land use and real estate matters.  Mr. Patunas has been involved extensively in many substantial litigations in the New Jersey state and federal courts.

Mr. Patunas also has substantial experience in the areas of real estate and land use law, and has assisted many individual and corporate clients in acquiring real estate by lease or purchase and prosecuting applications for development approvals before numerous local boards, as well as the New Jersey Meadowlands Commission.  Mr. Patunas has also worked closely with major real estate developers designated as redevelopers of blighted properties by municipalities and the New Jersey Meadowlands Commission.  He has served as counsel to the Zoning Board of Adjustment of the Borough of Moonachie.

In the corporate area, Mr. Patunas has assisted clients in forming corporations, limited liability companies and other entities for various purposes, including the acquisition of existing businesses.  In this role, he has closed multi-million dollar purchases of such businesses as automobile dealerships and manufacturing operations. Mr. Patunas has also represented corporate clients in drafting shareholder agreements, buy-sell agreements, restrictive covenants and other documents necessary to the proper functioning of closely-held New Jersey businesses.

**VICTOR A. AFANADOR** handles litigation and trials of civil and criminal cases. His experience includes municipal tort liability defense, police related state and federal civil rights defense, condemnation and redevelopment law, complex commercial litigation, and criminal defense. In addition, Mr. Afanador served from September 1999 through May of 2005 as Deputy Director of Law for the City of Perth Amboy. In that capacity, he provided counsel to the Mayor, the City Council, and City department directors on legal matters.

Mr. Afanador has successfully tried to verdict jury and bench trials in federal and state court civil rights, law against discrimination, and redevelopment law matters. He has also tried

municipal employee termination hearings before the Office of Administrative Law and numerous matters of many types in Municipal Court.  He also litigated and managed the condemnation of sixteen properties in a single municipality.

In addition to his trial work, Mr. Afanador has argued before the Superior Court of New Jersey, Appellate Division. His published opinions include <u>Deegan v. Perth Amboy Redevelopment Agency</u>, 374 N.J. Super. 80 (App. Div. 2005).  Mr. Afanador has also applied his investigative skills in the class action area.  He interviewed Spanish-speaking employees and prepared a report for the Court as part of the firm's responsibilities as Class Administrator for an employment discrimination class action.

Mr. Afanador clerked for Judges Mathias E. Rodriguez and Frederick P. DeVesa, Superior Court of New Jersey, Law Division Criminal Part, in Middlesex County from 1998-1999.

Mr. Afanador was appointed by the Essex County Executive in September of 2005 to serve as a Commissioner on the Essex County Board of Public Utilities.  He is a member of the New Jersey State Bar Association, The Association of the Federal Bar of the State of New Jersey, Seton Hall University School of Law Alumni Association, the Essex County Bar Association, and the Hispanic Bar Association of New Jersey.  He is a 2003 Graduate of the Leadership Newark Fellowship Program and has served on the African Globe Theatreworks Board of Directors, a professional theater company based in Newark, New Jersey.

## CLASS ACTION ASSOCIATES

The following are brief sketches of the backgrounds of Lite DePalma Greenberg & Rivas, LLC associates in the class action practice:

**KATRINA CARROLL** has been actively involved in many of LDGR's class actions, most prominently in the areas of securities, ERISA and anti-trust.  She was the LDGR associate primarily assigned to <u>In re Motorola Securities Litigation</u>, Civ. No. 03-C-287 (N.D. Ill.), where LDGR, as Co-Lead Counsel, achieved a $193 million settlement just three business days before trial was to begin, and in the ongoing case of <u>Reginald Newton v. Tenet Healthcare Corp.</u>, (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.), where LDGR, again as Co-Lead counsel, won a partial settlement for $216.5 million against one defendant.

Prior to re-joining LDGR in 2007, Ms. Carroll was an associate in the class action group of Much Shelist Freed Deneberg Ament & Rubenstein, P.C., once known as Chicago's premier class action firm. While at Much Shelist, Ms. Carroll concentrated her work on securities fraud class actions and derivative actions, and was the associate responsible for the majority of the firm's securities cases, including those in which the firm served in lead counsel positions. Among such matters are the following ongoing class actions: In re Hollinger International, Inc. Securities Litigation, No. 04-c-834 (N.D. Ill); Ong v. Sears, Roebuck & Co., No. 03-C-4142 (N.D. Ill.), and In re Sara Lee Corp. Securities Litigation, No. 03-CV-3202 (N.D. Ill.).

A 2000 graduate of Seton Hall University School of Law, Ms. Carroll has significant experience in all phases of other complex litigation, including pleadings, discovery, expert preparation, motion practice, settlement negotiations and trial preparation. She has worked on or managed a number of matters involving products and securities in industries as diverse as automobiles, chemicals, pharmaceuticals, software and technology. Ms. Carroll has also represented individuals, privately owned businesses and Fortune 500 clients before local, state and federal governments and enforcement agencies in a number of areas, helping clients secure temporary restraining orders and injunctions, structure entities, develop and document corporate resolutions, comply with securities-reporting requirements, and negotiate licensing agreements.

Ms. Carroll is a member of the American Bar Association and a former member of New Jersey's John C. Lifland American Inn of Court. She also serves as Chair of the Chicago chapter of the Hebrew Immigrant Aid Society's Young Leadership group.

**JENNIFER SARNELLI** concentrates in securities and consumer fraud class action litigation. She has served as Co-Lead Counsel in numerous nationwide and state class action cases and has taken leadership positions on various litigation teams, participating in strategic decision-making sessions, arguing motions, taking and defending depositions, writing briefs, and participating in settlement negotiations. She also handles appellate, commercial and mass tort litigation.

A 2002 graduate of Seton Hall University School of Law, Ms. Sarnelli served as a comments editor for the *Seton Hall Law Review*. Before joining LDGR, Ms. Sarnelli was an associate with Wilentz Goldman & Spitzer, PA, in Woodbridge, New Jersey, one of New

Jersey's largest law firms.  Ms. Sarnelli also acted as a Senior Project Manager for Kinsella Media, an advertising firm specializing in class action notification.

Ms. Sarnelli has second-chaired two cases in the Supreme Court of New Jersey, and argued a case before the Second Circuit Court of Appeals.  She has also acted as a pro bono attorney for Trial Lawyers Care, an organization that represented the families of 9/11 victims in the Victims Compensation process.

Among her other publications, Ms. Sarnelli is the co-author of "California Notice Requirements and Due Process Standards," for use at The 5th Annual Unfair Competition Law Program, co-author of "An 'Electronic Data' Primer for Class Action Attorneys," *Class Action Law & Strategy*, October 2005, co-author of "Practical Considerations in the Wake of the Class Action Reform Act," for use at a New Jersey Institute for Continuing Legal Education Class Action Seminar and a New Jersey State Bar Association Class Action Seminar, April 2005, and author of "Class Actions – A Plaintiff's Perspective," *The Middlesex Advocate*, March 2005.

Ms. Sarnelli belongs to the New Jersey State Bar Association and the American Bar Association.   She was also a member of the National Association of Shareholder and Consumer Attorneys from 2005-2007.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The following contains further specific information on each of Lite DePalma Greenberg & Rivas, LLC's members, of counsel and associates.

### MEMBERS OF THE FIRM

**ALLYN Z. LITE**, born Detroit, Michigan, October 18, 1943.  Admitted to bar, 1979, New Jersey, U.S. District Court, District of New Jersey and U.S. Court of Appeals, Third Circuit; 1980, U.S. Tax Court; 1983, U.S. District Court, Southern and Eastern Districts of New York; 1987, U.S. Supreme Court; 1998, U.S. District Court, Eastern District of Michigan. Education:  University of Michigan (B.S., 1966); Rutgers University (M.F.A., 1968); Seton Hall Law School (J.D., cum laude, 1978).  Member, Federal Court Clerks Association, 1981-1985. Author Another Attempt to Heal the Wounds of the Holocaust: 27 Human Rights No. 2, (American Bar Association Spring 2000), New Jersey Federal Practice Rules (Gann Law Books, 2004), "Class Action Litigation," Chapter 9 in New Jersey Federal Civil Procedure (New Jersey Law Journal Books 1999) (with Bruce D. Greenberg); "Class Actions," Federal Civil Practice

220296 v1

Handbook (N.J.ICLE 1992), "The Preaccusation Delay Dilemma," 10 Seton Hall Review 538 (1980). Adjunct Professor, Seton Hall Law School, 1980-1984; New York Law School, 1984-1986. Lecturer, Federal Judicial Center, 1982-1985. Law Clerk, Hon. H. Curtis Meanor, U.S. District Court Judge, District of New Jersey, 1978-1979. Executive Assistant to Hon. Clarkson S. Fisher, Chief Judge, District of New Jersey, 1981-1982. Clerk of U.S. District Court, District of New Jersey, 1982-1986. Certified Mediator, U.S. District Court, District of New Jersey. Member: U.S. District Court Speedy Trial Planning Group, 1979-- ; U.S. District Court Lawyers Advisory Committee, 1984-1995; U.S. Bankruptcy Court Committee on Local Rules, 1986-- ; Third Circuit Automation Committee, 1984-1986; U.S. District Court Bicentennial Committee, 1985--. Trustee, U.S. District Court Historical Society, 1986-1997. Member, New Jersey Supreme Court District Ethics Committee, 1988-1991, Chair-District V Ethics Committee, 1990-1991. Member: Essex County, New Jersey State (Member, Section on Federal Practice and Procedure; Committee on Securities Regulation and Litigation; Co-Chair, Committee on Class Action Litigation 2003-2006) and American (Member, Section on Science and Technology, Committee on Technology and Court Systems) Bar Associations; Association of the Federal Bar of New Jersey (Member, 1984; Vice-President, 1985--). Selected reported opinions: Gross v. German Foundation Industrial Initiative, 456 F.3d 363 (3d Cir. 2006); Yang v. Odom, 392 F.3d 97 (3d Cir. 2004); Kos Pharmaceuticals v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004); In re Prudential Ins. Co. of America Sales Practices Litig., 278 F.3d 175 (3d Cir. 2002); In re Prudential Ins. Co. of America Sales Practices Litig., 148 F.3d 283 (3d Cir. 1998); Aventis Pharmaceuticals v. Barr Laboratories, 335 F. Supp. 2d 558 (D.N.J. 2004); In re Electrical Carbon Products Antitrust Litig., 447 F. Supp. 2d 389 (D.N.J. 2006); Varacallo v. Mass. Mut. Ins. Co., 226 F.R.D. 207 (D.N.J. 2005); New Jersey v. Sprint Corp., 314 F. Supp. 2d 1119 (D. Kan. 2004); In re Bristol-Myers Squibb Securities Litig., 205 F.R.D. 437 (D.N.J. 2002); In re Nazi Era Cases Against German Defendants Litig., 198 F.R.D. 429 (D.N.J. 2000); Weiss v. Mercedes Benz of North America, Inc., 899 F. Supp. 1297 (D.N.J.), aff'd, 66 F.3d 314 (3d Cir. 1995); Leon v. Rite Aid Corp., 340 N.J. Super. 462 (App. Div. 2001). Federal Practice; Class Actions; Complex Commercial Litigation.

**JOSEPH J. DePALMA**, born Newark, New Jersey, June 29, 1956. Admitted to bar, 1982, New Jersey and U.S. District Court, District of New Jersey; 1984, U.S. Court of Appeals,

Third Circuit; l986, U.S. Supreme Court.  Education:  Seton Hall University (B.S., 1978; J.D., cum laude, 1982; M.B.A., 1982).  Lecturer: "Real Estate Law in New Jersey," National Business Institute.  Member:  New Jersey State (Member, Committee on Class Actions) and American Bar Associations.  Selected reported opinions: In re Schering ERISA Litig., 420 F.3d 231 (3d Cir. 2005); Semerenko v. Cendant Corp., 223 F.3d 165 (3d Cir. 2000); In re Aremissoft Corp. Securities Litig., 210 F.R.D. 109 (D.N.J. 2002); In re Computron Software, Inc. Securities Litig., 6 F. Supp. 2d 313 (D.N.J. 1998); Brosious v. Children's Place Retail Stores, 189 F.R.D. 138 (D.N.J. 1998).  Class Actions; Complex Commercial Litigation.

**BRUCE D. GREENBERG**,  born Newark, New Jersey, April 8, 1957.  Admitted to bar, 1982, New Jersey and U.S. District Court, District of New Jersey.  Education: University of Pennsylvania (B.A., 1979); Columbia University (J.D., 1982), Harlan Fiske Stone Scholar. Author: "Class Action Litigation," Chapter 9 in New Jersey Federal Civil Procedure (New Jersey Law Journal Books 1999) (with Allyn Z. Lite); "25 Years of the New Jersey Antitrust Act," 26 Seton Hall Law Review 637 (1996); "The Right to a Civil Jury Trial in New Jersey," 47 Rutgers Law Review 1461 (1995); "Deflating the 'Puffery" Defense, 174 New Jersey Law Journal 295 (2003); "N.J. Doesn't Need Rule 23(f)," 170 N.J.L.J. 23 (2002); "The Supreme Court Dials In," 151 New Jersey Law Journal 1100 (1998); "A Towering Question is Settled," 141 New Jersey Law Journal 1210 (1997); "Using Antitrust Law to Prevent Land Use 'SLAPP Suits,'" 140 New Jersey Law Journal 1187 (1995); "Time to Curtail the 'Time of Decision' Rule," 139 New Jersey Law Journal 1008 (1995); "Rent Boards Deserve No Deference," 126 New Jersey Law Journal 681 (1990); "New Jersey's 'Fairness and Rightness' Doctrine," 15 Rutgers Law Journal 927 (1984); "Probation Conditions and the First Amendment: When Reasonableness is not Enough," 17 Columbia Journal of Law and Social Problems 45 (1981).  Lecturer, "How to Handle Brokerage Commission Claims Against Successors-in-Title," New Jersey Institute of Continuing Legal Education, January, 1995.  Law Secretary, Hon. Daniel J. O'Hern, Associate Justice, New Jersey Supreme Court, 1982-1983.  Special Land Use Counsel to Warren Township, New Jersey, 1998-1999.  Chairman, New Jersey Law Firm Group (consortium of major private firms to further minority hiring), 1992-1993.  Settlement Judge (Mediator), Essex County Superior Court, 1992-1999. Arbitrator, Essex County Superior Court Contract Arbitration Program, 1995-1999. Member, Supreme Court of New Jersey Committee on Character, 1990-2006. Member:  New

Jersey State Bar Association (Member: Appellate Practice Committee, Chair, 2004-2006; Securities Litigation and Regulatory Enforcement Committee; Land Use Law Section).  Selected reported opinions: Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004); Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir. 2000); Thompson v. American General Life Ins. Co., 404 F. Supp. 2d 1023 (M.D. Tenn. 2005); Varacallo v. Mass. Mut. Ins. Co., 226 F.R.D. 207 (D.N.J. 2005); New Jersey v. Sprint Corp., 314 F. Supp. 2d 1119 (D. Kan. 2004); In re Prudential Ins. Co. of America Sales Practices Litig., 962 F. Supp. 450 and 572 (D.N.J. 1997); McGrogan v. Till, 167 N.J. 414 (2001); Lamorte Burns & Co. v. Walters, 167 N.J. 285 (2001); Rivkin v. Dover Tp. Rent Leveling Bd., 143 N.J. 352 (1996); Sica v. Wall Tp. Bd. of Adj., 127 N.J. 152 (1992); North Bergen Action Group v. North Bergen Tp. Planning Bd., 122 N.J. 567 (1991); Muise v. GPU, Inc., 371 N.J. Super. 13 (App. Div. 2004); Dunlea v. Belleville Tp., 349 N.J. Super. 506 (App. Div. 2002); Leon v. Rite Aid Corp., 340 N.J. Super. 462 (App. Div. 2001); Varacallo v. Mass. Mut. Life Ins. Co., 332 N.J. Super. 31 (App. Div. 2000); Boardwalk Properties, Inc. v. BPHC Acquisition, Inc., 253 N.J. Super. 515 (App. Div. 1991); Prudential Ins. Co. of America v. Guttenberg Rent Control Bd., 220 N.J. Super. 25 (App. Div. 1987); Village Supermarket, Inc. v. Mayfair Super Markets, Inc., 269 N.J. Super. 224 (Law Div. 1993); K. Hovnanian at Lawrenceville, Inc. v. Lawrence Tp., 234 N.J. Super. 422 (Law Div. 1988). Complex Commercial Litigation; Class Actions; Appellate Practice; Land Use Litigation.

**ALBERTO RIVAS**, born Passaic, New Jersey, March 15, 1960.  Admitted to bar, 1985, New Jersey and U.S. District Court, District of New Jersey.  Education:  Princeton University (A.B. History 1982); Rutgers University School of Law - Newark (J.D. 1985).  Law Clerk, Hon. Anne E. Thompson, United States District Court, District of New Jersey, 1985-1987.  Assistant U.S. Attorney, United States Attorney's Office for the District of New Jersey, 1987-1996; Deputy Chief in the Criminal Division, 1993-1996.  Adjunct Professor, Rutgers University School of Law - Newark.  Guest commentator, Court TV.  U.S. District Court Lawyers' Advisory Committee, 1995-1997; Board Member, Newark-Essex Legal Services Board, 1993--; Third Circuit Task Force on Equal Treatment in the Courts, Race and Ethnicity Commission 1994-1998.  President, Rutgers University School of Law-Newark Alumni Association, 1995-1996.  Trustee, Hispanic Bar Association.  Lecturer, Association of Criminal Defense Lawyers;

New Jersey Institute of Continuing Legal Education.  Law Director for the City of Perth Amboy, 1996-1999.  Member, District V.A Fee Arbitration Committee.  Criminal Law; Municipal Law.

**STEPHANIE M. KAY**, born New Brunswick, New Jersey, August 19, 1966.  Admitted to bar, 1992, New Jersey and U.S. District Court, District of New Jersey.  Education: State University of New York at Albany (B.A., cum laude, 1988); Seton Hall School of Law (J.D., cum laude, 1992), Legislative Bureau, Director of Staffing and Symposium.  Reported Opinions: Sgro v. Getty Petroleum Corp., 854 F. Supp. 1164 (D.N.J. 1999), aff'd, 96 F.3d 1434 (3d Cir. 1996).  Civil Litigation; Health Care Issues, Long Term Care and Guardianship Law.

**MICHAEL E. PATUNAS**, born Jersey City, New Jersey, January 4, 1967.  Admitted to Bar, 1991, New Jersey and U.S. District Court, District of New Jersey; 2003, U.S. Court of Appeals for the Third Circuit.  Education: Villanova University (B.A., cum laude, 1988); Seton Hall University School of Law (J.D., 1991). Member: American Bar Association (Section of Litigation).  Reported opinions: National Group for Communications and Computers, Ltd. v. Lucent Technologies, 331 F. Supp. 2d 290 (D.N.J. 2004); Ace Burlap & Bag Co., Inc. v. Sea-Land Service, Inc., 40 F. Supp. 2d 233 (D.N.J. 1999).  Federal Practice, Civil Litigation; Real Estate Law; Land Use and Zoning Law; Corporate Law.

**VICTOR A. AFANADOR**, born Newark, New Jersey, May 30, 1973.  Admitted to bar, 1999, New Jersey and United States District Court for the District of New Jersey;  New York 1999;  Education: Drew University (B.A. 1995); Seton Hall Law School (J.D. 1998).  Law clerk, Hon. Mathias E. Rodriguez and Hon. Frederick P. DeVesa, Superior Court of New Jersey, Law Division, Criminal Part, Middlesex County, 1998-1999.  Reported opinion: Deegan v. Perth Amboy Redevelopment Agency, 374 N.J. Super. 80 (App. Div. 2005).  Civil Litigation; Commercial Litigation; Criminal Law; Municipal and Administrative Law.

## OF COUNSEL

**ANN M. DOOLEY**, born Elizabeth, New Jersey, November 29, 1959.  Admitted to bar, 1986, New Jersey and U.S. District Court, District of New Jersey; 1987, New York; 1994, U.S.

District Court, Southern District of New York.  Education: College of the Holy Cross (A.B. 1982); New York Law School (J.D. cum laude, 1986), Articles Editor B New York Law School Journal of International and Comparative Law; 1985.  Law Intern, Hon. Serena Perretti, United States Magistrate, United States District Court, District of New Jersey, 1984-1985.  1986--, litigation and contract practice including:  1986-1996, private practice litigation.  1996-1999, Sr. Trial Counsel, Allianz Insurance Companies. 1999-2004, General Counsel for large public works contractor including responsibility for World Trade Center PATH Station and Site Reconstruction.  1997-1999, Arbitrator, Superior Court of New Jersey, Essex County Civil Division.  1997-1999, Master, William J. Brennan Inn of Court.  Reported Opinion: Raritan Plaza I Associates, L.P. v. Cushman & Wakefield Of New Jersey, Inc., 273 N.J. Super. 64 (App .Div. 1994).  Commercial Litigation, Construction, Contracts, Public Works.

## ASSOCIATES

**MAYRA V. TARANTINO**, born Newark, New Jersey, October 2, 1970.  Admitted to bar, 1998, New Jersey and United States District Court for the District of New Jersey; New York 1999. Education:  Fairleigh Dickinson University (B.S. 1992); Brooklyn Law School (J.D. 1998).  Law Clerk to the Honorable W. Hunt Dumont, J.S.C., Superior Court of New Jersey, Law Division, Civil Part, Passaic County, 1998-1999; Law Clerk to the Honorable John J. Hughes, U.S.M.J., United States District Court, District of New Jersey, 1999-2000.  Federal Practice, Complex Commercial Litigation, Civil Litigation, Class Actions.

**KATRINA CARROLL**, born Lvov, Ukraine, April 6, 1975. Admitted to bar, 2000, New Jersey and United States District Court for the District of New Jersey. Education: Northwestern University (B.A. 1997); Seton Hall University School of Law (J.D. 2000). Reported opinions: In re Hollinger Int'l Securities Litigation, 2006 WL 18063382 (N.D. Ill. June 28, 2006); In re NUI Securities Litigation, 314 F. Supp. 2d 388 (D.N.J. 2004). Civil Litigation; Commercial Litigation; Class Action Litigation.

**MARISOL PEREZ**, born Freehold, New Jersey, April 17, 1973.  Admitted to bar, 1999, New Jersey and United States District Court, District of New Jersey. Education: Rutgers College (B.A., 1995); Temple University School of Law (J.D. 1998); Law Clerk, Hon. Susan L. Reisner,

Superior Court of New Jersey, Law Division, Passaic County; Deputy Attorney General, State of New Jersey, 1999-2002. Civil Litigation; Health Care Issues, Long Term Care and Guardianship Law.

**JENNIFER SARNELLI**, born Elizabeth, New Jersey, November 13, 1974. Admitted to bar, 2003 New Jersey, United States District Court for the District of New Jersey and New York; 2004 Washington DC (inactive); 2005 United States District Court for the Southern District of New York; 2006 California (inactive). Education: American University (B.A. in Political Science and Journalism 1996); Seton Hall University School of Law (J.D. 2002).  Civil Litigation; Class Action Litigation; Commercial Litigation; Appellate Litigation.

**JASON E. MACIAS**, born Bronx, New York, November 23, 1978.  Admitted to bar, 2005, New Jersey and United States District Court for the District of New Jersey.  Education: Cornell University (B.S. in Policy Analysis and Management 2000); Rutgers School of Law - Newark (J.D. 2005).  Class Actions; Civil Litigation; Commercial Litigation; Criminal Law; Municipal and Administrative Law.

**MAYLING C. BLANCO**, born Havana, Cuba, November 5, 1978. Admitted to bar, 2007, New Jersey and United States District Court for the District of New Jersey. Education: Cornell University (B.A. in Philosophy 2000); Seton Hall University School of Law (J.D. 2007). Law Clerk, Hon. Mathias E. Rodriguez, Superior Court of New Jersey, Law Division, Civil Part, Middlesex County, 2006-2007. Civil Litigation; Municipal Law; Commercial Litigation; Class Actions.

# Exhibit B

## LITE DEPALMA GREENBERG & RIVAS, LLC

## LODESTAR REPORT

| ATTORNEY | RATE | HOURS | LODESTAR |
|----------|------|-------|----------|
| JOSEPH J. DEPALMA (P) | 550 | 181.60 | $99,880.00 |
| ALLYN Z. LITE (P) | 550 | 6.50 | $3,575.00 |
| BRUCE D. GREENBERG (P) | 550 | 10.90 | $5,995.00 |
| JENNIFER SARNELLI (A) | 375 | 148.80 | $55,800.00 |
| KATRINA CARROLL (A) | 375 | 3.80 | $1,425.00 |
| MAYRA V. TARANTINO (A) | 375 | 2.30 | $862.50 |
| JASON E. MACIAS (A) | 250 | 4.00 | $1,000.00 |
| CARLA DASILVA (PL) | 200 | 1.10 | $220.00 |
| TOTAL | | 359.00 | $168,757.50 |

P = PARTNER

A = ASSOCIATE

PL= PARALEGAL

# Exhibit C

**LITE DEPALMA GREENBERG & RIVAS, LLC**

**EXPENSE REPORT**

| SERVICE | COST |
|---|---:|
| Computerized Legal Research | $126.48 |
| Filing Fees | $300.00 |
| Messenger / Courier Services / Postage | $108.92 |
| Photocopying | $950.25 |
| Transcripts | $5,640.94 |
| Parking | $78.00 |
| Travel/Lodge/Meals | $1,404.39 |
| **TOTAL** | **$8,608.98** |