Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Tel.: (973) 503-5900
Fax: (973) 506-5950

Dominic Surprenant
A. Brooks Gresham
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

*Attorneys for Defendants*
*Sprint Nextel Corporation,*
*Sprint Spectrum L.P. d/b/a Sprint Nextel*
*and Nextel Finance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON and TESSIE ROBB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION, SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL CORPORATION, and NEXTEL FINANCE COMPANY,<br><br>Defendants. | Civ. Action No. 2:07-cv-05325-(JLL-ES) |

## DECLARATION OF LAURI A. MAZZUCHETTI

Lauri A. Mazzuchetti declares under penalty of perjury pursuant to 28 U.S.C. §1746 that:

1.    I am an attorney at law duly authorized to practice before the court of the State of New Jersey and this Court and a member of the law firm of Kelley Drye & Warren LLP, attorneys for defendants Sprint Nextel Corporation, Sprint Spectrum, L.P. d/b/a Sprint Nextel Corporation, and Nextel Finance Company. I make this Declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    I am competent to testify to the matters contained herein and provide this Declaration in support of Sprint's Memorandum of Law in Response to Objections to Proposed Class Action Settlement.

3.    Attached hereto as Exhibit A is a true and correct copy of the Order (1) Denying Motion of Sprint and Nextel for Stay of Proceedings; (2) Denying Motion of Sprint and Nextel to Find that the 12/24/08 Judgment is Vacated; and (3) Granting Motion to Seal dated March 24, 2009 in *In re Cellphone Termination Fee Cases,* JCCP 4332 (Superior Court, County of Alameda).

4.     Attached hereto as Exhibit B is a true and correct copy of excerpts of the 8/21/09 Transcript of Proceedings in *In re Cellphone Termination Fee Cases,* JCCP 4332 (Superior Court, County of Alameda).

5.     Attached hereto as Exhibit C is a true and correct copy of the Order (1) Granting Motion of Plaintiffs for Reconsideration, (2) on Reconsideration Denying of Motion of Nextel For Summary Judgment in *In re Cellphone Termination Fee Cases,* JCCP 4332 (Superior Court, County of Alameda).

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct and acknowledge that if they are willfully false I am subject to punishment under penalty of perjury.

EXECUTED ON:

Dated:  October 14, 2009

*/s/ Lauri Mazzuchetti*
Lauri A. Mazzuchetti

# EXHIBIT A


1

2            SUPERIOR COURT OF CALIFORNIA

3                COUNTY OF ALAMEDA

4

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 6 2009

CLERK OF THE SUPERIOR COURT
By A. Yvonne Bazzell, Deputy

5

6

7 In re: CELLPHONE TERMINATION
           FEE CASES

8

9

10

11

12

13

    )   J.C.C.P. 4332
    )
    )   ORDER (1) DENYING MOTION OF
    )   SPRINT AND NEXTEL FOR STAY OF
    )   PROCEEDINGS; (2) DENYING MOTION
    )   OF SPRINT AND NEXTEL TO FIND
    )   THAT THE 12/24/08 JUDGMENT IS
    )   VACATED; AND (3) GRANTING
    )   MOTION TO SEAL.
    )
    )   Date:   March 20, 2009
    )   Time:   9:00 am
    )   Dept.:   23

14         The motions of Sprint and Nextel to stay proceedings in *Ayyad v. Sprint*, RG03-

15 121510, and to find that the 12/24/08 judgment has been vacated, the motion of T-Mobile

16

17 to seal, and the motion of Cingular/AWS to seal came on for hearing on March 20, 2009,

18 in Department 23 of this Court, the Honorable Winifred Smith presiding. After

19 consideration of the briefing and the argument, IT IS ORDERED:

20

21

22 **FACTS COMMON TO MOTIONS OF SPRINT AND NEXTEL TO STAY *AYYAD***

23 ***V. SPRINT* AND TO VACATE THE 12/24/08 JUDGMENT.**

24         The relevant facts are undisputed and are as follows:

25 12/24/08     Judgment entered in *Ayyad v. Sprint*, RG03-121510 (payor class)

26 1/7/09       Sprint files appeal from 12/24/08 judgment.

27

3/2U

| | | |
|---|---|---|
| 1 | 1/27/09 | Court denies new trial on cross-claim liability and grants new trial on |
| 2 | | cross-claim damages. |
| 3 | 2/5/09 | Sprint files appeal from new trial order and protective appeal from |
| 4 | | 12/24/08 judgment. |
| 5 | 2/17/09 | Plaintiffs file appeal from 12/24/08 judgment. |
| 6 | | |
| 7 | | |

**MOTION OF SPRINT AND NEXTEL TO STAY PROCEEDINGS IN *AYYAD V. SPRINT*, RG03-121510.  (Res # R922237.)**

The motion of Sprint and Nextel to stay proceedings in *Ayyad v. Sprint*, RG03-121510 is DENIED.

Under C.C.P. § 916(a) the pending appeals have stayed the proceedings in *Ayyad v. Sprint*, "but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  The Court will not issue an order staying all proceedings in *Ayyad v. Sprint* at the trial court level.  If any party seeks relief from the trial court while the appeals are pending, the Court will consider on a motion by motion basis whether under C.C.P. § 916(a) it would be appropriate for the Court to grant any relief.  *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.

**WHETHER C.C.P. § 916 PRECLUDES THE COURT FROM CONSIDERING THE MOTION TO VACATE THE 12/24/08 JUDGMENT.**

The automatic stay of C.C.P. § 916(a) precludes the trial court from vacating the 12/24/08 judgment.  C.C.P. § 916(a) states:

2

> [T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order.

In determining whether a proceeding is embraced in or affected by the appeal, a trial court must consider the appeal and its possible outcomes in relation to the proceeding and its possible results. Whether a matter is 'embraced' in or 'affected' by a judgment or order within the meaning of section 916 depends on whether postjudgment or postorder proceedings on the matter would have any effect on the 'effectiveness' of the appeal. *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.(fn1)

The Court can identify five potential outcomes of the various appeals. The Court of Appeal might (1) reverse the new trial order on the and direct entry of the 12/24/08 judgment; (2) affirm the new trial order and remand for a new trial on Sprint's cross-claim damages; (3) reverse the new trial order and order a new trial on all of Sprint's cross-claim issues; (4) after reversing the new trial order, reverse the 12/24/07 judgment in whole or in part; and (5) after reversing the new trial order, affirm the 12/24/07 judgment. The Court may vacate the 12/24/08 judgment only if in doing so it will not have any effect on the effectiveness of any of the possible results of any of the various pending appeals.

The automatic stay of C.C.P. § 916(a) precludes the trial court from vacating the 12/24/08 judgment because a trial court order vacating the 12/24/08 judgment would interfere with the pending appeals. *Bulmash v. Davis* (1979) 24 Cal.3d 691, 697, *Beavers*

---

1 C.C.P. § 916(a) stays certain proceedings in the trial courts, it does not divest them of jurisdiction over the case.

1  *v. Allstate Ins. Co.* (1990) 225 Cal.App.3d 310, 330, and *Wold v. Luigi Consentino &*

2  *Sons* (1952) 109 Cal.App.2d 854, 856, all hold that when an appeal is taken from a new

3  trial order the vacating effect of the new trial order is suspended and the judgment

4  remains effective for the limited purpose of an appeal from the judgment.  Sprint is

5  correct that as a matter of law the 12/24/08 judgment remains effective only for the

6  limited purpose of an appeal from the judgment, but Sprint seeks a trial court order that

7  the 12/24/08 judgment is vacated for all purposes.  The requested trial court order would

8  interfere with the proceedings on appeal.

9

10

11  **MOTION OF SPRINT AND NEXTEL TO VACATE THE 12/24/08 JUDGMENT.**

12  **(Res # R922239.)**

13

14       The motion of Sprint and Nextel to vacate the 12/24/08 judgment is DENIED.

15  The automatic stay of C.C.P. § 916(a) precludes the trial court from vacating or altering

16  the judgment while the appeal is pending.  The Court can, however, provide clarity to the

17  parties about the current state of affairs without changing the current state of affairs and

18  thereby interfering with the appellate process.  The Court ORDERS as follows:

19       The Court does not vacate the 12/24/08 judgment.  That judgment remains the

20  "one final judgment" that is the basis for the various appeals.  *Morehart v. County of*

21  *Santa Barbara* (1994) 7 Cal.4th 725, 743; *Harrington-Wisely v. State of California*

22  (2007) 156 Cal.App.4th 1488, 1494-1496.

23

24       The 12/24/08 judgment is not divisible into a judgment on the Court's decision on

25  the complaint against Sprint and a separate judgment on the jury's verdict on Sprint's

26  cross-complaint against the plaintiff class.  This is the law as a matter of general

27

4

jurisprudence. *Daon Corp. v. Place Homeowners Assn.* (1989) 207 Cal.App.3d 1449, 1456; *County of Santa Clara v. Support, Inc.* (1979) 89 Cal.App.3d 687, 703. This is particularly appropriate on the facts of this case where the Court's decision on the validity of Sprint's ETF created an intertwined cross-claim for breach of contract. *Garrett v. Coast & Southern Federal Sav. & Loan Assn.* (1973) 9 Cal. 3d 731, 740-741 ("We do not hold [that] the borrower escapes unscathed. He remains liable for the actual damages resulting from his default.").

The order granting a new trial on Sprint's cross-claim damages vacated the judgment in its entirety for all purposes except for review on appeal. *Bulmash v. Davis* (1979) 24 Cal.3d 691, 697, *Beavers v. Allstate Ins. Co.* (1990) 225 Cal.App.3d 310, 330, and *Wold v. Luigi Consentino & Sons* (1952) 109 Cal.App.2d 854, 856. If the parties had not filed the various appeals, then no aspect of the 12/24/08 judgment would have remained in effect from the Court's order of 1/27/09 granting a new trial through the completion of the new trial on Sprint's cross-claim damages and the entry of a final judgment. If Plaintiffs had wanted pre-judgment interim relief before the new trial, then they would have needed to file a motion seeking that relief. The 12/4/08 Statement of Decision was not an order and did not provide interim pre-judgment relief. Given that as a matter of law the "one final judgment" has been vacated for all purposes except for review on appeal, the Court cannot give effect to any part of that judgment.

*///*

*///*

*///*

**MOTION OF T-MOBILE TO SEAL.  (Res # S900906.)**

The ETF case against T-Mobile is stayed by Order of 2/19/09.  With the consent of the parties, the Court lifts that stay for the limited purpose of addressing this motion and then puts the stay back in place.

The motion of T-Mobile to seal is GRANTED.  The information meets the requirements of C.R.C. 3.551(d).  The motion was not opposed.  The Court will sign the proposed order.

MAR 2 6 2009

Dated: March __, 2009

_Winifred Y Smith_
Judge Winifred Smith

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

### CELLPHONE TERMINATION FEE CASES
### JCCP4332

**CERTIFICATE OF SERVICE BY MAIL: ORDER DENYING MOTION OF SPRINT AND NEXTEL FOR STAY OF PROCEEDINGS; DENYING MOTION OF SPRINT AND NEXTEL TO VACATE THE 12/24/08 JUDGMENT AND GRANTING THE MOTION TO SEAL**

I certify that I am not a party to this cause and that I am a clerk of the Superior Court of California, County of Alameda and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown below, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, CA 94612

Alan R. Plutzik, Esq.
L. Timothy Fisher
Bramson Plutzik, Mahler &
Birkhaeuser, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

Michael J. Stortz
Matthew P. Smith
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235

Christopher B. Hockett
Neal Potischman
Mark Kokanovich
Sandra West
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA 94025

Dominic Surprenant
A. Brooks Gresham
Michael Fazio
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Scott A. Bursor, Esq.
Law Offices of Scott A. Bursor
369 Lexington Ave., 10th Flr
New York, NY 10017

Coughlin Stoia Geller Rudman &
Robbins
Jacqueline E. Mottek
100 Pine Street, Suite 2600
San Francisco, CA 94111

Dated: March 26, 2009

Yvonne Bazzell, Deputy Clerk

# EXHIBIT B

1

2

3    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

4         IN AND FOR THE COUNTY OF ALAMEDA

5    BEFORE THE HONORABLE WINIFRED SMITH, JUDGE

6              DEPARTMENT NO. 23

7                 ---oOo---

8

9  In re: CELLPHONE TERMINATION          NO. JCCP4332
   FEE CASES
10

11  _____/

12        **REPORTER'S TRANSCRIPT OF PROCEEDINGS**

13            ADMINISTRATION BUILDING
              1221 OAK STREET
14           OAKLAND, CALIFORNIA

15            **AUGUST 21, 2009**

16         A P P E A R A N C E S

17

18  For the Plaintiffs:        SCOTT BURSOR
                               Attorney at Law
19
                               JACQUELINE E. MOTTEK
20                             Attorney at Law

21                             ROBERT M. BRAMSON
                               Attorney at Law
22

23                             DAVID FRANKLIN
                               Attorney at Law
24
                               ANTHONY FERRIGNO
25                             Attorney at Law

26                             TIMOTHY FISHER
                               Attorney at Law
27
   For Sprint:                 DOMINIC SURPRENANT
28                             Attorney at Law

1          APPEARANCES CONTINUED

2

3    For AT&T:                    WILLIAM CONNOLLY
                                  Attorney at Law
4

5                                 SEAMUS DUFFY
                                  Attorney at Law
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | FRIDAY, AUGUST 21, 2009                    MORNING SESSION |
| 2 | P R O C E E D I N G S |
| 3 | ---oOo--- |
| 4 | THE CLERK:  Your Honor, we have several attorneys on |
| 5 | line.  Counsel on line, will you please state your names. |
| 6 | MR. BURSOR:  Good morning, your Honor.  This is Scott |
| 7 | Bursor for the plaintiffs. |
| 8 | MR. DUFFY:  Good morning, your Honor.  This is Seamus |
| 9 | Duffy for the AT&T defendants. |
| 10 | MR. SURPRENANT:  Good morning, your Honor.  Dominic |
| 11 | Surprenant for Sprint Nextel. |
| 12 | THE COURT:  Thank you.  In the courtroom starting |
| 13 | with Mr. Fisher. |
| 14 | MR. FISHER:  Good morning, your Honor.  Timothy |
| 15 | Fisher for plaintiffs. |
| 16 | MR. BRAMSON:  Robert Bramson of Bramson Plutzik for |
| 17 | plaintiffs, your Honor. |
| 18 | MR. FRANKLIN:  David Franklin, Franklin & Franklin |
| 19 | for plaintiffs, your Honor. |
| 20 | MS. MOTTEK:  Jacqeline Mottek, Positive Legal Group |
| 21 | for plaintiffs, your Honor. |
| 22 | MR. CONNOLLY:  William Connolly for Cingular AT&T |
| 23 | Wireless defendants, your Honor. |
| 24 | MR. FERRIGNO:  Anthony Ferrigno, your Honor, good |
| 25 | morning, for the plaintiffs. |
| 26 | THE COURT:  Good morning.  All right, Mr. Bursor, |
| 27 | this is your motion. |
| 28 | MR. BURSOR:  Thank you, your Honor.  The motion seeks |

1    long enough you're going to get what you want. And it also

2    suggests that the Bursor Plutzik strategy of good cop bad cop

3    prevailed. And that's not -- it's not fair. It's not right,

4    and the Court should not disband the Executive Committee and

5    appoint Mr. Bursor's alter ego as lead counsel.

6        Finally, your Honor, the remedy that the Court refers to in

7    its tentative order at page 10 that says that there's some

8    protection for the minority vote on the Executive Committee is

9    really of no moment if there is no Executive Committee. That

10   provision of an earlier order of Judge Sabraw was designed to

11   allow the minority to file a brief if there was an Executive

12   Committee. But if there isn't one that doesn't protect anybody.

13       If the tentative stands, Mr. Franklin and I would be

14   precluded from doing anything further in these cases. That's

15   what's going to happen here, I guarantee it, and Mr. Bursor is

16   going to try the case.

17       And the last thing I want to say, your Honor, is the reason

18   we oppose Mr. Bursor trying the case is because we lost in

19   Sprint. He was not able to convince the jury. And in fact, he

20   alienated -- and I encouraged the Court to talk to Judge Sabraw

21   about this. He alienated the jury, and that's why we don't want

22   him. That's just plain and simple.

23       I didn't want to go here, your Honor, but really the

24   tentative left me no choice. I'm sorry for that.

25       THE COURT: Thank you. Mr. Ferrigno -- and I really

26   have the message, so if you would expand. Say something

27   different than I've heard thus far. I do understand the

28   opposition.

```
1   COUNTY OF ALAMEDA.          )

2                               )    ss.

3   STATE OF CALIFORNIA         )

4

5        I, DANIELLE DYER, do hereby certify:

6             That I am a Certified Shorthand Reporter in the State

7   of California, in the Superior Court for the County of Alameda,

8   State of California;

9             That I fully and correctly reported the

10  within-entitled matter before the Honorable Winifred Y. Smith,

11  Judge;

12            That the foregoing pages are a full, true and correct

13  transcription of my shorthand notes taken at the aforementioned

14  time and place to the best of my ability.

15            IN WITNESS WHEREOF, I have hereunto subscribed my

16  name this 26th day of August, 2009.

17

18

19

20

21

22

23                          _____

24                          DANIELLE DYER, C.S.R. #12232

25

26

27

28
```

———*DANIELLE L. DYER, C.S.R. #12232*———

# EXHIBIT C





*6521740*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

**ENDORSED
FILED**
ALAMEDA COUNTY

DEC - 5 2008

CLERK OF THE SUPERIOR COURT
By E. Opelski-Erickson, Deputy

| | |
|---|---|
| In re: CELLPHONE TERMINATION<br>FEE CASES | ) J.C.C.P. 4332<br>)<br>)<br>) ORDER (1) GRANTING MOTION OF<br>) PLAINTIFFS FOR RECONSIDERATION,<br>) (2) ON RECONSIDERATION DENYING<br>) OF MOTION OF NEXTEL FOR<br>) SUMMARY JUDGMENT.<br>)<br>) Date:   November 6, 2008<br>) Time:   9:00 am<br>) Dept.:  20 |

---

The motion Plaintiffs for reconsideration of the Order of November 7, 2007,

granting the motion of Nextel for summary judgment and no merit determination came

on for hearing on November 6, 2008, in Department 20 of this Court, the Honorable

Bonnie Sabraw presiding.  After consideration of the briefing and the argument, IT IS

ORDERED:


MOTION FOR RECONSIDERATION.

The motion for reconsideration is GRANTED as a procedural matter.  The Court

will entertain the motion under C.C.P. § 1008 (c) and *LeFrancois v. Goel* (2005) 35

Cal.4th 1094, 1104-1108.  The interests of consistency suggest that the Court apply the

same legal standard in the Nextel summary judgment order and in the Sprint Statement of

Decision.

1

As part of the procedural aspect of this motion, the Court does not address whether *In re Cellphone Termination Fee Cases*, Case No. A11547 (June 9, 2008 Cal. Ct. App. 1st Dist.) (*In re Cellphone*), restates existing law on Civil Code § 1671(d), represents "new law" on Civil Code § 1671(d), or concerns class certification and does not consider the merits of Civil Code § 1671(d).

RECONSIDERATION OF THE LAW.

The Court will apply the same legal standard in the Nextel summary judgment order and in the Sprint Statement of Decision. Sprint must prove that at the inception of the contract (1) it was impracticable or extremely difficult to fix the amount of actual damages and (2) Sprint made a reasonable endeavor to estimate a fair average compensation for the losses to be sustained. *In re Cellphone* at 7-8; *Hitz v. First Interstate Bank* (1995) 38 Cal. App. 4th 274, 292. This is a change from the Order of 11/7/07, where the Court stated, "The effect of a liquidated damages provision is given more weight than the subjective intent of a business entity or whether it made a reasoned decision in determining the amount of a liquidated damages provision." Order of 11/7/07 at 10:11-15.

APPLICATION OF THE LAW TO THE EVIDENCE ON SUMMARY JUDGMENT.

On reconsideration the Court finds that it erred in the Order of 11/7/07. Nextel had the burden of proof on the Civil Code § 1671(d) claim at trial. Therefore, at summary adjudication Nextel had to present undisputed evidence proving all the elements required to demonstrate that the ETF was lawful. C.C.P. § 437c(p)(1). The

1 evidence submitted in connection with the Nextel motion for summary adjudication

2 raised a triable issue of fact whether Nextel's primary motivation and purpose in

3 selecting a $200 ETF was to estimate fair compensation. The declaration of Scott Weiner

4 could support a finding that Nextel made a reasonable effort to estimate fair

5 compensation, but there was other admissible evidence that suggested that Nextel

6 established the ETF and set the amount of the ETF based on other factors. SSUF # 5, 7,

7

8 9, and all evidence in support of and in opposition to those facts.

9       Based on the above, on reconsideration the Court orders that the motion of Nextel

10 for summary judgment is DENIED. Consistent with the Order of 4/18/08 at 7:5-8, the

11 Nextel class may prosecute "claims that arise from or relate to an ETF charge under a

12 Nextel iDEN contract where the contract was initiated before August 12, 2005."

13

14

15

16 Dated: December 5, 2008

17                       Judge Bonnie Sabraw

18               Sitting on Assignment by Appointment
                Of the Chair of the Judicial Council

19

20

21

22

23

24

25

26

27

3

**Case Title/No.:** **Cellphone Termination Fee Cases JCCP004332**

## CLERK'S CERTIFICATE OF MAILING
### (CCP §1013a)

I certify that the following is true and correct:

I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1221 Oak Street, Oakland, California. I served this ORDER (1) GRANTING MOTION OF PLAINTIFFS FOR RECONSIDERATION, (2) ON RECONSIDERATION DENYING OF MOTION OF NEXTEL FOR SUMMARY JUDGMENT by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

**Plaintiff's Liaison Counsel**

Alan R. Plutzik, Esq.
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

**Defendant's Liaison Counsel**

Kristen Linsley Myles, Esq.
John Hunt, Esq.
MUNGER, TOLLES & OLSON, LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907

**Counsel for Nextel, et al.**

Dominic Surprenant, Esq.
Christopher Tayback, Esq.
A. Brooks Gresham, Esq.
Michael L. Fazio, Esq.
Kristen A. Savelle, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 1oth Floor
Los Angeles, CA 90017-2543

Dated: December 5, 2008

Executive Officer/Clerk of the Superior Court

By _____
Elizabeth Opelski-Erickson, Deputy Clerk