**LAW OFFICES OF SCOTT A. BURSOR**
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
(212) 989-9113 (tel)
(212) 989-9163 (fax)
scott@bursor.com

October 16, 2009

**BY ECF FILING**

Hon. Jose L. Linares, U.S.D.J.
U.S. District Court
M. L. King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

Re:   *Judy Larson, et al. v. AT&T Mobility LLC, et al.*
      Civil Action No. 07-5325(JLL)

Dear Judge Linares:

     I represent the Galleguillos objectors. On October 7, 2009, Galleguillos *et al.* objected to the proposed settlement on the ground that the parties failed to provide "individual notice to all [class] members who can be identified with reasonable effort." Fed. R. Civ. P. 23(b)(2)(B). The Galleguillos objection identified several sources of information and data that will further demonstrate the inadequacy of the notice, and Galleguillos *et al.* served the parties with requests for this information. I have met and conferred with Sprint's counsel and Sprint refuses to provide any of the requested information. I have attempted to meet and confer with Mr. Cecchi, but he has not responded to my letters or phone calls.

     Galleguillos *et al.* served four discovery requests with their objections. The first three requested updated claims data and response statistics so that the figures presented to the Court at the first final approval hearing in March can be updated. Those three requests are:

        1.     An updated version of the Gilardi Weekly Statistics Report received in evidence as Exhibit G-4.

        2.     An updated version of the Sprint ETF Settlement Categorical Breakdown of Claims received in evidence as Exhibit G-5.

        3.     Documents sufficient to show updated response statistics for the Sprint settlement for each figure set forth in Table 3 at page 28 of

>    the 10/7/08 Galleguillos *et al.* Objections To The Proposed Settlement.

The relevance of these updated figures should be apparent. The Court considered them at the prior hearing. Furthermore, while refusing to produce these updated data, the parties have criticized Galleguillos *et al.* for relying on the original data without updating it. *See* 10/14/09 Sprint Mem. Of Law In Response To Objections Related To The Adequacy Of Notice at 25 (Docket Entry No. 390) ("objectors rely on outdated response rate data"). Furthermore, the parties have presented a selective few pieces of updated data, but have not produced updated reports such as those Galleguillos *et al.* are requesting. We respectfully request that the Court order the production of documents responsive to these requests.

The Galleguillos objectors' fourth document request is the following:

>    4.    All documents concerning communications with Amdocs concerning the estimates set forth in the Declaration Of Scott Rice.

The Galleguillos objectors have challenged the testimony of Scott Rice on several grounds. *See* 10/9/09 Corrected Galleguillos *et al.* Objections To The Proposed Settlement at 4-8 (Docket Entry No. 378-1). Mr. Rice's deposition testimony, which is quoted at length in the Galleguillos Objections, shows the following:

>    Whatever communications there were with Amdocs were not in writing but rather were "in verbal fashion." Mr. Rice did not attend the meeting with Amdocs. He did not know exactly who attended the meeting, but "to his knowledge" he believes that Nancy Roberts attended. He did not know what year such meeting occurred. It was "the legal department," not Mr. Rice, that directed Ms. Roberts to attend the meeting with Amdocs. And Mr. Rice had no communication with Ms. Roberts concerning the matter, either before or after the meeting with Amdocs.
>
>    … [T]he Rice deposition in its entirety, confirms that Mr. Rice's personal knowledge of the efforts, if any, to identify

> class members from Sprint's billing records, was exactly zero. The only information he had came to him third- or fourth-hand: filtered from Amdocs, through to Ms. Roberts, then through the legal department.

*Id.* at 7-8. The Galleguillos objectors also pointed out defects in Mr. Rice's subsequent declaration:

> Sprint submitted an Amended Notice Plan together with a declaration from Mr. Rice describing Sprint's billing databases and providing estimates of the time and expense required to query them to identify class members. (Docket Entry Nos. 340 and 341). Mr. Rice did not claim to have any first-hand knowledge of these matters. Rather, he "manage[s] teams that, among other responsibilities, … request queries and data pulls from a third-party administrator, such as Amdocs." *Id.* ¶ 3. Mr. Rice's declaration does not identify any member of his team involved in gathering the information included in the declaration. Nor does he identify anyone from Amdocs involved in that effort. Nor does he state that he himself was directly involved in such effort. Nor does he state that he communicated directly with anyone involved in such effort. He reports estimates of time and expense that come not from him, nor from his team, but from Amdocs. *See, e.g.*, *id.* ¶ 19 ("Amdocs continues to estimate …"); *id.* ¶ 22 ("Amdocs and Sprint Nextel believe …."). Mr. Rice's declaration does not attach or reference any written documents, any written estimates, or any specific communications with Amdocs to support his testimony.
>
> Mr. Rice's declaration is based entirely on double- and triple-hearsay filtered through lawyers. The declaration is inadmissible under Fed. R. Evid. 601 (lack of competence), 602 (lack of personal knowledge), 701 (opinion testimony by lay witness based on scientific, technical or other specialized knowledge), 702 (expert testimony by witness lacking qualifications, lacking sufficient facts or data, not the product of reliable principles and methods the witness has applied), and 802 (hearsay).

The parties do not dispute any of these facts, nor have they submitted any further testimony from Mr. Rice to attempt to show that he has personal knowledge of any of these matters, or even that he has communicated with someone at Amdocs that might have personal knowledge. The only response to these arguments is the following footnote from Sprint's brief:

> "The Bursor Objectors also purport to challenge the admissibility of Mr. Rice's testimony and declaration. (Bursor Obj. II at 4-13.) The Bursor Objectors, however, cite to no case law that would require this Court to strictly apply the Federal Rules of Evidence in the context of determining whether certain efforts are reasonable to identify class members. Even if the Rules of Evidence were to apply, the Bursor Objectors have waived any objection they had to admissibility by not asserting a timely objection. (*See* Docket No. 384, Class Counsel's Memorandum of Law in Opposition to Objections to Settlement at 7-8.)"

Galleguillos *et al.* will address the substance of those arguments at the final approval hearing when we move to strike Mr. Rice's declaration.

Insofar as discovery is concerned, the circumstances surrounding the Rice Declaration are suspect, to say the least, and the grounds for further discovery of these matters are readily apparent. To date, the Galleguillos objectors have been denied any opportunity to cross-examine Mr. Rice on the substance of his declaration, or to gather evidence relevant to the matters asserted therein. *See, e.g.*, *Girsh v. Jepson*, 521 F.2d 153, 158-59 (3d Cir. 1975) (reversing final approval order on the ground that objectors were not given an adequate opportunity to cross-examine an affiant concerning the adequacy of notice). The Galleguillos objection points out that "[i]n order to have a fair opportunity to cross-examine and to rebut the Rice testimony, objectors require at a minimum, (i) all documents concerning communications with Amdocs concerning these

estimates, (ii) a deposition of Mr. Rice, and (iii) a Rule 30(b)(6) deposition of Amdocs on the substance of the Rice Declaration." 10/9/09 Corrected Galleguillos *et al.* Objections To The Proposed Settlement at 14 (Docket Entry No. 378-1). We respectfully request that the Court order the production of the requested documents immediately, and thereafter allow sufficient time for objectors' counsel to review them and to conduct the requested depositions.

Finally, the Galleguillos objectors served two additional document requests with the fee application of their counsel, filed on October 14, 2009. Those requests are for:

> 5. Documents sufficient to show an accounting of all disbursements from the settlement fund to date.
>
> 6. Documents sufficient to show an accounting of all anticipated disbursements from the settlement fund.

As explained in the fee application of Galleguillos counsel, this information is necessary to calculate the value added to the settlement as a result of the first Galleguillos objection. *See* Galleguillos *et al.* Application For Attorneys Fees And Expenses at 6 n.1, and at 11-12 (Docket Entry No. 385). This information is also relevant to the Court's consideration of the merits of the proposed settlement, and the parties' proposal that a substantial portion of the cash in the fund should revert to Sprint in exchange for "calling cards" of dubious value. Furthermore, this information would have to be provided to the Court with a final accounting of the settlement fund in any event. We respectfully request that the Court order the parties to produce it in advance of the final approval hearing.

Very truly yours,

*/s/ Scott A. Bursor*

Scott A. Bursor