# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

NEW YORK, NY
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

200 KIMBALL DRIVE

PARSIPPANY, NEW JERSEY 07054

(973) 503-5900

FACSIMILE
(973) 503-5950
www.kelleydrye.com

DIRECT LINE: (973) 503-5920
EMAIL: jboyle@kelleydrye.com

October 19, 2009

**VIA ECF**

Hon. Jose L. Linares, U.S.D.J.
United States District Court for the
  District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street, Room 2042
Newark, New Jersey 07101

> Re: *Larson, et al. v. AT&T Mobility LLC f/k/a
> Cingular Wireless LLC, et. al.*
> Civ. No.: 07-5325 (JLL)

Dear Judge Linares:

We represent defendants Sprint Nextel Corporation, Sprint Spectrum L.P. and Nextel Finance Company (collectively, "Sprint") in the above-referenced action. We write in response to counsel for the Galleguillos objectors request for discovery from Sprint which was filed Friday, October 16, 2009. The Galleguillos objectors' request for discovery is tardy to say the least. The Rice Declaration was filed on the ECF and available to counsel for the Galleguillos objectors on May 21, 2009. To the extent there was any concern about the Declaration, the time for discovery on that has long since passed. As Your Honor noted in the Court's March 6, 2009 Order:

> Pursuant to Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975), an objector is entitled "to develop a record in support of his contentions by means of cross examination and argument to the court…" (internal citations omitted). In a more recent decision, the Third Circuit noted that Girsh does not stand for the proposition that objectors have an absolute right to discovery. In re Community Bank of Northern Virginia, 418 F.3d 277, 316 (3d Cir. 2005). More importantly, the In re Community Bank Court explored the fact pattern upon which Girsh was based – "that finding [in Girsh] was based on the total inadequacy of the record

> upon which the settlement was approved and the 'totality of the circumstances surrounding the settlement hearing' in which the objector was denied meaningful participation." Id. (quoting Girsh, 418 F.3d at 157.)

(Letter Ordered 3/6/09 at p. 1). Here, no meaningful participation was denied to the Galleguillos objectors. They could have and should have sought discovery regarding the Rice Declaration during at least two critical phases which have passed. One phase, which is the most obvious and potentially helpful to the Court, was before this Court entered the Order Approving the Amended Notice Plan. The Galleguillos objectors' failure to participate in the Amended Notice Plan process, despite the opportunity to do so, is a clear waiver of any right to participate in the proceedings regarding the Amended Notice Plan. The second opportunity was any time before the filing of objections on October 7, 2009. If the Galleguillos objectors truly desired to support their objection, and not simply to burden the process and/or attempt to create appellate issues, they would have sought this discovery prior to filing their objection. Their failure to do so eliminates the credibility of any claimed necessity for this discovery, and in any event, is an obvious failure to seize on the opportunity available to the Galleguillos objectors.

The preposterousness of the Galleguillos objectors' position regarding discovery from Sprint is further buttressed by the timeline with respect to their seeking this discovery. The letter seeking the discovery was served on October 7, 2009 with an email from Mr. Bursor contending he would contact the undersigned on Friday October 9, 2009. I returned Mr. Bursor's call on Tuesday, October 13, 2009 indicating our objection to any discovery on the Amended Notice Plan. Mr. Bursor did not write this Court until Friday, October 16, 2009. This is a mere three business days before the Final Fairness Hearing. In his letter request, Mr. Bursor asks "that the Court order the production of the requested documents immediately, and thereafter allow sufficient time for objectors' counsel to review them and to conduct the requested depositions." This is a preposterous request in light of the October 21, 2009 date for the Final Fairness Hearing.

All that *Girsh* requires is an "adequate opportunity" for discovery. Mr. Bursor and his clients have had more than an adequate opportunity for the discovery sought and it is respectfully requested that their request for discovery, at this late date, be denied.

As to the document requests made regarding the Gilardi statistics, Sprint provided Mr. Bursor with an invoice from Gilardi and referred Mr. Bursor to the Declaration of Karin Carmin which contains updated statistics.

Thank you for Your Honor's consideration.

Respectfully submitted,

*s/ Joseph A. Boyle*

Joseph A. Boyle

JAB:mc

cc: All Counsel (via ECF)