Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Dominic Surprenant
A. Brooks Gresham
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Attorneys for Defendants
Sprint Nextel Corporation,
Sprint Spectrum L.P. and Nextel Finance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB and WILLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION, SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL CORPORATION, and NEXTEL FINANCE COMPANY,<br><br>　　　　　Defendants. | No. 2:07-cv-05325-JLL-ES |

# DECLARATION OF CHRISTIAN M. DIPPON

I, Christian M. Dippon, being first duly sworn upon oath, state as follows:

1. I am over the age of 18 and am not a party to this action. I am an economist and Vice President of NERA Economic Consulting, an international economic consulting firm. My areas of concentration are telecommunications economics, competition policy, and the evaluation of economic damages in intellectual property and commercial litigation disputes. I have either personal knowledge of the facts set forth below or have been made aware of the pertinent facts in this case. I am the same Christian Michael Dippon who filed declarations in this matter on March 1, 2009 and May 20, 2009. Exhibit A to my first declaration sets forth my qualifications.

2. I was retained by Sprint Spectrum, L.P., Wirelessco, L.P., Nextel Communications, Inc. and Nextel of California, Inc. (hereinafter "Sprint Nextel") to provide expert testimony in the Cellphone Termination Fee Cases: J.C.C.P. 4332 (Alameda County Superior Court). I submit this Declaration in response to the Declarations filed by Colin B. Weir and the Second Supplemental Declaration of Scott A. Bursor, both dated October 19, 2009.

3. In connection with my work on behalf of Sprint Nextel in the Cellphone Termination Fee Cases, J.C.C.P. 4332, I constructed two company-specific databases consisting of an accurate estimate of the Sprint and Nextel class members in that matter. It is those very databases that Mr. Weir claims to have sorted by account type – an operation which allegedly took him five seconds. Based on this one observation, Mr. Weir then "estimated" how long it would take to sort 100 million similar records. He claims such operations should take approximately 15 minutes or less.[1]

4. In his Second Supplemental Declaration, Mr. Bursor relied on Mr. Weir's alleged findings, drawing the conclusion that sorting individual accounts from business,

---

[1] Declaration of Colin B. Weir, p. 3.

04005/2699264.1

corporate, and government accounts "can be accomplished with push-button ease in a matter of a few seconds time."²

5. Mr. Weir's "analyses" and Mr. Bursor's conclusions are completely false. First, Mr. Weir claims to have run the data on "a basic laptop computer." This indicates that he did not run the entire data, but only a subset. The entire data cannot be loaded by a "basic laptop." Mr. Weir claims that he ran 619,203 records, yet the two databases that I constructed in the matter cited above contained combined approximately 2,000,000 records. Furthermore, while Mr. Weir does not state how many variables he loaded, my databases consists of all variables necessary to verify the completeness and accuracy of the resulting databases. Second, his estimate as to how long it would take to run 100 million records is based on pure speculations. His apparent "test" is entirely meaningless. He did not test anything close to the 100 million records nor did he load a full database. Rather, he seems to have loaded some 8 million observations containing *one* variable. He then made a straight line extrapolation, assuming that 100 million records would take about 12 times longer. Mr. Weir totally ignores the fact that a "basic laptop computer" cannot load 100 million records, let alone a database of 100 million observations and more than one variable. If Mr. Weir had any practical experience with large datasets, he would know that one rarely loads only one variable as this would necessarily mean that the database has previously been manipulated. Else, there would be no way of knowing whether the database is complete and accurate for the purpose it is being used.

6. Relying on Mr. Weir's speculative and unsupported claims, Mr. Bursor makes matters worse. He assumes that Sprint has a database at its fingertips containing a variable that identifies the account type <u>and</u> includes all class members in the present matter. Based on this false assumption, he concludes that the class count could be sorted within seconds

---

² Second Supplemental Declaration of Scott A. Bursor, p. 3.

with "push-button ease." Nothing is further from the truth. Mr. Bursor must know better, as he has read the multiple declarations that I submitted in the Cellphone Termination Fee Cases describing the efforts necessary in deriving the databases which he asked Mr. Weir to manipulate. He has also deposed me numerous times.

7. It took Sprint, my team, and I several months to develop the databases for California alone. Specifically, the effort of building this database started on or around October 1, 2006 and was not completed until January 29, 2007. It took many man-hours of work, including many conference calls and a trip to Sprint's headquarters to develop the databases. While it is unclear whether Mr. Weir used a subset of the final database or some file prior to the completion of the database work, it is due to the extensive work done by Sprint and NERA that Mr. Weir could sort the databases, <u>not</u> due to the nature in which the data are kept by Sprint Nextel. As I have experienced first hand by working with the Sprint employees responsible for Sprint's and Nextel's billing databases, the raw data are not in a format that allows a simple separation by account type to be executed with push-button ease. Rather, it takes hard work and many man-hours. Hence, Mr. Bursor's claim that a separation by account can easily be achieved is entirely false.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st of October, 2009 in San Francisco, California.

_____

Christian M. Dippon