# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4887 |

October 21, 2009

## LETTER ORDER

Re:  Sampang, et al. v. AT&T Mobility LLC, et al.
     Civil Action No. 07-5325 (JLL)

Dear Counsel:

The undersigned is in receipt of Objectors Thomas Lambert and Chad Garner's ("Objectors") Renewed Motion to Seal confidential materials (Docket Entry No. 352). For the reasons set forth below, the Motion is hereby **granted.**

The Third Circuit recognizes "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). There is a "presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 156, 164 (3d Cir. 1993). The right of public access is "not absolute," but must be weighed against the parties' interests in secrecy. *Id.* at 165.

Local Civil Rule 5.3(c) requires the party moving to seal an otherwise publicly-available document to show:

(a) the nature of the materials or proceedings at issue;
(b) the legitimate private or public interests which warrant the relief sought;
(c) the clearly defined and serious injury that would result in the relief sought is not granted; and
(d) why a less restrictive alternative to the relief sought is not available.

Objectors have submitted a memorandum in support of the motion that addressed the L.Civ.R.5.3(c) factors. Objectors state that the materials to be sealed are:(1) Objections to Proposed Settlement ("Objections"); (2) Request for Judicial Notice in Support of Objections to Proposed Settlement ("RJFN re Objections"); (3) Reply to Sprint Spectrum L.P.'s Opposition to Objections ("Reply"); (4) Reply in Support of Objections to Proposed Settlement Based on Notice and Standing ("Reply Re Notice & Standing"); (5) Supplemental Filing Re Objections ("Supplemental Filing");

and (6) Request for Judicial Notice in Support of Supplemental Filing Re Objections ("RJFN re Supplemental Filings"). Objectors state that the documents sought to be sealed contain or reference documents which were designated as "Attorneys Eyes Only" by Sprint. Specifically, the Objections, RJFN re Objections, Reply and Reply re Notice and Standing all contain references to a Declaration containing financial data about Sprint's damages. The Objectors' Supplemental Filing and RJFN re Supplemental Filing also reference documents that were sealed by the Alameda County Superior Court in another action.

Objectors state that these documents must be filed under seal to abide by the terms of a Protective Order in order to protect Sprint's interest in protecting its sensitive financial information. Objectors also state that disclosure of this financial information will likely cause significant harm to the individuals or Sprint's business or competitive position.

Though the Court is satisfied that Objectors have properly met the requirements of L.Civ.R.5.3(c)(2)(a)-(c), the Court finds that Objectors have not met the requirements of L.Civ.R.5.3(c)(2)(d). It is not the least restrictive alternative to seal the above-referenced documents in their entirety when the confidential information can instead simply be redacted. Objectors have noted, however, that there are not in a position to redact the documents without assistance from Sprint. Therefore, the above-referenced documents shall remain under seal and Objectors shall confer with Sprint to file a publicly available redacted version of each document within 20 days of the date of this Order.

The Clerk of the Court shall terminate the motions to seal found at Docket Entry 352.

**SO ORDERED**.

**s/Esther Salas**
**Esther Salas, U.S.M.J**