Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055


James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al., | Civil Action No. 07-05325 (JLL) |
| Plaintiffs, | |
| v. | **PRELIMINARY APPROVAL ORDER** |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al., | |
| Defendants. | |

**WHEREAS**, Plaintiffs Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane Waldmann, Robert Wise, Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively (formerly Debra Lipton), Jacqueline Sims, and Kiisha Orr ("Plaintiffs") and Defendant AT&T Mobility LLC ("ATTM") have reached a proposed settlement and compromise of the disputes

between them and other similarly situated individuals in the Action and in the Related Actions, which is embodied in the Settlement Agreement filed with the Court; and

**WHEREAS**, the Plaintiffs and ATTM (the "Parties") have applied to the Court for preliminary approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS** the Court finds as follows: The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations involving multiple mediation sessions. The Settlement Agreement is not the result of collusion. The Settlement bears a reasonable relationship to the claims alleged by plaintiffs and the Settlement is sufficiently within the range of reasonableness so that notice of the Settlement should be given to the members of the Settlement Classes for their consideration as provided herein; and

**WHEREAS**, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law, and good cause appearing

IT IS THIS 4 day of Nov., 2009

**ORDERED** as follows:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. For purposes of implementing this Settlement only, the stay of proceedings against ATTM issued by way of Order dated April 13, 2009 [Docket Entry 312] is hereby **VACATED**.

3. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable and adequate to the

Settlement Classes, as falling within the range of possible final approval, and as meriting submission to the Settlement Classes for their consideration.

4. For purposes of the Settlement only, the Court certifies the Settlement Classes, which consist of:

(a) The "ETF Assessed Class," defined as "all Persons in the United States who were parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies and were billed a Flat-Rate ETF by ATTM and/or its predecessor companies from January 1, 1998 until the date that the court preliminarily approves the settlement. The ETF Assessed Class includes such Persons whether or not they paid any portion of the ETF, whether to ATTM, any outside collection agency, or other third party to whom ATTM has assigned the rights to the ETF. The ETF Assessed Class excludes all current employees of ATTM."

(b) The "Subscriber Class," defined as "all Persons in the United States who were or are parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies that included or includes a provision for a Flat-Rate ETF from January 1, 1998 until the date that the court preliminarily approves the settlement, and who have not paid or been billed a Flat-Rate ETF. The Subscriber Class excludes all current employees of ATTM."

5. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representatives are typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class

Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

6. The Court appoints the law firms of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein and Strange & Carpenter as Class Counsel for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7. A Final Approval Hearing shall be held before this Court at _10_ a.m. on _Wednesday, April 14_, 2010 at the United States District Court for the District Court of New Jersey, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's application for attorneys' fees, costs, expenses and incentive awards should be approved; and (c) whether the Proposed Plan of Allocation submitted by Plaintiffs should be approved. Consideration of any application for an award of attorneys' fees, costs, expenses and incentive awards and of the Proposed Plan of Allocation shall be separate from consideration of whether or not the proposed Settlement should be approved, and from each other, and shall be embodied in separate orders.

8. Not later than twenty-one (21) days prior to the Final Approval Hearing, ETF Counsel shall submit to Class Counsel a summary of the attorneys' fees they wish to seek as part of the Settlement. All other claims for attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, by Class Counsel and/or ETF Counsel shall be deemed waived.

9. With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in

this Action and all Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any action or proceeding in any court, arbitration, tribunal , or jurisdiction, asserting any claims encompassed by the Settlement Agreement, including any Class Released Claims against any of the ATTM-Related Released Parties, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or the Related Actions and/or as a result of or in addition to those provided for by the Settlement Agreement.

10. The Court approves, as to form and content, the Mail Notice, long and short-form Publication Notices, and the Invoice Notice substantially similar to the forms attached as Exhibits C, D, E, and F to the Settlement Agreement, respectively.

(a) Mail Notice shall be provided to the ETF Payer Class Member List, as defined in the Settlement Agreement. The Parties and the Settlement Administrator shall cooperate to take reasonable measures to eliminate duplicative entries, with the objective of ensuring to the extent practicable that any Person or Account who is a member of the ETF Assessed Class receives not more than one Mail Notice even if such Person or Account paid in full more than one ETF.

(b) Members of the Subscriber Class who are currently party to a contract with ATTM that permits the assessment of a Flat-Rate ETF shall be informed of the Settlement with their monthly customer statements or by email.

(c) The long-form Publication Notice shall be published on the settlement website. The short-form Publication Notice will be published as follows:

> Los Angeles Times — once a week for two (2) consecutive weeks;
> San Francisco Chronicle — once a week for two (2) consecutive weeks;
> New York Times — once a week for two (2) consecutive weeks;
> Washington Post — once a week for two (2) consecutive weeks;
> Chicago Tribune — once a week for two (2) consecutive weeks;
> Dallas Morning News — once a week for two (2) consecutive weeks;
> Philadelphia Inquirer — once a week for two (2) consecutive weeks;
> USA Weekend — one (1) week; and
> Parade Magazine — one (1) week.

At the Preliminary Approval Hearing the Parties advised the Court that, in light of the notice deadlines contained in the Settlement and the ultimate timing of the preliminary approval hearing as scheduled, the Parties have agreed that the promulgation of the Mail Notice, long and short-form Publication Notices, and the Invoice Notice will be completed on or before January 31, 2010. This date is sooner than would otherwise be the case under the various notice deadlines in the Settlement Agreement. The Court has taken this information into account in setting the date for the Final Approval Hearing. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator and ATTM shall file with the Court declarations attesting to compliance with this Order.

11. The Court finds that the Parties' plan for providing notice to the Settlement Classes (the "Notice Plan") described in Article IV of the Settlement Agreement constitutes the

best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of Fed.R.Civ.P. 23, the United States Constitution, and any other applicable law.

12. The Court further finds that the Notice Plan described in Article IV of the Settlement Agreement will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the terms of the Settlement Agreement. Any member of the Settlement Classes who desires to be excluded from the Settlement Classes, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked at least twenty-one (21) days prior to the date set for the Final Approval Hearing in paragraph 5 above. The Request for Exclusion must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and ATTM's Counsel, a report stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Settlement Classes, and the names of such Persons.

13. Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing. The names of all Persons timely submitting valid Requests for Exclusion shall be provided to the Court.

14. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, to Class Counsel's application for attorneys' fees and costs and incentive awards, or to the proposed Plan of Allocation of Settlement Proceeds. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court and serve, no later than twenty-one (21) days prior to the date of the Final Approval Hearing, a written notice of intention to appear together with supporting papers including a detailed statement of the specific objections made.

15. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to Brian R. Strange, Esq., Strange & Carpenter, 12100 Wilshire Blvd., Suite 1900, Los Angeles, California 90025; and James E. Cecchi, Esq., Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 5 Becker Farm Rd., Roseland, New Jersey 07068; and for Defendants' Counsel, to Andrew B. Joseph, Esq., Drinker Biddle & Reath LLP, 500 Campus Drive, Florham Park, New Jersey 07932. Only Settlement Class Members who have filed and served valid and timely notices of intention to appear, together with supporting papers, shall be entitled to be heard at the Final Approval Hearing.

16. On or before seven days before the Final Approval Hearing, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of Final Approval of the Settlement Agreement, and (ii) any application for attorneys' fees and costs.

17. Any Settlement Class member who has not submitted a request for exclusion from the Settlement may file an objection -- solely to Class Counsel's application for attorneys' fees and costs – on or before two days prior to the Final Approval Hearing.

18. All Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, as class members or otherwise, or receiving any benefits (including seeking or receiving awards of attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever) from any lawsuit, arbitration, administrative proceeding, regulatory proceeding or other proceedings or order in any jurisdiction, based on or relating to the claims, causes of actions, motions, defenses, or the facts, and circumstances relating thereto, in the Action. In addition, all Persons are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction as a class action, a separate class, other representative action, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any of the Settlement Class Members, arising out of, based on or relating to the claims, causes of action, motions, defenses, facts and/or circumstances relating thereto, in the Action and/or the Class Released Claims, including the ETF-Related Claims. Finally, all Settlement Class Members and all Persons in active concert or participation with Settlement Class Members, including their representatives, are preliminarily barred and enjoined from organizing or soliciting the participation of any

Settlement Class Members (who have not timely excluded themselves from the Settlement Classes) into a separate class or group for purposes of pursuing a putative class action in any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, based on, arising out of, or relating to the claims, causes of action, facts, and/or circumstances alleged in the Action and/or the Class Released Claims, including the ETF-Related Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this Action.

19. The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the Escrow Account are segregated from other assets of ATTM, the transferor of the payment to the Common Fund.

20. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and

proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

_____
JOSE L. LINARES, U.S.D.J.