**NOT FOR PUBLICATION**                                          **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, et al.,<br><br>Defendants. | Civil Action No.: 07-5325 (JLL)<br><br><br>**ORDER** |

For the reasons set forth in the Court's corresponding Opinion dated January 15, 2010,

**IT IS** on this **15th day of January, 2010,**

**ORDERED** that the proposed settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); and it is further

**ORDERED** that final approval is hereby granted to the Settlement Agreement that was preliminarily approved on December 8, 2008, as the settlement is fair and reasonable and satisfies the multi-factor balancing test laid out by Girsh v. Jepson, 521 F.3d 153, 157 (3d Cir. 1975); and it is further

**ORDERED** that the motion by Class Counsel for an award of attorneys' fees and expenses [Docket Entry No. 383] is **granted in part and denied in part.** Attorneys' fees in the amount of **$5,775,000** are hereby awarded to Class Counsel. Such fee award is subject to reduction by any out-of-pocket litigation expenses which are (or may be) granted by the Court. Class Counsel's request

for out-of-pocket litigation expenses in the amount of **$169,518.43** is hereby granted. The request by Class Counsel for additional expenses is **hereby denied without prejudice**. The following firms: (1) Carey & Danis, (2) Lief, Cabraser, (3) Foley Bezek, (4) Aria Ozzello, and (5) Jacqueline Mottek may submit supplemental declarations to the Court by **Wednesday, February 10, 2010** setting forth: (a) the specific types and/or categories of out-of-pocket costs comprising the total expenses requested, and (b) a short summary explaining the basis on which such expenses were reasonably necessary to the prosecution of the Larson matter; and it is further

**ORDERED** that the motion by the Bursor Group[1] for an award of attorneys' fees and expenses associated with their representation of the Galleguillos Objectors [Docket Entry No. 385] is **granted in part and denied in part.** Attorneys' fees in the amount of **$27,696.90** to Bramson, Plutzik, Mahler & Birkaueser, **$98,844.90** to Law Offices of Scott Bursor, and **$63,779.10** to Faruqi & Faruqui are hereby awarded. Out-of-pocket litigation expenses in the amount of **$3,805.57** to Bramson, Plutzik, Mahler & Birkaueser, **$575.68** to Law Offices of Scott Bursor, and **$3,348.40** to Faruqi & Faruqui are also awarded; and it is further

**ORDERED** that the motion by Lite DePalma for an award of attorneys' fees and expenses associated with their representation of the Galleguillos Objectors [Docket Entry No. 381] is **granted in part and denied in part.** Attorneys' fees in the amount of **$63,779.10** and expenses in the amount of **$860.90** are hereby awarded to Lite DePalma; and it is further

---

[1] The "Bursor Group" is comprised of: (1) Law Offices of Scott Bursor, (2) Faruqi & Faruqui, and (3) Bramson, Plutzik, Mahler & Birkhaeuser, LLP.

**ORDERED** that the motion by the Plutzik Group[2] for an award of attorneys' fees and expenses associated with their work on the Ayyad, Robertson, Molfetas and Lee matters [Docket Entry No. 386] is **granted in part and denied in part.** Attorneys' fees in the amount of **$565,950** are hereby awarded to the Plutzik Group. Members of the Plutzik Group shall submit supplemental declarations to Class Counsel clearly listing the number of hours and lodestar specifically associated with their work on behalf of the California Subscriber Action on or before **Wednesday, February 10, 2010.** Class Counsel shall then determine the most reasonable method of allocating the $565,950 fee award among the various firms comprising the Plutzik Group and advise the Court accordingly. The request for reimbursement of out-of-pocket litigation expenses by members of the Plutzik Group is **denied without prejudice**. Members of the Plutzik Group may submit supplemental declarations to the Court by **Wednesday, February 10, 2010** setting forth the specific types and/or categories of expenses associated with their work done solely on behalf of the California Subscriber Action; and it is further

**ORDERED** that Class Counsel is vested with the discretion to distribute the remainder of the fee award to those attorneys who assisted in creation of the present settlement fund; and it is further

**ORDERED** that Class Counsel and Sprint shall implement the Settlement Agreement in accordance with its terms and with the holdings set forth in this Opinion and Order; and it is further

---

[2] The "Plutzik Group" is comprised of: (1) Bramson, Plutzik, Mahler & Birkhaeuser, LLP, (2) Law Offices of Scott Bursor, (3) Franklin & Franklin, (4) Faruqi & Faruqi, LLP, (5) Gilman and Pastor, LLP, (6) Law Offices of Anthony A. Ferrigno, (7) Reich Radcliffe & Kuttler, LLP, (8) Law Offices of Carl Hilliard, (9) Mager & Goldstein, (10) Law Offices of Joshua P. Davis, and (11) Cuneo Gilbert & LaDuca, LLP.

**ORDERED** that the file in this matter is hereby **CLOSED**.

_____
Jose L. Linares
UNITED STATES DISTRICT JUDGE