**PINILISHALPERN, LLP**
William J. Pinilis
160 Morris Street
Morristown, NJ  07960
Telephone: (973) 401-1111
Facsimile:  (973) 401-1114
wpinilis@consumerfraudlawyer.com

**LAW OFFICES OF ANTHONY A. FERRIGNO**
Anthony A. Ferrigno
1116 Ingleside Avenue
Athens, TN 37303
(423) 744-4041 (tel.)
(925) 945-8792 (fax)
A-trust-fraudlaw@msn.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW YORK NEW JERSEY

_____

JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB, and WILLIE DAVIS, individually and on behalf of all others similarly situated,

                Plaintiffs,

v.

AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL AND NEXTEL FINANCE COMPANY

                Defendants,
_____

Civ. Act. No. 07-5325 (JLL)

**SUPPLEMENTAL DECLARATION OF ANTHONY A. FERRIGNO AS MEMBER OF "PLUTZIK GROUP" CALIFORNIA COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES IN RESPONSE TO THE COURT'S ORDER OF JANUARY 15, 2010**

## DECLARATION OF ANTHONY A. FERRIGNO IN SUPPORT OF APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

I, Anthony A. Ferrigno, declare as follows:

1. I am a member of the State Bar of California and have been a member of the State Bar of California continuously since 1974. I am sole owner of the Law Offices of Anthony A. Ferrigno, one of the law firms serving as counsel (part of the "Plutzik Group") for plaintiffs in California litigation against all the defendant carriers in the cell phone ETF cases, including defendant Sprint Spectrum L.P. ("Sprint"). I have personal knowledge of the statements contained in this Declaration, and if called to testify, I could and would testify competently to them. I am submitting this Declaration on behalf of the Law Offices of Anthony A. Ferrigno and Anthony A. Ferrigno in support of an application for an award of attorney's fees and costs in connection with class action litigation against Defendant Sprint. This Declaration restates the lodestar total of hours with regard to the Sprint subscriber class that I provided in my Declaration dated March 3, 2009 and is made in response to the Court's January 15, 2010 order in this case.

2. I have made many contributions to the prosecution of the coordinated cases in California on behalf of the various classes. First, while I am not one of three members of the plaintiffs' executive committee which is involved in the day to day management of the prosecution of these coordinated cases against the various defendants on behalf of the various classes, I participated in many of their meetings as a proxy on behalf of J. David Franklin when he was not available. The executive committee made the decisions with respect to how these coordinated cases would be prosecuted. For example, whether or not to file a demurrer or a motion for judgment on the pleadings requires a decision by the executive committee. In order to fulfill my duties, as from time to time, a member of the executive committee, and at those

times especially, I was required to review all pertinent documents filed in these coordinated cases by the defendants, and to review legal documents that were to be filed by the plaintiffs before in fact filed.  I then participated in meetings of the executive committee either by telephone, email or in person.  In addition to that work, I participated in extensive law and motion work and discovery and, especially early on in the case, in meeting and conferring and working  on the written discovery and motions to compel, including securing Defendant's documents.  I attended many case management conferences and depositions and I was involved in presenting oral argument.

   3. Since the inception in 2003 in California of coordinated cases against all of the wireless telephone companies alleging that their respective early termination fees were unlawful liquidated damages, I have expended 1848 professional hours to the prosecution of these coordinated cases.  However, of that, 304.9 of those hours are attributable in whole or in part to the case against the Sprint subscriber class. I have allocated my individual time to arrive at those hours so ascribed.  My individual time records are voluminous and I have not attached them, especially as this Declaration is being e-filed and e-served, however, I will make them available to the Court if required.

   4. The manner in which I carried out the allocation of my hours to derive the total hours of my time spent on the Sprint subscriber class is as follows:

  a.) On tasks I performed that applied to all defendants in the California ETF litigation, such as, for example, Case Management Conferences, I ascribed one eighth of those hours to Sprint;

  b.) Where the task involved work applicable only to Defendant Sprint, like preparing, for example, Sprint only discovery or discovery responses, I ascribed those hours to Sprint only;

  c.) Thereafter, I allocated out, subtracted from those total Sprint hours, those hours spent on the Sprint payer class tasks;

  d.) What remained for purposes of this application was the fee request based upon my

3

lodestar regarding the hours of work I performed limited to the Sprint subscriber class.

Thus, my time that related to the multiple cases in the coordinated ETF proceeding has been appropriately allocated between and among the various Defendant cases and then further allocated to the Sprint subscriber class only, as required by the Court for the entire time period. I did so in order to arrive at the total hours of work I performed regarding Sprint's subscriber class so I could calculate my lodestar as set forth below, upon which I have applied for the award of fees as to the Defendant Sprint, as to its subscriber class only.

5. My hourly rate based upon over 35 years of experience, most of which has involved complex litigation, is $575 per hour. Based upon talking to other attorneys of comparable experience, and based upon the review of certain writings concerning the amount of attorneys' fees charged, it is my opinion that $575 per hour is in fact the reasonable value of my services on an hourly basis for work done in Northern California.

6. My claim for fees regarding the Sprint subscriber class is based upon a lodestar calculated as follows: $575.00/hour x 304.9 hours for a total of $175,317.50.

7. I make no claim for reimbursement of costs in this case, but rather reserve my claim for costs to the *Ayyad* case in which we obtained a judgment against defendant Sprint on behalf of the Sprint payer class.

I declare under penalty and perjury under the laws of the State of California and the Untied States of America that the foregoing is true and correct.

Executed on February 3, 2010 at Athens, McMinn County, Tennessee.

_____
Anthony A. Ferrigno, Declarant

4