J. David Franklin, Esq. (SBN 41659)
FRANKLIN & FRANKLIN
550 West C Street, Suite 950
San Diego, CA 92101
Tel: (619) 239-6300
Fax: (619) 239-6369

Attorney for California Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, et al.,<br><br>Defendants. | Civil Action No: 07-5325(JLL)<br><br>SUPPLEMENTAL DECLARATION OF J. DAVID FRANKLIN RE APPLICATION FOR AN AWARD OF ATTORNEY'S FEES SUBMITTED PURSUANT TO THE COURT'S ORDER FILED JANUARY 15, 2010 |

I, J. David Franklin, declare as follows:

1. My law firm is one of the law firms designated by the Court as a member of the Plutzik Group. Pursuant to the Order of the Court filed January 15, 2010, each member of the Plutzik Group is to submit supplemental declarations to Class Counsel "clearly listing the number of hours and lodestar specifically associated with their work on behalf of the California Subscriber Action on or before Wednesday, February 10, 2010."

2. On February 26, 2009, I executed a declaration in support of my application for an

1

award of attorneys' fees/costs in this case. Attached hereto as Exhibit A and incorporated herein by reference is a copy of that declaration. Attached as Exhibits A, B and C to my initial declaration were my actual time records relating to work done in the California Early Termination Fee case. Therefore, I have already provided to the Court and to Class Counsel my actual time records listing the number of hours and lodestar associated with my work on behalf of the California Subscriber Action. My total lodestar, based upon an hourly rate of $520 per hour is $601,172.00.

3. Since Class Counsel already has a copy of Exhibits A, B and C to my original declaration in support of an award of attorney's fees, I have not attached those voluminous exhibits to Exhibit A to this declaration.

4. In my original declaration submitted to the court and Class Counsel, I made no claim for reimbursement of expenses/costs in this case. Likewise, in this declaration I make no claim for reimbursement of expenses/costs in this case. I will request reimbursement of my costs in California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 5, 2010, at San Diego, California.

J. DAVID FRANKLIN

# DECLARATION OF J. DAVID FRANKLIN IN SUPPORT OF APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

I, J. David Franklin, declare as follows:

1. I am a member of the State Bar of California and have been a member of the State Bar of California continuously since January 5, 1968. I am sole owner of the law firm Franklin & Franklin, one of the law firms serving as counsel for plaintiffs in California litigation against defendant Nextel Communications, and defendant Sprint Spectrum L.P. I have personal knowledge of the statements contained in this declaration, and if called to testify, I could and would testify competently to them. I am submitting this declaration on behalf of the law firm of Franklin & Franklin in support of an application for an award of attorney's fees and costs in connection with class action litigation against defendants Sprint and Nextel Communications.

2. Since the inception in 2003 in California of coordinated cases against all of the wireless telephone companies alleging that their respective early termination fees were unlawful liquidated damages, I have expended 4,294.95 professional hours to the prosecution of these coordinated cases. However, only 255.45 hours are attributable in whole or in part to the case against the Sprint subscriber class, and only 900.65 hours are attributable in whole or in part to the case against the Nextel payer class. I have broken down my individual time records into three different categories. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of my individual time records with respect to time devoted solely to the case against defendant Nextel on behalf of the Nextel payer class. Attached hereto as Exhibit B and incorporated herein by reference is a true and correct copy of my individual time records that relate to work done relating only to defendant Sprint on behalf of the Sprint

EXHIBIT A

subscriber class. Attached hereto as Exhibit C and incorporated herein by reference is a true and correct copy of my individual time records for work done generally in these cases, relating to most of the defendants. In order to divide the amount of those hours in Exhibit C attributable to the case against defendant Nextel on behalf of the Nextel payer class, I divided the total hours by 4. Thus, the time that related to the multiple cases in this coordinated proceeding has been appropriately allocated between and among the various cases in this proceeding to which it relates in order to arrive at a total hours of work performed regarding the case against defendant Nextel on behalf of the Nextel payer class.

3. With respect to Exhibit A to this declaration, there are 293.9 hours that I worked that are applicable to defendant Nextel on behalf of the Nextel payer class only. With respect to Exhibit B to this declaration, there is a total of 255.45 hours worked relating to defendant Sprint on behalf of the Sprint subscriber class. With respect to Exhibit C to this declaration, involving time generally spent on the coordinated cases, including such things as Case Management Conferences, I expended 2424.3 hours of work. In order to allocate the amount of time attributable to defendant Nextel on behalf of Nextel payer class, I divided that figure by 4, and arrived at 606.75 hours.

4. My hourly rate based upon over 41 years of experience, most of which has involved complex litigation, is $520.00 per hour. Based upon talking to other attorneys of comparable experience, and based upon the review of certain writings concerning the amount of attorney's fees charged, it is my opinion that $520.00 per hour is in fact the reasonable value of my services on an hourly basis for work done in Northern California. Therefore, with respect to Exhibit A to this declaration, my Lodestar for time attributable

$152,828.00. With respect to Exhibit B, the time spent regarding defendant Sprint on behalf of the Sprint subscriber class, I multiplied $520.00 times 255.45 hours to arrive at a Lodestar of $132.834.00. With respect to Exhibit C, I multiplied $520.00 per hour times 606.75 hours, the time allocated to this case against defendant Nextel, to arrive at a Lodestar amount of $315,510.00. Therefore, my total Lodestar, based on an hourly rate of $520.00 per hour, is $468,338 as to defendant Nextel, and $132.834.00 as to defendant Sprint.

   5. I have made many contributions to the prosecution of the coordinated cases in California on behalf of the various classes. First of all, I am one of three members of the plaintiffs' executive committee which is involved in the day-to-day management of the prosecution of these coordinated cases against the various defendants on behalf of the various classes. The executive committee made the decision with respect to how these coordinated cases would be prosecuted. For example, whether or not to file a demurrer or a motion for judgment on the pleadings requires a decision by the executive committee. In order to fulfill my duties as a member of the executive committee, I was required to review all documents filed in these coordinated cases by the defendants, and to review legal documents that were to be filed by the plaintiffs before they were in fact filed. I was required to participate in meetings of the executive committee either by telephone, email or in person. In addition to my work as one of the three members of the plaintiffs' executive committee, I was also heavily involved in doing legal research and writing of demurrers and motions for judgment on the pleadings. I was specifically tasked for doing the legal research and the writing of plaintiffs'

defendants to the cross-complaints of Sprint. In addition, I was tasked with doing the legal research and writing of motions for judgment on the pleadings as it related to the affirmative defense of federal preemption and the affirmative defense of set-off. I was also heavily involved in appellate work with respect to the coordinated cases. In particular, I was heavily involved in the legal research and writing of plaintiffs' appellate briefs with respect to our appeal of the court's denial of class certification as it related to the current subscriber class. As a member of the executive committee, I attended most Case Management Conferences and I was also involved in presenting oral argument with respect to many matters, including demurrers, motions for judgment on the pleadings, and oral argument in the court of appeal.

6. I make no claim for reimbursement of costs in this case, but rather reserve my claim for costs to the *Ayyad* case in which we obtained a judgment against defendant Sprint on behalf of the Sprint payer class.

I declare under penalty and perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 26, 2009 at San Diego, California.

_____
J. David Franklin