Debora Goldstein
3715 Oceanic Avenue
Brooklyn, NY 11224
(718) 336-9096

RECEIVED
FEB 11 2010
AT 8:30_____M
WILLIAM T WALSH, CLERK

February 7, 2010

Clerk of the Court
U.S. District Court for the District of New Jersey
50 Walnut Street Newark, NJ 07101

Re: Hall, et al. v. AT&T Mobility LLC, et al., Case No. 07-05325 (JLL) (U.S. District Court, D.N.J.); Sasik. et al. v. AT&T Wireless Services, Inc., Case No. 2:05-CV-2346-ABC (CWx) (U.S. District Court, C.D. Cal.); Waldmann, et al. v. Cingular Wireless LLC, Case No. 2:07-CV-05087-ABC (CWx) (U.S. District Court, C.D. Cal.); Dias, et al. v. AT&T Wireless Services, Inc., et al., No. BC316195 (Calif. Super. Ct., L.A. County); Kinkel v. Cingular Wireless LLC, AAA WIA No. 11 494 02646 06 (American Arbitration Association Arbitration); Cherrigan et al. v. AT&T Wireless Services, et al., JCCP 4332 (Calif. Super. Ct., Alameda County); Ayyad, et al. v. Cingular Wireless LLC, et al., JCCP 4332 (Calif. Super. Ct., Alameda County); and Graber v. AT&T Wireless PCS, LLC, et al., Case No. 50 2004CA004650MB(AI) (Florida Circuit Ct., Palm Beach County).

Dear Claims Administrator,

My information is as follows:

> Debora Goldstein
> 3715 Oceanic Avenue #2
> Brooklyn, NY 11224-1221
> Cingular/AT&T Account# 512026144390
> Plan Start: March 2006 (Two-Year Agreement)

I AM REQUESTING THAT I BE EXCLUDED FROM THE SETTLEMENT CLASS.

Though eligible to be included for having an ETF in a Cingular agreement during the appropriate time frame, I would like to be excluded. At no time was I charged an ETF, nor did the presence of an ETF in the original agreement (and possible subsequent billing periods under the original contract terms) prevent me at any time from opting to change carriers.

I have been a continuous customer of Cingular (and subsequently AT&T) from March 2006 to the present. I have received excellent phone service, excellent customer service, and fair and good value for my money. I do not consider myself to have been damaged in any way by the defendant (and its predecessor) and would prefer that the suit had been better targeted so as not to extract value from the company on behalf of individuals who were not damaged by the ETF.

That said, I wish to go on record that I do believe that the ETF term in the contracts constituted deplorable business practice (if not illegal) and hope that the settlement properly makes restitution to individuals who were harmed.

I also wish to go on record as stating that the non-cash benefits agreed upon by the parties are nonsensical as a remedy. Individuals who have cell phones have little use for long-distance calling cards. A far better solution would be to enjoin the defendant from creating lengthy contract terms for existing customers who renew. The carrier's practices on the whole would be improved if customer loyalty were earned through service and not guaranteed by lengthy contract terms.

To reiterate, I AM REQUESTING THAT I BE EXCLUDED FROM THE SETTLEMENT CLASS

If there are any questions concerning my records for this account, or need for further information, please contact me using the information provided.

Respectfully,

*[signature: Debora Goldstein]*

Debora Goldstein

cc: Brian R. Strange, Strange & Carpenter 12100 Wilshire Blvd., Suite 1900 Los Angeles, CA 90025
James E. Cecchi, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein 5 Becker Farm Rd Roseland, NJ 07068
Andrew B. Joseph Drinker Biddle & Reath LLP 500 Campus Drive Florham Park, NJ 07932
AT&T Mobility ETF Settlement Claims Administrator c/o Rust Consulting P.O. Box 2266 Faribault, MN 55021-2386

Debora Goldstein
3715 Oceanic Ave #2
Brooklyn, NY 11224-1221

Kirkland's Warbler – Endangered

STAMFORD CT 069
08 FEB 2010 PM 2 5 L

Clerk of the Court
U.S. District Court for the District of New Jersey
50 Walnut Street Newark, NJ 07101

