## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB and WILLIE DAVIS, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL

Defendants.

Civil Action No. 07-5325 (JLL)

**FINAL JUDGMENT**

1.      Sprint Nextel and the Class Representatives reached a settlement (the "Settlement").  The Parties have submitted a detailed written Stipulation and Settlement Agreement (the "Agreement") together with numerous exhibits and proposed orders.  To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Agreement.  The Court gave its preliminary approval of the Settlement on December 5, 2008 (the "Preliminary Approval Order").  The Court directed the parties to provide notice of the proposed Settlement by Invoice Notice, Publication Notice and via the internet for a final fairness hearing that was initially conducted on March 12, 13, 16 and 17.  Pursuant to Court order, additional notice was provided through an Amended Notice Plan and the final fairness hearing was continued and concluded on October 21, 2009 (the "Fairness Hearing").

2.      This Court conducted the Fairness hearing to determine whether the proposed Settlement is fair, reasonable and adequate and whether the Settlement set forth in the Agreement executed by the Parties should be approved in final by this Court.  Carella, Byrne,

Bain, Gilfillan, Cecchi, Stewart & Olstein, Freed & Weiss and Seeger Weiss appeared for the

Plaintiffs and the Settlement Class. Kelley, Drye & Warren LLP and Quinn Emanuel Urquhart

Oliver & Hedges appeared for defendants Sprint Nextel. Fourteen objections were filed with

respect to the proposed Settlement, and six sets of Settlement Class Members appeared at the

hearing to contest the Settlement.

3.    After reviewing the pleadings and evidence filed in support of the request for final

approval of the Settlement and hearing the attorneys for the Parties, and any objectors, the Court

finds, for the reasons set forth in the Court's Opinion dated January 15, 2010 [Docket Entry 438]

IT IS THIS *16th* day of ~~January~~ *February*, 2010

ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

4.    This Final Approval Order and Judgment incorporates and makes part hereof the

Agreement and all Exhibits thereto and the contents of the January 15, 2010 Order [Docket Entry

437].

5.    The Court has personal jurisdiction over all Settlement Class Members and Sprint,

Nextel, and the Court has subject matter jurisdiction to approve the Agreement and all Exhibits

thereto.

6.    Based upon the record before the Court, including all submissions in support of

the Class Settlement set forth in the Agreement, objections and responses there, as well as the

Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement

Class") for settlement purposes only:

> All persons in the United States who are or were parties to a
> personal fixed-term subscriber agreement for a Sprint Nextel
> Wireless Service Account for personal or mixed business/personal
> use, whether on the Sprint CDMA network or Nextel iDen
> network, or both, **excluding accounts** for which the responsible
> party for the Wireless Service Account is a business, corporation

> or a governmental entity, entered into between July 1, 1999 and
> December 31, 2008 and whose claims relate in any way to an Early
> Termination Fee or use of an Early Termination Fee in a fixed-
> term subscriber agreement, and/or use or propriety of a fixed-term
> subscriber agreement whether the term was for the initial fixed-
> term subscriber agreement or subsequent extensions or renewals to
> the fixed-term subscriber agreement for whatever reason and/or
> who were charged by or paid an Early Termination Fee to Sprint
> Nextel, excluding only the *Ayyad* Class Claims and Persons whose
> right to sue Sprint Nextel as a Settlement Class Member is
> otherwise barred by a prior settlement agreement and/or prior final
> adjudication on the merits. The Settlement Class includes Persons
> who were subject to an ETF, whether or not they paid any portion
> of the ETF either to Sprint Nextel or to any outside collection
> agency or at all, and includes persons who are prosecuting
> excluded claims to the extent such persons have claims other than
> those expressly excluded.

In so holding, the Court finds that the prerequisites of Fed.R.Civ. P. 23(a) & (b)(3) have been

satisfied for certification of the nationwide Settlement Class for settlement purposes because:

Settlement Class Members, numbering in the millions, are so numerous that joinder of all

members is impracticable; there are questions of law and fact common to the Settlement Class;

the claims and defenses of the Class Representatives are typical of the claims and defenses of the

Settlement Class Members they represent; the Class Representatives have fairly and adequately

protected the interests of the Settlement Class with regard to the claims of the Settlement Class

they represent; the common questions of law and fact predominate over questions affecting only

individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to

warrant a nationwide class settlement; and the certification of the Settlement Class is superior to

individual litigation and/or settlement as a method for the fair and efficient resolution of this

matter.   In making all of the foregoing findings, the Court has exercised its discretion in

certifying the Settlement Class, based, *inter alia*, upon the Court's familiarity with the claims

and parties in this case, the interests of the various constituent groups, and the negotiation

process overseen by Mediator Nicholas H. Politan.

3

7.     The Court further finds with respect to entry of the Prospective Relief that the Settlement Class should be certified pursuant to Fed.R.Civ.P. 23(b)(2) because Sprint Nextel has acted or refused to act on grounds that apply generally to the Settlement Class, so that injunctive or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

8.     The Agreement and proposed Settlement were reached after arm's-length negotiations between the Parties.  The Agreement and the proposed Settlement are fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of each of the Parties and the Settlement Class Members.

9.     The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10.     The Notice and the notice methodology implemented pursuant to the Agreement and the Amended Notice Plan (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class; their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States

4

Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11.     The terms of the Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12.     As set forth in the Agreement and by operation of law, and incorporated by reference hereto, the terms of the Agreement and this Final Approval Order and Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to Sprint Nextel's fixed ETF charges.

13.     The Parties and their counsel are ordered to implement and to consummate the Agreement according to its terms and provisions.

14.     All claims against Sprint Nextel in this case, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

15.     The releases set forth in Article VI of the Agreement are incorporated by reference and provides, *inter alia*, that for and in consideration of the Cash Benefits, Non-Cash Benefits, Prospective Relief and Sprint Nextel Released Claims and the mutual promises contained in the Agreement, Plaintiffs and the Settlement Class Members, on behalf of

themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives, fully and finally release, as of the date Final Approval Order becomes Final, Sprint Nextel from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Class Released Claims. The Class Released Claims include, without limitation, all claims relating to Sprint Nextel's fixed ETF charges.

16.     The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Agreement.

17.     The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees and reimbursement of costs and expenses in the amount of $5,755,000.  In addition, the Court makes an Incentive Award for the Class Representatives in the amount of $3,000 for each Class Representative.

18.     The Court further approves the establishment of the Common Fund as set forth in the Agreement and the Escrow Agreement submitted by the Parties.

19.     The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)     The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

6

(b)    The Escrow Account is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

(c)    The Assets of the Escrow Account are segregated from other assets of Sprint Nextel, the transferor of payments to the Settlement Fund, and from the assets of persons related to Sprint Nextel.

20.    Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)    The Escrow Account met the requirements of Paragraph 19 of this Order prior to the date of this Order approving the establishment of the Common Fund subject to the continued jurisdiction of this Court; and

(b)    Sprint Nextel and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of Paragraphs 13(b) and 13(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 13 of this Order are met.  If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

21.    Nothing in this Final Approval Order and Judgment, the Class Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Sprint Nextel.

7

22.     In the event that the Class Settlement does not become effective according to the terms of the Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

23.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Extension), shall commence, continue, or prosecute any action or proceeding against any or all Sprint-Nextel Released Parties in any court or tribunal asserting any of the Class Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

24.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 12,13, 14 and 16 above.

25.     In accordance with Fed.R.Civ.P. 54(b), there being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.


JOSE L. LINARES, U.S.D.J.

8