Joseph A. Boyle
Geoffrey W. Castello
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Dominic Surprenant
A. Brooks Gresham
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
(213) 443-3000

Attorneys for Defendants
Sprint Nextel Corporation
Sprint Spectrum L.P. d/b/a Sprint Nextel
and Nextel Finance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB and WILLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL and NEXTEL FINANCE COMPANY,<br><br>Defendants. | No. 2:07-cv-05325-JLL-ES<br><br><br><br>**DECLARATION OF JOSEPH A. BOYLE** |

Joseph A. Boyle declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am an attorney at law duly authorized to practice before the court of the State of New Jersey and this Court and a member of the law firm of Kelley Drye & Warren LLP. I submit this declaration in support of Sprint Nextel's Order to Show Cause seeking an order of contempt against certain Settlement Class Members and certain counsel who have aided and abetted that contempt as well as for an order under the All Writs Act staying any further prosecution of Class Released Claims in the California Subscriber Class matter under the caption *In re Cellphone Termination Fee Cases*, JCCP 4332 (Alameda County Superior Court, State of California) (the "Subscriber Class Case").[1]

2. After a contested All Writs Act proceeding that concluded with a lengthy hearing before this Court on January 15, 2009, this Court issued an Order filed on January 16, 2009 and bearing Document No. 139, temporarily enjoining Subscriber Class Counsel from any further prosecution of its claims in the California State Court. A copy of that Order is annexed hereto as Exhibit A. A copy of the transcript of the January 15, 2009 hearing is annexed hereto as Exhibit B. That stay remained in effect through the time that this Court issued its Order

---

[1] Unless otherwise defined herein, defined terms in this Declaration shall have the same meaning as the defined terms in the Stipulation and Settlement Agreement filed December 3, 2008 and bearing Document No. 84-2.

1

(Doc. No. 437) and Opinion (Doc. No. 438) on January 15, 2010 approving the Settlement in this matter.

3. On February 5, 2010, Class Counsel submitted a proposed final judgment (Doc. No. 454) containing paragraph 23, which sought a permanent injunction enjoining non-opting out Settlement Class Members from either directly, representatively, or in any other capacity commencing, continuing, or prosecuting any action or proceeding against any or all Sprint Nextel released parties asserting any of the Class Released Claims. Class Released Claims included any "injunction claims" and specifically included all Related Claims that are based on, or arise out of, ETF-related claims. Document No. 84-2 at 7-9. Listed as related claims in the Settlement Agreement are the "*In re Cellphone Termination Fee Cases*, JCCP 4332 (Alameda County Superior Court, State of California) (the "California Court") (excluding the *Ayyad* Class Claims)." Settlement Agreement, Document No. 84-2 at 17.

4. On February 12, 2010, the undersigned submitted a letter, (Doc. No. 462), to the Court requesting that, in light of an application for a temporary restraining order filed by Subscriber Class Plaintiffs and non-opting out Settlement Class Members Ramzy Ayyad and Jeweldean Hull, and their counsel, Alan R. Plutzik, Esq., L. Timothy Fisher, Esq. and Bramson, Plutzik, Mahler & Birkhauser, LLP; Jacqueline E. Mottek, Esq and Positive Legal Group, LLP; J. David Franklin, Esq. and Franklin & Franklin; Scott A. Bursor, Esq., and the Law Office of Scott

A. Bursor, attempting to enjoin Sprint from collecting flat rate EFTs filed by Subscriber Class Counsel in *In re Cellphone Termination Fee Cases* (the "Renewed TRO Application"), that the Court enter the Final Judgment as soon as possible. A copy of that letter is annexed hereto as Exhibit C.

      5.    On February 16, 2010, this Court entered the Final Judgment (Doc. No. 470) with the permanent injunction set forth above. A copy of the Final Judgment is annexed hereto as Exhibit D.

      6.    The named plaintiffs in the Subscriber Class Case are Ramzy Ayyad, Jeweldean Hull and Catherine Zill. *See* Exhibit E. According to Gilardi & Co., the Settlement Administrator, Catherine Zill opted out on October 7, 2009. Mr. Ayyad and Ms. Hull have not opted-out.

      7.    On February 17, 2010, counsel for Sprint Nextel sent an e-mail to Messrs. Bursor, Plutzik, Franklin, Fisher and Ms. Mottek, all Subscriber Class Counsel members whose names appeared on the filings relating to the Renewed TRO Application. That e-mail requested that these attorneys "please confirm at [their] earliest convenience that you, and each of you [Messrs. Bursor, Plutzik, Franklin, Fisher and Ms. Mottek], will promptly withdraw plaintiffs' Renewed Application for An Order To Show Cause And Temporary Restraining Order filed in <u>Cellphone Termination Fee Cases</u> on February 11, 2010, which is set for hearing before Judge Smith on March 5, 2010." A copy of that e-mail is annexed hereto as Exhibit F.

8.  To date, no response to that e-mail has been received. Despite the fact that the Renewed TRO Application remained pending in the California Court even after this Court's entry of a permanent injunction and despite the fact that these counsel ignored a request to withdraw the application, Sprint Nextel did not seek an order of contempt or an All Writs Act injunction from this Court until after March 1, 2010, the date upon which a subsequent filing in support of the Renewed TRO Application was due in the California Subscriber Class Case. No such filing was made and on the evening of March 1, 2010 counsel for Sprint Nextel sent an additional e-mail requesting confirmation that the application would be withdraw. A copy of that email is annexed hereto as Exhibit G.

9.  Only Ms. Mottek responded. A copy of Ms. Mottek's e-mail is annexed hereto as Exhibit H.

10. I have been advised that the Renewed TRO Application is still pending in the California Court.

I declare under penalty of perjury that the foregoing statements are true and correct and acknowledge that if they are willfully false I am subject to punishment under penalty of perjury.

Dated: March 3, 2010                     *s/Joseph A. Boyle*
                                                                 Joseph A. Boyle