# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

NEW YORK, NY
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

200 KIMBALL DRIVE

PARSIPPANY, NEW JERSEY 07054

(973) 503-5900

FACSIMILE
(973) 503-5950
www.kelleydrye.com

DIRECT LINE: (973) 503-5920
EMAIL: jboyle@kelleydrye.com

March 4, 2010

**VIA E-MAIL & ECF**

Hon. Jose L. Linares, U.S.D.J.
United States District Court for the
  District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street, Room 2042
Newark, New Jersey  07101

> Re:  *Larson, et al. v. AT&T Mobility LLC f/k/a*
>      *Cingular Wireless LLC, et. al.*
>      Civ. No.:  07-5325 (JLL)

Dear Judge Linares:

    This firm represents the Sprint Nextel defendants in the above-referenced matter. We received permission from Your Honor's law clerk, Michael Innes, this evening to submit this letter to chambers by e-mail.  It is also being filed via ECF.  As we advised Your Honor earlier today, the Sprint Defendants filed via ECF an order to show cause seeking a request for emergent relief to:  (i) enjoin a March 5, 2010 Temporary Restraining Order hearing (the "TRO Hearing") filed by class representatives in the action entitled *In re Cellphone Termination Fee Cases*, JCCP 4332 (the "Subscriber Class Case") currently scheduled before Judge Winifred Smith in the Alameda County Superior Court, State of California (the "California Court"); (ii) stay the Subscriber Class Case pending before Judge Smith (and specifically the TRO Hearing); and (iii) set a schedule for a contempt hearing against certain Settlement Class Members and their counsel.

    Judge Smith issued a "[TENTATIVE] ORDER (1) GRANTING MOTION OF SPRINT TO DISMISS THE SPRINT SUBSCRIBER AND NEXTEL ETF CASES; (2) DENYING MOTION OF PLAINTIFFS FOR TRO; AND (3) ADDRESSING CMC ISSUES." (the "Tentative Order").  A copy of the Tentative Order is attached hereto as Exhibit A.  The Tentative Order, if adopted, would resolve all of the Sprint Nextel defendants' immediate concerns with respect to the Renewed TRO Application.  *See* Tentative Order at 4 ("[t]he motion of Plaintiffs for a temporary restraining order is DENIED").  The Final Judgment, however,

**KELLEY DRYE & WARREN LLP**

Hon. Jose L. Linares, U.S.D.J.
March 4, 2010
Page Two

should have concluded the continuation of the Renewed TRO Application. Unfortunately, none of the plaintiffs' counsel involved in the Renewed TRO Application have agreed to withdraw that application.[1] As of this evening, we do not know if the Tentative Order will be adopted. Accordingly, until Judge Smith rules, her tentative order is just that, tentative. There is no guarantee that the Tentative Order will be Judge Smith's ultimate ruling on the Renewed TRO Application.

The current posture of the Renewed TRO Application puts the Sprint Nextel defendants in a difficult position. If the Renewed TRO Application is not withdrawn or enjoined, it could imperil the Settlement in this matter. Accordingly, if Judge Smith adopts a different order, other than the Tentative Order, we respectfully request that Your Honor schedule an emergent hearing at the Court's earliest convenience tomorrow afternoon. The hearing on the Renewed TRO Application is currently scheduled for 9:30 a.m. (PST). If Your Honor can schedule the emergent hearing for 2:00 p.m. (EST), we should know by then whether the emergent hearing will be necessary. In the event that Judge Smith adopts the Tenative Order, we will immediately advise Your Honor that the emergent hearing is not necessary.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*s/ Joseph A. Boyle*

Joseph A. Boyle

JAB:mc
Encls.

cc:   All Counsel (via ECF)

---

[1]   As we advised Your Honor earlier today, the Sprint Nextel defendants served Subscriber Class Plaintiffs Ramzy Ayyad and Jeweldean Hull, and their counsel, Alan R. Plutzik, Esq., L. Timothy Fisher, Esq.; Bramson, Plutzik, Mahler & Birkhauser, LLP; Jacqueline E. Mottek, Esq of the Positive Legal Group, LLP; J. David Franklin, Esq. of Franklin & Franklin; Scott A. Bursor, Esq. of the Law Office of Scott A. Bursor with a copy of the documents that were filed today via ECF by e-mail yesterday.

**KELLEY DRYE & WARREN** LLP

Hon. Jose L. Linares, U.S.D.J.
March 4, 2010
Page Three


The following counsel were served with a copy of all of the Sprint Defendant's papers yesterday by e-mail and today via ECF:

Scott A. Bursor, Esq. (w/encl. via e-mail)
Alan R. Plutzik, Esq. (w/encl. via e-mail)
J. David Franklin, Esq. (w/encl. via e-mail)
L. Timothy Fisher, Esq. (w/encl. via e-mail)
Jacqueline Mottek, Esq. (w/encl. via e-mail)

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| In re: CELLPHONE TERMINATION FEE CASES | J.C.C.P. 4332<br><br>[TENTATIVE] ORDER (1) GRANTING MOTION OF SPRINT TO DISMISS THE SPRINT SUBSCRIBER AND NEXTEL ETF CASES; (2) DENYING MOTION OF PLAINTIFFS FOR TRO; AND (3) ADDRESSING CMC ISSUES.<br><br>Date: March 5, 2010<br>Time: 9:30 am<br>Dept.: 23 |

The motion of Plaintiffs to compel further responses to special interrogatories in the AWS handset locking case and CMC issues came on for hearing on March 5, 2009, in Department 23 of this Court, the Honorable Winifred Smith presiding. After consideration of the briefing and the argument, IT IS ORDERED:

**MOTION OF SPRINT TO DISMISS THE SPRINT SUBSCRIBER AND NEXTEL ETF CASES.**

The motion of Sprint to dismiss the Sprint Subscriber component of *Ayyad v. Sprint* and all components of *Robinson v. Nextel*) cases based on the res judicata (claim

1

preclusion) effect of *Larson v. Sprint Nextel Corporation*, No. 07-05325 (JLL) (D.N.J.) is GRANTED.(fn1)

<u>General principles.</u> The cases concerning the res judicata effect of a prior class action settlement fall into two categories - those concerning issues that were and those that were not considered and determined in the prior proceeding.

In approving a class action settlement, a court typically considers and determines a variety of issues. Collateral estoppel precludes a court in a subsequent action from revisiting those issues. *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 696-697 (class settlement); *Janik v. Rudy, Exelrod & Zieff* (2004) 119 Cal.App.4th 930, 943-946 (class determination, but discussing class settlement issues).

In approving a class action settlement, a court might not, however, consider and decide matters that neither party had an incentive to raise at the time or that were not discovered until after the Court's decision. Those issues can be the basis for a collateral attack on a prior class settlement. *Janik,* 119 Cal.App.4th at 930, 944 fn 3. In addition, a Court granting final approval of a class action settlement cannot determine how the claim preclusion effect of that judgment will apply to any subsequent case. That can only be tested in a second action when claim preclusion is presented as a defense. Order of 12/26/05 (Effect of *In re Wireless Tel. Servs. Antitrust Litig.* (S.D.N.Y., 2005) 385 F. Supp. 2d 403, on Sprint handset locking claims) and Order of 6/9/06 (effect of *Campbell v. AirTouch Cellular* (2006) 2006 WL 754005, on Verizon handset locking claims).

---

1 *Johnson v. GlaxoSmithKline, Inc.* (2005) 166 Cal.App.4th 1497, 1507 fn 5 (noting distinction between California and federal terminology).

Scope of *Larson* settlement. There is a final judgment in *Larson*. Sprint Oppo. Filed 2/22/10, Exh A. The *Larson* settlement includes and resolves the claims of the Sprint Subscriber class and the Nextel Payer class. *Larson* Opinion at 8 fn 7 and 14 fn 11.

Adequacy of Representation - Sprint Subscriber class. Plaintiffs assert that the Plaintiffs in *Larson* did not adequately represent the members of the Sprint Subscriber class. The Opinion in *Larson* expressly addressed this issue. *Larson* Opinion at 7-8. Under the principles of collateral estoppel this court will not revisit those issues.

Adequacy of Representation - Nextel Payer class. Plaintiffs assert that the Plaintiffs in *Larson* did not adequately represent the members of the Nextel Payer class. It does not appear that the Opinion in *Larson* expressly addressed this issue. Counsel for the Nextel Payer class in this California case did, however, appear and file objections to the proposed *Larson* settlement on behalf of members of the Nextel Payer class. Either Counsel for the Nextel Payer class in this California case did not raise concerns with adequacy at the time of the objections, in which case they are waived, or they did raise those concerns, in which case they were considered and implicitly decided by the federal judge in *Larson*.

Notice in *Larson* - interference with attorney-client relationship. This court certified the Sprint Subscriber class and the Nextel Payer class in June 2006. Orders of 6/9/06 and 4/18/08. As a result, there was an attorney-client relationship between class counsel and the members of the Sprint Subscriber class and the Nextel Payer class after June 2006. *Hernandez v. Vitamin Shoppe Industries, Inc.* (2009) 174 Cal.App.4th 1441, 1459-1461. Under California Rule of Professional Conduct 2-100(A) counsel for Sprint

3

and Nextel were precluded from communicating directly or indirectly with the class members about the subject of the lawsuit. The class notice in *Larson* was, however, approved by and sent at the direction of the federal judge and therefore was not a violation of Rule 2-100(A).

<u>Notice in *Larson* - adequacy.</u> Plaintiffs assert that the class notice in *Larson* was not adequate. The Opinion in *Larson* expressly addressed this issue. *Larson* Opinion at 9-23. Under the principles of issue preclusion (collateral estoppel) this court will not revisit those issues.

<u>Remedy.</u> This order in no way precludes the members of the Sprint Subscriber class and the Nextel Payer class from raising their concerns with the procedure and substance of the *Larson* settlement by appealing from the judgment in that case. Their remedy, however, is with the Federal Court of Appeal for the Third Circuit and is not with this court.

**MOTION OF PLAINTIFFS FOR TEMPORARY RESTRAINING ORDER.**

The motion of Plaintiffs for a temporary restraining order is DENIED. The *Larson* settlement includes and resolves the claims of the Sprint Subscriber class and the Nextel Payer class. *Larson* Opinion at 8 fn 7 and 14 fn 11. The request of Sprint for sanctions is DENIED.

///

///

///

4

**CMC ISSUES.**

    **AWS/CINGULAR.**

    ETF. There has been a nationwide settlement in *Hall v. AT&T Mobility* in federal court in New Jersey. The motion for final approval is set for 4/14/10. (Cingular CMC Stmt filed 11/9/09, Exh A.) This Court has stayed the AWS/Cingular ETF cases pending resolution of the motion in *Hall* for final approval. Order of 10/19/09 at 5:16-7:15.

    HANDSET LOCKING. This Court has preliminarily approved a nationwide settlement. The motion for final approval is set for 7/2/10.

    **T-MOBILE.**

    ETF. Case completed.

    HANDSET LOCKING. Case completed.

    **SPRINT/NEXTEL.**

    ETF – Sprint Payer class. The claims in *Ayyad* are expressly excluded from the nationwide class settlement in *Larson*. Trial court proceedings concluded and several appeals are pending. No change from CMC Order of 3/24/09. The Court of Appeal has issued a remittitur in *Ayyad v. Sprint*, A121948, which concerns the sealing of documents and states Sprint shall pay Plaintiffs' costs on appeal. Counsel are to address whether there are documents that were under seal pending resolution of the appeal that must now be unsealed or re-filed in public format. The Court will be inclined to order that any documents that were under seal pending resolution of the appeal must be re-filed in public format on or before 3/26/10.

    ETF – Sprint subscriber class. Claims dismissed per above order. Case completed.

    ETF – Nextel payer class. Claims dismissed per above order. Case completed.

1  HANDSET LOCKING.  Settled.  On 12/31/09, the Court of Appeal issued its decision
2  in *Cellphone Termination Fee Cases*, A122768.  Sprint/Nextel filed a petition for review on
3  2/11/10.  The Sprint/Nextel handset locking case has not yet been remanded to the trial court.

4  **VERIZON.**

5  ETF – Settled.  Appeal from settlement is pending.  A124048.

6  HANDSET LOCKING – Case completed.

7  **GENERAL CASE MANAGEMENT.**

8  Scheduling.  The Court currently has CMCs set for 4/2/10 and 5/7/10 as well as the
9  motion for final approval in the AWS/Cingular handset cases set for 7/2/10.  Before the CMC
10 counsel are to meet and confer regarding whether there are any outstanding issues and whether
11 any party anticipates filing any motions other than those related to settlement of the
12 AWS/Cingular handset cases.  If there is no need to have CMCs or hearings until the
13 AWS/Cingular handset settlement hearing on 7/2/10, then the Court is inclined to vacate all other
14 dates in this coordinated proceeding.

15 Continued existence of the Coordinated Proceeding.  The Court is inclined to keep the
16 coordinated proceeding in existence until all of the included cases have been resolved and all
17 appeals have been exhausted.  This will ensure a single point of contact at the trial court level to
18 address the implementation of the settlements and to take appropriate action based on decisions
19 of the Court of Appeal that arose from this coordinated proceeding.  The Court anticipates setting
20 a CMC approximately every 90 days to address issues as they may arise.

Dated: March __, 2010

_____
Judge Winifred Smith

6