Laura Maltin
269 La Verne
Long Beach, CA 90803

RECEIVED
MAR 24 2010
AT 8:30_____M
WILLIAM T. WALSH, CLERK

March 23, 2010

Clerk of the Court
United States District Court
500 State Avenue
259 U.S. Courthouse
Kansas City, Kansas 66101

### Barry Hall v. AT&T Mobility LLC, Case No. 07-05325(JLL)

#### Objection to Settlement

I am a subscriber to AT&T's mobile service. I believe that I am a class member because during the class period, I had an AT&T contract that had an early termination clause. My cell phone no. is 562-243-6112. I object to the proposed settlement of this action on the following grounds:

1. AT&T should be required to refund its early termination fees because it knows the identity of each class member who paid it. Penalizing class members who cannot "prove" that they paid a termination fee is wrong since AT&T has records that show who paid what. If this is a serious problem that impacts consumers, one would think that consumers should get some relief without having to file a claim.

2. The "class representatives" are getting $2,500 as an "incentive fee". This is about 2,000% more than the $140 maximum a class member can get. In these troubled times, I volunteer to be a class representative—I could use $2,500 for doing nothing. What if anything did they do to get paid off.

3. The $6 million attorney fee seems excessive. This case does not appear complicated and the relief is paltry. There is no indication that a lot of work went into getting this settlement. Additionally, the notice is confusing to a non-lawyer. Why did it take 8 lawsuits to get this result? Are the attorneys' fees as high as they are because there were so many lawsuits

4. The notice does not indicate if AT&T is changing their practice with respect to termination fees. If they are not, what is the purpose of this lawsuit? If they are changing the policy, is it attributable to all of these lawsuits. It seems

1

the lawyers may be taking credit for something that they didn't have anything to do with. This seems like a case of, by and for the sole benefit of lawyers and "class representatives".

From what I can tell from the notice, this settlement benefits lawyers more than consumers. It should not be approved and there should definitely not be an award $6 million dollars in fees to attorneys—pay them each $140.00 for each class member who gets relief.

Respectfully,

Laura Maltin

Copy of letter also sent to:

Class Counsel
Brian R. Strange
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

James E. Cecchi
CARELLA, BYRNE, BAIN et al.
5 Becker Farm Road
Roseland, New Jersey 07068

Defense Counsel
Andrew B. Joseph
DRINKER BIDDLE & REATH LLP
500 Campus Dr.
Florham Park, New Jersey 07932

