**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| | ) |
| **HALL, et al.,** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) **Civil Action No. 2:07-CV-05325 (JLL)** |
| | ) |
| **AT&T MOBILITY LLC, et al.,** | ) |
| **Defendants.** | ) |
| | ) |

**OBJECTION TO PROPOSED SETTLEMENT AND**
**REQUEST FOR ATTORNEY'S FEES**
**AND NOTICE OF INTENTION TO APPEAR**

Class members Carl R. Olson, 141 W. Edgewood Place, San Antonio, Texas

78209, and Hugh Ramsey, 818 Reinicke, Houston, Texas 77007,  hereby object to the

proposed class action settlement of this action and the request for attorney's fees.  Class

member Olson's AT&T Mobility telephone number is 210-857-5407.  Mr. Ramsey's

AT&T Mobility telephone number is 713-301-9155.  Mr. Olson and Mr. Ramsey intend

to appear and argue at the fairness hearing scheduled for April 14, 2010.

**I.      The Lack of Injunctive Relief Renders this Settlement Unreasonable.**

In contrast to the Sprint settlement, this settlement does not even require AT&T to

prorate their ETFs in the future.  Instead, that benefit is rolled into the "non-cash

benefits," which are capped at $2,000,000.  The failure of Class Counsel to negotiate this

minimal benefit that they obtained against Sprint renders this proposed settlement

inadequate, unfair and unreasonable.  The conversion from flat-rate ETF to prorated ETF

should be available automatically to every settlement class member, without having to

file a claim form, just as it was in Sprint.

**II.     Attorney's Fees Should Not Exceed 150% Of Class Counsel's
Reasonable Lodestar, or 20% of the Cash Fund.**

This is a diversity case for breach of contract.  The only claims alleged are state

law claims.  In cases of diversity and pendant jurisdiction, federal courts apply state

substantive law to determine the method of calculating attorney's fees. *Mangold v.

California Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995); *Northern Heel

Corp. v. Compo Indus.*, 851 F.2d 456, 475 (1st Cir. 1988); *Riordan v. Nationwide Mut.

Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992).

In this case, the state law relevant to a determination of attorney's fees is New

Jersey's.  New Jersey state law limits maximum attorney's fees in actions brought

pursuant to statutes that contain a fee-shifting provision, regardless of whether those

actions result in a common fund.  *See Rendine v. Pantzer*, 661 A.2d 1202, 1231 (N.J.

1995).

> We also discern from our review of the extensive litigation concerning
> contingency enhancements that fee awards of double the lodestar represent
> the high end of attorney fee awards under fee-shifting statutes:
>
>> Before the Supreme Court began to address contingent mutlipliers,
>> the size of contingency enhancements varies both according to the
>> type of litigation and the degree of risk involved in the individual
>> lawsuit.  Although the lower courts' tendency to fail to spell out
>> precisely how much of a fee enhancement was due to contingency
>> and how much to other factors makes any breakdown inherently
>> imprecise, a total multiplier of 2, representing all enhancing
>> factors, appears typically to have been applied as a ceiling in
>> public interest litigation….
>
> …
>
> We conclude that contingency enhancements in fee-shifting cases
> ordinarily should range between five and fifty-percent of the lodestar fee,
> with the enhancement in typical contingency cases ranging between
> twenty and thirty-five percent of the lodestar.  Such enhancements should
> never exceed one-hundred percent of the lodestar, and an enhancement of
> that size will be appropriate only in the rare and exceptional case in which

> the risk of nonpayment has not been mitigated at all, i.e., where the "legal" risk constitutes "an economic disincentive independent of that created by the basic contingency in payment… and the result achieved… is significant and of broad public interest."

*Id.* at 1230-31. [1]

The New Jersey Supreme Court affirmed the continuing application of the *Rendine* holding to common fund class action settlements. *See The Education Day Care Center Inc. v. Yellow Book USA, Inc.*, 194 N.J. 271, 944 A.2d 31 (2008).

Many other states whose laws are implicated in this settlement have limitations similar to New Jersey's. For example, Oklahoma also requires fees to be calculated based upon a very modest enhancement of the reasonable lodestar, and not as a percentage. *See Spencer v. Oklahoma Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007) (*citing Burk v. Oklahoma City*, 598 P.2d 659 (Okla. 1979)).

The requested fee of $6,000,000 surely represents a lodestar multiplier of more than 1.5, given the short duration of this litigation and the substantial overlap with the previously settled cases. Moreover, because this case is hardly "a rare and exceptional one" deserving of the maximum multiplier permitted by New Jersey law, the fee award should be closer to 1.3 time class counsel's lodestar. A 1.3 multiplier of class counsel's lodestar would more than amply compensate class counsel for their work in this case. Such rich compensation is more than sufficient to avoid the unjust enrichment that justifies departure from the American Rule. *See Trustees v. Greenough*, 105 U.S. 527,

---

[1] In addition, New Jersey law limits contingent fees in actions where the recovery is greater than $1.5 million to no more than 20%. New Jersey Supreme Court Rule 1:21-7(c). In a class action, the rule permits counsel to make application for modification of this fee scale, 1:21-7(i), but only if class counsel files its fee application with the Administrative Office of the Courts, something which class counsel failed to do in this case. *See* Rule 1:21(f).

536 (1882).  *See also Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Albany*, 484

F.3d 162, 169 (2d Cir. 2007) ("a reasonable, paying client wishes to spend the minimum

necessary to litigate the case effectively").

The claimed time of non-lead counsel is not compensable absent a showing that

their work actually benefited the class.  In re: Cendant Corp. Sec. Litig., 404 F.3d 173,

181 (3d Cir. 2005).  "In particular, the filing of multiple complaints each alleging the

same facts and legal theories will not result in fee awards for each firm that files a

complaint: such copycat complaints do not benefit the class, and are merely

entrepreneurial efforts taken by firms attempting to secure lead counsel status."  Id.

> [W]e conclude that representation of individual class members – and, in
> particular, monitoring of the progress of the litigation on behalf of those
> members – is not compensable out of the class' common recovery.  All of
> the appellant firms here claim that they monitored the class action, but
> none can show that this monitoring independently increased the recovery
> of the class.

Id.

Class Counsel's lodestar must be carefully scrutinized in this case, because only

Strange & Carpenter and the Cecchi firm were appointed class counsel in this case.  The

other firms whose time is included in the lodestar may have done nothing more than file

copycat complaints that were transferred to this MDL, and monitor the progress of this

litigation and the actions taken by Lead Counsel.  The non-lead counsel firms must point

to anything they did to increase the recovery of the class or significantly advance this

settlement.

> The cases are unanimous that simply *doing* work on behalf of the class
> does not create a right to compensation; the focus is on whether that work
> provided a benefit to the class.  In the ordinary case, most work that lead
> counsel does will typically advance the class's interests, but the inquiry
> into non-lead counsel's work must be more detailed.  Non-lead counsel

4

> will have to demonstrate that their work conferred a benefit on the class *beyond* that conferred by lead counsel.  Work that is duplicative of the efforts of lead counsel … will not normally be compensated.

Cendant, 404 F.3d at 191.

Class Counsel's lodestar must be closely scrutinized for the additional reason. The Notice states only that Class Counsel has agreed "not to seek more than $6,000,000 in fees plus reimbursement of expenses."  It does not quantify Class Counsel's reasonable lodestar generated in this case as opposed to fees generated in the other cases that have already settled and in for which Class Counsel has been fully compensated.

The information provided does not permit a class member to make an informed evaluation of the fee request or to draft an effective opposition to it at this time.  In fact, Class Counsel's request for $6 million would represent 37.5% of the cash fund, in a case that substantially overlaps with the two previously settled cases against Sprint and T-Mobile.  Indeed, the settlement in this case is virtually a carbon copy of the Sprint settlement, right down to the amount.  Therefore, the amount of time that Class Counsel devoted to this case cannot possibly approach the lodestar they generated in Sprint, in which they received attorney's fees of $5.75 million.  Common sense dictates that the fee award in this follow-on copycat settlement must be less than the fee in the first, ground-breaking settlement.

Class Counsel may be claiming time that it has already claimed in the prior settlements, thereby seeking double recovery for the same work.  One would expect the fee requests in each of these successive, identical settlements to be decreasing, not increasing.  Presumably, Class Counsel claimed their entire lodestar as part of the original Sprint settlement.

**CONCLUSION**

For the foregoing reasons, this Court should deny approval to the proposed

settlement because it does not contain adequate injunctive relief that was provided in

previous settlements in this MDL, and should award Class Counsel a total reasonable

attorney's fee of no more than 1.5 times their reasonable lodestar, or 20% of $16 million,

whichever is less.

<div style="margin-left:40%">

Respectfully submitted,
Carl R. Olson and Hugh Ramsey,
By their counsel,


*/s/ Vincent S. Verdiramo*_____
VINCENT S. VERDIRAMO
VERDIRAMO & VERDIRAMO ESQS, PA
3163 Kennedy Blvd.
Jersey City NJ 07306
(201) 798-7082
(201) 798-4627
mmf036@aol.com

John J. Pentz, Esq.
2 Clock Tower Place, Suite 440
Maynard, MA  01754
Phone: (978) 461-1548
Fax: (978) 405-5161
Clasaxn@earthlink.net

</div>

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed via the
ECF filing system on March 24, 2010, and that as a result electronic notice of the filing
was served upon all attorneys of record.

<div style="margin-left:40%">

*/s/ Vincent S. Verdiramo*
Vincent S. Verdiramo

</div>