**RECEIVED**

MAR 2 6 2010

AT 8:30_____M
WILLIAM T. WALSH, CLERK

**Chris Langone**
**207 Texas Lane**
**Ithaca, NY 14850**
**(607) 216-2836**

March 24, 2010

AT&T Mobility ETF Settlement
c/o Rust Consulting, Inc.
PO Box 226
Faribault, MN 55021

| | | |
|---|---|---|
| Clerk of the Court | Brian R. Strange, Esq. | Andrew B. Joseph |
| U.S. District Court for the | Strange & Carpenter | Drinker Biddle & Reath LLP |
| District of New Jersey | 12100 Wilshire Blvd., Suite 1900 | 500 Campus Drive |
| 50 Walnut Street | Los Angeles, California 90025 | Florham Park, New Jersey 07932 |
| Newark, New Jersey 07101 | James E. Cecchi, Esq. | |
| | Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein | |
| | 5 Becker Farm Road | |
| | Roseland, New Jersey 07068 | |

Objection to Class Action Settlement, *Hall v. AT&T*, 07-5325

Dear Court and Counsel:

I object to the settlement on the following grounds:

1. The stuffer notice is not adequate, the stuffer provides only the administrator's address and does not advise class members how to object, or the need to send the objection to all the entities listed in the notice.
2. There is no procedure for class members to determine if they are entitled to a refund based on "AT&T's records" before deciding what to do. There is no website or number to call to see if AT&T's records show they paid the fee or not, which is key to receiving any significant benefit under the settlement. I don't know if I paid the fee with the certainty required under the agreement at this time and don't know whether I should opt out or what I may receive based on "AT&T's records" as I don't have access to them or a way to find out if AT&T shows I paid an early termination fee, which I believe I did.
3. Class counsel will be getting their fee paid after final approval and promise to pay it back if the settlement is reversed at a non-market interest rate of 3%. The class members don't get paid until after any appeals and class counsel should not be treated any differently.

This creates a conflict between class counsel and the class. Class counsel should have to wait for any money pending appeals, just like class members. Also, what if class counsel spend the money and become insolvent or go bankrupt in that period.

4. There is no reason class counsel's compensation should be determined on a common fund basis rather than fee shifting as allowed by consumer fraud statutes.
5. Other attorneys in the country that are not class counsel are going to be paid out of the settlement fund for abandoning their class actions, which may be meritorious. The *Shorts* West Virginia claims are being excluded from the release, which suggests that claim is going well and has merit and those lawyers don't want to release their claims for the value provided by the proposed settlement. Thus, continued prosecution of the claims can result in a significantly better recovery. If the West Virginia lawyers have obtained success that causes them not to want to join in this settlement, it seems the claims have more merit than the settlement compensation suggests.
6. Class counsel's fee should not exceed 10% of the fund in a mega-fund class action as argued by several public interest and consumer protection groups nationwide.
7. The opt-in and claim form procedures impose significant and unnecessary burdens on the class.
8. In an opt-in settlement all participating class members should share in the settlement fund pro rata, rather than funds being distributed to a charity. *Cy Pres* remedies are appropriate only for class members that cannot be reached or who do not cash checks – the entire cash fund should be distributed to participating class members, or the settlement should not be opt-in.
9. Class counsel's fee petition and records are not on the website as indicated as of March 24, the date class members are to decide whether the opt-out or object. There is less than 3 weeks between today, March 24, 2010 and April 12, 2010, the date class members should object to the fees and there is no indication as to what the lodestar fees are, or the precise amount being sought. Class members are thus not being given sufficient time to review and object to fees – especially given that numerous other firms, who are not being certified as class counsel, will be given the opportunity to profit from abandoning their lawsuits.
10. The release releases unknown claims and waives statutory protections that prevent waiver of unknown claims. There may be other claims against AT&T, including for consumer fraud, the NAF arbitration forum abuse issue, collection and truth in lending relating issues all of which are being released without notice or compensation. The release should be limited to the claims asserted.

Respectfully,

Christopher V. Langone

Limone
207 Texas Lane
Ithaca, NY 14850

2010 MAR 26  A 9:01

CERTIFIED MAIL

7009 2820 0002 8935 6399

0710283551

Clerk of the Court
US District Court
50 Walnut Street
Newark, NJ 07101

U.S. POSTAGE PAID
ITHACA, NY 14850
MAR 24, '10
AMOUNT
$5.54
00011989-23

1000
07101