Andrew B. Joseph
William M. Connolly
Matthew J. Fedor
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, New Jersey 07932
973.549.7264

*Attorneys for Defendant*
*AT&T Mobility LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 07-05325 (JLL)<br><br>**DECLARATION OF CHRISTOPHER HUFFSTUTLER** |

I, CHRISTOPHER HUFFSTUTLER, declare as follows:

　　　　1.　　I am currently employed as a Senior IT Analyst by AT&T Services, Inc. I have been employed by AT&T Services, Inc. or its predecessors and related companies since 1999. I am fully familiar with and have personal knowledge of the matters in this declaration and am competent to testify about them if called upon to do so.

　　　　2.　　In my role as Senior IT Analyst, I am familiar with billing data maintained by AT&T Mobility LLC ("ATTM") for account holders and subscribers, and how to search that information.

3. In addition to the Invoice Notice required by the Settlement Agreement and the Court's Preliminary Approval Order dated November 5, 2010, ATTM personnel, including myself, worked in conjunction with Huron Consulting Group Inc. ("Huron"), to compile the data to create the ETF Payer Class Member List required by the Settlement Agreement and the Court's Preliminary Approval Order. The ETF Payer Class Member List was created from data sourced from ATTM's active billing system and from data sourced from three inactive, or legacy, billing systems which were in use on and after September 1, 2005 but are no longer in service. This data was obtained by Huron personnel from groups within ATTM responsible for these various data sources. This data was supplemented with account holders from two separate lists of ATTM customers who paid early termination fees ("ETFs"): (a) a series of quarterly lists from the first quarter of 2007 through the third quarter of 2009, each of which contains a sample of ETF subscriber charges which were individually examined as part of the sampling process to determine whether the sampled ETFs were credited or paid; and, (b) a list of Illinois ETFs that was created for a putative Illinois class arbitration, *Kinkel v. Cingular Wireless LLC*, AAA WIA No. 11 494 02646 06. To the best of my knowledge, I am not aware of any additional lists of class members who have not been sent individual notice.

4. For a number of reasons, to generate an additional list of class members would be an expensive and manual effort that would, by its very nature, be an extremely expensive and time-consuming venture that would lead to an uncertain result. ATTM does not possess in the ordinary course of its business, and cannot create in a systematic manner, a list of class members who were charged early termination fees ("ETFs"). Customer Care representatives have historically had discretion to use a variety of codes to issue refunds to customers. While some of these credit codes are ETF-specific, others are not. For this reason, a data query cannot be run to

- 3 -

identify all ETF-related credits and thereby identify which charges were not subsequently reversed. Instead, an individualized manual inquiry would have to be made across millions of accounts to examine notes and other records from Customer Care representatives' interactions with customers to attempt to determine why each credit was issued.

5. Moreover, ATTM's billing systems are not designed to attribute an account holder's payments to a specific billing charge but, instead, are applied to the entire unpaid and outstanding account balances. For this reason, amounts that are unpaid are not attributed back to specific charges within the billing system, such as ETF charges.

6. Additionally, ATTM does not maintain current address information for its former customers. Accordingly, not only would it take enormous time and effort to create an additional list of class members, such a list would have a very large number of inaccurate addresses.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed this 10th day of June, 2010 at Dallas, Texas.

_____
CHRISTOPHER HUFFSTUTLER