Andrew B. Joseph
William M. Connolly
Matthew J. Fedor
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, New Jersey 07932
973.549.7264

*Attorneys for Defendant*
*AT&T Mobility LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, *et al.*,<br><br>Defendants. | Civil Action No. 07-05325 (JLL)<br><br>**DECLARATION OF ROBERT T. WENTLAND** |

I, Robert T. Wentland, declare as follows:

1. I am a Managing Director at Huron Consulting Group, Inc. ("Huron"), a provider of financial and operational consulting services with 1,200 professionals and offices worldwide. I am a Certified Public Accountant and am licensed in the state of Illinois. I obtained my Bachelors in Business Administration degree from the University of Wisconsin-Madison, with honors. I have 20 years of experience in preparing expert testimony or providing expert testimony about accounting and financial analyses. Many of my past experiences involve analyses of tremendously large data sets, including that of accounting and billing systems. I have

presented my findings in state court and to the U.S. Tax Court. I make this declaration based on data provided to Huron by AT&T Mobility LLC ("ATTM"), work performed by Huron, and my own observations, and will testify competently to the matter stated herein if called upon to do so.

2. Huron was retained by Drinker Biddle & Reath LLP, counsel for ATTM, to assist in gathering data to comply with the production of an "ETF Payer Class Member List" in accordance with the Preliminary Approval Order dated November 5, 2009 and the Stipulation and Settlement Agreement dated September 15, 2009.

3. Paragraph 10(a) of the Preliminary Approval Order specifies that notice "shall be provided to the ETF Payer Class Member List, as defined in the Settlement Agreement." Paragraph 21 of the Stipulation and Settlement Agreement defines the ETF Payer Class Member List as "a list of ATTM account holders that ATTM's billing systems indicate are members of the ETF Assessed Class who were charged and paid in full a Flat-Rate ETF on or after September 1, 2005, and did not subsequently receive a refund of the paid ETF." The Stipulation and Settlement Agreement further specifies that the ETF Payer Class Member List should be compiled using data available within ATTM's online billing systems and that the list should be provided to the Settlement Administrator.

4. ATTM does not possess a list of account holders that meets the definition of the ETF Payer Class Member List. In my experience this is not surprising for three reasons: First, ATTM's billing systems are not designed to attribute an account holder's payments to a specific billing charge. For example, an account holder's monthly payment is not "applied" to a specific billing charge when received by ATTM. Rather, ATTM applies payments to unpaid and outstanding account balances. Second, ATTM's billing systems are not designed to

attribute account "write-offs" to a specific billing charge or a specific portion of an outstanding account balance. Third, Flat-Rate ETFs that are seemingly charged to account holders are in fact offset, partially or wholly, by credits issued by ATTM. In many instances these credits are entered by ATTM's customer service employees in such a way that they cannot be attributed to the original Flat-Rate ETF.

5. Since September 1, 2005, ATTM maintained four systems to record and store account holder billing data. One of the systems is currently active and the remaining three are inactive (often referred to as "legacy" systems). The first legacy billing system recorded and stored billing data for a specific geographic region of ATTM and was eventually merged with the current system (for customers who were active at the transition date). The second and third inactive systems recorded and stored billing data for legacy AT&T Wireless customers and were eventually merged with the current system (for customers who were active at the transition date).

6. Huron worked closely with ATTM personnel who were knowledgeable about ATTM's active billing system and the predecessor billing systems that were active since September 1, 2005. ATTM personnel provided relevant billing data, which Huron analyzed to identify all account holders that we understand paid a Flat-Rate ETF since September 1, 2005.

7. Using ATTM's active or legacy billing systems, we identified 1,070,690 ATTM account holders who we understand paid a Flat-Rate ETF since September 1, 2005. We prepared data files for these accounts which contain data elements, such as name and address, that would be necessary to create a mailing list and forwarded these data files to Rust Consulting, Inc. ("Rust Consulting").

8. We were asked by Counsel for ATTM to supplement the ETF Payer Class Member List (noted in Paragraph 7 above) with two additional data sets: First, we added 4,479 account holders that ATTM had previously identified as having paid Flat-Rate ETF's based upon its quarterly sampling of Flat-Rate ETF subscriber charges. The sampling exercise was conducted from Quarter 1, 2007 through Quarter 3, 2009. Second, we added 159,271 accounts/addresses that had been preliminarily identified as having been charged a Flat-Rate ETF by Robert S. Knudsen (in his expert report issued during class discovery in the *Kinkel v. Cingular Wireless LLC* litigation) that we understand were paid. Data files containing both supplemental accounts were forwarded to Rust Consulting with name and address information data elements.

9. We were asked by Counsel to respond to the January 23, 2010, Settlement objection raised by Mr. Eddy Fonyodi in which he suggests there is a potential for "excluding data that ATTM might have that is not list-based." As discussed in Paragraph 4 above, ATTM does not possess a list of account holders that meets the definition of the ETF Payer Class Member List. For that reason Huron compiled the ETF Payer Class Member List as described earlier in this Declaration. The only list-based data used in the compilation of the ETF Payer Class Member list was the list of 4,479 account holders that I described in Paragraph 8 above. Accordingly, ATTM did not rely solely upon list-based data in compiling the ETF Payer Class Member List.

10. Addresses included in the ETF Payer Class Member list were the last known addresses as recorded in ATTM's billing systems. It is my understanding that the United States Postal Service's Change of Address database includes four years of change of address data which Rust Consulting used for updating inaccurate addresses.

- 5 -

11. We provided an ETF Payer Class Member List consisting of a total of 1,234,440 account holders and associated last known addresses to Rust Consulting. It is my understanding that Rust Consulting took reasonable measures to eliminate duplicate account holders.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed this 10th day of June, 2010 at Chicago, Illinois.

_____
Robert Wentland