Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
310.207.5055

James E Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
5 Becker Farm Rd.
Roseland, New Jersey 07068
973.994.1700
*Attorneys for Plaintiffs*

Andrew B. Joseph
William M. Connolly
Matthew J. Fedor
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florsham Park, New Jersey 07932
973.549.7264

*Attorneys for Defendants*
*AT&T Mobility LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, *et al.*,<br><br>            Defendants. | Civil Action No. 07-05325 (JLL)<br><br>**DECLARATION OF TIFFANEY A. ALLEN** |

I, TIFFANEY A. ALLEN, declare and say as follows:

1. I am a Senior Vice President with Rust Consulting, Inc. ("Rust Consulting"). My business address is 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota 55402. My telephone number is 612-359-2047. I am over twenty-one years of age and authorized to make this declaration on behalf of Rust Consulting. Except as otherwise stated, I am fully familiar with and have personal knowledge of the matters in this declaration and am competent to testify about them if called upon to do so.

2. Rust Consulting is the Settlement Administrator for the AT&T Mobility settlement

in the above-captioned action. Unless otherwise defined in my declaration, capitalized terms in my declaration have the meaning defined in the parties' Settlement Agreement.

3. Rust Consulting specializes in class action administration, its services including class data management and processing, developing and administering class notification plans and notification campaigns, developing and running settlement claims processes, including website hosting, call center services, claims processing and distribution, and reporting to courts regarding the claims process. Rust Consulting has extensive experience in class action matters, having provided case administration services in a variety of class actions, including those involving antitrust, securities fraud, property damage, employment discrimination, product liability, insurance and consumer and/or telecommunications issues. Combined, we have provided services in more than 2,500 matters.

4. As a Senior Vice President of Rust Consulting, I personally have been involved in over 200 cases. I have been involved in claims administration for more than 14 years and have significant experience overseeing the development of class notification plans, including the promulgation and dissemination of notice as well as developing and directing all aspects of claims administration programs. In this case, my responsibilities as settlement administrator have included, among other things, working with counsel for the parties in developing and designing the settlement's notice plan and creating and overseeing the claims administration process.

5. Notice of the settlement in the above-caption action was provided to potential class members through Mail Notice, Invoice Notice, Publication Notice, and through a settlement website. Rust Consulting reviewed or caused the Mail Notice, Invoice Notice, and Publication Notice to be reviewed as part of the settlement process to ensure that they were written in plain language and communicated the necessary information to advise a potential class member of his rights and options.

6. Following preliminary approval of the settlement, Rust Consulting mailed the Mail Notice, published the Publication Notice, and established and maintained the settlement website, as discussed in detail in the declaration of my colleague, Joel Botzet, filed with the Court on May 28, 2010. AT&T Mobility issued the Invoice Notice, as discussed in the declaration of John T. Throckmorton, also filed with the Court on May 28, 2010.

7. Rust Consulting mailed the Mail Notice to all individuals on the ETF Payer Class Member List, which included class members residing at addresses throughout the United States, including Puerto Rico.

8. In addition to my experience and expertise as discussed above, I am also familiar with the notice programs associated with the settlements of *Milliron v. T-Mobile USA, Inc.*, No. 08-04149 (D.N.J.) (the "T-Mobile ETF settlement"), and *Larson v. Sprint Nextel Corp.*, No. 07-5325 (D.N.J.) (the "Sprint ETF settlement"), both of which received final approval from this Court. Rust Consulting is the settlement administrator for the T-Mobile ETF Settlement.

9. Based upon my experience, the notice program for the ATTM settlement is appropriate and comparable to notice programs for other similar class action settlements, including the settlements in the Sprint and T-Mobile ETF cases which received final approval from this Court.

10. In approving the Sprint ETF Settlement notice plan, the Court found that a publication plan with a reach in the 49-53% range, coupled with a strong individual notice program, was adequate and sufficient, *Larson v. Sprint Nextel Corporation*, 2010 WL 234934, *6 (D.N.J. 2009). In comparison to the Sprint notice plan, the AT&T Mobility settlement publication plan is similar with a more extensive individual notice program. The AT&T Mobility individual notice program is more extensive than the Sprint ETF settlement because AT&T Mobility has utilized data from its billing systems in creating the ETF Payer Class Member List.

11. In approving the T-Mobile ETF Settlement notice plan, the Court held that the T-Mobile notice plan was "robust, thorough, and included all of the essential elements necessary to properly apprise absent class members of their rights." *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, *4 (D.N.J. 2009). The individual notice in the AT&T Mobility settlement is similar in scope to the T-Mobile ETF settlement, with individual notice by bill insert, by postcard and by email. In contrast to Sprint, both T-Mobile and AT&T Mobility used data from their billing systems in generating their respective ETF Payer Class Member Lists. The AT&T Mobility settlement publication plan achieves greater scope than the T-Mobile ETF Settlement publication plan. The T-Mobile ETF Settlement and AT&T Mobility Settlement publication plans used the same publications, with one exception. The AT&T Mobility settlement utilized *USA Weekend* rather than the *USA Today* publication utilized in the T-Mobile ETF Settlement, resulting in greater scope in the AT&T Mobility Settlement because the *USA Weekend* circulation is approximately 20,000,000 higher than that of *USA Today*.

12. In its role as Claims Administrator for the Settlement, Rust Consulting has accepted claims for settlement benefits from class members throughout the United States, including Puerto Rico.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of June 2010, at Minneapolis, Minnesota.



TIFFANEY A. ALLEN