UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, *et al.* individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL<br><br>                  Defendants. | Civil Action No. 07-5325(JLL) |

**DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT**

                                              Brian R. Strange
                                              Gretchen Carpenter
                                              STRANGE & CARPENTER
                                              12100 Wilshire Blvd., Suite 1900
                                              Los Angeles, California 90025
                                              (310) 207-5055

                                              James E. Cecchi
                                              Lindsey H. Taylor
                                              CARELLA, BYRNE, CECCHI,
                                              OLSTEIN, BRODY & AGNELLO
                                              5 Becker Farm Rd.
                                              Roseland, New Jersey 07068
                                              (973) 994-1700

                                              Attorneys for Plaintiffs

I, Brian R. Strange, declare:

1. I am an attorney licensed to practice in California and admitted, *pro hac vice*, to appear in the United States District Court of the District of New Jersey in the above-captioned matter. I am a partner of Strange & Carpenter, one of the firms representing Plaintiffs in this action. I make this declaration of my own personal knowledge, and if called to testify, I could and would competently testify hereto under oath.

2. On January 25, 2010, I received an email from Kate Loomis, forwarding an email from Peter Moon objecting to the Settlement. A true and accurate copy of this email objection is attached as Exhibit A. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

3. On February 10, 2010, the AT&T Mobility ETF Settlement Claims Administrator, Rust Consulting, Inc., forwarded me a letter mailed to them from Gary Powell, Sr. objecting to the Settlement. A true and accurate copy of this letter is attached as Exhibit B. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

4. On February 24, 2010, the AT&T Mobility ETF Settlement Claims Administrator, Rust Consulting, Inc., forwarded me a letter mailed to them from Deborah Thatcher appearing to request exclusion from the Class and objecting to the Settlement. A true and accurate copy of this exclusion/objection is attached as Exhibit C. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

- 3 -

5. On March 25, 2010, I received a letter via U.S. mail from Brandon Wilkinson objecting to the Settlement. A true and accurate copy of this letter is attached as Exhibit D. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

6. On March 26, 2010, I received a letter via U.S. mail from Paul A. Dixon objecting to the Settlement. A true and accurate copy of this letter is attached as Exhibit E. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

7. On March 26, 2010, I received a letter via U.S. mail from Curry Taylor objecting to the Settlement. A true and accurate copy of this letter is attached as Exhibit F. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

8. On March 26, 2010, I received a letter via U.S. mail from Deborah K. Colburn objecting to the Settlement. A true and accurate copy of this letter is attached as Exhibit G. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

9. On March 26, 2010, I received a letter via U.S. mail from Gary L. Lambert objecting to the Settlement. A true and accurate copy of this letter is attached as Exhibit H. A review of the docket indicates that this objection was not received by the Court or e-filed as required for a proper objection to the Settlement. (*See* Preliminary Approval Order, Docket Entry No. 421, ¶ 14).

10. On April 12, 2010, I received a document entitled "Notice to Withdrawl [sic] Objections to Proposed Settlement of Class Action" signed by attorney Sam P. Cannata on behalf of his clients Gerald Phillips and Andrew Phillips ("Phillips Objectors"). In that document, the Phillips Objectors request to withdraw their objections to the Settlement filed on March 24, 2010. A true and accurate copy of this objection withdrawal is attached hereto as Exhibit I. A review of the docket indicates that this objection withdrawal was not received by the Court or e-filed.

11. As more fully set forth in my declaration filed in support of Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses, I have substantial experience litigating class actions, having been appointed Class Counsel in numerous class actions in state and federal courts throughout the country. In my opinion, the Settlement, which is the result of serious, arms-length negotiation between the parties under the guidance of the Hon. Douglas Wolfson (retired), is fair, reasonable, and provides substantial benefit to the Settlement Class, and in fact, is an excellent result.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of June, 2010, at Los Angeles, California.

_____
Brian R. Strange