UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, *et al.*,<br><br>       Defendants. | Civil Action No. 07-05325 (JLL) |

---

**DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF
CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES AND FOR INCENTIVE AWARDS**

---

Brian R. Strange
Gretchen Carpenter
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
(310) 207-5055

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Attorneys for Plaintiffs and the Class

I, Brian R. Strange, of full age, hereby declare as follows:

1. I am an attorney licensed to practice in California and admitted *pro hac vice* for purposes of this case. I am a partner of Strange & Carpenter, co-Class Counsel appointed by the Court on behalf of the Class in the Court's Preliminary Approval Order dated November 4, 2009. I am also counsel for the plaintiffs in *Sasik, et al. v. AT&T Wireless Services, Inc.*, Case No. 2:05-CV-2346-ABC (CWx) (C.D. Cal.) ("*Sasik* case"), and *Waldmann, et al. v. Cingular Wireless LLC*, Case No. 2:07-CV-05087-ABC (CWx) (C.D. Cal.) ("*Waldmann* case"), which have been combined with this case for purposes of settlement. In addition, I was counsel for plaintiffs in prior ETF litigation against ATTM for which Strange & Carpenter's work benefited this case and contributed to reaching this settlement. In such capacity, I am fully familiar with the facts contained herein, and could and would competently testify hereto under oath. My firm has conducted its representation of Plaintiffs in all ETF litigation against defendant AT&T Mobility LLC and its predecessors ("ATTM") on a contingency basis.

2. Attached hereto as Exhibit 1 is my firm resume.

3. I am an experienced trial lawyer and litigation strategist. I am currently a member of the Plaintiffs' Steering Committee in *In Re BPA Litigation*, MDL No. 1967 (W.D. Mo.) and *In Re Apple iPhone 3G and 3G-S "MMS" Marketing and Sales Practices Litigation*, MDL No. 2116 (E.D. La.). I have also been involved in such noted litigation as the MGM Grand Hotel fire litigation; the "Crandall" gem case; the San Juan Dupont Plaza Hotel fire litigation in Puerto Rico; litigation arising out of the Iran-Contra scandal; and numerous consumer class actions against various banks and insurance companies, among others. The San Juan Dupont Plaza Hotel fire litigation has been described as the largest mass disaster case ever tried. *See In re Allied Signal, Inc.*, 891 F.2d 967, 968 (1st Cir. 1989), *cert. denied sub. nom., ACW Airwall, Inc. v. U.S. District Court for Puerto Rico*, 495 U.S. 957 (1990). Trial victories include a $160

million judgment against the principals of an investment scam in a case tried in Los Angeles Superior Court in 1991. In February 1993, I obtained a $21 million punitive damage verdict against First State Insurance Company, reportedly one of the largest verdicts in California in 1993. In May 1993, I obtained the first punitive damage verdict in 17 years in a courtroom in Santa Barbara on behalf of a homeless family. I have acted as lead counsel in several class action cases with settlements obtained in excess of $400 million, including settlements with some of the nation's largest banks, pharmaceutical companies and wireless telephone carriers.

4. Strange & Carpenter has particular expertise with consumer fraud claims such as those involved herein. Strange & Carpenter has been appointed as Class Counsel in numerous unfair/deceptive practices/consumer fraud-based cases and others, including, without limitation, recent settlements of coordinated cases in California, Minnesota, and Puerto Rico against a drug manufacturer for manufacturing adulterated drugs in violation of good manufacturing practices (*Simonet, et al. v. SmithKline Beecham Corporation dba GlaxoSmithKline*, U.S.D.C. District Court of Puerto Rico Case No. 06-1230(GAG) (a nationwide settlement against drug manufacturers for marketing anti-depressant drugs in violation of good manufacturing practices)).

5. Strange & Carpenter has also been appointed as settlement Class Counsel in several cases against financial institutions based on credit card practices, including, without limitation, *Boehr v. Bank of America*, Case No. CIV-99-2265-PHX-RCB (United States District Court for the District of Arizona); *Schwartz, et al. v. Citibank South Dakota, N.A., et al.*, Case No. 00-00075 LGB (JWJx) (United States District Court for the Central District of California); *Mayemura, et al. v. Chase Manhattan Bank USA, N.A.*, Case No. 00-00753 LGB (JWJx) (United States District Court for the Central District of California); *Klausner v. First Union Direct Bank, N.A.*, Case No. 00-04267 LGB (AJWx) (United States District Court for the Central District of

2

California); and *Boehr v. American Express*, Case No. BC256499 (Los Angeles Superior Court - Complex Division), among others.

6. I have lectured on class actions before the California State Bar, the Practicing Law Institute and other organizations.

7. Strange & Carpenter has been at the forefront of current consumer-related issues as well, including the review of class action bans found in arbitration clauses. Strange & Carpenter actively litigated this issue, with the result that class action bans in arbitration clauses were found to be unenforceable by the California Supreme Court in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005).

8. In addition to resolving the fee applications of counsel for plaintiffs in this case, the *Sasik* case, and the *Waldmann* case, we have been able to work out fee agreements with almost all other ETF Counsel, such that this fee application resolves the fee requests of ETF Counsel in *Kinkel v. Cingular Wireless LLC*, AAA WIA No. 11 494 02646 06 (AAA Arbitration), and all but one of the attorneys involved in the *In re Cellphone Termination Fee Cases*, California Superior Court, Alameda County J.C.C.P. 4332 as well.

9. Attached hereto as Exhibit 2 is a compendium of all of the time and expenses expended by Class Counsel and Supporting Counsel for whom Class Counsel seeks an award pursuant to the terms of the Settlement Agreement. Class Counsel and Supporting Counsel expended a total of 18,617.815 hours, which works out to $7,657,654.35 in fees pursuing ETF litigation against ATTM. Class Counsel and Supporting Counsel also expended $506,943.75 in expenses pursuing ETF litigation against ATTM.[1]

---

[1] The foregoing does not include any time, fees or expenses incurred by Jacqueline Mottek or counsel in the Related Action *Dias et al. v. AT&T Wireless Services, Inc. et al.* (Calif. Super. Ct., Los Angeles County), since Class Counsel do not have fee agreements with these counsel.

3

10. Attached hereto as Exhibit 3 is a summary of the fees incurred by Strange & Carpenter in this case, the *Sasik* and *Waldmann* cases, and predecessor cases pursuing ETF litigation against ATTM, for which it seeks an award. The schedule attached hereto as Exhibit 3 is a detailed summary indicating the amount of time spent by the partners, associates, law clerks, and professional support staff of my firm who were involved in representing Plaintiffs, and the lodestar calculation based on those hours utilizing normal billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

11. As of the date hereof, the total number of hours expended by my firm to date is 3,248.98. The total lodestar for my firm is $1,727,953. As counsel for Plaintiffs, this firm was extensively involved in every aspect of this case from investigating the facts, drafting the complaints, conducting substantial discovery, responding to discovery, drafting pleadings and briefs, attending court appearances, conducting settlement negotiations and finalizing all papers in support of the settlement. All of this work was essential and necessary. Further, it was critical to the creation of the common fund in this case.

12. My firm's lodestar figures do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates. As detailed in Exhibit 4 attached hereto, my firm has incurred a total of $47,507.55 in unreimbursed expenses. The expenses incurred are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate recordation of the expenses incurred.

13. Attached hereto as Exhibit 5 is the Declaration of our co-Class Counsel, James E. Cecchi, which contains a summary of the fees and expenses incurred by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for which it seeks an award.

14. Attached hereto as Exhibit 6 is the Declaration of Philip A. Bock, which contains a summary of the fees and expenses incurred by Bock & Hatch, LLC for which it seeks an award.

15. Attached hereto as Exhibit 7 is the Declaration of Scott A. Bursor, which contains a summary of the fees and expenses incurred by Law Offices of Scott A. Bursor for which it seeks an award.

16. Attached hereto as Exhibit 8 is the Declaration of Joshua P. Davis, which contains a summary of the fees and expenses incurred by Law Offices of Joshua P. Davis for which it seeks an award. Also attached as Exhibit A to Mr. Davis's declaration is a breakdown of time spent by category.

17. Attached hereto as Exhibit 9 is the Declaration of Robert J. Evola, which contains a summary of the fees and expenses incurred by LakinChapman LLC for which it seeks an award.

18. Attached hereto as Exhibit 10 is the Declaration of Nadeem Faruqi, which contains a summary of the fees and expenses incurred by Faruqi & Faruqi, LLP for which it seeks an award.

19. Attached hereto as Exhibit 11 is the Declaration of Anthony A. Ferrigno, which contains a summary of the fees and expenses incurred by Law Offices of Anthony A. Ferrigno for which it seeks an award.

20. Attached hereto as Exhibit 12 is the Declaration of J. David Franklin, which contains a summary of the fees and expenses incurred by Franklin & Franklin for which it seeks an award.

21. Attached hereto as Exhibit 13 is the Declaration of Pamela Gilbert, which contains a summary of the fees and expenses incurred by Cuneo Gilbert & Laduca, LLP for which it seeks an award. Also attached as Exhibit A to Ms. Gilbert's declaration is a breakdown of time spent by category.

22. Attached hereto as Exhibit 14 is the Declaration of Carl Hilliard, which contains a summary of the fees and expenses incurred by him for which he seeks an award.

23. Attached hereto as Exhibit 15 is the Declaration of Barry L. Kramer, which contains a summary of the fees and expenses incurred by Law Offices of Barry L. Kramer for which it seeks an award.

24. Attached hereto as Exhibit 16 is the Declaration of Alan R. Plutzik, which contains a summary of the fees and expenses incurred by Bramson, Plutzik, Mahler & Birkhaeuser, LLP for which it seeks an award. Also attached as Exhibit 4 to Mr. Plutzik's declaration is a breakdown of time spent by category.

25. Attached hereto as Exhibit 17 is the Declaration of Marc G. Reich, which contains a summary of the fees and expenses incurred by Reich Radcliffe & Kuttler LLP for which it seeks an award.

26. Attached hereto as Exhibit 18 is the Declaration of Paul Weiss, which contains a summary of the fees and expenses incurred by Freed & Weiss LLC for which it seeks an award.

27. Attached hereto as Exhibit 19 is the Declaration of Stephen A. Weiss, which contains a summary of the fees and expenses incurred by Seeger Weiss LLP for which it seeks an award.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: June 10, 2010

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$
Brian R. Strange