# Chris Langone
# 207 Texas Lane
# Ithaca, NY 14850
# (607) 216-2836

RECEIVED

June 17, 2010

JUN 2 1 2010

AT&T Mobility ETF Settlement
c/o Rust Consulting, Inc.
PO Box 226
Faribault, MN 55021

AT 8:30 _____M
WILLIAM T. WALSH, CLERK

| | | |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the<br>District of New Jersey<br>50 Walnut Street<br>Newark, New Jersey 07101 | Brian R. Strange, Esq.<br>Strange & Carpenter<br>12100 Wilshire Blvd., Suite 1900<br>Los Angeles, California 90025<br><br>James E. Cecchi, Esq.<br>Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 | Andrew B. Joseph<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932 |

Objection to Class Action Settlement, *Hall v. AT&T*, 07-5325

Dear Court and Counsel:

In furtherance of the objections advanced in my March 24, 2010 objection. In this letter I will show how some of my prior objections are relevant to the issue of attorneys' fees and costs and lodge additional attorneys fees objections based on the information I have received thus far.

### 1. Objection to Timeframes, Claim of Breach of Contract Against Class Counsel, and Request for Additional time

I note at the outset that I respectfully request additional time to more fully explication the legal basis of my objections. And specifically note that I object that class members are not being given sufficient time to make objections regarding attorneys and fees and costs.

The following paragraphs of the settlement agreement are relevant to my argument:

Paragraph 24 of the stipulation and fee and cost application means that written application or motion by which the Class Representatives and/or Class Counsel requests that the Court award reasonable attorneys fees, costs or incentive awards relation to this

Action or the Related Actions, or to any other action in which ETF-Related claims have been raised."

Paragraph 9 of the settlement agreement provides "inquiries from settlement class members" It shall be the responsibility of Class Counsel to establish procedures for receiving and responding to all inquiries from settlement class members with respect to this settlement."

Article VI of the settlement agreement deals with attorneys fees. Paragraph 3 of this article states class counsel may make a fee and cost application to be heard at final approval seeking an award of reasonable attorneys fees' in an amount not to exceed $6,000,000. "The Fee and Cost Application shall be filed with the Court twenty-eight days prior to the Final Approval Hearing."

The final approval hearing was moved to June 29th at 2 p.m. by order of this Court dated June 15th.[1] 28 days prior to the final approval hearing was June 1. The fee application was not filed until June 10th and is thus untimely under the Settlement Agreement. Class counsel have thus already breached their obligations under the settlement agreement and on that basis the settlement agreement cannot be approved. As noted above counsel are in further breach of paragraph 9 of the settlement agreement in that they have not established procedures for receiving and responding to inquiries from settlement class members and refuse to return calls.

The Preliminary approval order provides, in paragraph 17, "any settlement Class member who has not submitted a request for exclusion from the Settlement may file an objection – solely to Class Counsel's application for attorneys fees and costs – on or before two days prior to the Final Approval Hearing."

Since the final approval hearing is now June 29th, I respectfully request until June 27th to file additional, more formal objections to attorneys fees through counsel. The original preliminary approval order contemplated class members would have until two days prior to the final approval hearing to object to fees. To the extent the court's order of 5/24 is inconsistent with the preliminary approval order, fairness dictates the preliminary approval order govern, especially since class members were not given notice of the order of 5/24. Also, less than 7 days time is not sufficient time to respond to the fee petition, which still is not of public record on the internet. Most class members do not have subscriptions to PACER and cannot reasonably be expected to have PACER accounts. Class members should be given 28 days from the time free applications are posted to the website to object, as the settlement agreement requires. The public has not had the opportunity to scrutinize the records as they are not on the website.

---

[1] I learned of this only from my own personal checking of the docket. Class counsel has not notified my of the re-scheduling notwithstanding the order on June 15th to do so. Notably, I telephoned class counsel Mr. Strange on June 11, June 14, June 15 to inquire as to this matter and he has not returned my calls. In voicemails I stressed to him the importance of returning my class given the extremely short time period allowed to object. As of today, June 17, I have not received notice of the Court's June 15 order but recognize two days may not be sufficient time for the mail to have arrived.

In paragraph 12 of the "Notice" portion of the website, class counsel represent to the class: "Attorneys' fees and Class Representative incentive awards will be paid from the settlement fund. Class Counsel's fee requests will be available at www.ATTMETFSettlement.com/courtdocuments. You may object to any fee request by mailing your objection to the Court and Class Counsel at the addresses listed above in Question 12 so that it is received by June 17, 2010." First, the court's order never said received by, so it misrepresents the time and the order. Second, and more importantly, as of today the time records are not available to www.ATTMETFSettlement.com/courtdocuments as promised.

I objected in March that there was no lodestar information. Now we finally see millions of dollars are going to non class counsel to buy them off and prevent them from objecting like they did in Sprint. Now we see that class counsel has had some of these documents for months Like the Namdeem Faruoi affidavit (exhibit 10) dated April 27th and the Frankin affidavit from May 10th. These records should have been posted to the web site as received so they could receive meaningful scrutiny from class members. Now I have to drop everything and try to scramble in 3 days to process and evaluate everything? It's not fair. It's not enough time. It's all part of class counsel trying to pull to wool over the class' eyes and hide from them what's going on and the impermissible and unethical pay-off of non-certified lawyers. This court cannot authorize any money to go to lawyers who have not been deemed adequate to represent the class.

I have had only the briefest of opportunities to review the fee materials considering I received them via overnight packages on Monday June 11. Thus I have had only three full business days to review the materials, which consist of hundreds of pages of legal memoranda and exhibits.

Based on my preliminary review I am very concerned about what has occurred with the attorneys in this case and based on my knowledge of these lawfirms, the claims and the *Kinkel* case. Prior to coming to New York to seek a doctoral degree from Cornell University I practice law in Chicago for 15 years as a consumer protection attorney and class action lawyer. I have an "insiders" knowledge, so to speak, of some of the shadier practices in class action litigation. And sadly I believe that some of the shenanigans that give all class action lawyers a bad name may be going on behind the scenes. I do not yet feel I have been given sufficient time to investigate and make allegations under Rule 11 given I only received the materials 3 days ago. But am investigating and have asked counsel to investigate certain concerns I have.

## 2. False Claims By Class Counsel About My Status and Objection; Conflict and Objection to Adequacy of Counsel

Notably class counsel was very concerned with Rule 11, as the pleadings filed on June 10th make false statements about me, and my objection. I am accused of being a "professional objector" (p. 35) although I have not ever objected in my capacity as a class member. And in my 15 year career as a class action lawyer I objected in, to the best of my recollection 3 class actions: Blockbuster, H&R Block, and ARI. I also recently objected on behalf of a client in throttling litigation pending against an internet provider. 4 objections, as a lawyer, over a 15 year period hardly seems like a "professional" objector. The effort here, of course, is to attempt to

stigmatize objecting even thought it was specifically endorsed by the Third Circuit in the *Cendentant* litigation as an efficient way of placing a check on abusive attorneys fees.

More importantly though, the false statement is made in footnote 10 that I objected in the Sprint Settlement and my objections were rejected by this Court. Notwithstanding my request, class counsel has refused to withdraw this false allegation and denied any obligation under Rule 11 to do so. This, coupled with their breaches of paragraphs 9 & 24 of the Settlement agreement and their refusal to return my phone calls notwithstanding 4 requests.

In the interest of full disclosure, I did speak with Carolyn Deverich on Tuesday June 15th. She was not able to answer any of my questions. Claimed she would "try" to look into my concerns. Refused to provide me with any documents supporting their assertion in footnote 10 of their brief that my objection was a repeat of the "Sprint" case, which I was not involved in. She called some of my concerns "silly" and stated I would not be permitted to speak with class counsel, Brian Strange. Interestingly, on Exhibit 3 to the Strange affidavit Ms. Deverich is the only person in the 9 person firm to have not billed a single hour to this case. All the other associates claim to have worked hundreds of hours in the case. So why would they have the person with absolutely no knowledge of the case respond to my questions.

Ms. Deverich was not able to answer my questions and refused to allow me to speak with Brian Strange. I have many questions and concerns: what is the status of Kinkel? What has happened in Kinkel since the arbitrator stated claims could proceed on a class basis there? Why did they file this case a month later? Why did he dismiss his prior appeal in the Sprint case? Was there a reverse auction – serious, serious allegations of ethical misconduct have been made in this case. And now they are all friends? Seeing to it the all get paid? Even for failed cases? Why is a portion of my fund going to pay lawyers who sued Cingular? They should proceed with Kinkel and, if successful, seek payment. I also have questions about what all the California lawyers are getting paid. Quite frankly this is part of the "class action club" taking care of their own. The lawyers settling this case are not members of the National Association of Consumer Advocates and are advancing a settlement that violated numerous of NACA's guidelines for ethical class action settlements.

Right now, these lawyers are treating me as an enemy – even as they claim to represent me. They are doing that because the only thing the care about now is getting paid and lining the pockets of their friends. All the while the consumers release all the claims they ever had or could have had going back a decade, including claims under TILA, FCRA and other consumer protection statutes. These claims should be released and I believe class counsel were negligent in agreeing to a release this broad. I specifically note that I reserve all claims for negligence to which I have a constitutional right to trial by jury to be heard. My review of other objectors, including pro se objectors indicate some serious issues are troubling consumers regarding unfair debt collection and credit reporting issues. I myself was subjugated into paying NCO on account of debt-collection harassment and refusal to honor disputes about the legitimacy of ETF fees.

3. **Objection Based on Illegal Fee Split**

I object to any of the non-certified counsel being paid any money from the fund. To the extent this Court does a lodestar cross check is should only be based on the 3.4 million figure of

class counsel. The other ETF counsel have not been found as adequate by this Court, their adequacy is disputed and I believe they are seeking to be the recipients of an illegal fee split agreement prohibited by the Rules of Professional Conduct.

Rule 1.5(e) provides: (e) A division of a fee between lawyers who are not in the same firm may be made only if:

> (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;
>
> (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and
>
> (3) the total fee is reasonable

As a client I dod not agree to the arrangement and the agreement has not been confirmed in writing. Indeed, any fee split agreement should be order to be produced and would be important potential evidence of collusion.

I dispute that the total fee is reasonable. Without the underlying time records it's really hard to analyze the records in any way. I am awared based on the quick research that I was able to do in the limited time that there exists Third Circuit case law that states that a district court does not abuse its discretion in refusing to order time records and the oft-quoted law that fee litigation should not become a second major litigation. But an assumption there is the court can use summaries because it witnessed the work all in the case – not where, as here, other lawyers that are total strangers to the litigation are getting paid millions of dollars to abandon those claims. Without fee records it is difficult is not impossible to assess the value they provide.

One of the California lawyers, David Frankin, did submit fee records. While neither I nor any of the other class members have had time to analyze these records in any meaningful detail, my attention was quickly drawn to the last dozen or so entries on page 36 (it is page 157 of 270 in ECF filed document 522-2. Here we see the description "reviewed and dictated time records" cut and paste 16 times in a row with time entries consistently above 8 hours. It conjured an odd image in my mind. Really? An attorney sitting in his office talking into his Dictaphone, all day, for 16 days in a row. 112.75 hours at $520 an hour -- $58,630 sought for basically reconstructing time records. Notably Franklin's affidavit does not see his records were contemporaneous. I have done entire cases with decent recoveries for less in fees than one lawyer is claiming for doing something that provided absolutely no benefit to the class. It is also contrary to the representation made by Strange that time is not being sought for preparing the fee petitions.

I've was in the plaintiff's class action business for a long time prior to changing my career. There are two kinds of class action attorneys. Those who are genuinely and ideologically committed to advancing and protecting the interests of attorneys. And those who scheme to use the class action device as nothing more than a vehicle towards their own fees. I have done everything in my career to try to be the former. I was an active and committed member of NACA and Trial Lawyers for Public Justice. Having been in the field so long, having been co-counsel with Freed

& Weiss and victims of their shenanigans in Blockbuster – I have come to know a little about whose who. Isn't it a little suspicious that within a month of getting the AAA arbitrator to say that the case could proceed in arbitration that Weiss comes here with a new action? Why have they not prosecuted Kinkel, especially after the so-called landmark win.

Review of the docket shows that most of the time spent by the law firms was not about how to recover money for the class. It was about fighting for control of the case. Because that's all these lawyers care about – is control of cases. Plaintiffs and class representatives are mere pawns in the power-broker game of the big class action action attorneys sitting around their big marble tables dividing millions of dollars amongst themselves. It's pathetic and despicable and part of what caused me to become disgusted with the practice of law and change careers into academia. But now I am a class member. And I can have voice for the people who don't fully understand.

Class counsel tout the fact that only two dozen or so people objected out of "millions". That is more a testament to the potential insufficiency of the notice more than anything else. But some of these objections are potent. The gentleman from Texas who commented that the ETF claim should be resolved by trial to prevent a "waste" of tax payer money is a good one. While it is true, and oft said that there is value to settlement, there is often also a lot of value to trial. ATT reserves the right to resume this practice in two years. People are still uncertain. Sometimes, especially in consumer protection matters where precedents can change industry conduct, the most valuable thing class counsel can achieve for the public is a decision – thumbs up or thumbs down. A court's declaration as to the legality of these liquidated damage type penalties would be an important contribution to the body of law and society.

I have retained counsel to represent my interests and am considering seeking to intervene.

4. **Renewal of March 24th objections as related to attorneys fees**

In my March 24th letter I objected in objection number 2 that there was no procedure for class members to determine the extent of their refund – this is work class counsel should have done as part of seeking millions in fees, to shift the burden to class members to prove their own claims is wrong. That's why people hire lawyers, to prove claims for them – not to be required to do it themselves.

In objection 3 I specifically objected that there was a conflict because they negotiated that they get paid 15 days after final approval even if the class must wait for appeals. Also, there is a risk these funds will be dissipated and not recovered. Also without knowing how many people claim in it is unfair to pay class counsel. In their briefs class counsel talk a lot about this court's prior opinions in the Sprint and T-Mobile cases, but in those decisions the court had very specific information about the number of claim ins. The claim deadline is August, yet if the settlement is approved they will get paid in July, before the reasonableness of the fees can be meaningfully evaluated in relation to amount of claims submitted.

Another big problem I have with the settlement is if we have an opt-in claim in process and are releasing all our claims, even non ETF claims then we should be able to submit claims

for our full damages, including under the FCRA, etc. Certain pro se class members specifically stated that they were deterred from switching carriers due to the penal nature of the liquidated damage clause. If they are willing to swear under penalties of perjury that they were damages in such a manner and can show losses due to opportunity costs forgone, they should be able to claim in for that. I suffered credit damages from my refusal to pay ETF fees even though I specifically disputed them as such. As a consumer protection attorney myself I was aware of the illegality of penalties such as this. This was one of the allegations in the *Blockbuster* litigation and I was acutely aware of these claims at the time. Why are my claims being limited to $25?

Many courts advocate mini-trials or other claims processes where class members can submit and get paid the full amount of their claims. This is better than cy pres. There is no windfall is class members are not first compensated in full. Class members should be permitted to claim against the fund to the full extent of their damages and the entirety of the fund should be distributed to class members if possible. To the extent class counsel cannot make that happen they should not be able to claim a percentage of any portion of the fund that is cy pressed. This is the point I was also making in objections 6,7 & 8 of my March 24th objection.

In objection 9 I noted that class counsel's fee petition was not on the website as of March 24th the date by which class members were to decide whether to opt out. As noted above, those records are still not on the web-site.

I have consulted with my attorney, Mark Lavery, advised him of class counsels refusals to return my calls, my March 24th and this letter and the June 10th pleadings. He is conducting is Rule 11 investigation and preparing to advise me whether to seek to intervene under the authority of *IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LOAN LITIGATIO* 418 F.3d 277 (3rd Cir. 2005) for the purpose of obtaining discovery on the value of the released claims, the legitimacy of attorneys fees, and collusions resulting in an illegal and unethical fee split agreement. I feel my interests are not being adequately protected by class counsel who will not even provide me the professional courtesy of a return phone call. I am considering my rights relative to seeking their discharge as my lawyers. And had I seen the time records and the outrageous 1.7 million dollar pay off to the Lakin firm and Paul Weiss and Phil Bock I would have opted out. I did not know Paul Weiss was one of my lawyers and given my knowledge of him, his firm and prior actions he's taken in consumer class actions want nothing to do with him or his New Jersey co-counsel that is joint venturing a dozen other cases with him.

Respectfully,

Christopher V. Langone

RECEIVED
JUN 21 2010
AT 8:30
WILLIAM T. WALSH, CLERK

Langone
207 Texas Lane
Ithaca, NY 14850

Clerk of the Court
U.S. District Court
50 Walnut Street
Newark, NJ 07101

2010 JUN 21 P 2:39

RECEIVED CLERK
U.S. DISTRICT COURT