UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, *et al.*,<br><br>            Defendants. | Civil Action No. 07-05325 (JLL) |

-------------------------------------------------------------------------------------------------------------------
**CLASS COUNSEL'S RESPONSE TO CHRISTOPHER LANGONE'S OBJECTIONS TO FINAL SETTLEMENT AND APPLICATION FOR FEES AND COSTS**
-------------------------------------------------------------------------------------------------------------------

Brian R. Strange
Gretchen Carpenter
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
(310) 207-5055

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Attorneys for Plaintiffs and the Class

I.   **INTRODUCTION**

After already filing objections to the ATTM Settlement which were fully addressed in Plaintiffs' June 10, 2010 Final Fairness Brief, Christopher V. Langone files a second objection raising many of the same issues, and demands that this Court provide him additional time to object yet again. However, the purpose of objections to any proposed settlement of a nationwide class action is not to try each issue of an action that any given objector deems to be important. Nor is the purpose of those objections to proposed class action settlements to peck to death, in the manner of so many ducks, the hard-fought and long negotiated compromise of the parties. An objection is pertinent if it calls into question some aspect of the fairness, reasonableness or adequacy of the settlement. None of Langone's objections are pertinent to the Settlement or the corresponding Fee Application before this Court. Accordingly, Plaintiffs respectfully request that the Court overrule these objections.[1]

II.   **LEGAL ARGUMENT**

    A.   **Langone's Objections to the Notice of and Timeframe for Objections is Without Merit**

Repeating an argument already raised in his first objection, Langone states that Class Counsel failed to timely file its Fee and Cost Application in accordance with the Settlement Agreement so that "class members are not being given sufficient time to make objections regarding attorneys fees and costs." (Langone Objections, Docket Entries Nos. 500 at p. 2, 532 at pp. 1–2). However, this Court's May 24, 2010 Order (posted on the publicly-available

---

[1] As a threshold matter, Langone states in his objection that "had [he] seen the . . . pay off to the Lakin firm and Paul Weiss and Phil Bock [he] would have opted out." (Docket Entry No. 532 at p. 7). If Langone still wishes to opt out, Class Counsel has no objection.

Settlement website) sets forth the schedule followed by Class Counsel—Fee and Cost Applications were due on June 10, 2010, and Class members had until June 17, 2010 to respond. (Docket Entry No. 511). This timeframe is consistent with every other ETF settlement approved by this Court, and also comports with the general objection timeframes in similarly sized class action settlements. *Larson v. Sprint Nextel Corp.*, Civil Action No. 07-05325(JLL), Docket Entry No. 344 (allowing 5 days for fee objections); *Milliron v. T-Mobile*, Civil Action No. 08-4149(JLL), Docket Entry No. 37 (allowing 5 days for fee objections); *In re Currency Conversion Fee Antitrust Litig.*, MDL Docket No. 1409 M 21-95 (S.D.N.Y. 2007) (allowing 13 days for settlement and fee objections); *Ross, et al. v. Bank of America, N.A., (USA), et al.*, No. 05-cv-7116, MDL No. 1409 (S.D.N.Y. 2010) (allowing 14 days for settlement and fee objections). Langone's claim that he has been personally prejudiced by this timeframe is contradicted by his comprehensive objections filed with this Court. This objection is without merit and should be overruled.

Langone's request for additional time to file *another* objection to the Fee and Cost Application should be denied. This Court's May 24, 2010 Order cuts off all fee objections on June 17, 2010 and supersedes any previous deadlines in the Court's Preliminary Approval Order. (*See* Docket Entry No. 511). Additionally, allowing Langone more time to further object to the Fee and Cost Application would prejudice other class members since the Settlement website states that Class members will only have until June 17, 2010 to object in accordance with this Court's May 24th Order. *See* http://attmetfsettlement.com/.[2]

---

[2]   Langone's representation that class counsel "ha[s] not established procedures for receiving and responding to inquires from settlement class members and refuse to return calls" is contradicted later in his objection when he admits that Class Counsel returned his Friday June 11, 2010 call on Tuesday June 15, 2010. *See* Docket Entry No. 532 at p. 4).

2

Finally, Langone objects that Class members were not provided with proper notice of the Final Hearing continuance or Fee and Cost Application. However, the parties posted the Court's Final Hearing continuance on the publicly-available Settlement website that the objector admits he reviews. *See* http://attmetfsettlement.com. Courts have held that in the case of a nationwide class such as here, this constitutes sufficient notice. *See, e.g., Lonardo v. Travelers Indem. Co.*, 2010 WL 1416698, *13 (N.D.Ohio 2010) (website notice re: available benefit and requested attorneys' fees sufficient where posted on publicly-available settlement website). With regards to the Fee and Cost Application, Class Counsel over-nighted hard copies of that Application to each Settlement objector on June 10, 2010 and provided contact information on the Settlement website for any member requesting a copy of this document. Langone cannot claim any personal prejudice since he received a hard copy of the document the morning after it was filed with this Court. This is far beyond Class Counsel's duty of notice. Class Counsel followed the same fee notice procedures in the Sprint and T-Mobile settlements approved by this Court. Langone has not been personally prejudiced, nor is there any evidence that any Class member has been prejudiced by this decision. This objection should be overruled.

**B.   Langone's Objections to Fee-Splitting are Without Merit**

Langone also objects that the fee agreement among counsel regarding how to divide the potential fee award violates RPC 1.5(e), which governs fee splitting among attorneys who do not work at the same firm.[3] That Rule provides:

---

[3]   Langone also appears to have filed a lawsuit against Class Counsel in the Northern District of Illinois this last week alleging that the requested attorneys' fees in this Settlement "violate[] Rule 1.5 of the Rules of Professional Conduct." *Langone v. Weiss, Free and Weiss, LLC et al.*, No. 1:10-cv-03819 (N.D. Ill. 2010). Langone requests that the court there "declar[e] that the proposed fee split agreement […] violates Rule 1.5(e)" and further requests that the court "forfeit[] [the fee] to Langone." *Id.* at ¶ 26. Notwithstanding serious issues of jurisdiction, this claim is not properly pled and states no facts upon which Langone's claim is founded. *Id.* This

> *Except as otherwise provided by the Court Rules*, a division of fee between lawyers who are not in the same firm may be made only if:
>
> (1)   the division is in proportion to the services performed by each lawyer, or, by written agreement with the client, each lawyer assumes joint responsibility for the representation; and
>
> (2)   the client is notified of the fee division; and
>
> (3)   the client consents to the participation of all the lawyers involved; and
>
> (4)   the total fee is reasonable.

(emphasis added)

Fed.R.Civ.P. 23(h) governs the award of attorney's fees in class actions, and provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Since the procedure for awarding attorney's fees in class actions is "as otherwise provided by the Court Rules", Rule 23, not RPC 1.5 governs the award of attorney's fees in a class action. While applicable ethical rules are useful guidelines in determining the reasonableness of attorney conduct and of fees, the Court is ultimately bound to follow Rule 23 and applicable cases relating to the award of attorney's fees. *See In re Agent Orange Product Liability Litigation*, 818 F.2d 216, 222 (2d Cir. 1987). In that role, particularly in cases where, as here, an award of fees is coming from a common fund, the Court stands in the place of the client to ensure that the fee being paid to the attorney or attorneys are reasonable.

> The common fund doctrine is essentially a matter of equity, and gives courts significant flexibility in setting attorneys' fees. For the doctrine to function, it is essential that the court supervise class counsel's performance and carefully scrutinize its fee applications. The court's scrutiny is, in essence, a substitute for active client involvement, which is so often difficult to obtain in class actions. In

---

action has not been served. If it is not withdrawn upon the resolution of these issues by this Court, Class Counsel intends to move to enjoin this action.

> traditional common fund cases, the court acts almost as a fiduciary for the class, performing some of the roles—*i.e.*, monitoring and compensating class counsel— that clients in individual suits normally take on themselves.

*In re Cendant Corp. Securities Litigation*, 404 F.3d 173, 187 (3d Cir. 2005) (internal citations omitted). The Court may give substantial deference to the opinion of class counsel as to how fees should be allocated, but, ultimately, it is the Court, not counsel, to determine how fees should be allocated after hearing class counsel's recommendation and considering any objections. *Cendant*, 404 F.3d at 195. Class Counsel has submitted their fee application to the Court, but it is the Court's decision as to what fees should be awarded after considering both Class Counsel's fee application and any fee objections.

Mr. Langone's suggestion that RPC 1.5(e) should be strictly enforced in a class action setting is both contrary to well-settled principles, and simply impractical. In particular, the requirement that "the client consents to the participation of all the lawyers involved", RPC 1.5(e)(3), would, at worst, require every class member to affirmatively consent to the participation of each and every attorney who might seek compensation from the common fund. If that were the rule, it would be impossible as a practical matter for any attorney in a multi-attorney class action to get paid. At best, if non-objection were tantamount to consent in this situation, strict application of RPC 1.5(e) would allow any malcontent class member to hold an absolute veto power over the fee award of an otherwise deserving attorney, as Langone appears to be attempting. That rule is likewise contrary to well-settled case law regarding awards of attorney's fees in class actions, and contrary to the well-settled public policy in favor of settlements.[4]

---

[4] Langone's claim that Class Counsel is "scheming […] [for] fees" while Langone has devoted his legal career "to advancing and protecting" consumers is without merit and disingenuous. In 2000, the Seventh Circuit threw out a class settlement in which Langone served

### C. Langone's Objections to Insufficient Communications with Class Counsel are Without Merit

Langone objects to his characterization as a "professional objector"; however, by his own admission, he is a class action attorney with an "insiders [sic] knowledge" of the settlement objection process who has litigated consumer protection cases and objected on behalf of himself and other class members in at least four actions.[5] (Docket Entry No. 532 at p. 3–4). In 2000, the Seventh Circuit threw out a class settlement in which Langone served as class counsel, finding that the settlement provided no benefit to the class and was "substantively troubling" since "[the representative plaintiff] and [Langone] were paid handsomely to go away" and "most of the money went to [Langone]." *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881-82 (7th Cir. 2000). Even absent these details, Langone's objection to his classification as a "professional objector" is unrelated to the fairness or adequacy of this Settlement and is without merit.

Mr. Langone also objects to the adequacy of Class Counsel's response to his repeated phone calls. Without engaging in a tit-for-tat, Mr. Langone's representations regarding these phone calls are not accurate. Mr. Langone left a phone message on Class Counsel Brian Strange's phone on the afternoon of Friday June 11, 2010 requesting that Mr. Strange return his call. Mr. Strange was traveling extensively at that time so Carolyn Deverich—an associate at

---

as class counsel, finding that the settlement provided no benefit to the class and was "substantively troubling" since "[the representative plaintiff] and [Langone] were paid handsomely to go away" and "most of the money went to [Langone]." *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881-82 (7th Cir. 2000).

[5] Langone also objects to Plaintiffs' error in footnote 10 of the Final Fairness Brief which states that Langone objected in the Sprint settlement. This was an innocent mistake on Plaintiffs' part, and Langone does not state that this error has prejudiced him in any way or otherwise affected the Settlement or the Class. It is unrelated to the fairness or adequacy of this Settlement and should be overruled.

Strange & Carpenter who is actively involved in the case—returned Langone's call on Tuesday June 15, 2010.  During a 30 minute conversation with Langone (during which Langone enumerated his objections to the Settlement and Application for Fees), Ms. Deverich explained that  to the extent Mr. Langone had additional objections to the Settlement, he should file them properly before the Court, as he has done.  Any objection that Class Counsel's response to Langone was insufficient is without merit and should be overruled.

### D.     Langone's "Renewal" of His March 24th Objections are Without Merit

Langone seeks to "renew" his March 24, 2010 objections filed with this Court and fully addressed in Plaintiffs' Final Fairness Brief.  (*See* Langone Objections, Docket Entry No. 500).  To avoid repetition of the same arguments, Plaintiffs incorporate their Final Fairness Brief responses to these objections.  (*See* Plaintiffs' Brief In Support of Final Approval of Settlement, Docket Entry No. 521 at pp. 33-35, 37-42).  These objections are without merit, are unrelated to the adequacy and fairness of the Settlement, and should be dismissed.

## VI.    CONCLUSION

For all the reasons set forth above, Plaintiffs respectfully request that this Court enter an Order (1) overruling Langone's objections, (2) finally approving the Settlement, and (3) granting Plaintiffs attorneys' fees and costs as requested in the Application for Fees and Costs.

                                    CARELLA, BYRNE, CECCHI,
                                    OLSTEIN, BRODY & AGNELLO
                                    Attorneys for Plaintiffs and the Class


                                    By:     /s/ James E. Cecchi
                                            JAMES E. CECCHI

Dated:   June 22, 2010