Ricky Bagolie, Esq.
Alan T. Friedman, Esq.
**BAGOLIE FRIEDMAN LLC**
Five Corners Building
660 Newark Avenue
Jersey City, NJ 07306
Telephone: (201) 656-8500
Facsimile: (201) 656-4703

Joseph Antonelli, Esq. (SBN 137039)
Janelle Carney, Esq. (SBN 201570)
**LAW OFFICE OF JOSEPH ANTONELLI**
1000 Lakes Drive, Suite 450
West Covina, California 91790
Telephone: (626) 917-6228
Facsimile: (626) 917-7686

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON TESSIE ROBB, WILLIE DAVIS, ROMAN SASIK DAVID DICKEY et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL and NEXTEL FINANCE COMPANY<br><br>Defendants. | Civil Action No. 07-05325 (JLL)<br><br>Hon. Judge Jose L. Linares<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE OF GIUSEPPE JOSEPH ANTONELLI AT FINAL APPROVAL HEARING**<br><br>Date: June 29, 2010<br>Time: 2:00 p.m.<br>Dept.: MLK5D<br><br>Action Filed: |

1

**Memorandum of Points & Authorities in Support of Motion for Admission Pro Hac Vice of Giuseppe Joseph Antonelli at Final Approval Hearing**

## I. INTRODUCTION.

The applicant, Giuseppe Joseph Antonelli, has met all requirements and conditions set forth in United States District Court for the State of New Jersey, Local Civil Rule 101.1(c)(1) and, therefore, is qualified to appear in this Court on behalf of the plaintiffs in the matter on behalf of the <u>Dias v. AT&T</u>, Los Angeles Superior Court Case No. BC316195 plaintiffs.

## II. LEGAL AUTHORITIES.

Local Rule 101.1(c) sets forth the conditions to be admitted as pro hac vice counsel in the United States District, and they are as follows:

> (1) Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case. The motion shall contain a certified statement of the applicant disclosing each bar in which the applicant is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar; in lieu thereof, the motion may attach a certificate of good standing issued by the person or office maintaining the roll of the members of its bar. The motion shall contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction. If discipline has previously been imposed within the past five years, the certification shall state the date, jurisdiction, nature of the ethics violation and the penalty imposed. If proceedings are pending, the certification shall specify the jurisdiction, the charges and the likely time of their disposition. An attorney admitted pro hac vice shall have the continuing obligation during the period of such admission promptly to advise the court of the disposition made of pending charges or of the institution of new disciplinary proceedings.
>
> (2) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment to the New Jersey Lawyers' Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a). This payment shall be made for any year in which the admitted attorney continues to represent a client in a matter pending in this Court. A copy of the order shall be forwarded by the Clerk to the Treasurer of the Fund.
>
> (3) The order of the Court granting a motion to appear pro hac vice

2

**Memorandum of Points & Authorities in Support of Motion for Admission Pro Hac Vice of Giuseppe Joseph Antonelli at Final Approval Hearing**

shall require the out-of-state attorney to make a payment of $150.00 on each admission payable to the Clerk, USDC.

Mr. Antonellii meets all the requirements set forth in Local Rule 101.1(c). He is an attorney licensed to practice before all courts of the State of California. Mr. Antonelli is the managing partner at the Law Office of Joseph Antonelli.

In addition, Giuseppe Joseph Antonelli is not a resident of the State of New Jersey. Further, Mr. Antonelli designees Alan T. Friedman and Ricky Bagolie as active members of the State Bar of New Jersey to act as local counsel in this matter. The Court, Class Counsel, and opposing counsel can readily communicate with the firm's office in Jersey City, New Jersey regarding this matter.

In addition to the foregoing, Giuseppe Joseph Antonelli is in good standing with all courts in which he is admitted to practice, and he has not been suspended or disbarred in any court.

### III. CONCLUSION

The applicant, Giuseppe Joseph Antonelli, has met all requirements and conditions set forth in United States District Court of New Jersey, Local Rule 101.1(c). Therefore, the Dias plaintiffs respectfully requests that Mr. Antonelli be admitted to appear in this Court on behalf of the Dias plaintiffs as counsel pro hac vice.

Dated: June 22, 2010                          BAGOLIE FRIEDMAN LLC

By: _____
Ricky Bagolie
Alan T. Friedman

3