Ricky Bagolie, Esq.
Alan T. Friedman, Esq.
BAGOLIE FRIEDMAN LLC
Five Corners Building
660 Newark Avenue
Jersey City, NJ 07306

Joseph Antonelli, Esq. (Bar No. 137039)
Janelle Carney, Esq. (Bar No. 201570)
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790
Tel: (626) 917-6228
Fax: (626) 917-7686

Attorneys for Dias Plaintiffs and all others similarly situated.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON TESSIE ROBB, WILLIE DAVIS, ROMAN SASIK DAVID DICKEY et al., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL and NEXTEL FINANCE COMPANY <br><br> Defendants. | Case No.: 07-05325 (JLL) <br><br> Hon. Judge Jose L. Linares <br><br> **DECLARATION OF JOSEPH ANTONELLI IN SUPPORT OF DIAS PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS AND NOTICE OF INTENT TO APPEAR AT FINAL APPROVAL HEARING** <br><br> Date: June 29, 2010 <br> Time: 2:00 p.m. <br> Dept.: MLK 5D <br><br> Dias Action Filed: May 27, 2004 |

1

Declaration of Joseph Antonelli ISO Dias Plaintiffs' Request for Attorneys' Fees

1. I, Joseph Antonelli, declare:

1. I am an attorney duly licensed to practice law before all courts in the State of California. I am the attorney for plaintiffs Denise Dias and Stacy Day in the matter of <u>Dias v. AT&T Wireless Services, Inc.</u>, Superior Court of the State of California for the County of Los Angeles, Case No. BC316195. I have personal knowledge of the facts herein. If called as a witness, I could and would competently testify herein.

2. I have been litigating the <u>Dias</u> case along with my co-counsel, Kevin T. Barnes and Gregg Lander of the Law Offices of Kevin T. Barnes, and Peter T. Cathcart of Magana, Cathcart & McCarthy, since May 27, 2004. The <u>Dias</u> matter is currently stayed pending appeal. The <u>Dias</u> matter pleads the same allegations in the matter of <u>Hall v. AT&T MOBILITY LLC</u>, United States District Court, District of New Jersey, Case No. 07-5325 (D.N.J.), and seeks the same damages. At no time during the pendency of the <u>Dias</u> matter has anyone filed a Notice of Related Case, nor informed any of the <u>Dias</u> counsel of the pending <u>Hall</u> matter. In fact, counsel learned of the <u>Hall</u> settlement through defense counsel after the <u>Hall</u> matter was resolved.

3. Pursuant to the settlement agreement in <u>Hall</u>, which was provided to me as a courtesy by defense counsel, William M. Connolly, Esq. I am submitting this declaration pursuant to paragraph 8 of the Preliminary Approval Order dated November 5, 2009. This declaration has been timely submitted to Class Counsel Strange & Carpenter and Mr. Cecchi on or about March 23, 2010 pursuant to the Preliminary Approval Order, which requires ETF Counsel to submit a summary of attorneys' fees they wish to seek as part of the settlement, to class counsel not later than twenty-one (21) days prior to the Final Approval hearing, which was originally set for April 14, 2010. The <u>Dias</u> counsel are specifically listed and identified as ETF Counsel in at least the following paragraphs of the court approved Settlement Agreement: page 10 at ¶22 ETF Counsel – definition of ETF

Counsel; page 10 at ¶23 ETF Related Claims – <u>Dias</u> is considered part of this definition; ¶40 Related Actions- <u>Dias</u> is part of the definition.  (A true and correct copy of the Court Approved Settlement Agreement and Preliminary Approval order are attached hereto collectively as **Exh. 10**)  The Notice to the Class also list the <u>Dias</u> case as a related case.  Of the 8 cases listed as Related Cases, the <u>Dias</u> and <u>Waldmann</u> matters appear to be the oldest, having been filed in May 2004.  I also note that the ETF claim in the <u>Dias</u> matter does relate back to October 2002 whereas the ETF claim that settled reached back to only September 1, 2005.  Accordingly, the <u>Dias</u> case definitely provided value to the settlement in that it reached back a full 3 years more than the settled claims.  Furthermore, the <u>Dias</u> matter was hotly litigated as discussed below and the <u>Dias</u> plaintiffs' were successful in defeating the defendant's attempt to have the matter sent to mandatory arbitration.  AT&T appealed the ruling and ultimately abandoned said appeal.  It is true that Judge Carl West has granted a dispositive motion in favor of the defendant; however said order has been appealed by <u>Dias</u>.  The <u>Dias</u> counsel have been successful in challenging Judge Carl West in another class action that resulted in a reversal in a published opinion (see Tien v. Sup. Ct. (2006) 139 Cal. App. 4th 528).  Accordingly, although declarant has the utmost respect for Judge West, <u>Dias</u> is confident that there will be a successful result in the court of appeal.

     After submitting a declaration and attorney billing to Class Counsel, Brian Strange, declarant made numerous attempts to speak with Class Counsel Brian Strange.  I have yet to receive the courtesy of a telephone call or any substantive response concerning the request for fees and costs.  (Attached hereto as **Exh.11** is a true and correct copy of the original declaration provided to Mr. Strange and James E. Cecchi.)  A copy of **Exhibit 11** was also provided to defense counsel, Mr. William Connolly on or about April 5, 2010.  Mr. Strange did call my office with his co-counsel Mr. Cecchi on Monday June 21 but when I returned the call Mr. Strange was unavailable and Mr. Cecchi was unwilling to discuss the matter

without Mr. Strange being present.  Mr. Cecchi agreed to call me back with Mr. Strange on Tuesday June 22 but failed to follow through on this promise.  When I asked Mr. Cecchi why my declaration and request for fees and costs were not filed with the court, Mr. Cechi said he had no obligation to do so.  I believe that as third party beneficiary to the Settlement Agreement that Class Counsel had an obligation to review the fee request and submit it to this court as I have requested on multiple occasions.  Furthermore, the Settlement Agreement at page 25 certainly places an obligation on Class Counsel to submit the fee requests of all ETF Counsel.  This Settlement Agreement was approved by the Court and terms were specifically approved as part of the Preliminary Approval order.  Thus it is <u>Dias</u> position that Class Counsel breached their ethical obligations, the settlement agreement, breached their fiduciary obligations, and they are in violation of the Court Preliminary Approval Order.

       4.     At some point, I did receive a request from Class Counsel Strange & Carpenter to submit a breakdown of hours pursuant to a spreadsheet template that was provided by Class Counsel.  (A true and correct copy of the e-mail dated May 20, 2010 is attached hereto as **Exh. 12**).  Thereafter, Strange & Carpenter sent another email dated May 20, 2010 stating that since there was "no agreement" for fees that there was no need to complete the spreadsheet.  (A true and correct copy of the e-mail dated May 20, 2010 is attached hereto as **Exh. 13**).  I sent a series of correspondence requesting a time to discuss this matter and received only 1 response from Mr. Strange.  (True and correct copies of the various emails and the one response from Mr. Strange are collectively attached as **Exh. 14**.)  On Thursday June 17, 2010 I searched the docket for the case to discover that Class Counsel have violated the Court orders and failed to submit the <u>Dias</u> request for fees and costs.  <u>Dias</u> ETF Counsel have acted diligently in submitting these papers in a prompt and timely fashion.  I was forced to locate local counsel and have

/////

4

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

1. submitted a pro hac vice application in order to file these papers and appear at the Final Approval hearing.

2. 5. The total time spent at this point does not include time through final appeal, if this does not resolve herein. In addition, there have been three (3) law firms who in total provided approximately 9 lawyers working on behalf of the <u>Dias</u> plaintiffs and putative classes. These hours are more fully detailed and broken down in paragraph 25 below. In reality the hours worked on the case has increased since the time of completing the attached hourly bills. The hours as represented in the breakdown provided to Class Counsel, Brian Strange (**Exh 6**) shows the combined total of 1,551.70 hours for the <u>Dias</u> counsel. The difference in the two figures of 54.40 is a result of a second audit conducted on the bills provided herein as Exhibit 3. For purposes of this declaration and request, <u>Dias</u> counsel will discuss the hours of 1,497.3 as that is the number that was provided to class counsel on March 23, 2010. This is also the declaration and number provided to defense counsel Mr. Connolly.

The total of 1,497.3 hours expended to date on this matter is very reasonable. If the matter does not settle and continues through the appellate process there is a reasonable probability that an additional 100-150 hours will be expended through appeal. Each attorney who has worked on this matter has done so at the direction of the Law Office of Joseph Antonelli or at the direction of Magana, Cathcart & McCarthy, and each firm has provided detailed records describing the amount of time spent on litigating this case and the hourly rate charged by each timekeeper. Further, I have been provided a copy of each firm's time records. I have reviewed each time entry from my office and ensured to the best of my ability that all time expended was reasonable and necessary in order to protect the interests of the class. True and correct copies of time records for my firm, Magana, Cathcart & McCarthy, and the Law Offices of Kevin T. Barnes are attached hereto as **Exhibits 3**, **4**, and **5**, respectively. Furthermore, a breakdown of

5

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

1  hours and costs is provided separately as **Exh. 6.** This breakdown of fees and costs
2  were provided to ETF counsel on June 7, 2010.

3      5.    Class counsel has experience not only in class actions and
4  employment litigation, but specifically in wage and hour class actions.  This case
5  involved three (3) class action law firms acting as co-counsel and approximately 9
6  lawyers assisting in the endeavor.  Class Counsel are experienced and qualified to
7  evaluate the class claims and viability of the defenses.

8      6.    The <u>Dias</u> plaintiffs' counsel is experienced counsel who participated
9  in all aspects of this action and supports the settlement.  I am qualified to act as
10 class counsel. I graduated from Loyola Law School and obtained my Jurisprudence
11 Doctorate in May 1988.  I took the California Bar Examination in July 1988 and
12 received my passing results in November 1988.  I was admitted to practice law in
13 the State of California and the Federal Courts in December 1988.  I have remained
14 in good standing as a member of the California bar since admission through the
15 present time.  I have litigated numerous successful wage and hour class actions in
16 California.

17     Janelle Carney is qualified to act as class counsel.  She graduated from
18 Whittier College School of Law and obtained her Jurisprudence Doctorate in May
19 1988.  Ms. Carney took the California Bar Examination in February 1999 and
20 received her passing results in May 1999.  She was admitted to practice law in the
21 State of California and the Federal Courts on June 8, 1999.  Ms. Carney has
22 remained in good standing as a member of the California bar since admission
23 through the present time.  Ms. Carney has litigated numerous successful wage and
24 hour class actions in California.  Since her admission to the bar, Ms. Carney has
25 worked at the Law Office of Joseph Antonelli and our office has focused on wage
26 and hour class actions since that time.  Ms. Carney became a partner at the Law
27 Office of Joseph Antonelli on July 1, 2007.
28 /////

6

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

1  Kevin T. Barnes is qualified to act as Class Counsel. Mr. Barnes graduated
2  from the University of Colorado at Boulder in 1985 and Loyola Law School in
3  1988. Mr. Barnes has been invited on numerous occasions to speak on class action
4  and wage-and-hour employment issues. Mr. Barnes has spoken at seminars put on
5  by the Labor and Employment Section of the Los Angeles County Bar Association,
6  various labor lawyer associations, seminars for mediators and Nuts & Bolts
7  seminars for new lawyers. Mr. Barnes has been selected as a Southern California
8  Super Lawyer in 2007 and 2008 in Employment and Labor. This recognition is a
9  selection by my peers based upon ethics, experience and reputation and represents
10 the top 5% of our profession. Mr. Barnes is also AV rated by Martindale-Hubbell,
11 the highest possible rating for a lawyer.
12  Gregg Lander graduated from Texas A&M University in 1989 with a
13 Bachelor of Business Administration degree in Marketing. He graduated from
14 California Western School of Law in San Diego and was admitted to the California
15 Bar in 1997. He joined The Law Offices of Kevin T. Barnes in 2001 and became a
16 partner in 2004. He is admitted to practice before the following Courts: all
17 California State Courts, all Texas State Courts, United States District Court for the
18 following California Districts: Northern, Central, Eastern and Southern, United
19 States Court of Appeal for the Ninth Circuit, United States Court of Appeals for
20 Veteran's Claims, United States Court of Appeals for the Armed Forces, United
21 States Court of Appeals for the Federal Circuit, United States Tax Court, United
22 States Court of International Trade, United States Court of Federal Claims and
23 United States Supreme Court. He was recognized as a Southern California Super
24 Lawyer in 2004 and was a speaker at the Bridgeport December 2008 Wage & Hour
25 Litigation Conference. Mr. Lander's standard hourly rate for class action litigation
26 is $550 per hour.
27  Furthermore, in 2007 Mr. Barnes, with co-counsel Joseph Antonelli, tried a
28 wage and hour class action case entitled Mutuc v. Huntington Memorial Hospital,

1  LASC Case No. BC288727. On September 14, 2007, Judge William A.
2  MacLaughlin issued a Statement of Decision and a supplemental Statement of
3  Decision on January 5, 2008, awarding the class members restitution in the amount
4  of $32,857,014.83. Further, on August 29, 2008, Mr. Barnes tried a wage and hour
5  class action case entitled <u>Solis v. Worldwide Attorney Service, Inc</u>., OSCS Case
6  No. 03CC00069. These are two of only a small number of wage and hour class
7  action cases ever actually tried in the State of California.
8      Peter Cathcart is qualified to act as class counsel.  Mr. Cathcart graduated
9  from Loyola Law School and obtained his Jurisprudence Doctorate in June 1980.
10 He took the California Bar Examination in July 1980 and received a favorable
11 result in November 1980.  Mr. Cathcart was admitted to practice law in the State of
12 California and the Federal Courts in December 1980 and has remained in good
13 standing as a member of the California Bar since admission through the present
14 date.  Mr. Cathcart has been involved in a number of successful wage and hour as
15 well as consumer class actions in California.
16     7.  The associate attorneys working on the matter are all licensed
17 attorneys.  Michael R. Gradisher, who was admitted to the California State Bar on
18 December 11, 1986, graduated from Pepperdine University School of Law in
19 Malibu, California; Rebecca Olavarria, who was admitted to the California State
20 Bar on December 17, 1991 graduated from Brigham Young University, J. Reuben
21 Clark Law School in Utah; James E. Millar was admitted to the California State
22 Bar on February 4, 1980 and graduated from UC Hastings College of Law in San
23 Francisco, California; Anne M. Huarte graduated from Loyola Law School in Los
24 Angeles, California and was admitted to the California State Bar on June 9, 1992.
25     8.  Class Counsel are respected members of the California Bar with
26 strong records of vigorous and effective advocacy for their clients, and they are
27 experienced in handling complex class action and employment litigation.
28 /////

8

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

9. In addition to the numerous class action wage and hour matters litigated by my firm, we have received three (3) favorable published Court of Appeal opinions, Huntington Memorial Hospital v. Superior Court (Mutuc) (2005) 131 Cal. App. 4th 893 and Tien v. Superior Court (2006) 139 Cal.App. 4th 528, and Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286 (Cal. Ct. App. 2010). Plaintiffs' counsel has been appointed class counsel on over 100 and hour class actions.

10. The following is a partial list of class action settlements wherein my office and the Law Offices of Kevin T. Barnes have been appointed class counsel: (1) Declarant, Mr. Barnes, were appointed class counsel in Davis v. Methodist Hospital of Southern California, Case No. BC380177 pending before the Honorable Victoria Chaney; (2) Declarant and Mr. Barnes and Class Action Litigation Group were approved as class counsel in the matter of Lakso-Hoellinger v. UHS, Los Angeles Superior Court Case No. BC342312. The Honorable Joanne O'Donnell entered an Order Granting Final Approval of Class Action Settlement; (3) Declarant and Mr. Barnes were approved as class counsel in the matter of Rent-A-Center Overtime Cases, JCCP No. 4401. The Honorable Edward A. Ferns entered an Amended Order Granting Final Approval of Class Action Settlement. (4) Declarant and Mr. Barnes were approved as class counsel in the matter of Guardado v. Unifirst, Los Angeles Superior Court Case No. BC317814. Judge Jane Johnson entered an order granting final approval and settlement; (5) Declarant, Mr. Barnes, and others were approved as class counsel in the matter of Andrea Roen v. Lieberman Research Worldwide, et al., Los Angeles Superior Court Case No. BC316196. Judge Elihu M. Berle entered an order approving class certification and settlement; (6) Declarant, Mr. Barnes, and others were approved as class counsel in the matter of Barajas v. Cintas, Los Angeles County Superior Court Case No. BC261276. Judge Charles W. McCoy entered an order approving class certification and settlement; (7) Declarant, Mr. Barnes, and others were

9

approved as class counsel in the matter of <u>Sanchez v. L&N Uniform</u>, Los Angeles County Superior Court Case No. BC262766.  Judge Anthony J. Mohr entered an order granting final approval and settlement; (8)  Declarant and Mr. Barnes were approved by Judge Ernest Hiroshige on as class counsel in the matter of <u>Toney, et. al. v McDonald's Restaurants</u>, Los Angeles County Case No. BC234243, that resulted in a confidential settlement; (9)  Declarant and Mr. Barnes were approved as class counsel in the matter of <u>Tong v. 21st Century Insurance Co</u>., Orange County Superior Court Case No. 01CC10913 consolidated with Los Angeles Superior Court Case No. BC234243, <u>Requirme v. 21st Century Insurance Co</u>.. Judge Charles W. McCoy entered an order granting final approval and settlement; (10)  On or about July 2001, the Los Angeles Superior Court, in the matters of <u>Calvo v. McKesson, et. al.</u>, and <u>Ware v. McKesson,</u> et. al., Case Nos. BC228366 and BC231420, Bruce Mitchell, Commissioner, entered an order approving class certification and settlement; (11) On April 4, 2000, Declarant Kevin Barnes, Esq., and other counsel were approved by the Los Angeles Superior Court as Lead Class Counsel in the coordinated action of <u>Cardilino v. Perrier</u> (BC210181) and <u>Holt v. Great Spring Water</u> (Orange County Superior Court Case No. 810642) {"<u>Arrowhead</u>"}.  Commissioner Bruce Mitchell entered an order approving class certification and Settlement on July 10, 2000;  (12)  Declarant and Mr. Barnes were approved by the Los Angeles County Superior Court as lead counsel along with other counsel in the matter of <u>Cruz v. Suntory Water Group, Inc</u>. BC 243596.  The court before the Honorable Anthony Mohr granted Final Approval;  (13)  Declarant and Mr. Barnes were approved by the Los Angeles County Superior Court as lead counsel in the matter of <u>Gonzalez v. Nestle Waters of North America</u> (<u>Arrowhead</u>), Los Angeles Superior Court Case No. BC321485.  The court before the Honorable Edward Ferns granted Final Approval; (14) Declarant and Mr. Barnes along with other counsel in the consolidated matters of <u>Bowen v. Footlocker Retail, Inc. and Brown v. Footlocker Retail, Inc</u>.,  Los Angeles County

Superior Court Case Nos.: BC324956 and BC324890. The court before the Honorable Emilie Elias granted Final Approval of a class action settlement; (15) On or about May 2, 2007, the Santa Clara County Superior Court granted final approval of a class action settlement in the matter of <u>Karsner v. Jiffy Lube</u>, JCCP No. 4345; (16) On or about May 4, 2004, the Santa Clara Superior Court entered an Order granting final approval in the matter of <u>Carney v. Heald College</u> (Santa Clara Case No. CV807318); (17) Declarant, Mr. Barnes, and others were approved as class counsel in the matter of <u>Dannelley, et. al. v. Hollywood Video, et. al.</u>, Santa Clara Superior Court Case No. CV788126. Judge Jack Komar entered an order granting final approval and settlement; (18) Declarant, Mr. Barnes, and other counsel were approved as class counsel in the consolidated matters of <u>Williams v. Staples, Inc.</u>, <u>Marrs v. Staples, Inc.</u>, <u>Mitchell v. Staples, Inc.</u>, <u>Hutchins v. Staples, Inc.</u>, and <u>Amarillo v. Staples, Inc.</u>, JCCP No. 81621. The Honorable Ronald L. Bauer entered an order granting final approval and settlement; (19) On or about February 25, 2005, the Orange County Superior Court, in the matter of <u>Evans v. New Horizons</u>, Case No. 02CC00211, declarant and Mr. Barnes were appointed class counsel. Judge Stephen Sundvold entered a final approval order; (20) On or about May 27, 2004, the Orange County Superior Court, in the matter of <u>Call-Laughorne v. AMN Healthcare</u>, Case No. 02CC16449, declarant and Mr. Barnes were appointed class counsel. Judge David C. Velasquez entered an order approving the; (21) Declarant and Mr. Barnes were approved by the Orange County Superior Court by Judge Jonathan H. Cannon as lead counsel in the matter of <u>Fiez v. Brown Group Retail, Inc</u>., 01CC00381. The court before the Honorable Jonathan H. Cannon on December 11, 2003 granted Final Approval; (22) Declarant and Mr. Barnes were approved by the Orange County Superior Court by Judge C. Robert Jameson as lead counsel in the matter of <u>Berry et. al. v. Cost Plus</u>, 01CC00380. The court before the Honorable C. Robert Jameson on March 20, 2003 granted Final Approval; (23) Declarant and Mr. Barnes were

approved by the Orange County Superior Court by Judge C. Robert Jameson as lead counsel in the matter of <u>Lajoie, et. al. V. The Picture People</u>, 01CC00324. The court before the Honorable C. Robert Jameson granted Final Approval;  (24) On or about January, 2002, the Orange County Superior Court by Judge Robert Thomas granted Class Certification of a class of SMs in a confidential settlement; (25) On or about February 20, 2002, the Orange County Superior Court by C. Robert Jameson granted Final Approval of Class Action Settlement in <u>Maldonado v. Footaction</u>, Case No. 00CC06359;  (26) On or about August 8, 2002, the Orange County Superior Court by Judge C. Robert Jameson granted Final Approval of Class Action Settlement in <u>Franco v. Vans Inc</u>., Case No. 01CC03995;  (27) On or about September 1, 2000, the Orange County Superior Court, in the matter of <u>Martins v. Payless Shoesource Inc.</u>, Case No. 814585, declarant and Mr. Barnes were appointed class counsel.  Judge Stuart Waldrip entered a final approval order;  (28) Declarant and Mr. Barnes were approved by the San Diego County Superior Court as class counsel in the matter of <u>Clarkson v. Kmart Holding Corporation</u>, San Diego Superior Court Case No. GIC840442.  The court before the Honorable Ronald L. Styn granted Final Approval;  (29) On or about January 19, 2000, the San Diego Superior Court entered an Order for Class Certification in the coordinated matter of <u>Hines v. CSK Auto</u>; <u>Tett v. CSK Auto</u>; and <u>Noel v. CSK Auto</u> (San Diego Superior Court Case No. 720346)  {"<u>Kragen Auto</u>"}.  Declarant and Mr. Barnes were appointed class counsel on the <u>Kragen</u> matter.  The San Diego Superior Court entered an order of Final Approval of class action settlement.

## FEES AND COSTS

11. Plaintiffs request attorneys' fees in the amount of $893,055 and costs in the amount of $41,703.70.

12. <u>Dias</u> Class Counsel's lodestar request without even applying a multiplier is at $893,055 which is approximately 14.8% of the request for

attorneys' fees in the amount of $6,000,000.  Counsel submits that a request of 14.8% of the $6,000,0000 in the amount allocated for attorneys' fees in the settlement is fair and reasonable.  There can be little doubt that <u>Dias</u> counsel have provided value in helped in the settling of all the cases.  It is unfortunate that the defense and Class Counsel conducted a "back room" mediation and resolved the case without the knowledge of <u>Dias</u> counsel.  Class Counsel and the defendants should not be rewarded for failing to disclose the impending litigation and the later negotiations as this harms the integrity of the legal profession.  In my experience when I have become aware of related case, I contact all related counsel and take a leadership role in bringing all parties to the table.  In this fashion, there is open disclosure and all parties and all counsel can have a say in the settlement discussions.  Further, my method usually leads to more settlements that are affirmed and not attacked in appellate procedures, which ultimately helps the class members.

  The <u>Dias</u> plaintiffs request reimbursement of costs of $41,703.70, as their actual costs incurred.  The settlement agreement allows for actual recovery of costs without any limitation.  However, counsel submits that each costs incurred and paid by <u>Dias</u> plaintiffs is fair and reasonable.  Class Counsel is unwilling to make an offer to pay any money on fees or costs as of this time.

  13. The defendant retained a prominent law firm to defend this action and the matter was hotly litigated from the beginning through two (2) appellate proceudres.

  14. The <u>Dias</u> plaintiffs counsel provided 1,497.30 hours with not less than nine (9) lawyers actively litigating this case for over five (5) years.

  15. Class Counsel risked not only a great deal of time, but also a great deal of expense to litigate the <u>Dias</u> action on behalf of all class members.  As stated, the <u>Dias</u> counsel advanced costs totaling $41,703.70, for which they are seeking to be reimbursed as itemized below.  A practice can only properly litigate

13

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

so many cases at one time.  The requirements of this case were significant, requiring almost exclusive dedication of class counsel time in this fast paced intense litigation.  Counsel was precluded from other employment.  For the convenience of the Court, a true and correct copy of the costs bill of my firm is attached hereto as **Exhibit 1**.  A true and correct copy of the costs bill for the Law Offices of Kevin T. Barnes and Magana, Cathcart & McCarthy are attached hereto collectively as **Exhibit 2**.

      16.    Class counsel earned the requested fee, as this case was vigorously litigated.  This case was hotly litigated for just about five (5) years.  There was a tremendous amount of work performed by plaintiffs' counsel and experts.  Not less than 1,551.70 hours have been expended by the lawyers on this case.

      17.    As a practical matter, few if any employees pay attorneys' fees on an hourly basis for such extensive litigation, and thus retainer agreements in such cases are based on a contingency fee relationship. Therefore, there is no customary billing rate, but the nature of class action work should be strongly considered by the Court.

      18.    A survey conducted by The National Law Journal for the year 2006 provides a sample of a billing rate for California lawyers.  In that survey, thirteen (13) California firms provided their hourly billing rates. Of those thirteen (13) firms, nine (9) regularly charge in excess of $600.00 per hour for their partners.  In fact, nine (9) of the firms charged as high as $605.00, $625.00, $650.00, $725, $750, $795, and $825.00 per hour. These firms are located in Orange County, Los Angeles County, San Francisco County and San Diego County. (See the National Law Journal Survey attached hereto as **Exhibit 7**)

      19.    Furthermore, in 2007, the National Law Journal (NLJ) conducted another survey in which 8 California law firms have provided their Partner Billing Rate High and such rate averages $711.87 per hour.  See the National Law Journal Survey 2007, **Exhibit 8**.  This billing survey confirms that partners at quality large

14

Declaration of Joseph Antonelli ISO Dias Plaintiffs' Request for Attorneys' Fees

1  law firms regularly charge above the amount the plaintiffs seek in the case at bar.
2  The firms listed on the NLJ survey are the same firms or similar firms to those that
3  Plaintiffs' counsel regularly opposes in these class action cases. A major difference
4  between the National Law Journal Defense firms and plaintiffs' firms is that these
5  defense attorneys are paid on a monthly basis and earn interest on outstanding
6  balances. Further, these defense firms usually do not have to advance costs on a
7  case for a protracted period. To the contrary, Plaintiffs' counsel is only paid if they
8  win and must advance all costs until the case is resolved.

9     20.   There was the enormous cost inherent in class action litigation, as well
10 as a long battle with a large corporation with a high powered and well respected
11 defense law firm. Had the case gone to trial class counsel was committed to
12 expend substantial time and invest up to at least $500,000.00 in costs. As
13 demonstrated above, all three (3) law firms worked in a cooperative fashion
14 throughout the litigation in an attempt to minimize duplication of work. The
15 prospect of losing and incurring substantial costs has previously become reality, in
16 both trial courts and the Court of Appeal in other wage and hour class litigation.

17     21.   Courts have upheld rates as high as $450 per hour (in 1993) in
18 employment matters. (Bihun v. AT&T Information Systems, Inc. 13 Cal. App. 4th
19 976 (1993), overruled on other grounds in Lakin v. Watkins Assoc. Indus. 6 Cal.
20 4th 644, 664 (1993). The $450 in 1993 is equivalent to **$674.80** in 2010 dollars
21 according to the "inflation calculator" provided by the US Government, Bureau of
22 Labor Statistics located at http://data.bls.gov/cgi-bin/cpicalc.pl (See **Exhibit 9,** a
23 true and correct copy of the DOL website calculator conversion of the $450 in
24 1993 to present dollars**).** All of counsel's skill and experience justify the requested
25 rate. The Law Office of Joseph Antonelli and The Law Offices of Kevin T. Barnes
26 practice litigation with a focus on representing employees in employment matters
27 on class action cases. These firms have litigated numerous class actions.
28 Plaintiffs' counsel are pioneers in litigating the complexity and nuances of the dual

1  rate pay practices.  (See <u>Mutuc v. Huntington Memorial Hospital</u>, LASC Case No.
2  BCC288727, Statement of Decisions dated September 14, 2007 and January 25,
3  2008.

4    22.  Plaintiffs request the Court find that counsel's requests of $650.00 per
5  hour for Joseph Antonelli and for Kevin T. Barnes. Furthermore the plaintiffs
6  request that the Court find that Janelle Carney and Gregg Lander be approved at
7  $550 per hour.  Peter Cathcart and Anne Huarte's request of $550 per hour is
8  reasonable given counsel's experience.

9    23.  All of counsel's skill and experience justify the requested rate. The
10 Law Office of Joseph Antonelli and The Law Offices of Kevin T. Barnes practice
11 litigation with a focus on representing employees in employment matters on class
12 action cases.  The issues in the herein cases are very difficult area of law and not
13 within the knowledge of many lawyers. Class action work also requires specialized
14 learning and the willingness to take large risks.  The total hours incurred does not
15 include over one thousand hours of staff time and what Counsel collectively
16 expects to expend in administering the payment portion of the case, including
17 preparation for and attending the final approval hearing as well as resolving all of
18 the pending disputes.

19   24.  The <u>Dias</u> plaintiffs' counsel's time in this case included but is not
20 limited to the following items: Investigation pre-filing from approximately October
21 2003 until May 2004 - the date of filing the first action.  Drafting and responding
22 to several rounds of discovery, taking and/or defending two (2) depositions;
23 reviewing hundreds of thousands of documents; preparing substantive motions;
24 opposing substantive motions; preparing motions in limine, and preparing for trial.
25 Furthermore, the case has been appealed on two (2) separate occasions once by
26 AT&T and presently by the <u>Dias</u> plaintiffs.
27 /////
28 /////

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

25. The requirements of this were significant, requiring over 1551.70 hours of attorney time. The lodestar value of attorney fees requested is as follows:

A. Law Office of Joseph Antonelli

|   |   |   | HOURS | RATE | LODESTAR |
|---|---|---|---|---|---|
| 1. | | Joseph Antonelli | 813.10 | $650 | $528,515.00 |
| 2. | | Janelle Carney | 260.60 | $550 | $143,330.00 |
| 3. | | James E. Millar | 51.30 | $450 | $23,085.00 |
| 4. | | Michael R. Gradisher | 80.40 | $450 | $36,180.00 |
| 5. | | Rebecca Olavarria | 3.50 | $450 | $1,575.00 |
| | | **Subtotal** | **1208.90** | **$606.08** | **$732,685.00** |

B. Law Offices of Kevin T. Barnes

|   |   |   | HOURS | RATE | LODESTAR |
|---|---|---|---|---|---|
| 1. | | Kevin T. Barnes | 35.10 | $650 | $22,815.00 |
| 2. | | Gregg Lander | 8.50 | $550 | $4,675.00 |
| | | **Subtotal** | **43.60** | **$630.50** | **$27,490.00** |

C. Magana, Cathcart & McCarthy

|   |   |   | HOURS | RATE | LODESTAR |
|---|---|---|---|---|---|
| 1. | | Peter Cathcart | 78.6 | $550 | $43,230.00 |
| 2. | | Anne M. Huarte | 190 | $550 | $104,500.00 |
| | | **Subtotal** | **268.6** | **$550** | **$147,730.00** |

|   |   | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| | **Grand Total:** | **1521.1** | **$587.11** | **$893,055** |

/////
/////
/////

1  Plaintiffs' counsel worked diligently and attempted to avoid any unnecessary
2  duplication of efforts with Law Office of Joseph Antonelli and taking the lead role
3  in the litigation.  The class lawyers worked in a cooperative and efficient manner
4  on behalf of the class.
5  26.  The request for reimbursement of costs is fair and reasonable. The
6  costs bill for each firm is summarized as follows:

|   |   |   |
|---|---|---|
| A. | Law Office of Joseph Antonelli | $9,042.72. |
| B. | Law Offices of Kevin T. Barnes | $502.50 |
| C. | Magana, Cathcart & McCarthy | $32,158.48 |
| **Total Costs Request** | | **$41,703.70** |

## VALUE OF SERVICES PROVIDED

27.  As briefly discussed above, <u>Dias</u> counsel believe that the <u>Dias</u> plaintiffs and counsel efforts have brought great value to the present settlement. First each plaintiff did have their deposition taken in the case.  This case has been litigated longer and more vigorously than any other related case and more vigorously than the <u>Hall</u> case.  <u>Dias</u> was instrumental in thwarting defendants' attempts to have all class members subjected to the less desirable forum of arbitration.  This feat was not accomplished by all other related cases.  It is more than a coincidence that the current matter is settling at a time when <u>Dias</u> is in the court of appeal challenging the ETF order of Judge West.  A favorable ruling for the class in the California Court of Appeal may have increased the value of the case sevenfold, if not more.  <u>Dias</u> as stated above has a longer statute of limitations on the ETF claim than any other case. Defendants herein recognized that the <u>Dias</u> class had a longer ETF class and a great chance to overturn the dispositive ruling in the Los Angeles Superior Court.

It is dishonorable and disingenuous for Class Counsel to not offer to pay for any value for the services provided and to fail to even talk to declarant.  At this
/////

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees

1  point, Dias requests that the court compensate counsel for their reasonable time,
2  effort, and expenses incurred.
3      I declare under penalty of perjury under the laws of the State of California ,
4  the laws of the State of New Jersey, and the United States of America, that the
5  foregoing is true and correct.
6      Executed this 23rd day of June, 2010, at West Covina, California.

                                Joseph Antonelli

19

Declaration of Joseph Antonelli ISO <u>Dias</u> Plaintiffs' Request for Attorneys' Fees