Ricky Bagolie, Esq.
Alan T. Friedman, Esq.
BAGOLIE FRIEDMAN LLC
Five Corners Building
660 Newark Avenue
Jersey City, NJ 07306

Joseph Antonelli, Esq. (Bar No. 137039)
Janelle Carney, Esq. (Bar No. 201570)
LAW OFFICE OF JOSEPH ANTONELLI
1000 Lakes Drive, Suite 450
West Covina, CA 91790
Tel: (626) 917-6228
Fax: (626) 917-7686

Attorneys for <u>Dias</u> Plaintiffs and all others similarly situated.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON TESSIE ROBB, WILLIE DAVIS, ROMAN SASIK DAVID DICKEY et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL and NEXTEL FINANCE COMPANY<br><br>Defendants. | Case No.: 07-05325 (JLL)<br><br>Hon. Judge Jose L. Linares<br><br>**NOTICE OF INTENT TO APPEAR AT FINAL APPROVAL HEARING**<br><br>Date: June 29, 2010<br>Time: 2:00 p.m.<br>Dept.: MLK 5D<br><br>Dias Action Filed: May 27, 2004 |

# INTRODUCTION

DENISE DIAS and STACY DAY ("Commenting Class Members"), by their attorneys Law Office of Joseph Antonelli, seek to comment on the proposed class action settlement and urge the Court to consider Dias' comments in conjunction with the proposed settlement before granting final approval and allocating attorneys' fees and costs.

Commenting Class Members are members of the class, in that they filed timely claims pursuant to the court approved notice and claim form and have not opted out. As members of the class in this action, Commenting Class Members have standing to appear and comment to the proposed settlement.

# FACTS

Dias counsel have been litigating the Dias case since May 27, 2004. The Dias matter is currently stayed pending appeal. The Dias matter pleads the same allegations in the matter of Hall v. AT&T MOBILITY LLC, United States District Court, District of New Jersey, Case No. 07-05325 (JLL), and seeks the same damages. At no time during the pendency of the Dias matter has anyone filed a Notice of Related Case, nor informed any of the Dias counsel of the pending Hall matter. In fact, Dias counsel learned of the Hall settlement through defense counsel after the Hall matter was resolved. **(Declaration of Joseph Antonelli, ¶2)**

/////

The Dias counsel are specifically listed and identified as ETF Counsel in at least the following paragraphs of the court approved Settlement Agreement: page 10 at ¶22 ETF Counsel – definition of ETF Counsel; page 10 at ¶23 ETF Related Claims – Dias is considered part of this definition; ¶40 Related Actions- Dias is part of the definition. (A true and correct copy of the Court Approved Settlement Agreement and Preliminary Approval order are attached to the **Declaration of Joseph Antonelli** collectively as **Exh. 10**) The Notice to the Class also lists the Dias case as a related case. Of the 8 cases listed as Related Cases, the Dias and Waldmann matters appear to be the oldest, having been filed in May 2004. Further, the claim in the Dias matter does relate back to October 2002 whereas the ETF claim that settled reached back to only September 1, 2005. Accordingly, the Dias case definitely provided value to the settlement in that it reached back a full 3 years more than the settled claims. Furthermore, the Dias matter was hotly litigated as discussed below and the Dias plaintiffs' were successful in defeating the defendant's attempt to have the matter sent to mandatory arbitration. AT&T appealed the ruling and ultimately abandoned said appeal. It is true that Judge Carl West has granted a dispositive motion in favor of the defendant; however said order has been appealed by Dias. The Dias counsel have been successful in challenging Judge Carl West in another class action that resulted in a reversal in a published opinion (see Tien v. Sup. Ct. (2006) 139 Cal. App. 4th 528). (**Decl. Antonelli, ¶3**)

Dias counsel therefore submits that a request of 14.8% of the $6,000,0000 in the amount allocated for attorneys' fees in the Hall settlement is fair and reasonable and requests this court consider such request. There can be little doubt that Dias counsel have provided value in helped in the settling of all the cases. It is unfortunate that the defense and Class Counsel conducted a "back room" mediation and resolved the case without the knowledge of Dias counsel. (**Decl. Antonelli, ¶12**)

The Dias plaintiffs request reimbursement of costs of $41,703.70, as their actual costs incurred. The settlement agreement allows for actual recovery of costs without any limitation. However, counsel submits that each costs incurred and paid by Dias plaintiffs is fair and reasonable. Class Counsel is unwilling to make an offer to pay any money on fees or costs as of this time. (See **Decl. Antonelli ¶¶ 11-26**)

I. **NOTICE OF INTENT TO APPEAR**

Commenting Class Members, through counsel, intend to appear at the final approval hearing on June 29, 2010, and reserve the right to then present further argument and/or evidence, regarding the aforementioned attorneys' fees and costs requests pursuant to ¶14 of the preliminarily approved settlement agreement (**Exhibit 10**); the language contained in the notice, which states that "You may appear and speak at the Fairness Hearing on your own or through your own lawyer to object to or **comment** on the Settlement." (emphasis added); and pursuant to Federal Rules of Civil Procedure, Rule 23(E)(2) and (5).

**CONCLUSION**

Accordingly, Dias, et al. request the court allow the comments to the agreement as set forth supra, and consider the value presented by Dias plaintiffs in determining the appropriateness of the settlement and fees and costs requested.

Dated: June 23, 2010                         LAW OFFICE OF JOSEPH ANTONELLI

By: /s/ Joseph Antonelli
Joseph Antonelli,
Attorney for Dias Plaintiffs