# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD**<br>**ROSELAND, N.J.  07068-1739**<br>**PHONE (973) 994-1700**<br>**FAX (973) 994-1744**<br>**www.carellabyrne.com** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | | WALTER G. LUGER | RAYMOND E. STAUFFER° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | | OF COUNSEL | ERIC MAGNELLI |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | DONALD ECKLUND |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | VINCENZO M. MOGAVERO |
| | G. GLENNON TROUBLEFIELD | | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | | |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | | |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | | |

June 28, 2010

<u>VIA ECF</u>

Honorable Jose L. Linares
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07102

    Re: *Hall, et al. v. AT&T Mobility LLC, et al.,*
      <u>Civil Action No. 07-5325       </u>

Dear Judge Linares:

  We are Class Counsel for the pending AT&T Mobility settlement in the above-referenced action.  Please accept this brief letter to respond to the letter and brief dated June 25, 2010 filed by objector Christopher Langone.

  Mr. Langone again wrongly claims that Class Counsel's application for a fee award is governed by RPC 1.5(e) rather than Fed.R.Civ.P. 23(h).  As was explained in Class Counsel's responsive brief, fee awards in federal class actions are governed by the Federal Rules. Class Counsel's fee application was quite properly supported by the cases interpreting the requirements of Rule 23(h).  Mr. Langone is simply using RPC 1.5(e) as an excuse to try to exercise a unilateral veto over fees to any of the Illinois attorneys with whom he worked in the past, apparently out of some personal animus.  Indeed, the cases upon which Mr. Langone relies, *Judge v. McCay*, 500 F.Supp.2d 521 (E.D.Pa. 2007) and *Goldberger, Seligsohn & Shinrod v. Baumgarten*, 378 N.J.Super. 244 (App.Div. 2005) are not class action cases, but are cases involving individual plaintiffs.  Further, the fact upon which those cases turned was that the client had not consented to the fee-sharing arrangements.  In a class action such as here, class members (as opposed to class representatives) obviously do not individually retain attorneys to represent them.  The appointment of Class Counsel is left to the Court, subject to objection from class members.  Fed.R.Civ.P. 23(g).  Likewise, the decision of whether to award attorney's fees, and, if so, the amount, is left to the Court, subject to objection from class members.  Fed.R.Civ.P. 23(h).  The payment of multiple attorneys out of a common fund, based upon each attorney's contribution to the result, is common in class actions, and, in fact, Lead Class Counsel are

Honorable Jose L. Linares
June 28, 2010
Page 2

commonly permitted to divide the award among various counsel as they deem appropriate. *See* 4 *Newberg on Class Actions*, § 14:9 (4th ed. 2010). *See also In re Cendant Corp. Securities Litigation*, 404 F.3d 173, 181-82, 186-197 (3d Cir. 2005). Grafting the requirement from RPC 1.5(e), as Mr. Langone suggests, that each class member must consent to every attorney who may receive fees out of a class action, or no attorney gets any fees, is inconsistent with the Federal Rules and common sense.

Also, the attorneys whose fees Mr. Langone objects to, as well as the other attorneys who are part of Class Counsel's fee application, are no "strangers to the litigation", as Mr. Langone claims. (Langone Reply Brief at 9). Rather, each of the attorneys had filed class action claims in various forums against ATTM challenging ATTM's flat-rate ETF, and, in Class Counsel's opinion, contributed to the end result of ATTM reaching a settlement for the benefit of the Class. This is the same basis that the Court awarded fees in the other ETF cases in which the Court has approved settlements and attorney fee awards. *See Larson v. Sprint Nextel Corp.*, 2010 WL 235934 at *30-35 (D.N.J. 2010); *Milliron v. T-Mobile USA, Inc.*, 2009 WL 33457762 at *15-23 (D.N.J. 2009). Moreover, significantly, all of the claims asserted in the proceedings filed by those other attorneys are being released as a result of this settlement.

Finally, the allegations in Mr. Langone's Illinois complaint are difficult to clearly decipher, but whatever the precise relief Mr. Langone might be seeking in his Illinois lawsuit, the amount and division of attorneys' fees is part and parcel of the issues relating to the Settlement which will be decided by the Court at final approval. However the Court rules on the attorney fee issue, if Mr. Langone is dissatisfied with the Court's ruling, his remedy is to appeal, not to relegate the issue with Class Counsel in a separate lawsuit in the Northern District of Illinois. At the hearing tomorrow, we will ask that Mr. Langone dismiss this frivolous action forthwith.

Thank you for your continued attention to this matter. If you have any questions, we are available at your convenience.

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:   All Counsel (via ECF)