June 25, 2010

973 645 2558

Honorable Jose L. Linares
U.S. District Court
50 Walnut St.
Newark, New Jersey 07101

Subject: AT&T Mobility Settlement
Civil Action No 07-05325

Rebuttal to Charges made by Mathew J. Fedor of Drinker, Biddle & Reath in his June 10, 2010 Defendants memorandum of Law in response to objections to Hall Settlement.

I draw the courts attention to Mr. Fedor's charge made on page 14, 15 of the above Memorandum of Law, that there is no "legitimate explanation for my support of the same $25 class benefit in the Verizon's settlement and objecting to it in the AT&T settlement. This argument is scurrilous and ignores the facts.

As Mr. Fedor and all of the class counselors are aware, there was great concern when the cell phone Association made an appeal to the FCC in 2008 to intercede and put a hold on all class action etf suits. If successful it would have had a devastating effect on these suits. A meeting was held on June 12, 2008 at the FCC, representatives from both sides of the issue presented their case. I was asked to speak at this meeting in my capacity as one of the class representatives in the Verizon case. Which at the time was before a court as well as in arbitration.

Prior to my being involved with the class action with Verizon. I filed a complaint with the FCC on the legality of the etf. They advised me this was a matter not within their jurisdiction and suggested I contact the Attorney General of my state. The Cell Phone Associations petition being considered by the FCC was asking them to take action on the etf issue, an issue on which the FCC had, as I previously stated, advised me was not within their jurisdiction.

I should add after I filed the complaint with the FCC, Verizon cancelled my etf charge and removed it from all of my credit and collection agency reports. When I asked them if they were changing their policy and removing it for others. They said no. They were making an exception in my case. I told them, I was appreciative but I thought the charge was illegal and should be removed from all reports. Since I didn't have the finances to bring the matter to the courts I looked for an attorney to represent me as well as others charged with an etf. It was at this point I found Scott Bursor who now represents the class in the Verizon case.

It is important to note that while the presentations were being made at the FCC A jury had made a decision on a class action etf case against Sprint. At the time rumors were flying that the decision was not favorable to the class.

During the period when the FCC was pondering its decision. Class Action proceedings and negotiations took on a sense of urgency, as their was great concern by all, that a business leaning FCC decision could very well put a death grip on etf Class Action proceedings.

It was during this time frame, Scott Bursor negotiated a settlement with Verizon. While I was disappointed it did not include a provision for notifying the credit reporting agencies, I was assured by Scott it was the best he could negotiate at the time with the uncertainty of an unfavorable FCC decision still lurking in the wings. I have great respect for Scott and the work he has done in behalf of those he represents and so I signed off on the settlement on his recommendation..

Having been involved as a class representative I know first hand of the expertise, energy and financial needs required by firms representing the class in this type of proceedings and do not wish to disparage their efforts.

I approved the settlement of $25 in the Verizon case although it failed to mitigate the defamation of credit issue because of a potential adverse FCC ruling which would have preempted all the class action cases. Today the fear of the FCC intervening on the etf issue is somewhat moot. And it is for this reason I object to the present settlement and suggest the addition of the credit amendment. It is my belief that an amendment of this nature would make for a fair and reasonable settlement.

I believe Mr. Fedor's reference to the legitimacy of my objection by demeaning my motivation should be stricken from the record and his objection to my objection should be denied.

H.P. Schroer
3 Larboard Dr.
Southampton, New York 11968

Cc by fax to

| Mathew Fedor | James E. Cecchi | Clerk Of the Court |
| Drinker Biddle & Reath | Carrella, Byrne Bain | U.S. District Court |
| 500 Campus Drive | 5 Becker Farm Rd | 50 Walnut St. |
| Florham Park, New Jersey O7932 | Roseland New Jersey 07068 | Newark, New Jersey 07101 |