DrinkerBiddle&Reath
L L P

Matthew J. Fedor
973-549-7329
matthew.fedor@dbr.com

*Law Offices*

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

July 14, 2010

**VIA ECF AND FIRST CLASS MAIL**

Honorable Jose L. Linares
United States District Court
Martin Luther King, Jr. Federal Bldg. and U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

Re:    *Larson, et al. v. AT&T Mobility LLC, et al.*,
       Civil Action No. 07-5325

Dear Judge Linares:

Defendant AT&T Mobility LLC ("ATTM") writes to address Mr. Harold P. Schroer's July 7, 2010 letter to the Court (D.E. 555), filed via ECF on July 9, 2010.

In his July 7 letter, as well as in his prior post-hearing submission, Mr. Schroer makes much of the fact that each settlement must be judged on its own merits. While this is most certainly true, it is equally true that much can be learned from the similarities arising in the various early termination fee actions, and settlements, involving national wireless carriers.

In response to questioning from the Court, Mr. Schroer clarified at the hearing that what he seeks is an amendment to the settlement agreement to provide additional relief to the ETF Assessed Class as an alternative to the existing monetary relief. *See* Tr. of Proceedings, *Hall v. AT&T Mobility LLC*, No. 07-05325, at 75:5-15 (June 29, 2010) ("Tr.") at 56:23-57:2. As this Court has previously held "a settlement is, by its very nature, a compromise that naturally involves mutual concessions." *Larson v. Sprint Nextel Corp.*, No. 07-05325, 2010 WL 234934, at *16 (D.N.J. Jan. 15, 2010) (granting final approval to Sprint ETF settlement). In the ATTM settlement, as with the Sprint settlement, "[t]he fact that [defendant] is permitted to continue to collect flat-rate ETFs is a provision which was part and parcel of heavy negotiation and compromise." *Id.* at *3 n.6. The $25 cash benefit available to claimants such as Mr. Schroer (and Mr. Gary L. Lambert, whose March 23, 2010 letter is referenced in Mr. Schroer's most recent submission) is a fair benefit. It is also appropriately consistent with that provided to similar claimants in the Verizon California state court settlement recently upheld by the California Court of Appeals, and in the T-Mobile and Sprint settlements approved by this Court.

*Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office*

*Established 1849*

DrinkerBiddle&Reath
L L P

Honorable Jose L. Linares
July 14, 2010
Page 2

     Mr. Schroer's various submissions do not distinguish the ATTM settlement from the Verizon settlement in which he, as a class representative, agreed to precisely the same form of relief and benefit to customers who were charged, but did not pay, a flat-rate ETF. As Class Counsel correctly stated during the June 29, 2010 hearing on the final approval of the ATTM settlement, in many instances the consumer debts owed to wireless companies (such as ATTM, Verizon, T-Mobile, and/or Sprint) associated with unpaid charges of all kinds (including ETFs) are sold to third parties. These third-party entities are not before this Court and thus cannot be addressed through the settlement. *See* Tr. 75:5-15 (June 29, 2010). Mr. Schroer's most recent correspondence, as well as Mr. Lambert's, confirm this reality, as both submissions confirm that the debts are owned by third parties and are no longer owned by ATTM.

     Moreover, both this Court and the California Court of Appeals have noted that a finding that the ETF is not collectible would replace the ETF debt with a different, and potentially much larger, debt for actual damages. *See Larson*, No. 07-05325, 2010 WL 234934, at *17; *White v. Cellco P'ship, In re Cellphone Fee Termination Cases*, slip op., No. A124038, at 3 & n.6, 18-19 (Cal. Ct. App. June 28, 2010) (attached as Exhibit 1 to July 6, 2010 Letter from James E. Cecchi, D.E. 553). In light of this exposure, it is certainly an adequate and fair benefit to provide a $25 cash benefit to a class member who would otherwise face the hurdle of establishing "that they would be entitled to restitution, or that they have suffered compensable damages in any amount." *Id.* at 20.

     For all these reasons, as well as those previously provided, ATTM respectfully submits that the Court should grant final approval of the settlement.

                      Respectfully Submitted,

                      DRINKER BIDDLE & REATH LLP
                      Attorneys for Defendant
                      AT&T MOBILITY LLC

                      By:_____
                           Matthew J. Fedor

cc:  All Registered ECF Users (Via ECF)