July 15, 2010

Honorable Jose L. Linares
U.S. District Court State of New Jersey
50 Walnut St.
Newark, New Jersey 07101

Subject ATT Mobility Settlement        Civil Action 07-05325

Dear Judge Linares

This letter is in reply to Mr. Fedor's letter of July 14, 2010.

While the court may have signed off on other settlements on etf's, **to my knowledge none of the other settlements included a credit defamation option.** Is Mr. Fedor suggesting that the court is bound by its previous decisions and cannot exercise its right to review the fairness of the proposed AT&T in light of this new proposed amendment which differentiates it from all previous cases.

What I can't comprehend is the logic of Mr. Fedor's argument. While AT&T maintains the etf is not illegal it is willing to make a settlement by making payments to both payers and non payers of the etf. in order to avoid the expense and uncertainty of a trial.

And yet while they pay the non payers $25 for having exposed them to defamation of credit, they will continue to expose them to defamation of credit through their ongoing efforts to collect this illegal fee. I think the statues of justice in front of your building removed their blinds and said "What"? Where is the fairness?

True to its colors AT&T uses intimidation to try to enforce its policies. It cites this courts finding and that of the California Court of Appeals that if the etf is not collectable it would be replaced by a different, and potentially much larger, debt for actual damages.

Is it AT&T's position that if some one refuses to pay an etf and then in lieu of the etf, is charged a higher amount for actual damages, they will succumb and pay the higher amount? Some one said the definition of insanity is where one continues to do the same thing over and over expecting a different outcome.

With regard to third party entities not being before the courts and therefore cannot be part of the settlements. They become a part of the settlement because of the action taken by AT&T in selling off the accounts and causing the defamation of credit. Both attorneys claimed AT&T would be exposed to redress from the collection agencies. My letter of July 14, addresses this issue. It's interesting that AT&T does not address the credit reporting agencies where AT&T is the one controlling the defamation issue.

Respectfully submitted,

H.P. Schroer
3 Larboard Drive
Southampton, New York 11968        hpschroer@optonline.net