UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON and TESSIE ROBB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL<br><br>Defendants. | Civil Action No. 07-5325(JLL)<br><br>**DECLARATION OF JEFFREY A. LEON IN SUPPORT OF APPLICATION TO ENJOIN RELITIGATION OF CERTAIN ATTORNEYS' ENTITLEMENT TO ATTORNEYS' FEES** |

JEFFREY A. LEON, ESQ., of full age, hereby declares under penalty of perjury as follows:

1. I am an attorney licensed to practice in Illinois and have been admitted *pro hac vice* in the above matter on behalf of Plaintiffs in the above matter. I am fully familiar with the facts contained herein based upon my personal knowledge.

2. I am the lead attorney for Freed & Weiss in the arbitration initiated by the Lakin Law Firm ("LLF") (predecessor to Lakin Chapman LLC) asserting that Freed & Weiss' ("F&W") conduct in settling the Larson case before this Court constitutes a breach of the settlement agreement between LLF and F&W. A copy of the Arbitration Demand is attached hereto as Exhibit 1.

3. LLF's Arbitration Demand was filed on October 20, 2009 – one day before the final approval hearing in the above captioned case was to be held.

4. Although the arbitration demand was filed on October 20, 2009, nothing transpired for several months. LLF did nothing for several months to push their claim, and

1

F&W, believing the arbitrator lacked jurisdiction to hear the substance of the claim, refused to pay the arbitration fee to initiate the arbitration process.

5. The Preliminary Conference Call with the arbitrator, former Illinois Appellate Court judge Alan J. Greiman, was not held until April 27, 2010. (See April 28, 2010 Order attached as Exhibit 2, hereto)

6. At the Preliminary Conference Call, a schedule was agreed to, and incorporated into the arbitrator's April 28, 2010 order, to brief the jurisdictional question. (See Ex. 2)

7. F&W filed its brief on May 7, 2010 explaining why there was no arbitrable issue and asserting the arbitration should be stayed or dismissed because of the pendency of the Third Circuit appeal of this Court's final approval related orders. (See Ex. 3 attached hereto)

8. LLF filed it's response on May 17, 2010. (See Ex. 4 attached hereto)

9. A call was held with the arbitrator to discuss the arbitrability question on June 10, 2010. During that call, in addition to the other matters already briefed, F&W informed the arbitrator and LLF that it was intending to file an motion for an order to show cause as to why the arbitration did not violate this Court's orders and interfere with this Court's continuing jurisdiction over the Larson case and the cases enjoined by the Larson settlement pursuant to the All Writs Act.

10. Despite being informed of the intention to file the order to show cause, the arbitrator nonetheless issued an order on June 15, 2010 finding that there was jurisdiction for the arbitration to go forward and giving LLF sole discretion as to whether to wait for the Third Circuit to rule. (See June 15, 2010 Order attached as Exhibit 5 hereto)

11. The June 15 order summarized LLF's claim as follows: "Lakin, in its Demand for Arbitration, alleges that F&W, contrary to the terms of the [LLF/F&W settlement]

agreement, engaged in substantive settlement negotiations Sprint and ultimately settled the matter in a class action that was pending in the US District Court in New Jersey and that Lakin was entitled to damages as a result of F&W's breach of the terms of the Agreement."

12. F&W felt it appropriate to give the arbitrator and LLF every opportunity to do the right thing before troubling this Court for its time with an order to show cause. However, with a definitive ruling by the arbitrator now in place, an order to show cause is not only timely but necessary.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
JEFFREY A. LEON