# Exhibit 2



In the Matter of Arbitration between

LAKIN LAW FIRM PC, )
)
    Claimant )
) JAMS No. 1340007668
v. )
) Alan J. Greiman, Arbitrator
FREED & WEISS LLC, )
)
    Respondent )

## ORDER # 1

The Parties engaged in the Preliminary Conference Call with the Arbitrator at 10:30 AM Central Time on April 27, 2010. Present were Charles W. Chapman, Esq. for the Claimant and Jeffrey A. Leon, Esq. for the Respondent.

On October 20, 2009, Claimant commenced this arbitration against Respondent asserting two separate claims. In January 2008, the parties entered into an agreement, which provides:

> **Dispute Resolution.** The Firms agree that all disputes, claims, actions, litigation, or other proceedings arising out of or related to this Agreement shall be commenced, pursued, tried, litigated, and resolved exclusively by arbitration before JAMS in Chicago (the "Forum"). The Forum is mandatory and not permissive in nature, thereby precluding the possibility of litigation between the Firms in any jurisdiction other than the Forum. The Firms agree that the Forum has jurisdiction over such litigation, is proper, and is convenient for the Firms and all witnesses. Each Firm hereby waives any right it may have to object to personal jurisdiction, to object to venue, or to assert the doctrine of forum non conveniens. A Firm may enforce a final judgment entered by the Forum in other jurisdictions in any manner provided by law. Each Firm shall bear its own attorneys' fees, costs, and expenses.

Demand, Ex. 1, ¶9. In the Demand, Claimant asserts claims involving the Allstate Medpay case (*Strasen v. Allstate*, Madison County, Illinois), Demand ¶7, and the Sprint ETF case (*Hall v. Sprint*, Madison County, Illinois), Demand ¶11. Both of those cases are identified as Group B Cases in the pre-dispute agreement. Demand, Ex. 1 at Ex. B.

1

Claimant has informed the Arbitrator that the parties resolved the dispute regarding the Allstate Medpay case. Accordingly, Count I (Allstate Medpay Case) of the Demand is hereby dismissed. The remaining count (Count II – Sprint ETF Case) remains pending.

Respondent alleges that there is currently no arbitrable conflict that may be considered by the Arbitrator. To date, Respondent has refused to pay the required fees and has notified the JAMS case manager that Respondent will not participate in the Arbitration.

The Parties agreed that:

1) Respondent will exchange and deliver its Brief to the Arbitrator on or before May 7, 2010 relating to the jurisdiction of the Arbitrator to consider this issue because of a currently pending appeal in the US 3rd Circuit.

2) Claimant will exchange and deliver its Response to Respondent's Brief to the Arbitrator on or before May 17, 2010.

3) The Arbitrator will provide his Ruling on or before May 24, 2010.

4) A Status Call will be scheduled for a mutually agreeable date on or before May 27, 2010.

To continue, the Respondent is liable for its share of the Arbitration fees.

IT IS SO ORDERED THIS 28th day of April, 2010.

Alan J. Greiman, Arbitrator