# Exhibit 5

IN THE MATTER PENDING BEFORE JAMS
ALAN J. GREIMAN, ARBITRATOR

| | |
|---|---|
| THE LAKIN LAW FIRM, P.C., ) | |
| ) | |
| Claimant ) | |
| ) | |
| v. ) | |
| ) | Arbitration # 1340007668 |
| ) | |
| FREED & WEISS LLC. ) | |
| ) | |
| Respondent ) | |

**ORDER**

Freed & Weiss, LLC (F&W) has filed a Motion to Dismiss a Demand for Arbitration filed with JAMS by The Lakin Law Firm, P.C. (Lakin). The parties had cooperated in litigating a series of class actions and after a "falling out" entered into a Settlement Agreement on March 7, 2006 (the Agreement).

The Agreement assigned certain pending class actions to the respective parties and provided a formula for determining the separation of fees to be earned in the respective class actions. It further restricted the firms from engaging in a cause assigned to the other without "advance written approval".

The Agreement designated Lakin as the lead counsel on a class action pending in Madison County, Illinois entitled Hall v. Sprint.

Lakin, in its Demand for Arbitration, alleges that F&W, contrary to the terms of the Agreement, engaged in substantive settlement negotiations with Sprint and ultimately settled the matter in a class action that was pending in the US District Court in New Jersey and that Lakin was entitled to damages as a result of F&W's breach of the terms of the Agreement.

Lakin sought to interplead in the New Jersey case and is currently one of the parties seeking to reverse the New Jersey trial court on appeal to the U.S. Third Circuit Court of Appeals. In a thoughtful and thorough trial court order, F&W was allowed $906,540.17 in fees and $40,014.17 for expenses, based on 1,599 hours.

In this Arbitration, F&W filed its Motion to Dismiss alleging that as long as the Third Circuit appeal was pending considering the issues raised on appeal by Lakin and others, there was no justiciable issue since the amount of "damages" that Lakin could claim were not resolved until

the appeal was concluded. Moreover, arbitration of these issues at this time would be merely an inappropriate declaratory judgment.

In a telephone conference, F&W stated that any monies received from the New Jersey court for Hall v. Sprint would not be subject to the provisions of Section 2(b) of the Agreement relating to the division of fees. This observation may be correct since the provision for the division of fees in the Agreement seemingly applies only to the Hall v. Sprint case then pending in Madison County, Illinois.

Accordingly, Lakin's Demand for Arbitration states a cause of action since F&W is unwilling to acknowledge that Lakin has a right to share in any of the fees received from the New Jersey Hall v. Sprint case pursuant to the formula set out in the Agreement. Lakin must prove the breach by competent evidence and the extent of damages, if any, it suffered by reason of F&W acts.

Deferral of the matter until receipt of the Third Circuit opinion might be considered, since it may, but not necessarily, be a source of evidence of appropriate damages, if any; however, that is for Lakin to determine.

The Motion to Dismiss is denied. The respective parties are hereby given 20 days to file objections to this Order.

_____
Alan J. Greiman

DATED: JUNE 15, 2010