**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Alan R. Plutzik (*pro hac vice*)
L. Timothy Fisher
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
ltfisher@bramsonplutzik.com

**SHERMAN BUSINESS LAW**
Steven M. Sherman, Esq.
220 Montgomery Street, Suite 1500
San Francisco, CA 94104
Tel: 415/403-1660
Fax: 415/397-1577
Steven@shermanbusinesslaw.com

Plaintiffs' ETF Counsel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB, and WILLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL AND NEXTEL FINANCE COMPANY<br><br>                    Defendants, | Civ. Act. No. 07-5325 (JLL)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF RENEWED JOINT MOTION OF BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP, REICH RADCLIFFE & KUTTLER, LLP AND CUNEO, GILBERT & LADUCA, LLP FOR AN AWARD OF NONTAXABLE COSTS ATTRIBUTABLE TO THE REPRESENTATION OF MEMBERS OF THE SPRINT CALIFORNIA SUBSCRIBER CLASS** |

The law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP ("Bramson Plutzik"), Reich Radcliffe & Kuttler, LLP ("Reich") and Cuneo, Gilbert & Laduca, LLP ("Cuneo") hereby renew their request for reimbursement, from the common fund of the Sprint Nextel Settlement, of expenses incurred in their representation of the members of the California Subscriber Class.[1]

## I.  BACKGROUND

On December 4, 2008, this Court granted preliminary approval to a nationwide settlement of claims challenging the flat early termination fees ("ETFs") imposed by Sprint Nextel Corp.  On March 3, 2009, pursuant to the Preliminary Approval Order, eleven law firms, later dubbed the "Plutzik Group" by the Court,[2] brought a timely joint application for an Order awarding them attorneys' fees and expenses in connection with time and expenses they had incurred in four class action cases challenging Sprint's, Sprint Nextel's or Nextel's

---

[1] By letter dated June 15, 2010, the undersigned counsel requested the Court to rule on the entitlement of members of the Plutzik Group to an award of expenses attributable to their representation of the California Subscriber Class.  After due consideration, it seems preferable to present this matter to the Court in a formal motion.

[2] The "Plutzik Group," as defined by the Court in its January 15, 2010 Order (the "January 15 order"), included the Bramson, Reich and Cuneo firms, as well as the Law Offices of Scott A. Bursor, Franklin & Franklin, Faruqi & Faruqi, Gilman and Pastor, Law Offices of Anthony A. Ferrigno, Mager & Goldstein and the Law Offices of Joshua Davis.

1

flat-fee early termination fees – (1) *Ayyad v. Sprint Spectrum L.P. et al*[3]. and (2) *Robertson v. Nextel*, both of which were part of the Coordinated Proceeding pending in Alameda County, California Superior Court entitled *In re Cellphone Termination Fee Cases,* California Judicial Council Coordination Proceeding ("J.C.C.P.") No. 4332; (3) *Gerasimos Molfetas v. Sprint Spectrum, LP, et al.*, Circuit Court of Palm Beach County, 15th Judicial Circuit, Florida, Case No. 50 2004CA 005317MB and (4) *Lee v. Sprint Nextel Corporation,* U.S. Dist. Court, N. D. Cal., Case No. C08-04959-SC.  [Docket Nos. 247 through 247-16].  The Bramson Plutzik, Reich and Cuneo law firms joined in the application filed by the "Plutzik Group" and the brief filed in support thereof.[4]

The Court initially denied final approval of the Sprint Nextel Settlement without prejudice on grounds of inadequate notice.  Subsequently, the Court approved a new notice plan and, by Order dated June 2, 2009, set deadlines for the submission of applications for final approval and awards of attorneys' fees

---

[3] Plaintiffs in the *Ayyad* action sought relief on behalf of two separate and distinct classes – a "Payer Class," which consisted of persons who had paid or been charged an early termination fee by the defendants during the class period, and a "Subscriber Class" (the "California Subscriber Class").  The Court found in its January 15 Order that the California Subscriber Class claims were released by the settlement.  The Payer Class claims were not.  The members of the Plutzik Group sought compensation for work performed in representing the California Subscriber Class.

[4] The Plutzik Group's joint application and supporting brief [Docket Nos. 247 and 247-1] are incorporated herein by reference.

and expenses.  On October 14, 2009, the members of the Plutzik Group, including the Bramson Plutzik, Reich and Cuneo law firms, renewed their motion for an award of attorneys' fees and expenses incurred in the *Ayyad* California Subscriber Class and the *Robertson*, *Molfetas* and *Lee* actions  [Docket Nos. 386 and 386-2].[5]

In its January 15 Order and accompanying Opinion approving the Sprint Nextel Settlement, the Court also addressed the application by the Plutzik Group for an award of attorneys' fees and expenses.  The Court held that the representation of the California Subscriber Class by the members of the Plutzik Group had benefited the members of the Settlement Class.  The Court stated:

> … [T]he California Subscriber Class claims remained alive and viable at the time the proposed *Larson* settlement was reached.  Moreover, unlike the [Payer Class] claims asserted in *Ayyad*, the California Subscriber Class Claims will be released by way of the instant Settlement.  It is clear to the Court that the *Larson* Class was directly benefited by the fact that the California Subscriber Class claims were alive and feasible at the time the *Larson* settlement was consummated.  This is evidenced by the fact that the Settlement Agreement specifically provides an economic benefit to current Sprint subscribers who were never charged or paid an ETF.

Opinion, January 15, 2010 [Docket No. 438], at 68.  Accordingly, the Court granted in part the Plutzik Group's application for an award of attorneys' fees.  *Id.* at 68-69.

---

[5] The Plutzik Group's renewed application for fees and expenses, Docket No. 386, and the Supplemental Declaration of Alan R. Plutzik, Docket No. 386-2, are incorporated herein by reference.

However, the Court held that it could not determine, based on the materials submitted, what portion of the expenses claimed by the members of the Plutzik Group had been incurred in the representation of the members of the California Subscriber Class. Accordingly, the Court denied, *without prejudice*, the Plutzik Group's request for reimbursement of out-of-pocket costs and expenses. The Court stated:

> The Court has found that members of the Plutzik Group are entitled to fees solely for their work on the California Subscriber Action. Having also found that members of the Plutzik Group have not all sufficiently differentiated their time among the various California (and Florida) actions for purposes of allocating the award of attorneys' fees, the Court is likewise unable to assess their request for reimbursement of out-of-pocket expenses as currently submitted. As such, the request by members of the Plutzik Group for reimbursement is hereby denied without prejudice. Members of the Plutzik Group may submit supplemental declarations to the Court by **Wednesday, February 10, 2010** setting forth the specific types and/or categories of expenses associated with their work done solely on behalf of the California Subscriber Action.

Opinion [Docket no. 438], at 72; January 15 Order [Docket No. 437] at 3.

## II.  THE MOVANTS' SUPPLEMENTAL SUBMISSIONS

The Bramson Plutzik, Reich and Cuneo firms timely submitted Supplemental Declarations in response to the Court's invitation. Docket Nos. 449, 450 and 458.[6] Their Supplemental Declarations, which are undisputed on this

---

[6] Other members of the "Plutzik Group" also submitted Supplemental Declarations, but they did not report any expenses associated with work done solely on behalf of the California Subscriber Class.

record, show that they incurred the following expenses associated with work done solely on behalf of the California Subscriber Class:

| | |
|---|---|
| Bramson Plutzik | $20,232.50[7] |
| Reich | $ 2,689.33[8] |
| Cuneo | $ 1,788.74[9] |
| TOTAL | $24,710.57 |

### III. THE COURT SHOULD AWARD THE BRAMSON PLUTZIK, REICH AND CUNEO FIRMS THE EXPENSES THEY INCURRED IN REPRESENTING THE CALIFORNIA SUBSCRIBER CLASS

The Bramson Plutzik, Reich and Cuneo firms respectfully submit that the evidence provided in their Supplemental Declarations establishes that they are entitled to reimbursement of the $24,710.57 in expenses that they incurred in representing the California Subscriber Class. Their Declarations prove that the

---

[7] Supplemental Declaration of Alan R. Plutzik on Behalf of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, in Response to Court's January 15, 2010 Order, filed February 10, 2010 [Docket No. 458] at ¶¶ 3-4. *See also* Declaration of Alan R. Plutzik filed March 3, 2009 [Docket No. 247-6], at ¶ 21, and Supplemental Declaration of Alan R. Plutzik, filed October 14, 2009 [Docket No. 386-2], at ¶11.

[8] Declaration of Marc G. Reich, filed March 3, 2009 [Docket No. 247-13] at ¶ 8; Supplemental Declaration of Marc G. Reich on Behalf of Reich Radcliffe & Kuttler LLP in Response to Court's January 15, 2010 Order [Docket No. 449], ¶ 3.

[9] One-half of expenses reported by the Cuneo firm that benefited both the California Subscriber Class and the Nextel Payer Class. Supplemental Declaration of Pamela Gilbert on Behalf of Cuneo, Gilbert & LaDuca, LLP in Response to Court's January 15, 2010 Order, filed February 3, 2010 [Docket No. 450] at ¶ 3. *See* Declaration of Pamela Gilbert, filed 3/3/09 [Docket No. 247-15], at ¶ 5.

amounts they claimed were necessarily incurred for the benefit of the members of the Subscriber Class. The Court has determined that their work on behalf of the California Subscriber Class provided a direct benefit to the Settlement Class. Accordingly, the Bramson Plutzik, Reich and Cuneo firms respectfully request the Court to enter the accompanying proposed Order awarding them reimbursement of the $24,710.57 in expenses detailed in their Declarations.

## IV. CONCLUSION

For the foregoing reasons, the Court should enter an order authorizing the reimbursement, from the common fund, of the following expenses incurred for the benefit of the California Subscriber Class: $20,232.50 to the Bramson Plutzik firm, $2,689.33 to Reich and $1,788.74 to the Cuneo firm.[10]

Dated: July 19, 2010

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP

By: _____

Alan R. Plutzik (*pro hac vice*)
L. Timothy Fisher
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com
ltfisher@bramsonplutzik.com

---

[10] In bringing this motion, the Bramson Plutzik, Reich and Cuneo firms reserve, and do not waive, any and all objections they may have to the Court's rulings with respect to the award of attorneys' fees, costs and expenses in this action.

6

**REICH RADCLIFFE & KUTTLER, LLP**
Marc G. Reich (State Bar No. 159936)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
mgr@reichradcliffe.com

**CUNEO GILBERT & LaDUCA, L.L.P.**
Pamela Gilbert
507 C Street, N.E.
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)
pamelag@cuneolaw.com

**SHERMAN BUSINESS LAW**
Steven M. Sherman, Esq.
220 Montgomery Street, Suite 1500
San Francisco, CA 94104
Tel: 415/403-1660
Fax: 415/397-1577
Steven@shermanbusinesslaw.com

Plaintiffs' ETF Counsel

7