IN THE MATTER PENDING BEFORE JAMS

THE LAKIN LAW FIRM, P.C.,

                         Claimant,

    v.                                         JAMS No.

FREED & WEISS LLC,

                       Respondent.

## **DEMAND FOR ARBITRATION**

Claimant, The Lakin Law Firm, P.C. ("LLF"), alleges against Respondent, Freed & Weiss LLC ("F&W"), the following:

    1.     LLF is an Illinois professional corporation with its principal place of business located in Madison County, Illinois. Its members are attorneys licensed to practice law in the State of Illinois and are engaged in the practice of law, including the prosecution of class action claims.

    2.     F&W is an Illinois Limited Liability Company with its principal place of business in Chicago, Illinois. Its members are attorneys licensed to practice law in the State of Illinois and are engaged in the practice of law, including the prosecution of class action claims.

    3.     In approximately 1998, LLF and F&W entered into an agreement regarding the joint prosecution of class action litigation.

    4.     Beginning in 2006, the parties had several disputes. In January 2008, the parties entered into an agreement to resolve disputes regarding class action cases on which both firms worked (the "Agreement"). The Agreements provides:

**Exhibit A**

> **Dispute Resolution**. The Firms agree that all disputes, claims, actions, litigation, or other proceedings arising out of or related to this Agreement shall be commenced, pursued, tried, litigated, and resolved exclusively by arbitration before JAMS in Chicago (the "Forum"). The Forum is mandatory and not permissive in nature, thereby precluding the possibility of litigation between the Firms in any jurisdiction other than the Forum. The Firms agree that the Forum has jurisdiction over such litigation, is proper, and is convenient for the Firms and all witnesses. Each Firm hereby waives any right it may have to object to personal jurisdiction, to object to venue, or to assert the doctrine of forum non conveniens. A Firm may enforce a final judgment entered by the Forum in other jurisdictions in any manner provided by law. Each Firm shall bear its own attorneys' fees, costs, and expenses.

Agreement, ¶9. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

5.     Under the Agreement, FW agreed that it would use its skills and best

efforts to coordinate the prosecution of Group B Cases. *Ex. 1 at ¶3.*

6.     Under the Agreement, FW agreed that LLF shall direct, among other

cases, the Allstate Medpay case and Sprint ETF case as lead counsel and that FW would

abide by Pretrial Order No. 1 (attached as Exhibit 1 to the Settlement Agreement). *Ex. 1*

*at ¶4.* Under the attached Pretrial Order, FW shall not:

> initiate, foment, file, or otherwise assist with similar or related litigation (any action or arbitration that may arise out of or concern the allegations raised in this matter) against the same defendant(s) without first receiving approval from Lead Counsel.

*Ex. 1 at Exhibit 1, ¶I.C.*

7.     The Allstate Medpay case is a certified class action that has been settled

and is currently pending under the case caption *Strasen v. Allstate*, Case No. 99 L 1040,

Madison County, Illinois.

**Exhibit A**

8.    Contrary to the Agreement, FW filed a similar medpay cases against Allstate in New Jersey federal court and Illinois state court without permission.

9.    In Allstate Medpay, FW engaged in unauthorized settlement negotiations with Allstate. In fact, FW attempted to negotiate the attorneys' fees before an agreement was reached on the class relief—guaranteeing a substantial reduction in fees to LLF and other counsel in the case.

10.    After FW engaged in the conduct referenced in the proceeding paragraph, LLF and other co-counsel in the Allstate Medpay case, filed a motion to have F&W removed as co-lead counsel. At the hearing on said motion, F&W agreed to step down as co-lead counsel.

11.    The Sprint ETF case is a certified class action with the case caption *Hall v. Sprint*, Case No. 04 L 113, now pending in Madison County, Illinois.

12.    On November 5, 2007, FW filed a similar case in New Jersey *Judy Larson v. AT&T Mobility LLC f/k/a Cingular Wireless LLC, et al.*, Civil Action No. 07-05325(JLL), against Nextel in which FW specifically excluded the class certified in *Hall*.

13.    Under the Agreement, FW "shall not initiate, respond to, or otherwise be involved with settlement negotiations without the written consent of Lead Counsel." *Ex. 1 at Exhibit 1, ¶I.C.*

14.    In 2008, LLF was engaged in lengthy, substantive settlement negotiations with Sprint in 2008. Unbeknownst to LLF, FW started to engage in settlement negotiations with Sprint in its Nextel case and settled the certified *Sprint ETF* class. Instead of proceeding with the settlement in the Illinois court, FW amended its complaint

**Exhibit A**

in New Jersey to add the *Sprint ETF* class certified by the Illinois court, and submitted a

class settlement to the New Jersey federal court on December 5, 2008.

## COUNT I
### (Breach of Contract)
### Allstate Medpay Case

15. Claimant incorporates into this Count the allegations in paragraphs 1

through 14.

16. LLF has performed all of its obligations under the Agreement.

17. F&W has breached the Agreement by, among other things, engaging in

settlement negotiations with Allstate without permission from LLF, advising Allstate that

class counsel would accept $8 million in fees and expenses was acceptable without

permission from LLF, and filing similar cases against Allstate without permission from

LLF.

18. The class settlement provides class benefits exceeding $100 million. LLF

and other counsel in the Allstate case anticipated attorneys' fees of no less than $15

million. Due to F&W's conduct, LLF was only able to negotiate $9 million in fees and

expenses.

19. As a result of the aforesaid breaches of the Agreement, LLF has sustained

damages at least in the amount of $1,000,000.

WHEREFORE, Claimant requests an order or arbitral finding in its favor and

against Respondent in the amount of at least $1,000,000, and such other relief as

appropriate.

**Exhibit A**

## COUNT II
### (Breach of Contract)
### Sprint ETF Case

20.   Claimant incorporates into this Count the allegations in paragraphs 1 through 14.

21.   LLF has performed all of its obligations under the Agreement.

22.   F&W has breached the Agreement by, among other things, engaging in settlement negotiations with Sprint regarding the Sprint ETF class without permission from LLF and filing a similar case against Sprint when it amended its Nextel complaint on or about December 5, 2008 without permission from LLF.

23.   LLF, FW, and Bock & Hatch LLC were counsel in the Sprint ETF case. LLF, FW, and Bock & Hatch LLC had agreed to divide net fees collected in the Sprint ETF class action equally (*i.e.*, one-third of the net fees each).

24.   The New Jersey Sprint settlement allows attorneys' fees of $5,775,000 plus expenses.

25.   As a result of the aforesaid breaches of the Agreement, LLF has sustained damages of no less than $1,925,000 in fees ($5,775,000 ÷ 3) plus at least $82,056.65 in expenses.

WHEREFORE, Claimant requests an order or arbitral finding in its favor and against Respondent at least in the amount of $2,007,057, and such other relief as appropriate.

**Exhibit A**

DATED:  October 20, 2009                    Respectfully submitted,

                                            LakinChapman, LLC

                                            By:
                                            One of Claimant's Attorneys
                                            Charles W. Chapman - #425834
                                            300 Evans Avenue, P.O. Box 229
                                            Wood River, Illinois  62095
                                            Telephone:  (618) 254-1127
                                            Fax :  (618) 254-0193

6

**Exhibit A**

## Certificate of Service

The undersigned certifies that, on October 20, 2009, a true and correct copy of the foregoing was served via email, upon the following:

Paul Weiss
Freed & Weiss, LLC
111 W Washington, Suite 1331
Chicago, Illinois 60602
Certified Mail #91 7108 2133 3932 3495 9798

JAMS
71 South Wacker Drive
Suite 3090
Chicago, IL 60606

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

**Exhibit A**

### SETTLEMENT AGREEMENT

On this ___7___ day of January, 2008, The Lakin Law Firm, P.C. ("LLF"), on one hand, and Eric D. Freed, Paul M. Weiss, and Freed & Weiss LLC (altogether "FW"), on the other hand, (LLF and FW are collectively the "Firms") hereby enter into this Agreement:

#### Recitals

A.    WHEREAS, LLF commenced an action against FW captioned *The Lakin Law Firm, P.C. v. Freed & Weiss LLC*, No. 07-CH-9, in the Madison County Circuit Court, State of Illinois on January 4, 2007 (the "Madison County Litigation");

B.    WHEREAS, FW commenced an action against LLF, Phillip A. Bock, Phillip A. Bock, P.C., Tod A. Lewis, Bradley M. Lakin, L. Thomas Lakin, Jonathan B. Piper, and Robert W. Schmieder II captioned *Eric D. Freed, Paul M. Weiss, and Freed & Weiss LLC v. Phillip A. Bock, Phillip A. Bock, P.C., Tod A. Lewis, The Lakin Law Firm, P.C., Bradley M. Lakin, L. Thomas Lakin, Jonathan B. Piper, and Robert W. Schmieder II*, No. 07-CH-4361, in the Cook County Circuit Court, State of Illinois on February 15, 2007 (the "Cook County Litigation"); and

C.    WHEREAS, the Firms desire to fully and completely resolve the Madison County Litigation, the Cook County Litigation, and all issues contained therein.

#### Agreement

In consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Firms agree as follows:

1.    **Dismissal of Litigation.** FW agrees to dismiss The Lakin Law Firm, P.C., Bradley M. Lakin, L. Thomas Lakin, Jonathan B. Piper, and Robert W. Schmieder II with prejudice in the Cook County Litigation. LLF agrees to dismiss the Madison County Litigation with prejudice. The parties shall file the dismissals within three days of the date of this Agreement. The Firms each agree to bear their own costs, expenses, and attorneys fees.

2.    **Class Action Fees.** To resolve all claims and disputes regarding fees on the cases identified below, the Firms have categorized the class action cases into: class action cases identified on Exhibit A ("Group A Cases"); class action cases identified on Exhibit B ("Group B Cases"); class action cases identified on Exhibit C ("Group C Cases"); and all remaining cases not identified as a Group A, Group B, or Group C Case in which both Firms are/were counsel ("Remaining Cases").

   a.    **Group A ("Settled") Cases.** The Firms agree to divide Net Fees on each Group A Case equally.

EXHIBIT 1

**Exhibit A**

b.  Group B ("Certified") Cases. The Firms agree to divide Net Fees on each Group B Case equally so long as each Firm's Overall Contribution is approximately equal at the time of collection. Overall Contribution means time spent by a Firm's attorneys, paralegals, and other staff on Group B Cases collectively. The Firms have agreed that the Overall Contribution by the Firms was equal through January 4, 2007. If the Overall Contribution by the Firms is not approximately equal at the time of collection, then the Firms agree to allocate Net Fees on each Group B Case in proportion to the Overall Contribution of each Firm.

c.  Group C ("Client Decision with Competition") Cases. Where the Firm terminated by the client ("Terminated Firm") on a Group C Case has commenced class action litigation involving the same subject matter against the same or affiliated defendant(s), the Firms agree to submit all fee claims to the court or arbitrator presiding over the class action settlement or judgment. The decision of the court or arbitrator shall be final and non-appealable. If there is no such class action recovery, then the Firms agree to bear their own fees and expenses and release all claims whatsoever.

d.  Remaining Cases. In exchange for the mutual promises in this paragraph, LLF agrees to pay within fifteen days of receipt of class settlement attorneys fees from a Group A Case and FW agrees to accept $ 350,000.⁰⁰ as full satisfaction of all claims whatsoever relating to Remaining Cases where a Client has terminated FW and/or FW has agreed to withdraw from the case. Upon client and court approval, FW agrees to withdraw from all Remaining Cases pending in southern Illinois and provide LLF with all files relating to Remaining Cases. LLF retains all rights in Remaining Cases. Upon request, FW agrees to provide LLF with evidence of its reasonable and necessary fees and expenses in Remaining Cases where a Client has terminated FW and/or FW has agreed to withdraw from the case for use in proving fees in such cases.

In the event of a class action settlement or judgment in a case identified on Exhibit D, FW may petition the court or arbitrator presiding over the class action settlement or judgment for its reasonable and necessary fees and expenses. The decision of the court or arbitrator shall be final and non-appealable. If FW commences class action litigation involving the same or similar subject matter against the same or affiliated defendant(s) identified on Exhibit D, then FW waives all claims to fees and expenses whatsoever. All fees awarded to FW shall be offset by the amount specified in this paragraph 2(d). Nothing herein precludes LLF from challenging or opposing any such petition by FW.

Net Fees are the amount of Fees Collected remaining after deducting all reasonable and necessary expenses and costs, all fees and/or expenses paid to attorneys in competing cases, all fees and/or expenses paid to objectors, and all fees paid to attorneys for the

2 of 6

EXHIBIT 1

**Exhibit A**

referral of the plaintiff(s). Fees Collected by the Firms include all fees actually collected by each Firm in addition to the value of all fees that otherwise could have been collected by each Firm (e.g., fees otherwise collectable absent an agreement to take a reduced fee in one case for a higher fee in another). Except for referral fees, a Firm shall compensate from its own respective share of fees any co-counsel, associated counsel, or fees claimed by attorneys employed by or otherwise brought into the case by that Firm, and shall also indemnify and hold harmless the other Firm from any claims relating thereto.

3.     Continuing Obligations. In light of each Firm's continuing obligations to the class and/or clients in Group B Cases, the Firms agree to use their skills and best efforts to coordinate the prosecution of the Group B Cases. The Firms agree to be bound by all joint privileges and protections afforded by a joint prosecution agreement including, but not limited to, the attorney-client and work-product privileges. Nobody associated with the Firms shall take any step to knowingly waive any such privileges or protections without the written consent of the other Firm.

4.     Case Management. For each Group B Case, the Firm identified as "Counsel" on the respective exhibit shall direct the litigation as lead counsel under the terms of Exhibit 1 absent a court order to the contrary. A Firm may not engage any other attorney, firm, or other counsel to work on a Group B Case without the advance written approval of the Firm identified as "Counsel." The Firms agree to comply with the terms of Exhibit 1 in each Group B Case, and the Firm identified as "Counsel" may request, and the other Firm agrees not to object, that the Court enter Exhibit 1 or a substantially similar order in that case with that Firm alone listed as lead counsel if necessary under the circumstances. The Firm identified as "Counsel" agrees to make a good faith effort to provide the other Firm with enough work to permit the other Firm to meet its obligations under paragraph 2(b).

5.     Necessary Acts. The Firms agree to perform any further acts and execute any documents which may be reasonably necessary to effectuate the purpose of and to carry out the provisions of this Agreement.

6.     Warranties. The undersigned warrant and represent that the person(s) executing this Agreement is authorized to do so.

7.     Confidentiality. Each Firm understands, agrees, and warrants that neither it nor its attorneys, employees, or other representatives will publicize or otherwise disclose any aspect of the terms and conditions of this Agreement to any nonparty other than clients, other third-party beneficiaries, or a court or arbitrator in conjunction with the Firms' representation of its Client. If any nonparty (other than clients or other third-party beneficiaries) attempts to obtain any term, condition, or amount of this Agreement through any legal process, proceeding, or otherwise, then each Firm shall give the other Firm at least ten days advance written notice (to the extent possible) so that the other Firm may take whatever responsive action it deems appropriate. The Firms agree to merely state that "the Firms have resolved their differences," and decline further comment regarding any aspect of this Agreement.

EXHIBIT 1

**Exhibit A**

8.    Governing Law.  This Agreement shall be governed and construed in accordance with the laws of the State of Illinois, without regard to Illinois choice of law provisions.

9.    Dispute Resolution.  The Firms agree that all disputes, claims, actions, litigation, or other proceedings arising out of or related to this Agreement shall be commenced, pursued, tried, litigated, and resolved exclusively by arbitration before JAMS in Chicago (the "Forum").  The Forum is mandatory and not permissive in nature, thereby precluding the possibility of litigation between the Firms in any jurisdiction other than the Forum.  The Firms agree that the Forum has jurisdiction over such litigation, is proper, and is convenient for the Firms and all witnesses.  Each Firm hereby waives any right it may have to object to personal jurisdiction, to object to venue, or to assert the doctrine of forum non conveniens.  A Firm may enforce a final judgment entered by the Forum in other jurisdictions in any manner provided by law.  Each Firm shall bear its own attorneys' fees, costs, and expenses. .

10.    Severability.  If one or more sections of this Agreement are found to be invalid, illegal, or unenforceable in any respect, then the validity, legality, and enforceability of the remaining section contained herein shall not in any way be affected or impaired thereby.  If any section herein is found to be partially enforceable, then it shall be enforced to that extent.

. 11.    Construction.  The Firms have mutually negotiated this Agreement and hereby agree that it shall not be construed against either Firm based upon the assertion that one was the "drafter."

12.    Entire Agreement/Merger.  The Firms agree that this Agreement constitutes the entire agreement hereto and supersedes any prior written or oral agreements concerning the subject matter contained herein.  There are no representations, agreements, arrangements or understanding, oral or written, relating to the subject matter contained in this Agreement, which are not fully expressed herein.  This Agreement shall be binding upon and inure to the benefit of the Firms and their successors and assigns.  No modification or amendment to this Agreement shall be binding unless it is in writing and signed by the Firm sought to be charged.  This Agreement contains four (4) typewritten pages, six (6) total pages inclusive of signatures and not including exhibits.

The Firms have read this Agreement, have had the terms therein and the consequences thereof explained to them by their own attorneys of choice, have relied solely upon their own judgment along with the advice of their own attorneys, understand this Agreement, and agree to be bound by its terms.

EXHIBIT 1

**Exhibit A**

THE LAKIN LAW FIRM, P.C.

By: _Bradley M. Lakin_____     Dated: 1-7-08

Bradley M. Lakin


Subscribed and sworn to before me this 7 day of January, 2008.

_____
Notary Public

OFFICIAL SEAL
M. R. Hayes
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/19/09


5 of 6

EXHIBIT 1

**Exhibit A**

FREED & WEISS LLC

By: _~llles_____        Dated: _1-7-08_____

_Paul M Weiss   Member_
Name and Title

Subscribed and sworn to before me this 7TH day of January, 2008.

_Vitt Le_____
Notary Public

[seal: NOTARY PUBLIC OFFICIAL SEAL STATE OF ILLINOIS — VINCENT FRANCONE MY COMMISSION EXPIRES DECEMBER 8, 2011]

ERIC D. FREED

By: _End. Freed_____        Dated: _1/7/08_____
Eric D. Freed

Subscribed and sworn to before me this 7TH day of January, 2008.

_Vit_____
Notary Public

[seal: NOTARY PUBLIC OFFICIAL SEAL STATE OF ILLINOIS — VINCENT FRANCONE MY COMMISSION EXPIRES DECEMBER 6, 2011]

PAUL M. WEISS

By: _~llles_____        Dated: _1-7-08_____
Paul M. Weiss

Subscribed and sworn to before me this 7TH day of January, 2008.

_Vit_____
Notary Public

[seal: NOTARY PUBLIC OFFICIAL SEAL STATE OF ILLINOIS — VINCENT FRANCONE MY COMMISSION EXPIRES DECEMBER 6, 2011]

6 of 6

EXHIBIT 1

**Exhibit A**

Exhibit A

## GROUP A

| Plff | Defen | Type | Venue | Case No | Counsel |
|------|-------|------|-------|---------|---------|
| Agney | National City | Mortgage Fax | Madison County | 03-L-560 | * |
| Bemis | Allied | Medpay UCR | Madison County | 04 L 1006 | * |
| Eavenson | Allied | PPO | Madison County | 03 L 1469 | * |
| Garza | Nationwide | Medpay UCR | Texas | | *· |
| Edwards | Mid-Century | Total Loss | Madison County | 01-L-151 | * |
| Gaffigan | Mastercard | Conversion Fee | Missouri | 42-7768 | * |
| Hanke | AIG | Total Loss | Madison County | 01-L-851 | * |
| Kern | GE | Insurance | Madison County | 04-L-145 | * |
| Laner | GMC | Product Defect | St. Clair County | 03-L-831 | * |
| Moore | Shelter | Total Loss | Madison County | 01-L-160 | * |
| O'Leary | State Farm | Anti-Stacking | St. Clair County | 03-L-804 | * |
| Pederson | Cendant | Deceptive Billing | Madison County | 01-L-1126 | * |
| Peel | Direct | Subscription | St. Clair County | 05-L-0100 | * |
| Pichee | Delta | Mortgage Fax | Madison County | 03-L-1451 | * |
| Pichee | Delta | Mortgage Per Diem | Madison County | 03-L-1452 | * |
| Salazar | Mastercard | Conversion Fee | Texas | | * |
| Treadway | Nations Credit | Mortgage 3rd party | Madison County | 03-L-1453 | * |
| Turner | ITI Internet | Deceptive Billing | Madison County | 05-L-176 | * |

*Accredated*

1

EXHIBIT 1

**Exhibit A**

Exhibit B

## GROUP B

| Plff | Defen | Type | Venue | Case No | Counsel |
|------|-------|------|-------|---------|---------|
| Booher | United | Opt Ins. | Madison County | 01-L-1824 | LLF |
| Boxdorfer | Chrysler | Product Defect Paint | Sangamon County | 04-L-129 | LLF |
| Hall | Sprint | BCF | Madison County | 05-L-0354 | LLF |
| Hernandez | AFI | Medpay UCR | Madison County | 00-L-0629 | LLF |
| Lewis | Farmers | Medpay UCR | Madison County | 99-L-0865 | LLF |
| Ligocki | GM | Product Defect Paint | N.D. Illinois | 98-C-7386 | FW |
| Madison | Hartford | Medpay UCR | Madison County | 00-L-0720 | LLF |
| Marshall | H&R Block | POM | Madison County | 02-L-4 | LLF |
| Phillips | Ford | Product Defect Paint | Madison County | 99-L-1041 | LLF |
| Strasen | Allstate | Medpay UCR | Madison County | 99-L-1040 | LLF |
| Wratchford | Accredited | Mortgage 3rd Party | Madison County | 02-L-1556 | LLF |
| Wratchford | Household | Mortgage Per Diem | Madison County | 03-L-541 | LLF |

A ←

1

EXHIBIT 1

**Exhibit A**

Exhibit C

## GROUP C

| Defen | Type |
|---|---|
| AIG | Medpay UCR |
| CCN/First Health | PPO |
| Country Cos. | PPO |
| Farmers | Medpay UCR |
| Liberty Mutual | PPO |
| Met Life | Medpay UCR |
| Travelers | PPO |
| Verizon | ETF |
| Craglua/ | ETF |

1

EXHIBIT 1

**Exhibit A**

Exhibit D

| Pltf | Defen | Type | Venue | Case No |
|---|---|---|---|---|
| Booher | GM | EPP | Madison County | 01-L-1797 |
| Peach | CIM | EPP | Madison County | 02-L-1253 |
| Phillips | Ford | EPP | Madison County | 01-L-1836 |
| Reynolds | GMAC | EPP | Madison County | 01-L-1103 |
| Reynolds | Universal | EPP | Madison County | 02-L-193 |
| Spratt | Daimler | EPP | Madison County | 02-L-1089 |
| Dickinson | Lincoln | Opt. Ins. | Madison County | 01-L-1837 |
| Hodge | American General | Opt. Ins. | Madison County | 01-L-1823 |
| Phillips | Union | Opt. Ins. | Madison County | 01-L-1835 |
| Fischer | Mid-Century | PPO | St. Clair County | 06 L 8 |
| Knight | Sprint | USF | Madison County | 02-L-193 |
| Ragan | Ameritech | USF | Madison County | 02-L-524 |
| Ragan | AT&T | USF | Madison County | 02-L-168 |
| Ragan | Qwest | USF | Madison County | 02-L-305 |

1

EXHIBIT 1

**Exhibit A**

Exhibit 1

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

_____, individually and on behalf of
others similarly situated,

                  Plaintiffs,

    v.                             No. _____

                  Defendant.

## PRETRIAL ORDER NO. 1

This matter comes before the Court on Plaintiffs' Motion for Entry of Pretrial Order and, the Court being fully advised in the premises, hereby orders the following:

I.    ORGANIZATION OF PLAINTIFF COUNSEL

A. _Lead Counsel._ To act on behalf of all plaintiffs, the Court designates and appoints as Lead Counsel: _____. Lead Counsel shall have the following responsibilities, which shall be undertaken on behalf of all plaintiffs in all cases, including any later consolidated or coordinated cases.

    a)  To organize and supervise all counsel for all plaintiffs in order to promote the efficient non-duplicative conduct of this litigation;

    b)  To direct the preparation of pleadings to be filed in this Action;

    c)  To brief and argue motions and to designate plaintiff's counsel to brief and argue motions;

    d)  To file, if necessary, a Consolidated Amended Complaint;

    e)  To assign responsibilities to plaintiffs' counsel, at Lead Counsel's discretion, in the best interests of the class, as more fully defined below. No counsel shall undertake work in these proceedings except pursuant to such assignment;

    f)  To coordinate and consult with plaintiffs' counsel in the formulation and drafting of discovery material on behalf of all plaintiffs, including interrogatories and document requests, the formulation and drafting of pleadings, briefs and motion papers in this action, designate other plaintiffs' counsel to initiate or conduct such discovery, and such other tasks as Lead Counsel determines needs to be performed;

EXHIBIT 1

**Exhibit A**

Exhibit 1

    g) To direct and coordinate the examination of witnesses by plaintiffs' counsel in depositions;

    h) To act as spokespersons at pretrial conferences and to designate other plaintiffs' counsel to act as spokespersons at pretrial conferences;

    i) To call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    j) To initiate and conduct any settlement negotiations with counsel for defendant(s); and to distribute, at Lead Counsel's, discretion and pursuant to Court order, any attorneys' fees paid in conjunction with settlement or judgment;

    k) To consult with and employ experts;

    l) To perform such other duties as may be expressly authorized by further order of the Court.

No pleadings or other papers will be filed or tasks performed by any plaintiffs in this action without the prior approval of Lead Counsel. No discovery will be conducted by any plaintiff in this action without prior approval of Lead Counsel. If approval is not granted, then aggrieved counsel may apply to the Court for permission to undertake such task or to conduct specified discovery.

    B. *Liaison Counsel.* To act on behalf of all plaintiffs, the Court appoints as Liaison Counsel: _____. Plaintiffs' Liaison Counsel shall have the responsibility to perform such duties as set forth and outlined in the MANUAL FOR COMPLEX LITIGATION, THIRD §§ 20.22 and 41.31, including the following:

    a) To communicate with the Court on behalf of all plaintiffs;

    b) To maintain for the benefit of Lead Counsel a master file of all documents served and filed with the Court;

    c) To maintain and distribute to the Court, to counsel for all plaintiffs, and to counsel for defendant, an up-to-date comprehensive Service List;

    d) To receive and distribute to all plaintiffs' counsel all notices, orders and other communications of the Court; and

    e) To perform whatever additional functions may be assigned by the Court or by Lead Counsel.

    C. *Steering Committee.* To act on behalf of all plaintiffs, the Court appoints the following counsel as members of the Steering Committee: _____. Members of the Steering Committee shall have the following responsibilities, which shall be undertaken on behalf of all plaintiffs in all cases:

    a) To brief and argue motions as designated by Lead Counsel;

    b) To consult with Lead Counsel in the formulation and drafting of discovery material including: interrogatories and document requests, pleadings, briefs and motion papers related to such discovery;

    c) To conduct the examination of witnesses as directed by Lead Counsel;

    d) To act as spokespersons at pretrial conferences when designated to do so by Lead Counsel;

EXHIBIT 1

**Exhibit A**

Exhibit 1

    e)   To participate in meetings of plaintiff's counsel as deemed appropriate or necessary by Lead Counsel;

    f)   To consult with and employ experts as directed by Lead Counsel;

    g)   To perform such other duties as may be directed by Lead Counsel or expressly authorized by further order of the Court.

Absent further order of the Court, members of the Steering Committee shall not perform any tasks without approval from Lead Counsel. Specifically, members of the Steering Committee shall not initiate, respond to, or otherwise be involved with settlement negotiations without the written consent of Lead Counsel. Nor shall members of the Steering Committee initiate, foment, file, or otherwise assist with similar or related litigation (any action or arbitration that may arise out of or concern the allegations raised in this matter) against the same defendant(s) without first receiving approval from Lead Counsel.

**II.**   **SERVICE OF PLEADINGS AND OTHER PAPERS**

    Service of all pleadings, to which an opposition paper is expected, upon Plaintiffs' Lead Counsel shall constitute service upon all plaintiffs and their counsel.

**III.**   **PRIVILEGES PRESERVED**

    No communications among plaintiff counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

               SO ORDERED:

DATED: _____

                  _____

                  Circuit Court Judge

EXHIBIT 1

**Exhibit A**