# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | WALTER G. LUGER | RAYMOND E. STAUFFER° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | | OF COUNSEL | ERIC MAGNELLI |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | DONALD ECKLUND |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | VINCENZO M. MOGAVERO |
| | G. GLENNON TROUBLEFIELD | | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | | |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | | |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | | |

August 9, 2010

VIA ECF

Hon. Jose L. Linares
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

        Re:    Larson, *et al.* v. Sprint Nextel Corp., *et al.*
                Civil Action No. 07-5325(JLL)

Dear Judge Linares:

      We are co-Class Counsel in the above matter. Please accept this short letter brief in opposition to the Plutzik Group's renewed motion for the payment of their costs attributable to the Subscriber Class litigation in California. [Docket Entry 563] For the reasons set forth herein, their motion should be denied as moot.

      As part of the final approval of the Settlement, the Court performed an extensive analysis as to which set of attorneys should get how much money out of the settlement based upon their relative contributions to the Settlement. [Docket Entry 438, pp. 53-73]. However, the allocation of monies under the Settlement fund to pay attorneys included both fees and expenses. "Therefore, to the extent the Court approves Class Counsel's request for attorneys' fees in the amount of $5,775,000, such an award will be decreased by any expenses to which the Court ultimately determines Class Counsel (or other counsel) may be entitled." [*Id.* at 41. *See also Id.* at 72, n. 58]. All counsel, including Class Counsel and all other plaintiff's counsel, have been paid the amounts awarded by the Court in its final approval opinion.

      Class Counsel does not take issue as to whether the expenses sought by the Plutzik Group were legitimately expended in the California Subscriber litigation. However, given the structure of the Settlement, those expenses do not entitle them to recover any more money for themselves. The attorney fee "pie" is of a finite size and the Court has already divided the pie among the various groups of attorneys. The expenses the Plutzik Group is seeking will not make the pie

Hon. Jose L. Linares
August 9, 2010
Page 2

any larger, nor make their slice of the pie any larger.  It does not entitle the Plutzik Group to any more dollars than they have already received, it simply allocates those dollars from "fees" to "expenses".  Thus, whether the Plutzik Group is entitled to the expenses it seeks is little more than an academic exercise, since it has no practical effect as to how much money they, or anyone else, receives out of the Settlement.

      We therefore respectfully request that the Plutzik Group's motion be denied as moot because it would have no practical effect on the outcome of the litigation.

      Thank you for your continued attention to this matter.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

cc:    All counsel (via ECF)