**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
L. TIMOTHY FISHER
MICHAEL S. STRIMLING

PAUL F. MAHLER
Of Counsel

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

August 10, 2010

**Via ECF**

Hon. Jose L. Linares, U.S.D.J.
U.S. District Court, District of New Jersey
M. L. King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

    Re:    *Judy Larson, et al. v. AT&T Mobility LLC, et al.*, Civil Action No. 07-5325(JLL)

Dear Judge Linares:

    I write on behalf of the law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP ("Bramson Plutzik"), Reich Radcliffe & Kuttler, LLP ("Reich"), and Cuneo, Gilbert & LaDuca, LLP ("Cuneo"). Please accept this short letter brief as a reply brief in support of the Renewed Motion of those firms for an award of nontaxable costs attributable to the representation of members of the Sprint California Subscriber Class (the "Renewed Motion") [Docket Entry 563].

    Class Counsel have filed a letter brief in opposition to the Renewed Motion [Docket Entry 573]. However, Class Counsel's letter fails to rebut the showing in the moving papers that the expenses of which the Bramson Plutzik, Reich and Cuneo firms seek reimbursement were necessarily and appropriately incurred for the benefit of the class. Indeed, Class Counsel's letter explicitly *concedes* that point. Class Counsel's Letter Brief, at 1 ("Class Counsel does not take issue as to whether the expenses sought by the Plutzik Group were legitimately expended in the California Subscriber Litigation.")

    Class Counsel oppose the Renewed Motion on one ground and one ground alone – that the Court's January 15, 2010 Order and accompanying Opinion divided the attorney-fee "pie" between and among plaintiffs' counsel, and there is nothing left to distribute. Therefore, according to Class Counsel, any award of expenses to the Bramson Plutzik, Reich and Cuneo law firms cannot increase the amounts paid to those firms, but, rather, would simply be a reallocation of moneys already received by them from "fees" to "expenses."

    Nothing could be further from the truth. The Court's January 15, 2010 Order and accompanying Opinion did not impose a ceiling on the total amounts awardable to the Bramson Plutzik, Reich and Cuneo law firms. Instead, the Court expressly left open the issue of whether to award expenses to those firms and other members of the "Plutzik Group," as defined by the Court, and invited those firms to file supplemental declarations in support of their request for reimbursement of expenses. Clearly, the Court intended that any expense award would be *on top of* the fees the Court awarded to the Bramson Plutzik, Reich and Cuneo firms, not *in lieu of* them. The three firms submitted supplemental declarations that fully complied with the Court's

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

August 10, 2010
Page 2

request.  Authorizing the reimbursement to those firms of the costs they incurred therefore *would not* reduce the attorneys' fees allocated and paid to them.

      That the expenses due to the Bramson Plutzik, Reich and Cuneo firms would have to come out of the $5.775 million in fees and expenses that the Court awarded to plaintiffs' counsel as a whole is not a reason not to award them.  The Court entrusted the fee and expense award to Class Counsel to distribute, pursuant to the Court's Opinion and Order, precisely to ensure that the legitimate claims of the various plaintiffs' counsel would be taken care of.  The Court found that the efforts of the Bramson Plutzik, Reich and Cuneo firms on behalf of the California Subscriber Class benefited the class.  The moving papers show, and Class Counsel concede, that their expenses were legitimately and necessarily incurred.

      The facts supporting the Renewed Motion are undisputed.  There is no basis to deny the motion.  To do so would be error.  The Court should grant the motion and direct that the Bramson Plutzik, Reich and Cuneo firms be paid their expenses from out of the $5.775 million award to plaintiffs' counsel.

      Very truly yours,

      Alan R. Plutzik

61858