# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | WALTER G. LUGER | RAYMOND E. STAUFFER° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | | OF COUNSEL | ERIC MAGNELLI |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | DONALD ECKLUND |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | VINCENZO M. MOGAVERO |
| | G. GLENNON TROUBLEFIELD | | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | | |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | | |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | | |

August 16, 2010

VIA ECF

Honorable Jose L. Linares
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07102

        Re:    *Hall, et al. v. AT&T Mobility LLC, et al.,*
              Civil Action No. 07-5325(JLL)

Dear Judges Linares:

As you know, we are Class Counsel for the pending AT&T Mobility settlement in the above-referenced action. Please accept this letter in response to the motion for reconsideration filed by Christopher Langone for the *pro hac vice* admission of his attorney, Mark Lavery.

Leaving aside Mr. Langone's personal invective and addressing extraneous matters, the Court properly denied Mr. Langone's prior motion to admit Mr. Lavery *pro hac vice*. Local Civil Rule 101.1(c)(4) requires that in connection with any *pro hac vice* admission, a member of the bar of this Court upon whom all notices, orders, and pleadings may be served must appear on behalf of the relevant party, and only members of the bar of this Court may file papers, enter appearances, and perform other relevant litigation activities. In our opposition to Mr. Langone's previous motion, we advised the Court that it appeared that Mr. Langone did not qualify as a member of the bar of this Court in order to file a *pro hac vice* motion because he was on the ineligible list for failing to pay his New Jersey Client Security Fund Fees.[1] However, based upon

---

[1] Mr. Langone complains that Class Counsel failed to perform appropriate Rule 11 due diligence in arguing that Mr. Langone was on the ineligible list. However, Mr. Langone sent his payment to the Client Security Fund via overnight mail on June 27, 2010. (Langone Dec., ¶ 12). That is a Sunday, so the earliest it would have been picked up for delivery is the following day,

Honorable Jose L. Linares
August 16, 2010
Page 2

his motion for reconsideration, whether Mr. Langone was on the ineligible list appears to be an irrelevant issue because, in fact, he was not admitted to the bar of the District Court until August 2, 2010 (Langone Dec., [Docket Entry 574-2] ¶33), five weeks after he filed his original motion for Mr. Lavery's admission.

While it appears that there is nothing within the four corners of Mr. Langone's papers which is affirmatively and precisely untrue, he glosses over the very important fact that he was not a member of the bar of this Court until August 2, 2010. (Class Counsel confirmed with the Clerk's office that, in fact, Mr. Langone was never admitted to the bar of the District Court prior to that date.) Whether or not he was on the ineligible list when he filed the motion for Mr. Lavery's *pro hac vice* admission on June 29, 2010, he was not then, and had never been, a member of the bar of this Court, so he could not have properly signed the motion for Mr. Lavery's admission. Local Civil Rule 101.1(d) requires that any *pro hac vice* attorney must be associated with a member of the bar of this Court who must file papers and be responsible for the out-of-state attorney's conduct, and Mr. Langone wasn't a member of the bar of this Court. Since Mr. Lavery was not associated with an admitted member of the bar of this Court, regardless of the reason, the Court properly denied the motion to admit him *pro hac vice*.

Thank you for your continued attention to this matter. If you have any questions, we are available at your convenience.

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:   All Counsel (via ECF)

---

Monday, June 28, and the earliest it would have been delivered to the Client Security Fund is the following day, June 29. The ineligible list Class Counsel submitted to the Court was as of that day, which was two days prior to the date Class Counsel submitted their letter objecting to Mr. Langone's motion. Class Counsel does not know what further *reasonable* due diligence should have been performed under the circumstances. Further, it is not clear from the letter from the Client Security Fund (Langone Dec., Ex. A) that Mr. Langone was not retroactively reinstated on July 7 as of June 28.