**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**                                      August 18, 2010

**LETTER OPINION**

Re:   **Larson, et al. v. Sprint Nextel Corp.**
      **Civil Action No. 07-5325 (JLL)**

Dear Counsel:

Pending before the Court is a motion by Class Counsel on behalf of Plaintiffs to enjoin the Lakin Chapman law firm from engaging in an arbitration proceeding in Chicago, Illinois against the law firm of Freed & Weiss, LLC (Docket Entry No. 562). The Court has considered the parties' submissions and decides this matter without oral argument. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiffs' motion is **denied.**

**BACKGROUND**

This class action involves a claim by Plaintiffs that flat-rate early-termination fees ("ETFs") charged by Sprint violate, inter alia, the Federal Communications Act and various state consumer protection laws. Freed & Weiss, LLC is among the law firms serving as Class Counsel in this matter.[1] The parties eventually reached a settlement for $17.5 million. On December 8, 2008, this Court preliminarily approved the settlement and preliminarily certified the settlement class. By way of Opinion and Order dated January 15, 2010, final approval was granted to the Larson v. Sprint Settlement. As part of this decision, the Court assessed the reasonableness of the requested attorney fee award and determined a fair allocation of the attorney fee award among plaintiffs' counsel.

On October 20, 2009, the Lakin Chapman law firm ("Lakin") filed a demand for arbitration against Freed & Weiss, LLC ("Freed"). (Docket Entry No. 571-1). The Demand for Arbitration alleges, in pertinent part, the following:

> 1. In 2008, Lakin and Freed entered into an Agreement regarding the joint prosecution of certain class action cases on which both firms had worked.

---

[1] See Docket Entry No. 64.

1

    2.      Pursuant to the terms of the Agreement, Lakin and Freed agreed that Lakin would direct, among other cases, the Allstate Medpay case and the Hall v. Sprint ETF case as Lead Counsel and that Freed would not "initiate, foment, file or otherwise assist with similar or related litigation . . . without first receiving approval from Lead Counsel."

    3.      Freed violated the terms of the Agreement by filing cases similar to the Allstate Medpay case and the Hall v. Sprint ETF case without obtaining approval from Lakin.

Class Counsel now moves to enjoin the foregoing arbitration pursuant to the All Writs Act, 28 U.S.C. § 1651, on the basis that such arbitration is an improper attempt to re-litigate two issues which were previously decided by this Court in connection with the Larson v. Sprint Settlement: (a) the distribution of attorneys' fees, and (b) whether the Larson v. Sprint Settlement was ethical and/or proper.

## DISCUSSION

**A.**     **Jurisdiction**

This Court has jurisdiction over the instant application because it retained jurisdiction "with respect to enforcement of the terms of [the] . . .Settlement" in its Final Approval Order. See Jan. 15, 2010 Order at 3 (ordering that "Class Counsel and Sprint shall implement the Settlement Agreement in accordance with its terms and with the holdings set forth in this Opinion and Order"); Settlement Agreement, Art. IX.18 ("The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of the Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto."); see generally In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 367-68 (3d Cir. 2001) ("A district court has the power to enforce an ongoing order against relitigation so as to protect the integrity of a complex class settlement over which it retained jurisdiction."). Neither side disputes this.

The Court recognizes that the filing of a notice of appeal generally divests the district court over matters dealing with the merits of such appeal.[2] Although Lakin has filed an appeal of this Court's January 15, 2010 Opinion and Order (on behalf of Objector Jessica Hall),[3] the Court will

---

[2] See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[3] (Docket Entry No. 461).

nevertheless, exercise its jurisdiction over the instant application for three reasons. First, the Court has continuing jurisdiction to protect and enforce its judgments so long as it does not disturb the issues that are on appeal.[4] Second, the Court finds that its assessment of and ruling on Class Counsel's application, regardless of the outcome, would not disturb the issues that are on appeal. Third, neither side disputes this Court's jurisdiction over the instant application. Therefore, the Court will exercise its jurisdiction over Class Counsel's application.

**B.     Relitigation Exception**

The All Writs Act gives district courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is limited in scope and application by the Anti-Injunction Act, 28 U.S.C. § 2283.[5] The Anti-Injunction Act prohibits "injunction[s] to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, "[t]he two statutes act in concert, and '[i]f an injunction falls within one of [the Anti-Injunction Act's] three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." In re Diet Drugs, 369 F.3d at 305. The injunction at issue here was not expressly authorized by statute, so it may be justified only under the Anti-Injunction Act's "in aid of its jurisdiction" or "to protect or effectuate its jurisdiction" exceptions. Such exceptions "are narrow and are 'not [to] be enlarged by loose statutory authority." Id. (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)).

Class Counsel urges the Court to enjoin Lakin from proceeding with the arbitration at issue. Class Counsel maintains that the "to protect or effectuate its judgements" exception, also known as the "relitigation exception,"[6] is properly invoked in this instance. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." Chick Kam Choo, 486 U.S. at 147. Lakin, on the other hand, maintains that the Anti-Injunction Act prohibits this Court from granting the relief requested because the arbitration proceeding at issue does not involve any issue which was decided by this Court. In particular, Lakin maintains that this Court has never been asked to rule and has never ruled on a breach of contract

---

[4] See, e.g., Georgine v. AmChem Prods., No. 93-0215, 1995 WL 561297, at *7 (E.D. Pa. July 10, 2001) (noting that "a district court generally retains jurisdiction to enforce, implement, or otherwise treat as valid judgments and orders that are the subject of pending appeals, as long as this enforcement, implementation, or treatment does not disturb the issues that are on appeal.") (citing Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985)).

[5] See In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 305 (3d Cir. 2004) ( "The authority the All Writs Act imparts to district courts is limited, however, by the Anti-Injunction Act.").

[6] See In re Diet Drugs, 369 F.3d at 305.

dispute between Freed and Lakin (or any damages resulting therefrom).  The Court has carefully considered the parties' respective positions, the substance of the arbitration demand, as well as the terms of the parties' Agreement.  Based on the reasons that follow, the Court finds that it lacks jurisdiction to grant Class Counsel the relief requested because the dispute at issue was never presented to or decided by the Court in connection with its approval of the <u>Larson v. Sprint</u> Settlement.

The dispute at issue in the arbitration proceeding is relatively straightforward.  Suffice it to say that Freed and Lakin entered into an Agreement in January 2008 (a copy of which is attached to Lakin's opposition brief). According to Lakin, the parties' Agreement provides that Lakin would serve as "Lead Counsel" in the <u>Hall v. Sprint</u> ETF matter and that Freed would not work on such matter without Lakin's prior written approval. It is undisputed that Freed serves as Class Counsel in the <u>Larson v. Sprint</u> matter and that the settlement reached in the <u>Larson v. Sprint</u> matter settled claims asserted in the <u>Hall v. Sprint</u> matter.  Lakin maintains that Freed breached the terms of the Agreement by engaging in settlement negotiations in the <u>Larson v. Sprint</u> matter without obtaining Lakin's advanced written approval.

According to Class Counsel, Lakin's arbitration demand inappropriately seeks to relitigate two issues previously decided by this Court: (1) allocation of attorneys' fees for work done in connection with the <u>Larson v. Sprint</u> matter, and (2) whether Freed's involvement in the <u>Larson v. Sprint</u> Settlement was ethical.  The Court agrees with Class Counsel that both of the foregoing issues were expressly decided by the Court both in its January 15, 2010 Opinion and Order approving the <u>Larson v. Sprint</u> Settlement and in its August 26, 2010 Letter Opinion and Order denying a motion to disqualify Freed from representing the Class in this matter due to an alleged conflict of interest.

However, based on the current record, Class Counsel has failed to convince the Court that Lakin's arbitration demand implicates either of these issues.  For instance, the arbitration demand is devoid of any allegations concerning the ethics of Freed's involvement in the <u>Larson v. Sprint</u> matter (and/or its settlement).  Similarly, although the demand for arbitration states the amount of attorneys' fees awarded by this Court in the <u>Larson v. Sprint</u> matter, Lakin does not attempt to stake a claim to such money.  To the contrary, the Court has closely reviewed the arbitration demand and notes that it relates entirely to an Agreement entered into by the two law firms in 2008 and seeks to resolve a narrow dispute over an alleged breach of said Agreement.  The <u>Larson v. Sprint</u> matter is implicated only in two respects: (1) to support the allegation that Freed breached the parties' Agreement (by engaging in work related to the <u>Hall v. Sprint</u> matter without obtaining prior approval from Lakin), and (2) to support Lakin's theory of damages.[7]  Neither of these factors affect issues

---

[7] To be clear, there is no indication before the Court that Lakin is attempting to obtain a portion of the attorneys' fees awarded by this Court in connection with the <u>Larson v. Sprint</u> Settlement.  Lakin's strategic decision to utilize the amount of fees awarded by this Court as a measure of its own alleged damages (in connection with its collateral breach of contract dispute) is of no moment.

which were litigated before and decided by this Court.[8]  Even if the Court were to look beyond the four corners of the arbitration demand, at this time, there is simply insufficient evidence before the Court to suggest that the arbitration directly implicates the res of the Larson v. Sprint fee award or that Lakin is indirectly attempting to frustrate the orderly allocation of fees as directed by this Court.[9]  Simply put, the issue of whether Freed breached the terms of the 2008 Agreement between the two firms has not been litigated before this Court.  Therefore, the Court lacks jurisdiction to grant the relief requested. See  28 U.S.C. § 2283; Chick Kam Choo, 486 U.S. at 149 (""[W]hether the Texas state courts are an appropriate forum for petitioner's Singapore law claims has not yet been litigated, and an injunction to foreclose consideration of that issue is not within the relitigation exception.").

## CONCLUSION

Based on the reasons set forth above, Class Counsel's application to enjoin arbitration of a breach of contract dispute between the law firms of Freed & Weiss and Lakin Chapman pursuant to the All Writs Act, 28 U.S.C. § 1651, is **denied.** An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[8]  To the extent Class Counsel argues that the breach of contract dispute (and damages arising therefrom) should have been raised before this Court in connection with its award and allocation of attorneys' fees, Class Counsel fails to demonstrate how Lakin's collateral breach of contract dispute was relevant, in any way, to Court's analysis in deciding whether or not to approve the class settlement. See, e.g., Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n. 1 (3d Cir. 2000) (setting forth multi-factor test for court to utilize in assessing reasonableness of an award of attorneys' fees); Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975) (enumerating nine factors to be utilized by the court in approving a class settlement). Moreover, to the extent Class Counsel argues that certain issues relevant to the Larson v. Sprint matter may arise in the context of responding to or proceeding with the arbitration, such hypotheticals are far too speculative at this juncture to warrant the relief requested. See, e.g., Chick Kam Choo, 486 U.S. at 148 ("[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court. . . . [T]his prerequisite is strict and narrow.").

[9] See, e.g., In re Linerboard Antitrust Litig., 361 Fed. Appx. 392 (3d Cir. 2010) (affirming district court's injunction of state court action pursuant to the All Writs Act where "Peoples told a newspaper reporter . . . that he was pursuing his rightful share of the Linerboard fees" and where he "sought discovery regarding the allocations made to each member of the Linerboard class counsel" after the district court had already rendered its decision on the allocation of attorneys' fees).