**NOT FOR PUBLICATION**                                                                 **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,<br><br>Defendants. | Civil Action No.: 07-5325 (JLL)<br><br><br><br>**FINAL APPROVAL ORDER<br>AND JUDGMENT** |

**LINARES,** District Judge.

On November 4, 2009, a Preliminary Approval Order was entered by this Court, preliminarily approving the proposed Settlement pursuant to the terms of the parties' Settlement Agreement and directing that notice be given to the Settlement Classes.

Pursuant to the Parties' plan for providing notice to the Settlement Classes (the "Notice Plan"), the Settlement Classes were notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the Class Released Claims against the ATTM-Related Released Parties and the ATTM Released Claims against the Class-Related Released Parties; and (2) whether judgment should be entered dismissing this Action with prejudice.

A Final Approval Hearing was held on June 29, 2010. Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order. Settlement Class Members were

therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees and expenses to Class Counsel, and the payment of incentive awards.

The Court, having now heard the presentations of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application of Class Counsel for award of attorneys' fees and expenses and incentive awards for the Named Plaintiffs in this action, and having reviewed the materials in support thereof, and for good cause shown,

IT IS on this __13th__ day of __Oct__, 2010,

ORDERED that the capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered; and it is further

ORDERED that the Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Classes; and it is further

ORDERED that the Settlement Classes, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Classes who did not submit timely and valid Requests for Exclusion; and it is further

ORDERED for purposes of the Settlement and this Final Approval Order and Judgment, that the Court hereby certifies the following Settlement Classes:

a. "ETF Assessed Class" is defined as "all Persons in the United States who were parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies and were

2

billed a Flat-Rate ETF by ATTM and/or its predecessor companies from January 1, 1998 until the date that the Court preliminarily approved the settlement. The ETF Assessed Class includes such Persons whether or not they paid any portion of the ETF, whether to ATTM, any outside collection agency, or other third party to whom ATTM has assigned the rights to the ETF. The ETF Assessed Class excludes all current employees of ATTM."

b. The "Subscriber Class" is defined as "all Persons in the United States who were or are parties to a contract for a wireless telephone account with ATTM and/or its predecessor companies that included or includes a provision for a Flat-Rate ETF from January 1, 1998 until the date that the Court preliminarily approved the settlement, and who have not paid or been billed a Flat-Rate ETF. Subscriber Class excludes all current employees of ATTM."

In so holding, the Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes because: Settlement Class Members, numbering in the millions, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Classes they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Classes with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Classes is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in

certifying the Settlement Classes, based, *inter alia*, upon this Court's familiarity with the claims and parties in this case, as well as the arms-length negotiation process overseen by the Honorable Douglas K. Wolfson (ret.); and it is further

**ORDERED** that the Notice Plan set forth in Article IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes for settlement purposes only, the existence and terms of the Settlement Agreement, the Final Approval Hearing, and satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law; and it is further

**ORDERED** that the Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, is in the best interests of the Settlement Classes, and is therefore approved. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court; and it is further

**ORDERED** that unless otherwise directed by the Court, within ten (10) days of the Effective Date, the funds in the Common Fund, except for other disbursements authorized by this Final Approval Order and Judgment, shall be distributed to the Settlement Classes pursuant to the Proposed Plan of Allocation of Settlement Proceeds; and it is further

**ORDERED** that upon the Effective Date, the Class Representatives and all Settlement Class Members and their counsel shall have, by operation of this Final Approval Order and Judgment, fully, finally, and forever released, relinquished, and discharged all ATTM-Related Released Parties from all Class Released Claims pursuant to Article VII of the Settlement Agreement; and it is further

**ORDERED** that all Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any action or proceeding in any court, arbitration, tribunal, or jurisdiction, asserting any claims encompassed by the Settlement Agreement, including any Class Released Claims against any of the ATTM-Related Released Parties, or seeking an award of fees and costs, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or the Related Actions and/or as a result of or in addition to those provided for by the Settlement Agreement; and it is further

**ORDERED** that all Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates, agents or representatives of any of them, including ETF Class Counsel, are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, as class members or otherwise, or receiving any benefits (including seeking or receiving awards of attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever) from any lawsuit, arbitration, administrative proceeding, regulatory proceeding or other proceedings or order in any jurisdiction, based on or relating to the claims, causes of actions, motions, defenses, or the facts, and circumstances relating thereto, in the Action. In addition, all Persons are hereby permanently enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in,

conducting, or continuing any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction as a class action, a separate class, other representative action, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any of the Settlement Class Members, arising out of, based on or relating to the claims, causes of action, motions, defenses, facts and/or circumstances relating thereto, in the Action and/or the Class Released Claims, including the ETF-Related Claims; and it is further

**ORDERED** that the terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arises from, are based on or in any way related to ATTM's Flat-Rate ETF; and it is further

**ORDERED** that this Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against ATTM-Related Released Parties and Class-Related Released Parties of any fault, wrongdoing, or liability on their part, or of the validity or certifiability for litigation of any Class Released Claim or ATTM

6

Released Claim or of the existence or amount of any damages; and it is further

**ORDERED** that the payments ordered herein shall be made in the manner and at the times set forth in the Settlement Agreement. The Court further approves the establishment of the Common Fund as set forth in the Settlement Agreement and the Escrow Agreement submitted by the Parties and finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations because the Escrow Account satisfies each of the following requirements:

a. The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

b. The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

c. The assets of the Escrow Account are segregated from other assets of ATTM, the transferors of the payment to the Common Fund; and it is further

**ORDERED** that the Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees in the amount of $6,000,000.00 and gives Class Counsel the discretion to distribute the remainder of the fee award to those attorneys who assisted in the creation of the present settlement fund; and it is further

**ORDERED** that the Court grants Class Counsel's application for reimbursement of costs and expenses in the amount of $506,943.75; and it is further

**ORDERED** that the Court grants Class Counsel's request for Incentive Awards for named-Plaintiffs Barry Hall, Roman Sasik, David Dickey, Steven Wright, Jane Waldmann, Robert Wise,

Jackie Thurman, Richard Chisolm, Mary Pitsikoulis, Debra Lively (formerly Debra Lipton), Jacqueline Sims, and Kiisha Orr, each in the amount of $2,000.00 (for a total of $24,000.00); and it is further

**ORDERED** that, in accordance with Article III.6 of the Settlement Agreement ("Disposition of Unclaimed Benefits"), Class Counsel and counsel for ATTM shall meet and confer and submit to the Court, within thirty days from the date of entry of this Order, two (2) agreed-upon proposed charitable organizations for the Court's approval.

**ORDERED** that the file in this matter is hereby **CLOSED**.

_____
Jose L. Linares
UNITED STATES DISTRICT JUDGE