# Chris Langone
# 207 Texas Lane
# Ithaca, NY 14850
# (607) 216-2836

October 28, 2010

<u>*Via ECF*</u>

Honorable Jose L. Linares, U.S.D.J.
United States District Court for the
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re:    <u>*Hall v. AT&T mobility, et al., 07-5325 (JLL)*</u>

Dear Your Honor:

    On October 14, 2010, an order was entered purporting to be a final judgment. But objector Langone has noted two issues that might impair the validity of the finality of the judgment, which he respectfully brings to the Court's attention by virtue of this letter:

    (1)    The order asks that counsel for the class and defendant submit proposals regarding charities to receive potential *cy pres* distributions. This would suggest the order may not be final, as there are still issues Your Honor intends on deciding. In prior pleadings the undersigned objected to any *cy pres* at all – arguing instead that the fund be distributed to the class members on a *pro rata* basis. While Langone maintains this position, to the extent the Court is going to make further rulings on recipients of any *cy pres*, the case is still before the court and all issues have not been resolved for the purposes of appellate finality. While Langone disputes that any charity should receive class moneys, this should be decided before any notice of appeal is due or filed.

    (2)    The order does not expressly rule on the motion to reconsider the *pro hac vice* admission issues, which may be relevant on appeal. Langone has objected to the provisions in the settlement agreement asserting that class members must appear at the final fairness hearing in order to preserve appellate standing. Regardless, Langone did appear – he was there personally, and his counsel Mark Lavery stepped up and spoke on his behalf. Lavery's statements were first stricken, but subsequently considered by the Court on the merits "in the interest of justice." If Langone decides to appeal, he respectfully requests this Court clarify that he did in fact appear, through Lavery, and thus has preserved his standing to appeal. It would not be in the interests of judicial economy to send this case to the Third Circuit without clarification of this issue.

In addition to these two issues, Langone respectfully contends that there are two issues of fact and/or law that were not before the Court at the time of the ruling.

(1) Recently, the United States Court of Appeals for the Ninth Judicial Circuit addressed the issue of Class Members' due process rights when it comes to the issue of objecting to attorneys' fees in a class action. *In re Mercury Interactive Corp. Secs. Litig.*, 2010 U.S. App. LEXIS 17189, 12-18 (9th Cir. Cal. Aug. 18, 2010). There, the Ninth Circuit stressed that, "although a district court has broad discretion to determine attorneys' fees, it abuses that discretion if it makes an error of law." *Id*. citing, *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law.") Specifically the Court held:

> We hold that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion.

*Mercury Interactive*, at *13.

The Court found this holding mandated by both the plain language of Rule 23(h), as well as due process rights under the constitution. The relevant portions of Federal Rule of Civil Procedure 23(h) provide: "(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. **Notice of the motion must be** served on all parties and, for motions by class counsel, **directed to class members in a reasonable manner**. (2) **A class member**, or a party from whom payment is sought, **may object to the motion**." (Fed. R. Civ. P. 23(h), emphasis added). As the Ninth Circuit explained, "The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed." *Id*.

> The Court also found its holding was supported by the Advisory Committee Notes to the 2003 amendments to Rule 23(h). These notes elaborate that "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, P 68 (emphasis added).[1] In sum, the Ninth Circuit concluded:

---

[1] The Ninth Circuit noted that commentators are also in accord with its view.  Citing, for instance, to Moore's Federal Practice counsels that "[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request." 5 Moore's Federal Practice § 23.124[4] (Matthew Bender 3d ed. 2009).

Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is <u>essential for the protection of the rights of class members</u>. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee. Id. at *15.

Like in *Mercury*, class Members have been deprived of notice of the fee motion in advance and have a meaningful opportunity to scrutinize the actual billing entries. This opinion had not been issued when matters were being briefed before this Court and thus warrants reconsideration.

(2)   Finally, it has recently come to Langone's attention that Class Counsel and/or the administrator are sending additional notices (via postcards) to the Class that have not been approved by this Court. These notices concern deadlines for making claims. Under the Settlement Agreement, class members have 60 days after final approval to make claims, i.e. until December 14, 2010. Yet the web site and recent postcards state the deadline is November 19. Also, it appears the Class' fund is being used to send additional notices that have not been authorized by this Court and are not accurate. Langone again requests leave to intervene to seek discovery on this issue.

While the deadline for post-judgment motions does not expire for another 14 days (and Langone is currently working on such a motion), Langone wanted to bring these issues before the Court within the 14 days provided for by the local rules for motions to reconsider.

Respectfully,

s/ CHRISTOPHER V. LANGONE

Cc:   All ECF counsel