# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | WALTER G. LUGER | RAYMOND E. STAUFFER° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | | OF COUNSEL | ERIC MAGNELLI |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | DONALD ECKLUND |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | VINCENZO M. MOGAVERO |
| | G. GLENNON TROUBLEFIELD | | | AUDRA E. PETROLLE |
| | BRIAN H. FENLON | | | °MEMBER N.Y. BAR ONLY |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | | |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | | |

November 3, 2010

<u>VIA ECF</u>

Honorable Jose L. Linares
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07102

           Re:    <u>*Hall, et al. v. AT&T Mobility LLC, et al.*,</u>
                   <u>Civil Action No. 07-5325(JLL)</u>

Dear Judges Linares:

      As you know, we are co-Class Counsel for the pending AT&T Mobility settlement in the above-referenced action.  Please accept this letter in response to Mr. Langone's October 28, 2010 letter which requests clarification of certain issues.

### a)    <u>The Court's Final Approval Order and Judgment Is A "Final" Order</u>

      The fact that the Court reserved the right to approve the charity or charities to whom a *cy pres* donation is to be made (if at all), does not make the Court's approval of the settlement any less a final order.  A judgment is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *M.A. on behalf of E.S. v. State-Operated School District of the City of Newark*, 344 F.3d 335, 343 (3d Cir. 2003) (quoting *Cunningham v. Hamilton Co., Ohio*, 527 U.S. 198, 204 (1999)).  The Final Approval Order and Judgment [Docket Entry 584] (the "Judgment") provided that all claims of class members were being released (Judgment, p. 4), enjoined all class members from pursuing any claims which were being settled (Judgment, p. 5-6) and further provided that it would have "maximum *res judicata*, collateral estoppel, and all other preclusive effect for any and all" claims related to AT&T's flat-rate ETF. (Judgment, p. 6).  All that is left is to distribute the Settlement Fund to Class members.  The Judgment could not be any more "final" than it is, since it explicitly, in several different ways, ended the litigation on the merits.  The Court's approval of the charities to which a *cy pres* donation will be made, in the event that there is any money in the Settlement Fund after all Class

Honorable Jose L. Linares
November 3, 2010
Page 2

members' claims are paid, is part-and-parcel of the distribution of the Settlement Fund, and has nothing to do with resolving the merits of the case.

**b)     Langone's Pro Hac Vice Application Is Moot**

At this point, we believe that Mr. Langone's motion to have his attorney, Mark Lavery, admitted *pro hac vice* is moot.  The Court considered, and rejected, the issues raised by Mr. Langone in his various objections, and presented by Mr. Lavery at the fairness hearing.  (Opinion, Docket Entry 583, at 11, n. 6).  Whether Mr. Lavery is now admitted *pro hac vice* after the fact will make no difference in the outcome of the case and, in any event, Mr. Langone has demonstrated that he is quite capable of presenting arguments to the Court himself.

**c)     Langone's Request for Reconsideration Should Be Denied**

Mr. Langone's request for reconsideration of the Court's attorney fee award is both procedurally and substantively deficient.  Leaving aside the fact that Mr. Langone's request for reconsideration should have been filed as a formal motion, the case which Mr. Langone brought to the Court's attention, *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), is not a "controlling decision" which the Court could have "overlooked" for purposes of Local Civ. R. 7.1(i).  Only a decision from the Third Circuit Court of Appeals or the Supreme Court would be a "controlling decision".  *See U.S. v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009) (inferior federal courts are bound to apply the law as enunciated by the Supreme Court as of the date of the decision); *Landesman & Funk, P.C. v. Skinder-Strauss Associates*, 636 F.Supp.2d 359, 363  (D.N.J. 2009) ("This Court, however, is bound by controlling decisions of the Third Circuit, not by decisions of other circuits.")  *Mercury Interactive* is from the Ninth Circuit and, thus, is not a "controlling decision".  *See Landesman*, *id.*  Further, the *Mercury Interactive* case could not have been "overlooked" by the Court because it was presented the first time to the Court in Mr. Langone's October 28, 2010 letter.  *See Cafaro v. HMC International*, 2009 WL 2382247 at *1 (D.N.J. 2009) ("When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter *that was presented to it*.") (internal quotations omitted, emphasis in original).

Further, even if it were binding precedent (which it is not), the Ninth Circuit's holding in *Mercury Interactive* does not mandate any different result here.  Indeed, this Court followed the exact procedure the Ninth Circuit required be followed with respect to objections to class counsel fee applications.  There is no basis for reconsideration of the Court's prior decision because if *Mercury Interactive* had been brought to the Court's attention previously, there would be no reason for the Court to come to a different result.  *See Summerfield v. Equifax*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("The word 'overlooked' is the operative term in the rule and it has been interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.")

In *Mercury Interactive*, the district court preliminarily approved a class action settlement and notice of the settlement was provided to class members.  *Mercury Interactive*, 618 F.3d at 990.  The notice advised class members that class counsel would be seeking a fee from the

Honorable Jose L. Linares
November 3, 2010
Page 3

settlement fund in the amount of 25%, equal to $29.375 million. *Id.* The objection procedure allowed class members to object to the terms of the settlement, and generally to the amount of fees, but there was no provision for class members to object to counsel's fee application after it had been filed. *Id.* at 991.

The Ninth Circuit held that Rule 23 required class members to have an opportunity to object to class counsel's fee after their fee application has been filed.

> We hold that the district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion.
>
> The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed.

*Mercury Interactive*, 618 F.3d at 993 (emphasis in original).

Mr. Langone contends that "[l]ike in *Mercury*, class Members have been deprived of notice of the fee motion in advance and have a meaningful opportunity to scrutinize the actual billing entries." This statement is simply incorrect. The Ninth Circuit specifically held that the notice advising class members of the settlement, including counsel's intent to seek a fee of 25% of the settlement fund, was "notice of the motion" within the meaning of Fed.R.Civ.P. 23(h)(1). The problem was that class members did not have the opportunity to object to the fee application after it was filed, not that they did not have notice of the motion:

> In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.

*Id.* at 994.

Here, in contrast to *Mercury Interactive*, the Court *did* provide Class members an opportunity to object to Class Counsel's fee application after it was filed. The Preliminary Approval Order [Docket Entry 421] provided that class counsel were to file their fee application seven days before the final approval hearing (Preliminary Approval Order, ¶ 16), and allowed any class member who had not opted out to file an objection to the fee application two days prior to the final approval hearing. (Preliminary Approval Order, ¶ 17). The Court's May 24, 2010 Order extending the dates for objections and class counsel's fee application [Docket Entry 511] provided more time for class members to object to counsel's fee application. That Order provided that Class Counsel were to file their fee application two weeks prior to the final approval hearing and any objections were to be filed a week after that. Notably, Mr. Langone

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Honorable Jose L. Linares
November 3, 2010
Page 4

objected both to the time in which he had to file an objection to Class Counsel's fee application and a substantive objection to the fee application itself. [Docket Entry 532] Mr. Langone can hardly complain that he was deprived of a reasonable opportunity to object to Class Counsel's fee application, "particularly given the substantive and well thought out objection he filed." (Opinion at 33).

### d)  Langone Is Not Entitled To Discovery Regarding the Claims Reminder Postcard

The final issue Mr. Langone raises is with respect to a reminder postcard which was mailed to Class members by the claims administrator. A copy is enclosed for the Court's reference. This is not a "notice" to the Class, as Mr. Langone seems to believe. Rather, it is a reminder for any class members who have not yet filed a claim to do so. In their July 12, 2010 letter to the Court [Docket Entry 557], class counsel advised the Court that they would be sending out such a mail reminder to Class members. Mr. Langone did not object at the time to this class outreach being undertaken.

Mr. Langone is correct that the claims period runs 60 days from the date the Court approved the settlement. These postcards were mailed out to class members at the beginning of October 2010, prior to the Court's Opinion and Order approving the settlement, so, obviously, the postcards could not give a definite date when the claims period would end. That said, Mr. Langone's statements about the deadline for filing claims is incomplete. The postcard actually says that claims must be postmarked by "November 19, 2010, *but that deadline may be extended*." Mr. Langone left out the italicized portion of this sentence in his letter. With that addition, there is nothing inaccurate about the contents of the postcard. Further, the postcard directs class members to follow the instructions on the settlement website, www.attmetfsettlement.com. Mr. Langone's statement that the settlement website likewise contains the same November 19, 2010 date is untrue. According to the website, the deadline for submitting claims is December 13, 2010, the next business day after 60 days from the final approval order. In summary, Mr. Langone is complaining about nothing. We object to his being allowed to seek discovery with respect to sending out the postcards, inasmuch as Mr. Langone does not identify any purpose as to what the proposed discovery would be used for, and Class Counsel can think of none.

Thank you for your continued consideration to this matter. If the Court wishes to discuss any of these issues further, we are available at the Court's convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:   All Counsel (via ECF)