**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER ORDER**

November 22, 2010

**VIA ELECTRONIC FILING**

All Counsel of Record

Re: **Hall, et al. v AT&T Mobility LLC, et al.,**
**Civil Action No. 07-5325 (JLL)**

Dear Counsel:

Pending before the Court is Objector Christopher Langone ("Mr. Langone") motion for reconsideration of this Court's Order dated July 22, 2010. (D.E. 574). Class counsel opposes the motion. The Court considers the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Mr. Langone's motion is DENIED.

I. **BACKGROUND**

This Court held a Final Approval hearing in the above captioned matter on June 29, 2010. At said hearing Objector Christopher Langone ("Mr. Langone") moved for the admission of attorney Mark Lavery *pro hac vice* in the above captioned matter pursuant to L. Civ. R. 101.1(c). (CM/ECF No. 551.) At the hearing Class Counsel reserved his right to object to the motion pending his review of said motion. Therefore, this Court conditionally admitted Mr. Lavery *pro hac vice* pending a review of the moving papers. On July 1, 2010, Class Counsel filed an

objection to the motion on the basis that Mr. Langone was not a member in good standing of the Bar of this Court. In support of this assertion, Class Counsel attached a copy of the New Jersey Lawyers' Fund for Client Protection "ineligible list" for the period ending June 29, 2010 on which Mr. Langone's name appears.

On reconsideration, Mr. Langone submits a letter from Kenneth J. Bossong of the New Jersey Lawyers' Fund of Client Protection notifying Mr. Langone that his name has been removed from the "ineligible list" as of June 28, 2010. Mr. Langone also attests that he was formally admitted to the New Jersey Bar on August 2, 2010. (See Decl. of C. Langone, ¶ 3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment. Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i). Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct.18, 2005) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become

available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

### III.   ANALYSIS

An attorney on the ineligible list for failure to make payments to the N.J. Lawyers' Fund for Client Protection is not eligible to practice in this Court. See L. Civ. R. 101.1(b). Furthermore, as this Court stated in its prior order, "pursuant to L. Civ. R. 101.1(c)(4) only members of the bar of this Court may file papers, enter appearances, and perform other relevant litigation activities." See July 22 Order (emphasis added).

Mr. Lavery's application was filed by Mr. Langone. Although the Court is now satisfied that Mr. Langone is eligible to practice law in the State of New Jersey, Mr. Langone attests that he was not formally admitted to the New Jersey Bar until August 2, 2010. Therefore, Mr. Langone was not admitted to the New Jersey Bar when he moved for Mr. Lavery's admission on at the June 29, 2010 hearing. Moreover, even if Mr. Langone was eligible to practice law in the State of New Jersey at the June 29, 2010 hearing, he has failed to certify that he was a member of the bar of this Court (i.e. The United States District Court for the District of New Jersey) at the time he filed his original motion. Therefore, the Court properly determined that Mr. Langone could neither move for Mr. Lavery's admission, nor serve as his local counsel for filing purposes under L. Civ. R. 101.1.[1] Therefore,

**IT IS** on this 22nd **day of November, 2010,**

**ORDERED** that Mr. Langone's motion for reconsideration (CM/ECF No. 574) is

---

[1] Nevertheless, this Court fully considered all arguments made by Mr. Langone at the June 29th hearing when rendering its opinion dated October 13, 2010 (See D.E. 583; 10/13/10 Opinion p. 11, fn. 6).

3

**DENIED.** [2]

**SO ORDERED.**

Sincerely,

Jose L. Linares
United States District Judge

---

[2] To the extent that Mr. Langone raises issues concerning the finality of this Court's October 13, 2010 Judgment for purposes of his right to appellate review, given that he has filed an appeal of this Court's decision on November 12, such concerns are now moot.