November 11, 2010



Honorable Joseph L. Linares
U.S. District Court State of New Jersey
50 Walnut St.
Newark, New Jersey 07101

Subject Courts decision   re  ATT Mobility Settlement   Civil Action 07-05325

Dear Judge Linares

While I appreciated the opportunity to speak before the court obviously from your decision it proved to be an exercise in futility. I guess we have different views on what constitutes a fair settlement.

I'm sorry I gave you the impression that I wanted you to rewrite the settlement. That is for the counselors to do. I thought your role was to; based upon the facts and your knowledge of the law, determine the fairness of the settlement to all parties, and if not you would direct the counselors to those areas of concern.

As the court knows my objection to the settlement was the fairness of the settlement to those members of the class who refused to pay the early termination fee and because of their action had their credit defamed. I will refer to them hereafter as CD members.

I attempted to find out from both counsels whether any of the class representatives were CD members and I never got any reply. I requested the court for a decision on my request and the court never addressed this issue. How can a decision be fair if there is no attempt by the court to determine whether any of the class representatives were CD members.?

In order to determine whether my proposal would present a burden or delay the payment of the settlement, I asked both counselors how many CD members filed claims. I never got a reply and requested the court to make a decision on my request. The court never addressed this issue. It is my belief that the court was derelict in its lack of determining all the facts before making its final decision. How can the court determine whether a decision is fair unless it knows all the facts?

The court never directly addressed the option I offered for the settlement. And as far as I know never inquired of the representative counsels, whether my proposal would have had a detrimental affect on any of the other members of the settlement or how it interfered with arriving at a fairer settlement for all parties.

The court obliquely addressed the issue by mouthing the objection of the other counsels by stating the settlement was fair to CD members because they could have withdrawn from the settlement and could address their credit defamation issue by bringing a suit against AT&T to determine a dollar value to the damage caused by the credit reports.

Obviously they are correct. But isn't their argument disingenuous? The option I was asking to be added to the settlement **did not seek this type of remedy**. It simply offered the CD member the

option to either accept the $25 or have AT&T notify the Credit Reporting Agencies to remove from their reports any negativity caused by the member refusing to pay the ETF.

As a matter of fact my testimony at the hearing will vindicate this position and from some of the statements you made at the hearing, I thought indicated you understood this was my position. But obviously based on your decision I was mistaken.

For the court to maintain that the settlement is fair to CD members because they had the option to withdraw from the settlement and bring suit individually against AT&T is I believe, contradictory to the essence of class action proceedings. Isn't the whole purpose of a class action suit to give a voice to aggrieved individuals, when the circumstances are such that is uneconomical to pursue their case individually? The cost to CD members to pursue the remedy accepted by the court as being fair, is prohibitive and not a realistic solution.

While I have not been successful in persuading the Court to be fairer to CD members, I am hopeful that if any of the parties involved in this case find themselves in other class action proceedings in which CD members are involved, there will be consideration given to the credit issue as opposed to only the monetary one.

Respectfully submitted

H.P. Schroer
3 Larboard Dr.
Southampton, New York 11968

Cc James E. Cecchi
   Brian R Strange
   Andrew B. Joseph

RECEIVED CLERK
U.S. DISTRICT COURT

2010 DEC -3  A 10: 48

P Sobrock
3 Larboard Dr
Southampton NY 11968

0710247355

Honorable Joseph L Linares
US District Court State of New Jersey
50 Walnut St.
Newark, NJ 07101