**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Alan R. Plutzik (*pro hac vice*)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com

**SHERMAN BUSINESS LAW**
Steven M. Sherman, Esq.
220 Montgomery Street, Suite 1500
San Francisco, CA 94104
Tel: 415/403-1660
Fax: 415/397-1577
steven@shermanbusinesslaw.com

Counsel for Katherine Zill

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB, and WILLIE DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL AND NEXTEL FINANCE COMPANY<br><br><br>Defendants, | Civ. Act. No. 07-5325 (JLL)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO ORDER TO SHOW CAUSE** |

63298

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF FACTS .................................................................................... 2

III.  LEGAL ARGUMENT ........................................................................................... 4

    A.   Ms. Zill Has a "Clear Right" to Collaterally Attack the
         Settlement in This Action ............................................................................ 4

    B.   Ms. Zill Is Not a Member of the Larson Settlement Class
         Because She Opted-Out ............................................................................... 9

    C.   California Law Required Ms. Zill to Appeal the
         Dismissal of the Subscriber Class Claims ................................................... 9

    D.   The Injunction Requested by Sprint Violates the Anti-
         Injunction Act ............................................................................................ 11

IV.   CONCLUSION .................................................................................................... 13

i

63298

# TABLE OF AUTHORITIES

## Cases

*Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970) ...........................................................................11

*Carlough v. Amchem Products, Inc.*, 10 F.3d 189 (3rd Cir. 1993)...........................11

*Chick Kam Choo v. Exxon Corporation,* 486 U.S. 140 (1988) ...............................11

*City of San Jose v. Superior Court*, 12 Cal.3d 447 (1974) ......................................12

*Daar v. Yellow Cab Co.*, 67 Cal.2d 695 (1967)..........................................................7

*Dow Chem. Co. v. Stephenson*, 539 U.S. 111 (2003) .................................................2

*Epstein v. MCA, Inc.,* 179 F.3d 641 (9th Cir. 1999) ...................................................7

*Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973) ..................................................1, 5

*Hansberry v. Lee*, 311 U.S. 32 (1940) ............................................................ passim

*In re Diet Drugs Products Liability Litig.*, 369 F.3d 293 (3rd Cir. 2004)................12

*Janik v. Rudy, Exelrod & Zieff*, 119 Cal.App.4th 930 (2004) ....................................7

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .........................................5, 6

*Stephenson v. Dow Chemical Co.*, 273 F.3d 249 (2nd Cir. 2001) ..........................2, 6

*Talley v. Valuation Counselor's Group*, 2010 Cal.App.LEXIS 2146 (Cal.App. December 22, 2010)................................................................. 2, 9, 10

*Taylor v. Liberty National Life Insurance Co.*, 462 So.2d 907 (Ala. 1984)..............7

*Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222 (11th Cir. 1998) ..............................7

*Wilkes v. Phoenix Home Life Mutual Insurance Co.*, 587 Pa. 590 (Pa. 2006) ..........7

## Statutes

28 U.S.C. § 2283.......................................................................................................11

28 U.S.C. § 283..........................................................................................................2

## Other Authorities

Advisory Committee's Note, 39 F.R.D. 98 (1966) ......................................................8

*Some Preliminary Observations Concerning Civil Rule 23*,

   43 F.R.D. 39 (1967) ..............................................................................................8

## Rules

Fed. R. Civ. P. 23 ................................................................................................5, 8

Fed. R. Civ. P. 23(a)(4) ...........................................................................................5

## Treatises

4 H. Newberg and A. Conte, *Newberg on Class Actions*, §11.64 at 246  (4th ed.

   2002) .......................................................................................................................8

California Subscriber Class Plaintiff Katherine Zill and her counsel respectfully submit their response to the Order to Show Cause issued by this Court on December 23.

## I. INTRODUCTION

On December 23, 2010, this Court issued an Order to Show Cause ("OSC") regarding the following issues:

(a) why an injunction should not immediately issue enjoining the Subscriber Class Plaintiff, Katherine Zill (the "Subscriber Class Named Plaintiff") and Subscriber Class Counsel (and all persons acting in concert with them) from continuing the California Appeal and from continuing to prosecute any of the Released Claims, as that term is defined in the Settlement Agreement, in the Subscriber Class Case in the California Court or in any other state court or federal district court; and

(b) why the Subscriber Class Named Plaintiff and Subscriber Class Counsel (other than Jacqueline Mottek, Esq. of Positive Legal Group, who has withdrawn as counsel in the California Appeal) should not be held in contempt for violating this Court's permanent injunction in paragraph 23 of the Final Judgment.

This Court should not issue an injunction prohibiting Ms. Zill from continuing the California Appeal and should not hold Ms. Zill and her counsel in contempt of court. Pursuant to the United States Supreme Court's landmark decision in *Hansberry v. Lee*, 311 U.S. 32 (1940), Ms. Zill and the absent members of the California Subscriber Class have the right under the Due Process Clause to collaterally attack the settlement in this action. *Id.* at 41. *Hansberry* and numerous other cases from courts throughout the United States have repeatedly held that absent class members have the right to challenge the res judicata effect of a class action judgment in another court. *See id.* at 40-41; *see also Gonzales v. Cassidy*, 474 F.2d 67, 74-77 (5th Cir. 1973); *Stephenson v. Dow Chemical Co.*, 273 F.3d

1

249, 257-58 (2nd Cir. 2001), *aff'd in part and rev'd in part on other grounds sub nom. Dow Chem. Co. v. Stephenson*, 539 U.S. 111 (2003). Ms. Zill therefore cannot be prevented or enjoined from arguing in the California courts that this Court's Judgment is not res judicata as to her or the class she represents. Moreover, her counsel cannot be enjoined from representing her in that effort.

In addition, Ms. Zill is not a member of the settlement class in this case as she chose to opt out of the class by filing a timely request for exclusion on or about October 7, 2009. The injunction entered by this Court at the final approval stage therefore cannot bind her since it is limited to class members and expressly excludes individuals who opted out of the class. Moreover, California law requires that Ms. Zill proceed with her appeal or else she may not be able to resurrect the claims of the Subscriber Class if the approval of the settlement in this case is reversed on appeal. *Talley v. Valuation Counselor's Group*, 2010 Cal.App.LEXIS 2146 (Cal.App. December 22, 2010).

Finally, the Anti-Injunction Act, 28 U.S.C. § 283, also precludes this Court from enjoining the California Appeal. The Anti-Injunction Act strictly prohibits federal courts from enjoining state court proceedings except in a few narrow circumstances. Sprint claims that this Court can enjoin the California Court of Appeal under the relitigation exception to the Anti-Injunction Act. That limited exception, however, does not apply here because several of the issues raised by Ms. Zill's appeal were not resolved on their merits by this Court or relate solely to issues of California law. The Court should not issue any injunction or hold Ms. Zill or her counsel in contempt.

## II. STATEMENT OF FACTS

Ms. Zill filed her early termination fee ("ETF") case against Sprint on August 28, 2003 in the Alameda (Cal.) County Superior Court. After three years of motion practice and discovery, Ms. Zill and several of the other plaintiffs in the

California ETF cases moved for certification of two classes: (1) the Payer Class – composed of people who paid or were charged an ETF by Sprint and (2) the Subscriber Class – composed of people who were current subscribers to Sprint's service and were subject to an ETF.  On June 9, 2006, Judge Ronald Sabraw granted the motion to certify the Payer Class, but denied the motion as to the Subscriber Class.  On June 9, 2008, the California Court of Appeal reversed the order denying the motion to certify the Subscriber Class, finding that the lower court's ruling had been "erroneously based on an evaluation of the merits of the plaintiffs' claims."

After prevailing on appeal, Ms. Zill requested that the superior court issue a formal order certifying the claims of the Subscriber Class in accordance with the Court of Appeal's decision.  Before the superior court could issue that order, Sprint entered into a settlement agreement with the plaintiffs in this action.  Rather than participate in this settlement, Ms. Zill chose to opt-out and filed a valid and timely request for exclusion on or about October 7, 2009.

Following the approval of the settlement in this case, Sprint moved to dismiss the claims of the Subscriber Class in the California case.  Sprint argued that the settlement in this action expressly released the claims asserted in the California action and that the California court was bound to follow the judgment entered in this case.  Ms. Zill opposed the motion, arguing that she and the members of the Subscriber Class had the right to collaterally attack the settlement and that under *Hansberry* and other authority, the superior court was required to make a determination regarding the res judicata effect of the settlement in this case.  Ms. Zill also argued that she had opted out of the settlement in this action and therefore was not bound by it.

On March 9, 2010, Judge Winifred Smith of the Alameda County Superior Court granted Sprint's motion to dismiss the claims of the *absent class members* in

the Subscriber Class, but denied the motion as to Ms. Zill. The court acknowledged that Ms. Zill and the absent class members had the right to collaterally challenge the settlement in this case, but nevertheless chose to dismiss the Subscriber Class claims, holding that the settlement "resolve[d] the claims of the non-opting out members of the Sprint Subscriber class."

On March 18, 2010, Ms. Zill filed a notice of appeal from Judge Smith's ruling dismissing the Subscriber Class claims. Ms. Zill filed her opening brief in that appeal on November 18, 2010. On December 20, 2010, Sprint filed an application for an order to show cause, which this Court issued on December 23. On December 29, 2010, more than six months after the appeal was filed, Sprint filed a motion to dismiss Ms. Zill's appeal with the California Court of Appeal. That motion is currently pending.

### III. LEGAL ARGUMENT

#### A. Ms. Zill Has a "Clear Right" to Collaterally Attack the Settlement in This Action

This Court should not issue any injunction or hold Ms. Zill or her counsel in contempt for proceeding with the California Appeal. First, it is well established that Ms. Zill and the absent members of the Subscriber Class have a "clear right" under the Due Process Clause to collaterally attack a class action judgment that purports to bind them. In the landmark decision *Hansberry v. Lee*, 311 U.S. 32 (1940), the United States Supreme Court reviewed a collateral attack on an Illinois state court judgment that purported to bind the plaintiffs. The Court recognized the plaintiffs' right to collaterally attack the prior judgment and held that class action judgments can only bind absent class members where "the interests of those not joined are of the same class as the interests of those who are, and where it is considered that the latter fairly represent the former in the prosecution of the litigation. . . . " *Id*. at 41. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805

(1985) ("[I]t is true that a court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment. . . ."). The Court further held:

> But when the judgment of a state court, ascribing to the judgment of another court the binding force and effect of *res judicata*, is challenged for want of due process it becomes the duty of this Court to examine the course of procedure in both litigations to ascertain whether the litigant whose rights have thus been adjudicated *has been afforded such notice and opportunity to be heard as are requisite to the due process which the Constitution prescribes*.

*Hansberry*, 311 U.S. at 40 (emphasis added).

Since *Hansberry*, courts across the country have confirmed that absent class members have the right to collaterally attack a class action judgment. In *Gonzales*, the Fifth Circuit permitted a collateral attack on a prior class action judgment. In that case, plaintiff Gonzales filed a class action seeking a declaratory judgment that a Texas statute was unconstitutional and an injunction against the enforcement of the statute. 474 F.2d at 71. In a prior class action, a Texas court had found the statute unconstitutional but had only awarded retroactive relief to the named plaintiff and not to the remainder of the class. *Id.* Plaintiff Gonzales argued that he had not been adequately represented in the prior case because the named plaintiff did not appeal the ruling denying retroactive relief to the other absent class members. *Id.* at 72. The district court held that Gonzales' case was barred by the judgment in the prior case. *Id.* The Fifth Circuit reversed, finding that Gonzales had the right to collaterally attack the prior judgment and that the absent class members had not been adequately represented in the prior case. *Id.* at 77. The court held that courts must stringently apply the requirement of adequate representation "whether it be the trial court making its initial Fed. R. Civ. P.

5

23(a)(4) determination, or a *subsequent court considering a collateral attack on the judgment in a class action. . . ." Id.* at 74-75 (emphasis added).

In *Stephenson*, the Second Circuit similarly acknowledged the right to collaterally attack a class action judgment. In that case, two plaintiffs sought to avoid the binding effect of a class action judgment on the grounds that they had not been adequately represented in the prior action. 273 F.3d at 251. The plaintiffs were two Vietnam War veterans who brought an action for injuries based on their exposure to Agent Orange during the war. *Id.* Approximately twelve years before the plaintiffs filed suit, however, a class action involving identical claims had been settled. *Id.* The defendants argued that the judgment in the previous class action precluded the plaintiffs' suit. *Id.* at 257. The plaintiffs disagreed and argued that because their injuries arose after the depletion of the settlement fund in the earlier class action, they were not adequately represented in that action and could not therefore be bound by the judgment. *Id.* at 257-61. The Second Circuit found that absent class members have the right to collaterally attack prior class action settlements:

> *[T]he propriety of a collateral attack such as this is amply supported by precedent.* In *Hansberry v. Lee*, 311 U.S. 32, 85 L. Ed. 22, 61 S. Ct. 115 (1940), the Supreme Court entertained a collateral attack on an Illinois state court class action judgment that purported to bind the plaintiffs. The Court held that class action judgments can only bind absent class members where "the interests of those not joined are of the same class as the interests of those who are, and where it is considered that the latter fairly represent the former in the prosecution of the litigation." *Id.* 311 U.S. at 41; *cf. Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805, 86 L. Ed. 2d 628, 105 S. Ct. 2965 (1985) ("It is true that a court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment."). Additionally, we have previously stated that a "judgment in a class action is not secure from collateral attack unless the absentees were adequately and vigorously represented." *Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978); *aff'd* 444 U.S. 472, 62 L. Ed. 2d 676, 100 S. Ct. 745 (1980).

*Id.* at 258 (emphasis added).

6

Many other courts have similarly found that absent class members have a due process right to attack a prior class action settlement. *See Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1226 (11th Cir. 1998) ("an absent class member may collaterally attack the prior judgment on the ground that to apply claim preclusion would deny him due process."); *Epstein v. MCA, Inc.,* 179 F.3d 641, 648-49 (9th Cir. 1999) ("Limited collateral review would be appropriate, therefore, to consider whether the procedures in the prior litigation afforded the party against whom the earlier judgment is asserted a 'full and fair opportunity' to litigate the claim or issue."); *Taylor v. Liberty National Life Insurance Co.*, 462 So.2d 907, 910 (Ala. 1984) ["[T]here is no question that this Court is empowered to review a judgment collaterally attacked on due process grounds."]; *Wilkes v. Phoenix Home Life Mutual Insurance Co.*, 587 Pa. 590, 618-19 (Pa. 2006) ["[W]e believe that a *broad collateral review* of the notice is warranted for the limited purpose of assessing the appropriate *res judicata* effect."] [emphasis added].); *Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 706 (1967) ("But if the judgment is thereafter collaterally attacked by an absent party, a more careful scrutiny of its representative character may be made in determining whether it is res judicata."); *Janik v. Rudy, Exelrod & Zieff*, 119 Cal.App.4th 930, 944 n.3 (2004) ("collateral attack upon a judgment entered in a class action on the ground that the interests of absent class members were not adequately represented has *long been sanctioned*.") (emphasis added). Tellingly, Sprint's brief requesting the OSC fails to mention any of the cases holding that a collateral attack on a prior class action judgment is permitted by the Due Process Clause.

The leading commentators on class actions also acknowledge that a collateral attack on a class action judgment is permissible. In the notes regarding the 1966 amendments to Federal Rule of Civil Procedure 23, the Advisory Committee declared:

> Although thus declaring that the judgment in a class action includes the class, as defined, subdivision c(3) does not disturb the recognized principle that the court conducting the action cannot predetermine the *res judicata* effect of the judgment; *this can be tested only in a subsequent action*.

Fed. R. Civ. P. 23, Advisory Committee's Note, 39 F.R.D. 98, 106 (1966) (emphasis added).  Class action commentators Herbert Newberg and Alba Conte similarly state: "Class members may institute a *collateral attack* on the [prior class action] judgment by commencing a separate suit and challenging the judgment in the original suit."  4 H. Newberg and A. Conte, *Newberg on Class Actions*, §11.64 at 246  (4th ed. 2002) (emphasis added).  In *Some Preliminary Observations Concerning Civil Rule 23*, 43 F.R.D. 39 (1967), the late Judge Marvin E. Frankel of the United States District Court for the Southern District of New York discussed the res judicata effect of class action settlements and the propriety of collateral attacks on class action settlements:

> There are, of course, some obvious limitations in any case upon the extent to which absent parties will be concluded.  For one thing, as the Advisory Committee observed, such parties have *a clear right in some later litigation to attack the judgment which purports to bind them*.  In such a later case, at least the basic considerations going to the fairness of holding them bound will be open for reexamination.  Factors which were not brought to the attention of the first court – including, most centrally, the adequacy of representation in the first suit, *cf. Hansberry*, supra, – may lead to a changed perspective.  This should afford some solace to the court hearing the class suit.  Omniscience is not expected or necessary.  It will be sufficient to be as careful and prescient as possible.  Beyond that, the inevitable mistakes and omissions are subject to correction in fairly standard and unaltered ways.

*Id.* at 46-47 (emphasis added).

Accordingly, there can be no question that Ms. Zill and the members of the Subscriber Class have the right under the Due Process Clause to collaterally attack

the Larson settlement and Sprint cites nothing to the contrary in its papers requesting the OSC.

### B. Ms. Zill Is Not a Member of the Larson Settlement Class Because She Opted-Out

This Court should also not enter an injunction because Ms. Zill was not a member of the *Larson* settlement class and the permanent injunction entered by this Court does not apply to her. Ms. Zill filed a request for exclusion on or about October 7, 2009. The injunction entered by this Court in its Final Judgment on February 16, 2010 expressly excludes "a Settlement Class Member who validly and timely submitted a valid Request for Exclusion." 2/16/10 Final Judgment at 8. As such, the permanent injunction does not apply to Ms. Zill and she should be permitted to continue with her appeal in the California courts.

For the same reason that the injunction does not apply to Ms. Zill, it does not apply to her counsel either. Nothing in the language of the injunctive provision, ¶ 23 of the 2/16/10 Final Judgment, even mentions counsel. They therefore have not been directly enjoined. Nor can counsel be held in contempt for acting in concert with Ms. Zill, since, *inter alia,* she opted out of the class and is not subject to the injunction.

### C. California Law Required Ms. Zill to Appeal the Dismissal of the Subscriber Class Claims

Under California law, Ms. Zill also was obligated to appeal the dismissal of the absent class members' claims. If she had not done so, she might not be able to resurrect those claims even if the Third Circuit reverses this Court's order approving the settlement in this case. Recently, in *Talley v. Valuation Counselor's Group*, 2010 Cal.App.LEXIS 2146 (Cal.App. December 22, 2010), the California Court of Appeal considered a similar situation. That case involved related proceedings in both state and federal court concerning securities fraud. Following the issuance of Bar orders in the federal case, the plaintiff's state court claims were

9

dismissed. *Id.* at *10-*13. The plaintiff chose not to appeal the dismissal and the judgment in the state court action became final. *Id.* at *13. The Ninth Circuit subsequently modified and narrowed the Bar orders in a manner that allowed the plaintiff to revive his state court claims. *Id.* at *14. The plaintiff filed a motion to set aside the judgment and orders of dismissal that the trial court granted. *Id.* at *17-*19. On appeal, the California Court of Appeal reversed, finding that the plaintiff's state court case could not be revived because he had not filed an appeal of the dismissal. *Id.* at *45. The court held that if the plaintiff "had taken action to preserve the state court's jurisdiction . . . then there would still be a pending case in which this attack on judgment could be made. However, he allowed the dismissals with prejudice of his action to become final, and then the trial court had no remaining power to hear or determine the case." *Id.* at *42-*43 (citation and internal quotation marks omitted). The plaintiff could not "legitimately depend on the pending federal proceedings as operating naturally to extend the life of his state case. . . ." *Id.* at *43.

     Here, if Ms. Zill did not pursue an appeal of Judge Smith order dismissing the Subscriber Class claims, she would run the same risk as the plaintiff in *Talley* that the judgment would become final and there would be no claims to revive if the Third Circuit modified or reversed the order approving the settlement in this case. In an effort to deal with this problem, Ms. Zill offered to stay her California Appeal while awaiting the resolution of the appeal in this case currently pending in the Third Circuit, if Sprint would withdraw its motion and stipulate to the vacation of the OSC. Sprint rejected Ms. Zill's offer. In light of *Talley* and Sprint's refusal to agree to a stay, Ms. Zill must proceed with the California Appeal to ensure that the Subscriber Class claims can be revived if the Third Circuit reverses the order approving the settlement in this case.

63298

### D. The Injunction Requested by Sprint Violates the Anti-Injunction Act

Sprint requests that the Court issue an injunction prohibiting Ms. Zill and her counsel from proceeding with her appeal in the California Court of Appeal. As discussed in Section III(A) above, such an injunction would run afoul of the due process rights of Ms. Zill and the absent class members. It also would violate the Anti-Injunction Act (the "Act"), 28 U.S.C. § 2283, which states:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Act is an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of the three specifically defined exceptions. *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970). These exceptions are "narrow" and are not to be enlarged by "loose statutory construction." *Chick Kam Choo v. Exxon Corporation,* 486 U.S. 140, 146 (1988). Congress adopted a general policy under which state proceedings should normally be allowed to continue unimpaired by the intervention of the lower federal courts, with relief from error if any, through the state appellate courts and ultimately the U.S. Supreme Court. *Id.* Moreover, both the Supreme Court and the Third Circuit have cautioned:

> [A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.

*Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 202 (3rd Cir. 1993), *quoting Atlantic Coast*, 398 U.S. at 297.

In *Chick Kam Choo*, the Supreme Court explained the purpose of the relitigation exception:

> The relitigation exception was designed to permit a federal court to *prevent state litigation of an issue that previously was presented to and decided by the federal court*. It is founded in the well-recognized concepts of res judicata and collateral estoppel. . . . [A]n essential pre-requisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings *actually have been decided by the federal court*.

486 U.S. at 147-48 (emphasis added). Thus, the relitigation exception will only apply to issues that were presented to and decided by the federal court. *See In re Diet Drugs Products Liability Litig.*, 369 F.3d 293, 305 (3rd Cir. 2004).

In the California Appeal, Ms. Zill seeks to challenge, *inter alia*, the adequacy of the individual notice provided in connection with the settlement in this case. This Court did not reach the merits of the Galleguillos objectors' arguments regarding the individual notice because it instead held that the objectors had waived their right to challenge the individual notice because they waited until they submitted their opposition to the final approval motion to object to the notice. *See* 1/15/10 Opinion at 20 ("Having failed to raise such issues regarding the admissibility of the Rice Declaration at a time when the Court could have taken said issues into consideration prior to the Court's approval (and execution) of the Amended Notice Plan, the Galleguillos Objectors have waived their right to challenge the Rice Declaration on such basis."). As such, issues regarding the individual notice have not been determined on their merits by this Court and the relitigation exception cannot possibly apply.

Ms. Zill's appeal also raises issues solely related to California law and that are unique to the California Subscriber Class members. For example, Ms. Zill argues that the notice issued in this case violated California Rule of Professional

Conduct 2-100 concerning communications with a represented party. Ms. Zill also contends that the *Larson* class representatives are inadequate under *City of San Jose v. Superior Court*, 12 Cal.3d 447 (1974) because they failed to assert claims on behalf of the Subscriber Class. These are unique issues of California law that were not addressed by this Court in its opinion and which are best decided by a California court.

Therefore, since the California Appeal raises issues that were not decided on their merits by this Court and some of which relate solely to California law, the relitigation exception does not apply and this Court should not issue an injunction prohibiting Ms. Zill from proceeding with her appeal.

## IV. CONCLUSION

For the reasons set forth above, Katherine Zill and her counsel respectfully request that this Court not enter any injunction or hold her or her counsel in contempt of Court for exercising her due process rights and seeking to preserve the claims of the California Subscriber Class while the Third Circuit reviews this Court's order approving the settlement in this action.

Dated: January 11, 2011

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

By: /s/ Alan R. Plutzik
Alan R. Plutzik

Alan R. Plutzik (*pro hac vice*)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
aplutzik@bramsonplutzik.com

13

63298

SHERMAN BUSINESS LAW
220 Montgomery Street, Suite 1500
San Francisco, CA  94104
Telephone:  415-403-1660
Facsimile:  415-397-1577
steven@shermanbusinesslaw.com

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
scott@bursor.com

FRANKLIN & FRANKLIN
J. David Franklin
550 W "C" Street, #950
San Diego, CA 92101-8569
Telephone:  (619) 239-6300
jdfranklaw@san.rr.com

Counsel for Katherine Zill