UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

BARRY HALL, et al.,

          Plaintiffs,

    vs.

AT&T MOBILITY LLC f/k/a
CINGULAR WIRELESS LLC, et al.,

      Defendants.

Civil Action No. 07-05325 (JLL)

**DECLARATION OF ALAN R.
PLUTZIK IN SUPPORT OF
MOTION BY CERTAIN ETF
COUNSEL FOR ORDER
ENFORCING (1) AGREEMENT
WITH CLASS COUNSEL AND (2)
THIS COURT'S ORDER RE
ALLOCATION AND
DISTRIBUTION OF ATTORNEYS'
FEES AND EXPENSES**

Date:  February 7, 2011
Time:  10:00 a.m.
Before:  Hon. Jose L. Linares

1

I, Alan R. Plutzik, declare as follows:

## INTRODUCTION

1.      I am an attorney licensed to practice in the State of California.  I am also a member of the Bars of the District of Columbia (inactive member), the United States Supreme Court, the United States Courts of Appeal for the Second, Third, Eighth, Ninth, Tenth and District of Columbia Circuits and a number of federal district courts.  I have been admitted pro hac vice in this Court.

2.      I am a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP ("BPMB"), which specializes in complex litigation in the federal and state courts, and, in particular, in the representation of plaintiffs in consumer, securities and antitrust class actions and derivative litigation.  I submit this Declaration in support of the motion of seven law firms – BPMB; Franklin & Franklin, APC; Law Offices of Anthony A. Ferrigno; Reich Radcliffe LLP; Cuneo Gilbert & LaDuca; Law Offices of Carl Hilliard; and Law Offices of Joshua Davis (the "Seven Law Firms") for an order enforcing (1) an agreement between the Seven Law Firms and ETF Class Counsel and (2) the provisions of this Court's October 13, 2010 Opinion and Order that awarded and allocated attorneys' fees and expenses in this action.  I have personal knowledge of the facts asserted in this Declaration, and if called to testify to them, I could and would competently do so.

## PROCEEDINGS IN THE CALIFORNIA ACTION

3.      Since 2003, BPMB has served as Liaison Counsel for plaintiffs in certain California consumer class actions against cellphone carriers that have been coordinated in the Alameda County Superior Court under the heading *In re Cellphone Termination Fee Cases*, Judicial Council Coordination Proceeding ("JCCP") No. 4332 (the "California Litigation").   BPMB is also a member of the Court-appointed three-member Executive Committee for Early Termination Fee ("ETF") Claims that has managed the ETF claims in the California Litigation.  I

have been the partner in charge of my firm's efforts in the California Litigation since its inception.

4.     Included in the California Litigation are class action ETF claims asserted on behalf of California consumers challenging the validity of the flat ETFs of AT&T Wireless, Inc. (AWS) and Cingular Wireless LLC, now known as "AT&T Mobility" (hereinafter collectively referred to as the "California AT&T ETF Claims"). The Seven Law Firms have all been among the counsel representing the Plaintiff Class in connection with the California AT&T ETF Claims.

5.     The California AT&T ETF Claims were first filed on March 12, 2003, and were actively litigated from that date until they were stayed by the Court on October 29, 2009, pursuant to the Settlement of this action. On September 2, 2008, Plaintiffs filed a motion for class certification in connection with those claims. AWS and Cingular mounted a full-scale attack on class certification, contending, among other things, that there were disabling conflicts of interest within the class and that individual issues regarding causation and harm predominated over the issues common to the class members. Gregory Duncan, Ph. D., an economist engaged by AWS and Cingular, filed a lengthy expert declaration in opposition to the class certification motion in support of those and other arguments. Plaintiffs filed a 43-page reply brief, supported by expert testimony from economist Dr. Lee L. Selwyn, in support of their certification motion. Members of Plaintiffs' Executive Committee paid Dr. Selwyn's hourly fees out of their own pockets.

6.     Plaintiffs' motion for class certification against AWS and Cingular was originally set for hearing on November 14, 2008, but was continued by the Court three times and was finally heard on February 20, 2009. On March 2, 2009, the Court in the California Litigation granted class certification of the California AT&T ETF Claims. The Court ordered notice of the pendency of the litigation to

3

be disseminated to the class at plaintiffs' counsel's expense. My firm and its co-counsel engaged the firm of Gilardi & Company to provide notice. Gilardi completed the Court-ordered notice plan at a cost of $82,621.30, and rendered a bill to counsel in that amount.

7.     On July 10, 2009, the California Court set the California AT&T ETF Claims for trial and established pretrial deadlines. In the California ETF case against AWS, the Court set a dispositive motion filing deadline of September 4, 2009, a fact discovery cutoff of October 21, 2009, a date of November 5, 2009 for the exchange of expert witness reports and a trial date of January 19, 2010. In the California ETF case against Cingular, the Court set a dispositive motion filing date of October 16, 2009, a fact discovery cutoff of December 1, 2009 and a trial date of March 1, 2010. As pretrial deadlines such as the discovery cutoff and date for exchange of expert reports approached, Plaintiffs' counsel accelerated their work.

8.     During the six and one-half year period that the California AT&T ETF Claims were pending, the Seven Law Firms incurred, in addition to Dr. Selwyn's fees and the notice costs for Gilardi & Co.'s work, a variety of costs and expenses that were necessary to the prosecution of those claims. The total amount of such costs and expenses, which are enumerated in the Declarations filed with this Court by each of the Seven Law Firms on or about June 10, 2010, was $199,691.01. Docket No. 522-2, Exhs. 8, 11-14, 16 and 17.

<u>THE SETTLEMENT AGREEMENT IN THIS ACTION</u>

9.     On or about September 15, 2009, the law firms of Strange & Carpenter and Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, on behalf of Plaintiffs Barry Hall *et al.*, entered into a nationwide class Settlement Agreement with Defendant AT&T Mobility LLC in this action (hereinafter "AT&T"). That Settlement, by its terms, resolved not only the ETF claims asserted against AT&T in this Court but also the ETF litigation pending against

AT&T and its predecessors in interest in other forums, including without limitation the California AT&T ETF Claims (as to non-opt-outs).  A copy of the Settlement Agreement is Docket No. 355-3 in this proceeding.

10.    At page 5, Article II § 7, the Settlement Agreement defines "Class Counsel" to mean Strange & Carpenter and Carella Byrne.

11.    The Settlement Agreement, at page 10, Article II § 22, defines "ETF Counsel" to mean

> any counsel other than Class Counsel that is prosecuting ETF-Related Claims against ATTM and/or its predecessor companies in any jurisdiction, including but not limited to any judicial or arbitral proceeding.

Under that definition, the Seven Law Firms were and are "ETF Counsel."

12.    The Settlement Agreement, at pages 11-12, Article II § 24, defines the phrase "Fee and Cost Application" to mean

> that written motion or application by which Class Representatives and/or Class Counsel request that the Court award reasonable attorneys' fees, costs or incentive awards related to this Action or the Related Actions, or to any other action in which ETF-Related Claims have been raised.

13.    Article VI § 3 of the Settlement Agreement, at pages 25-26, provides that "Class Counsel may make a Fee and Cost Application to be heard at the Final Approval Hearing seeking an award of reasonable attorneys' fees in an amount not to exceed 33 1/3% of $18,000,000 or $6,000,000 <u>and reimbursement of expenses</u>." (Emphasis added.)

## PRELIMINARY APPROVAL AND NOTICE

14.    By Order dated November 4, 2009, Docket No. 421, this Court granted preliminary approval to the proposed nationwide Settlement, and

scheduled a Final Approval Hearing for April 14, 2010. That hearing was later continued to June 29, 2010. In its Preliminary Approval Order, at p. 4, ¶ 6, the Court appointed the Strange and Carella law firms as Class Counsel, consistent with their designation in the Settlement Agreement.

15.     One of the issues that the Preliminary Approval stated that the Court was to address at the Final Approval Hearing was "whether Class Counsel's Application for Attorneys' Fees, Costs, Expenses and Incentive Awards should be approved." The Preliminary Approval Order also provided in ¶ 8 that "not later than twenty-one (21) days prior to the Final Approval Hearing, ETF Counsel shall submit to Class Counsel a summary of the attorneys' fees they wish to seek as part of the Settlement." At ¶ 10, the Preliminary Approval Order approved the forms of notice that had been submitted to the Court as exhibits to the Settlement Agreement.

16.     Subsequently, pursuant to Court Order, the parties disseminated notice of the settlement to the members of the class. The long-form version of the Notice that was published on the Internet (http://attmetfsettlement.com/Notice.htm) stated, at ¶ 13:

> When is the Settlement Fairness Hearing?
>
>> The Court will hold a Fairness Hearing on June 29, 2010 at 2:00 p.m., in the United States District Court for the District of New Jersey, located at 50 Walnut Street, Newark, New Jersey 07101. The Court will consider if:
>>
>> • The Settlement fair, reasonable, and adequate;
>>
>> • The Settlement should be approved;
>>
>> • ***Attorneys' fees up to $6,000,000.00, plus reimbursement of reasonable expenses, should be awarded;***
>>
>> • Incentive awards up to $2,000 to each of the Class Representatives should be awarded; and

6

• There are any objections to the Settlement.

(Emphasis added.)  At ¶ 18, the Notice further stated:

> Class Counsel have agreed not to seek more than *$6,000,000 in fees plus reimbursement of expenses.* (Emphasis added.)

## CLASS COUNSEL'S AGREEMENT WITH THE SEVEN LAW FIRMS REGARDING FEES AND EXPENSES

17.    On or about March 9, 2010, the Law Offices of Scott A. Bursor, which, along with the Seven Law Firms, had represented the Plaintiff Class in connection with the California AT&T ETF Claims, entered into a written agreement with Class Counsel which provided, among other things, that Mr. Bursor would accept "the total sum of $400,000 (Four Hundred Thousand dollars)," in full payment for his work on the California AT&T ETF Claims, and would seek no other compensation from Class Counsel therefor.  A true and correct copy of the letter agreement between Class Counsel and Mr. Bursor is attached hereto as Exhibit A.

18.    Shortly after entering into that agreement with Mr. Bursor, Brian Strange of Strange & Carpenter and James Cecchi of the Carella Byrne law firm contacted me to inquire whether I would entertain an offer from them to resolve the claims for attorneys' fees of my firm and other law firms who had worked closely with my firm.  I told them that I would be willing to listen to such an offer, and I identified the seven law firms on whose behalf I believed I could speak in that regard.[1]

19.    On March 12, 2010, Mr. Strange called me back and offered to pay the Seven Law Firms the flat sum of $400,000 in settlement of their claims to fees

---

[1] The facts recited in Paragraphs 18 through 21 are based not only on my independent memory but also on writings I prepared at the time that recorded my discussions with Class Counsel.

and expenses in connection with the *Hall* settlement. On March 18, 2010, after conferring with the other members of my group, I called Mr. Strange and declined Class Counsel's offer. I told him that the offer was insufficient in amount. I added that Class Counsel's offer was also unacceptable in that it did not separately provide for the payment of costs and expenses to the Seven Law Firms *on top of* any fees. I made a counter-offer on behalf of the Seven Law Firms – to accept a fee of $800,000, *plus* reimbursement of the costs and expenses the Seven Law Firms had incurred in litigating the California AT&T ETF Claims over and above any fees. Mr. Strange agreed to discuss my offer with Mr. Cecchi and get back to me. He said, however, that he and Mr. Cecchi would prefer to pay a flat amount that was *inclusive* of fees, costs and expenses. He represented to me that Mr. Bursor had accepted a flat payment that was inclusive of fees and expenses. I made several arguments in response, including the following:

- I pointed out that Mr. Bursor was differently situated than Mr. Franklin and my firm. I told Mr. Strange that most of the costs and expenses of the California Litigation had been borne by the ETF Executive Committee, of which Mr. Franklin and I were members, and therefore our expenses were much higher than Mr. Bursor's.

- I mentioned that because the Court in the California Litigation had certified a litigation class and had ordered notice to be disseminated to the classes at plaintiffs' counsel's expense, we had been forced to incur $82,621.30 in notice costs that was still owed to Gilardi & Co. I asserted that if the Seven Law Firms were not reimbursed separately for our expenses, we would be put in the position of having to pay out-of-pocket for the California notice, which would be an unfair and intolerable outcome.

- I stated that according to the Settlement Notice, Class Counsel intended to seek an award of $6,000,000 in attorneys' fees *plus* reimbursement of costs and

8

expenses. I argued that if the Court granted such an award, any costs and expenses would be paid *separately* by the class, over and above Class Counsel's fees. I said that therefore, if the Seven Law Firms were allowed to take their costs and expenses on top of any fees, those costs and expenses would not reduce the amount of fees payable to Class Counsel.

Accordingly, I told Mr. Strange that the Seven Law Firms would not agree to, and would not even consider, any offer that did not include full reimbursement of our costs and expenses *on top of* any fees. Mr. Strange requested an estimate of the Seven Law Firms' expenses and I provided one.

20.    On March 19, 2010, Mr. Strange called me back and offered the Seven Law Firms $500,000 in fees, *plus* expenses over and above any fees. I countered at $700,000 in fees, *plus* expenses on top of the fees. On March 22, Mr. Strange called me back and proposed that the Seven Law Firms be paid "$600,000 plus expenses." I told Mr. Strange that that was acceptable.

21.    Throughout my discussions with Mr. Strange, he represented that he was speaking for both himself and Mr. Cecchi and that he had authority to do so. The agreement we reached was between Class Counsel – including both Mr. Strange and Mr. Cecchi – and the Seven Law Firms. Mr. Strange told me that Mr. Cecchi was aware of it and had approved it – and that representation was borne out when Mr. Cecchi confirmed to me by email that the agreement Mr. Strange and I had negotiated was acceptable to him and, later, when Mr. Cecchi signed the letter agreement between the Seven Law Firms and Class Counsel.

22.    On March 23, 2010, Jill Hood of Strange & Carpenter emailed me a draft letter agreement, copying both Mr. Strange, who I believe was traveling, and Mr. Cecchi on her email. The draft letter agreement, which is attached hereto as Exhibit B, was framed as a letter on the letterhead of Strange & Carpenter

addressed to me, signed by both Class Counsel, and with a space for my signature. It stated, in relevant part, that Class Counsel would pay the Seven Law Firms

> ...the total sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs from the costs portion of the settlement. You will seek no other or additional payment from Class Counsel for such work on behalf of attorneys' fees or costs. In turn, you will not oppose or object to the settlement preliminarily approved on November 4, 2009 and will cooperate with Class Counsel in filing a request for attorneys' fees and costs in the Hall action, by providing summaries, as required by the Court, of your time and costs.
>
> This includes Franklin & Franklin and all other firms working with you on these cases except the Law Offices of Scott A. Bursor, and Jacqueline Mottek....

23.   Later on that same day, March 23, 2010, I responded to the draft letter agreement by email. In the body of the email, which I sent to Mr. Strange with a copy to Mr. Cecchi, I provided a revised draft letter agreement which made two principal changes:   First, it clarified the identities of the Seven Law Firms on whose behalf I was authorized to enter into the agreement. Second, it deleted the word "total" before the phrase "sum of $600,000.00..." In my email, I asked Mr. Strange to have the agreement retyped on his letterhead if he found it acceptable, and requested both Class Counsel to sign it and return it to me for my signature. The revised draft agreement, as set forth in my email, provided that Class Counsel would pay the Seven Law Firms

> ... the sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the Actions.

24.   Mr. Strange and Mr. Cecchi both emailed me to let me know that my changes to the draft letter agreement were acceptable to them. Mr. Strange caused the letter agreement to be retyped on his firm's letterhead, dated March 24, 2010,

and signed it.  Mr. Cecchi signed it next and sent to me.  I signed it thereafter.  *See* email exchanges collectively attached as Exhibit K.  A fully executed copy of the Agreement is attached hereto as Exhibit C.  The pertinent portion of the letter agreement as signed states that Class Counsel will pay the Seven Law Firms

> ... the sum of $600,000.00 (Six Hundred Thousand Dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the actions.

(Emphasis added.)

## CLASS COUNSEL'S FEE APPLICATION

25.    On or about June 10, 2010, Class Counsel filed papers in support of their motion for final approval of the Settlement and their application for an award of attorneys' fees, costs and expenses.  Class Counsel's brief in support of its fee application specifically mentioned that Class Counsel had worked out agreements with counsel from other cases, including the Seven Law Firms.  *Id.* at 1.  It asked the Court for compensation in the same language that had been used in the class notice – "$6 million, *plus reimbursement of expenses* ...."  *Id.*, Docket No. 522, at p. 2.  *See id.* at 3 (arguing for "a fee award of ...$6 million, plus $506,943.75 in reimbursable expenses.")[2]  Class Counsel's brief made clear that the "$6 million, plus expenses" that the Settlement Agreement and the Notice allowed them to request – language parallel to what Class Counsel's letter agreement with the Seven Law Firms provided – meant fees of $6 million *plus* expenses *on top of* those fees.  And that is what they requested the Court to award.  The brief stated:

> Here, Plaintiffs' Counsel incurred substantial expenses in the amount of $506,943.75, including retaining numerous experts and consultants

_____

[2] $199,691.01 of the $506,943.75 consisted of expenses that had been incurred by the Seven Law Firms and reported by them in their Declarations filed with the Court.  Docket No. 522-2, Exhs. 2, 8, 11-14, 16-17.

> and conducting substantial discovery, including depositions and document productions. Those should also be awarded from the Settlement Fund in addition to Class Counsels' requested fee award of $6 million.

Docket No. 522, at 16.

## THE SEVEN LAW FIRMS' PERFORMANCE OF THE LETTER AGREEMENT

26. The Seven Law Firms fully performed their obligations under the letter agreement. They did not file a competing fee application. Nor did they object to the Settlement or the fee application submitted by Class Counsel. Instead, they cooperated with Class Counsel by providing Declarations that included their time, lodestar and expenses. They authorized Class Counsel to include those Declarations in their fee submission. Their Declarations were submitted to the Court as Exhibits 8, 11-14, 16 and 17 to the Declaration of Mr. Strange in support of Class Counsel's fee application, Docket No. 522-2.[3]

## THE COURT'S RULING

27. The Court issued its Final Approval Order and Judgment on October 13, 2010. Docket No. 583. The Court awarded the full amount of fees requested, $6,000,000, *plus* all of the expenses for which reimbursement had been requested, *on top of* the $6,000,000 in fees. *Id.* at 7.

28. The Court's accompanying Opinion (Docket No. 584), also issued October 13, 2010, stated, at p. 29:

> Next, Class Counsel also moves for an award of attorneys' fees in the amount of thirty-three and one-third (33 1/3) percent of the Class

---

[3] In the Declaration I submitted to the Court on behalf of my firm, as part of Class Counsel's filing, I specifically referenced the costs of class notice that Franklin & Franklin and my firm had incurred in connection with the California court's certification of the California AT&T ETF Claims and requested the Court to award them so that we could pay the notice provider's bill. Docket No. 522-2, Exh. 16, at pages 7-8, ¶ 20.

benefit *plus reimbursement of expenses* in the amount of $506,943.75. Thirty-three and one-third percent of the $18,000,000.00 is equal to $6,000,000.00. (Emphasis added.)[4]

29.     The Court interpreted Class Counsel's request for $6,000,000 in fees, *plus reimbursement of expenses*, to mean that Class Counsel were requesting reimbursement of expenses *on top of*, or *in addition to*, the requested $6 million in attorneys' fees. And the Court granted the $506,943.75 in costs and expenses *on top of* the $6 million in fees, so that the total amount awarded was $6,506,943.75.

## CLASS COUNSEL'S PAYMENT TO THE SEVEN LAW FIRMS

30.     On or about November 8, 2010, after Class Counsel had received the $6,000,000.00 for attorneys' fees and $506,943.75 for reimbursement of expenses that had been awarded by the Court, Brian Strange sent me a check, payable to my law firm, in the amount of $600,000.00. The check was accompanied by a cover letter stating that the amount enclosed was being provided in "full and final payment of attorneys' fees and costs" for the Seven Law Firms under their letter agreement with Class Counsel. A copy of Mr. Strange's cover letter is attached hereto as Exhibit D.

31.     Upon receipt of Mr. Strange's letter and accompanying check, I sent him an email with a copy to Mr. Cecchi, stating the following:

> My office received from you today a check for $600,000.00, together with a cover letter stating that it is in "full and final payment of

---

[4] The Court found in its Opinion, at p. 39, that Class Counsel had submitted a summary of fees and expenses totaling 18,617.815 hours, equaling $7,657,654.35 in Lodestar and $506,943.75 in expenses. At p. 40 of the Court's Opinion, the Court sets forth a chart showing the attorney hours, lodestars, and a listing of expenses not only for Class Counsel, but also for ETF Counsel as well. The total lodestar of the Seven Law Firms listed by the Court totaled $2,222,707.15, and the total costs and expenses claimed by the Seven Law Firms, according to the Court's chart, were $199,691.01. *Id.*

attorneys' fees and costs" for my law firms and the other six firms who are signatories to the agreement with you and Jim Cecchi (the "Seven Law Firms"). Please be advised that $600,000.00 does not constitute "full payment" of the amount owing to the Seven Law Firms. Our agreement provides that in addition to $600,000.00 in fees, the Seven Law Firms will be paid their expenses as well. By my calculation, the amount of expenses the Seven Law Firms reported to, and were awarded by, the Court was $199,691.01. Please send me a check in that amount. I will take care of dividing the money between and among the Seven Law Firms. Alternatively, send me a check for $799,691.01 and I will return your $600,000.00 check. Let me know how you would like to proceed. I will hold on to your $600,000.00 check in the meantime.

A copy of that email is attached hereto as Exhibit E.

32.    On November 16, 2010, Mr. Strange sent me an email stating: "The $600,000 lump sum was to cover fees plus costs.   The deal we made with your group and indeed all the groups was a lump sum for everything." I responded by email as follows:

You are mistaken. Our letter agreement reads as follows:

Class Counsel in the above-entitled action will pay you ... the sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, **plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the Actions.**[5]

Mr. Strange's email and my response are collectively attached hereto as Exhibit F.

33.    In an email to both Mr. Strange and Mr. Cecchi dated November 19, 2010, I stated:

Our agreement with you in the *Hall* case is clear. We have performed our end of the bargain. Please perform yours. This shouldn't have to go any farther than your sending us a check for our fees and expenses,

---

[5] Emphasis in original; the ellipsis has been added.

to which we are entitled pursuant to both our agreement and the Court's Order. Kindly let me know by early next week how you intend to proceed.

A copy of that email is attached hereto as Exhibit G.

34.     Messrs. Strange and Cecchi and I subsequently agreed:

(a) that my law firm could negotiate Mr. Strange's $600,000 check free of Mr. Strange's original limitation that it was "payment in full," with the understanding that both sides would reserve all rights to their respective positions as to whether or not the letter agreement required Class Counsel to pay the Seven Law Firms their costs and expenses of $199,691.01, over and above their fees of $600,000.00;

(b) that the issue of whether the Agreement required Class Counsel to pay an additional $199,691.01 would be presented to this Court, and

(c) that that would be the *only* issue to be submitted and argued to this Court. See email exchanges attached as Exhibit H.

35.     Attached hereto as Exhibit I is a true and correct copy of an e-mail I received from Brian Strange on or about October 7, 2010, prior to the Court entering its Final Approval Order and Judgment, before the current dispute between the parties became known. In his e-mail, Attorney Strange explains that he has made a deal with a potential objector to the Settlement to pay him $150,000. He requests that the Seven Law Firms pay 10% of that amount, since the fees to which they are entitled under the Agreement are 10% of the total fee Class Counsel will receive if the Court awards Class Counsel the full $6,000,000 in fees allowed by the Settlement Agreement. Mr. Strange wrote:

I therefore agreed we would collect[ive]ly pay [the objector] $150,000 to go away provided we get the full fee. Your percentage share is $15,000 which is 10% of the amount which is your percentage of the total fee if we get it.

15

$600,000 is 10% of $6,000,000. Mr. Strange's email is therefore an admission that the Agreement entitles the Seven Law Firms to fees of $600,000. This is inconsistent with Class Counsel's current position that the $600,000.00 referenced in the letter agreement between Class Counsel and the Seven Law firms includes costs and expenses as well as attorneys' fees. In response to Mr. Strange's email, I declined to contribute to the buyout of the objector, pointing out that the Agreement did not require the Seven Law Firms to do so.

36. On October 18, 2010, Mr. Strange again emailed me. He stated that he wished to "hold back 5% of everyone's money to deal with objectors if you have any and if we want to do a deal with them." I responded:

> We don't agree to your proposal to withhold 5% of our money. Our agreement with you and Jim Cecchi provides that we are entitled to $600,000 in fees plus our expenses. We aren't obligated to help finance the buyout of other objectors.

A copy of this email exchange between Mr. Strange and myself is attached hereto as Exhibit J. Mr. Strange did not respond to my email

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed this 14th day of January, 2011, at Walnut Creek, California.

_____
Alan R. Plutzik

16

# EXHIBIT A

STRANGE & CARPENTER
ATTORNEYS AT LAW
12100 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 207-5055
FACSIMILE (310) 826-3210

FILE NO. _____

lacounsel@earthlink.net
www.strangeandcarpenter.com

March 9, 2010

**VIA E-MAIL AND U.S. MAIL**

Scott A. Bursor
LAW OFFICES OF SCOTT A. BURSOR
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531

> Re:   **Hall, et al. v. AT&T Mobility LLC fka Cingular Wireless LLC, et al.**
> **U.S.D.C. District of New Jersey Case No. 07-05325 (JLL)**

Dear Scott:

This letter will confirm our agreement that Class Counsel in the above-entitled action will pay you for your work litigating the ETF claims in *Cherrigan et al. v. AT&T Wireless Services, et al.*, California Superior Court, Alameda County, Case No. JCCP 4332, *Ayyad, et al. v. Cingular Wireless LLC, et al.*, California Superior Court, Alameda County, Case No. JCCP 4332, *Graber v. AT&T Wireless PCS, LLC, et al.*, Florida Circuit Court, Palm Beach County, Case No. 50-2004CA004650MB(AI), and *Pickering v. Cingular Wireless LLC*, Florida Circuit Court, Palm Beach County, Case No. 50-2004CA005060MB, the total sum of $400,000.00 (Four Hundred Thousand dollars), and that you will seek no other or additional payment from Class Counsel for such work. In turn, you will not oppose or object to the settlement preliminarily approved on November 4, 2009 and will cooperate with Class Counsel in filing a request for attorneys' fees and costs in the *Hall* action, by providing summaries, as required by the court, of your time and costs. Please indicate your acceptance by signing below. This agreement does not include the law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, Franklin & Franklin, and Jacqueline Mottek. Thank you.

Very truly yours,

STRANGE & CARPENTER

Brian R. Strange

BRS/jh
cc:   James Cecchi, Esq.

**APPROVED AND AGREED.**

By: _Scott A. Bursor_                    Dated: _3/9/10_
Scott A. Bursor
LAW OFFICES OF SCOTT A. BURSOR

**EXHIBIT B**

STRANGE & CARPENTER
ATTORNEYS AT LAW
12100 WILSHIRE BOULEVARD, 19ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 207-5055
FACSIMILE (310) 826-3210

FILE NO. _____

lacounsel@earthlink.net
www.strangeandcarpenter.com

March 23, 2010

**VIA E-MAIL AND U.S. MAIL**

Alan Plutzik, Esq.
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

Re:   **Hall, et al. v. AT&T Mobility LLC fka Cingular Wireless LLC, et al.**
      **U.S.D.C. District of New Jersey Case No. 07-05325 (JLL)**

Dear Alan:

This letter will confirm our agreement that Class Counsel in the above-entitled action will pay you for your work litigating the ETF claims in *Cherrigan et al. v. AT&T Wireless Services, et al.,* California Superior Court, Alameda County, Case No. JCCP 4332, *Ayyad, et al. v. Cingular Wireless LLC, et al.,* California Superior Court, Alameda County, Case No. JCCP 4332, *Graber v. AT&T Wireless PCS, LLC, et al.,* Florida Circuit Court, Palm Beach County, Case No. 50- 2004CA004650MB(AI), and *Pickering v. Cingular Wireless LLC*, Florida Circuit Court, Palm Beach County, Case No. 50-2004CA005060MB, the total sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs from the costs portion of the settlement. You will seek no other or additional payment from Class Counsel for such work on behalf of attorneys' fees or costs. In turn, you will not oppose or object to the settlement preliminarily approved on November 4, 2009 and will cooperate with Class Counsel in filing a request for attorneys' fees and costs in the *Hall* action, by providing summaries, as required by the court, of your time and costs. Please indicate your acceptance by signing below.

This agreement includes Franklin & Franklin and all other firms working with you on these cases except the Law Offices of Scott A. Bursor, and Jacqueline Mottek. Your signature below represents you have the authority to sign this Letter Agreement on behalf of the other firms working with you on these cases. Thank you.

Very truly yours,

CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, PC

James E. Cecchi

STRANGE & CARPENTER

Brian R. Strange

**APPROVED AND AGREED.**

By: _____

       Alan Plutzik, Esq.
       BRAMSON, PLUTZIK, MAHLER
       & BIRKHAEUSER, LLP

Dated: _____

**EXHIBIT C**

STRANGE 8 CARPENTER
ATTORNEYS AT LAW
12100 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 207-5055
FACSIMILE (310) 826-3210

FILE NO. _____

lacounsel@earthlink.net
www.strangeandcarpenter.com

March 24, 2010

**VIA E-MAIL AND U.S. MAIL**

Alan Plutzik, Esq.
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

Re:   **Hall, et al. v. AT&T Mobility LLC fka Cingular Wireless LLC, et al.**
**U.S.D.C. District of New Jersey Case No. 07-05325 (JLL)**

Dear Alan:

This letter will confirm our agreement.

Class Counsel in the above-entitled action will pay you for the work performed by the Seven Law Firms (as defined below) in litigating the ETF claims in *Cherrigan et al. v. AT&T Wireless Services, et al.*, California Superior Court, Alameda County, Case No. JCCP 4332; *Ayyad et al. v. Cingular Wireless LLC*, California Superior Court, Alameda County, Case No. JCCP 4332; *Graber v. AT&T Wireless PCS, LLC, et al.*, Florida Circuit Court, Palm Beach County, Case No. 50-2004CA004650MB(AI); and *Pickering v. Cingular Wireless LLC*, Florida Circuit Court, Palm Beach County, Case No. 50-2004CA005060MB (collectively, the "Actions"), the sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the Actions. You will seek no other or additional payment from Class Counsel for attorneys' fees, costs or expenses incurred by any of the Seven Law Firms in the Actions. You will not oppose or object to the settlement preliminarily approved on November 4, 2009 and will cooperate with Class Counsel in filing a request for attorneys' fees and costs in the *Hall* action, by providing summaries, as required by the Court, of the time, lodestar, costs and expenses of your firm in the Actions and forwarding summaries of the time, lodestar, costs and expenses of the other firms included in the Seven Law Firms. The Seven Law Firms covered by this agreement are: Bramson, Plutzik, Mahler & Birkhaeuser, LLP; Franklin & Franklin; Law Offices of Anthony Ferrigno; Reich Radcliffe LLP; Cuneo Gilbert & LaDuca; Carl Hilliard; and Law Offices of Joshua Davis.

Your signature below represents you have the authority to sign this Letter Agreement on behalf of the Seven Law Firms. Thank you. Please indicate your acceptance by signing below.

Very truly yours,

CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, PC

James E. Cecchi

STRANGE & CARPENTER

Brian R. Strange

**APPROVED AND AGREED.**

By: _____
Alan Plutzik, Esq.
BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER, LLP

Dated: 3/27/10

# EXHIBIT D

**STRANGE & CARPENTER**
ATTORNEYS AT LAW
12100 WILSHIRE BOULEVARD, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 207-5055
FACSIMILE (310) 826-3210

lacounsel@earthlink.net
www.strangeandcarpenter.com

FILE NO. _____

November 5, 2010

**VIA U.S. MAIL**

Alan Plutzik, Esq.
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

Re:     **Hall, et al. v. AT&T Mobility LLC fka Cingular Wireless LLC, et al.**
        **U.S.D.C. District of New Jersey Case No. 07-05325 (JLL)**

Dear Alan:

Pursuant to our agreement in the above-referenced action, enclosed please find a check in the amount of $600,000.00, which represents full and final payment of attorneys' fees and costs for Bramson, Plutzik, Mahler & Birkhaeuser, LLP; Franklin & Franklin; Law Offices of Anthony Ferrigno; Reich Radcliffe LLP; Cuneo Gilbert & LaDuca; Carl Hilliard; and Law Offices of Joshua Davis.

Very truly yours,

STRANGE & CARPENTER

Brian R. Strange

/jh
Enclosure

**EXHIBIT E**

## Alan Plutzik

| | |
|---|---|
| **From:** | Alan Plutzik |
| **Sent:** | Monday, November 08, 2010 4:15 PM |
| **To:** | 'lacounsel@earthlink.net' |
| **Cc:** | 'jcecchi@carellabyrne.com' |
| **Subject:** | Hall v. AT&T |

Brian:

My office received from you today a check for $600,000.00, together with a cover letter stating that it is in "full and final payment of attorneys' fees and costs" for my law firm and the other six firms who are signatories to the agreement with you and Jim Cecchi (the "Seven Law Firms"). Please be advised that $600,000.00 does not constitute "full payment" of the amount owing to the Seven Law Firms. Our agreement provides that in addition to $600,000.00 in fees, the Seven Law Firms will be paid their expenses as well. By my calcluation, the amount of expenses the Seven Law Firms reported to, and were awarded by, the Court was $199,691.01. Please send me a check in that amount. I will take care of dividing the money between and among the Seven Law Firms. Alternatively, send me a check for $799,691.01 and I will return your $600,000.00 check. Let me know how you would like to proceed. I will hold on to your $600,000.00 check in the meantime.

Alan

Alan R. Plutzik
Bramson, Plutzik, Mahler & Birkhaeuser
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: 925/945-0200
Fax: 925/945-8792
E-mail: aplutzik@bramsonplutzik.com

1

# EXHIBIT F

## Alan Plutzik

**From:** Alan Plutzik
**Sent:** Tuesday, November 16, 2010 3:58 PM
**To:** 'jdfranklaw@san.rr.com'
**Subject:** FW: Hall v At&T

FYI

-----Original Message-----
**From:** Alan Plutzik
**Sent:** Monday, November 15, 2010 12:14 PM
**To:** 'LACounsel@Earthlink.NET'
**Cc:** jcecchi@carellabyrne.com
**Subject:** RE: Hall v At&T

Brian:

You are mistaken.  Our letter agreement reads as follows:

"Class Counsel in the above-entitled action will pay you for the work performed by the Seven Law Firms (as defined below) in litigating the ETF claims in *Cherrigan et al. v. AT&T Wireless Services, et al.,* California Superior Court, Alameda County, Case No. JCCP 4332; *Ayyad et al. v. Cingular Wireless LLC,* California Superior Court, Alameda County, Case No. JCCP 4332; *Graber v. AT&T Wireless PCS, LLC, et al.,* Florida Circuit Court, Palm Beach County, Case No. 50-2004CA004650MB(AI); and *Pickering v. Cingular Wireless LLC,* Florida Circuit Court, Palm Beach County, Case No. 50-2004CA005060MB (collectively, the "Actions"), the sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, **plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the Actions**."

Alan

> -----Original Message-----
> **From:** Brian Strange [mailto:LACounsel@Earthlink.NET]
> **Sent:** Monday, November 15, 2010 11:54 AM
> **To:** Alan Plutzik
> **Cc:** jcecchi@carellabyrne.com
> **Subject:** Hall v At&T
>
> Alan-Jim Ceechi forwarded to me your email of last week. I either did not get or missed it.
>
> The $600,000 lump sum was to cover fees plus costs.  The deal we made with your group and
> indeed all the groups was  a lump sum for everything.
>
> Brian
>
>
>
> Brian R. Strange
> STRANGE & CARPENTER
> 12100 Wilshire Blvd., Suite 1900
> Los Angeles, CA 90025
> Tel:  (310) 207-5055
> Fax:  (310) 826-3210

**EXHIBIT G**

> -----Original Message-----
> From: Alan Plutzik
> Sent: Saturday, November 20, 2010 5:06 PM
> To: 'James Cecchi'; lacounsel@earthlink.net
> Subject: RE: Hall v. AT&T
>
>
> Jim:
>
> I am out of the office and unavailable on Monday. Why don't you just put your "very different view" in an email, so I can consider it, share it with the other lawyers in my group and then react to it?
>
> Alan
>
> -----Original Message-----
> From: James Cecchi [mailto:JCecchi@carellabyrne.com]
> Sent: Saturday, November 20, 2010 8:17 AM
> To: Alan Plutzik; lacounsel@earthlink.net
> Subject: RE: Hall v. AT&T
>
>
> I am available to discuss this matter Monday or Tuesday -- I have a very
> different view. Please let me know what works for you guys.
>
> -----Original Message-----
> From: Alan Plutzik [mailto:aplutzik@bramsonplutzik.com]
> Sent: Friday, November 19, 2010 9:00 PM
> To: lacounsel@earthlink.net; James Cecchi
> Subject: Hall v. AT&T
>
> Brian and Jim:
>
> Our agreement with you in the Hall case is clear. We have
> performed our end of the bargain. Please perform yours. This shouldn't
> have to go any farther than your sending us a check for our fees and
> expenses, to which we are entitled pursuant to both our agreement with
> you and the Court's Order. Kindly let me know by early next week how
> you intend to proceed.
>
> Alan
>
> Alan R. Plutzik
> Bramson, Plutzik, Mahler & Birkhaeuser
> 2125 Oak Grove Road, Suite 120
> Walnut Creek, California 94598
> Telephone: 925/945-0200
> Fax: 925/945-8792
> E-mail: aplutzik@bramsonplutzik.com

# EXHIBIT H

## Alan Plutzik

| | |
|---|---|
| **From:** | James Cecchi [JCecchi@carellabyrne.com] |
| **Sent:** | Tuesday, December 14, 2010 2:00 PM |
| **To:** | Alan Plutzik; LACounsel@Earthlink.NET |

**Subject:** RE: Hall v. AT&T

Yes, we have agreement that you may deposit the 600,000 and that, failing agreement, we will submit the question of whether the letter agreement provides for the payment of an additional 200,000 in costs to Judge Linares.

---

**From:** Alan Plutzik [mailto:aplutzik@bramsonplutzik.com]
**Sent:** Tuesday, December 14, 2010 4:54 PM
**To:** LACounsel@Earthlink.NET
**Cc:** James Cecchi
**Subject:** RE: Hall v. AT&T

Thanks very much. Jim: Would you please confirm as well?

> -----Original Message-----
> **From:** Brian Strange [mailto:LACounsel@Earthlink.NET]
> **Sent:** Tuesday, December 14, 2010 1:46 PM
> **To:** Alan Plutzik
> **Cc:** 'James Cecchi'
> **Subject:** RE: Hall v. AT&T
>
> Alan-This confirms you can transact the check for $600,000 as you set forth in your December 14 email below.
>
> Brian
>
>
> Brian R. Strange
> STRANGE & CARPENTER
> 12100 Wilshire Blvd., Suite 1900
> Los Angeles, CA 90025
> Tel: (310) 207-5055
> Fax: (310) 826-3210

---

**From:** Alan Plutzik [mailto:aplutzik@bramsonplutzik.com]
**Sent:** Tuesday, December 14, 2010 1:19 PM
**To:** LACounsel@Earthlink.NET
**Cc:** James Cecchi
**Subject:** RE: Hall v. AT&T

Brian:

Glad to hear that, so I would expect there is no problem with you and Jim confirming, by reply email, that you are willing to have us transact the $600,000 check free of the original limitation that it is payment in full, with the understanding that both sides reserve all rights to their respective positions as to whether or not the letter agreement requires your side to pay us our costs and expenses of $200,000. I'm expecting too that you and Jim will confirm that that is the only issue to be submitted and argued to Judge Linares, if our talks fail to resolve the dispute.

Please confirm the above and then let's talk about trying to get this resolved without going to the

Judge.

Alan

-----Original Message-----
**From:** Brian Strange [mailto:LACounsel@Earthlink.NET]
**Sent:** Monday, December 13, 2010 3:12 PM
**To:** Alan Plutzik
**Cc:** 'James Cecchi'
**Subject:** Hall v. AT&T

Dear Alan-I think you are misinterpreting what I am saying. I agree that the deal is either $600,000 or $600,000 in addition to your costs which would make it just shy of $800,000. No in-between. Let's talk soon to see if we can resolve this short of going to the Court.

Brian
Brian R. Strange
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel:  (310) 207-5055
Fax:  (310) 826-3210

# EXHIBIT I

## Alan Plutzik

**From:** Brian Strange [LACounsel@Earthlink.NET]

**Sent:** Thursday, October 07, 2010 1:49 PM

**To:** Alan Plutzik

**Cc:** jcecchi@carellabyrne.com

**Subject:** FW: Hall v AT&T

Alan-I think the Court is about to rule and  there was an issue I needed to resolve with an attorney who appeared at the final approval hearing.  A guy named Joe Antonelli who is a California attorney who had a California  class action involving ETF's ( and other claims) appeared at the hearing and complained I made deals with everyone and ignored him. The Court basically told me  to talk to him  and I have over the last few months.  He has a bunch of time in a case which basically went nowhere but if I did not do a deal with him he was going to file a motion which I think would have delayed the Court and possibly irritated the Court knowing what this guy would say.

I therefore agreed we would collectly pay him $150,000 to go away provided we get the full fee. Your percentage share is $15,000 which is 10% of the amount which is your percentage of the total fee if  we get it.


Brian R. Strange
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel:  (310) 207-5055
Fax: (310) 826-3210

**EXHIBIT J**

**Alan Plutzik**

---

**From:**   Alan Plutzik

**Sent:**   Tuesday, October 19, 2010 2:12 PM

**To:**   'LACounsel@Earthlink.NET'

**Subject:** RE: Sasik/Hall Forms

Brian:

   We will send you guarantee forms for all of the counsel in my group.  You can wire the money to my firm.  We will divide it up within our group.

   We don't agree to your proposal to withhold 5% of our money.  Our agreement with you and Jim Cecchi provides that we are entitled to $600,000 in fees plus our expenses.  We aren't obligated to help finance the buyout of other objectors.

   If you have any questions, please let me know.

Alan

> -----Original Message-----
> **From:** Brian Strange [mailto:LACounsel@Earthlink.NET]
> **Sent:** Monday, October 18, 2010 2:55 PM
> **To:** Alan Plutzik
> **Subject:** FW: Sasik/Hall Forms
>
> Alan-Attached are the forms that need to signed pursuant to the settlement agreement with AT&T. These are for getting paid early under the quick pay. I am planning are paying your firm and your would pay other firms in your group so only you would need to sign unless you want the firms getting the money to individually sign. I am trying to get us paid early so the sooner you get me the forms the quicker I can get you paid.
>
> Also, I was going to hold back 5% of everyone's money to deal with objectors if you have any and if we want to do a deal with them. I would agree not to do a deal unless all effected counsel agree on the terms. Let me know your thoughts on this.
>
> Finally, we need to talk about the Verizon settlement. Let me know what is a good time.
>
> Thanks. Brian
>
>
>
> Brian R. Strange
> STRANGE & CARPENTER
> 12100 Wilshire Blvd., Suite 1900
> Los Angeles, CA 90025
> Tel: (310) 207-5055
> Fax: (310) 826-3210
>
> **From:** Greg Tatum [mailto:gtatum@strangeandcarpenter.com]
> **Sent:** Monday, October 18, 2010 2:31 PM
> **To:** LACOUNsel@earthlink.net
> **Subject:** Sasik/Hall Forms
>
> Brian, The forms are attached to this email and in your scans folder.

1/6/2011

Greg Tatum
Strange & Carpenter
12100 Wilshire Blvd Suite 1900
Los Angeles, CA 90025
Phone: (310) 207-5055
Fax: (310) 826-3210

**EXHIBIT K**

## Alan Plutzik

| | |
|---|---|
| **From:** | Alan Plutzik |
| **Sent:** | Saturday, March 27, 2010 2:52 PM |
| **To:** | 'James Cecchi'; lacounsel@earthlink.net |
| **Subject:** | RE: Scanned document(s) from Carella, Byrne, et al. |

Thank you.  I will sign and return on Monday.

-----Original Message-----
From: James Cecchi [mailto:JCecchi@carellabyrne.com]
Sent: Saturday, March 27, 2010 8:29 AM
To: Alan Plutzik; lacounsel@earthlink.net
Subject: FW: Scanned document(s) from Carella, Byrne, et al.


Alan: I have attached the exected agreement.  Thanks, JEC

-----Original Message-----
From: xerox@carellabyrne.com [mailto:xerox@carellabyrne.com]
Sent: Saturday, March 27, 2010 12:24 PM
To: James Cecchi
Subject: Scanned document(s) from Carella, Byrne, et al.

Please open the attached document.  It was scanned and sent to you using
a Xerox WorkCentre Pro.

Sent by:  [xerox@carellabyrne.com]
Number of Images: 2
Attachment File Type: PDF

WorkCentre Pro Location: Xerox by Mr. Agnello Device Name: XRXWCP275


Carella, Byrne, Bain, Gilfillan,
Cecchi, Stewart, Olstein
5 Becker Farm RD
Roseland, NJ 07068
973-994-1700

1

## Alan Plutzik

**From:** Alan Plutzik
**Sent:** Saturday, March 27, 2010 6:44 PM
**To:** 'lacounsel@earthlink.net'; 'jcecchi@carellabyrne.com'
**Subject:** Hall v. AT&T Mobility et al. -- Fully executed letter agreement

20100327175255.p
df

1