
James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Brian R. Strange
Gretchen Carpenter
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
(310) 207-5055

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARRY HALL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, *et al.*,<br><br>Defendants. | Civil Action No. 07-05325 (JLL)<br><br>**DECLARATION OF**<br>**BRIAN R. STRANGE** |

BRIAN R. STRANGE, ESQ., of full age, hereby declare as follows:

1. I am an attorney licensed to practice in California and admitted *pro hac vice* for purposes of this case. I am a partner of Strange & Carpenter, co-Class Counsel appointed by the Court on behalf of the Class in the Court's Preliminary Approval Order dated November 4, 2009 and Final Approval Order and Judgment and Opinion dated October 13, 2010. I am also counsel for the plaintiffs in *Sasik, et al. v. AT&T Wireless Services, Inc.*, Case No. 2:05-CV-2346-ABC (CWx) (C.D. Cal.) ("*Sasik* case"), and *Waldmann, et al. v. Cingular Wireless LLC*, Case No.

2:07-CV-05087-ABC (CWx) (C.D. Cal.) ("*Waldmann* case"), which have been combined with this case for purposes of settlement. In addition, I was counsel for plaintiffs in prior ETF litigation against ATTM for which Strange & Carpenter's work benefited this case and contributed to reaching this settlement. I am fully familiar with the facts contained herein based upon my personal knowledge.

2. I, along with co-Class Counsel James E. Cecchi, negotiated the individual settlements between Class Counsel and the individual law firms involved in other ETF litigation against ATTM with respect to payment of attorneys' fees and expenses. In exchange, those law firms supported the nationwide class action settlement and submitted their respective declarations setting forth their attorneys' fees and out of pocket expenses. The settlements reached with each of these ETF counsel was negotiated and agreed to as a lump sum settlement.

3. On March 23, 2010, my office emailed a signed Letter Agreement to Alan Plutzik confirming our agreement on attorneys' fees and expenses. At the time we executed this Letter Agreement, Mr. Plutzik had not even submitted a breakdown of itemized costs and/or out-of-pocket expenses for the Seven Law Firms included in the Letter Agreement, clearly indicating that out-of-pocket expenses were not a part of the negotiations and were not agreed to be paid separately. Instead of signing the Letter Agreement, on March 23, 2010, Mr. Plutzik emailed me, stating "Brian: Here is a revised draft of the letter agreement from you and Jim Cecchi to me. It was easier to retype than to redline. I don't think you'll find my changes controversial. **They are primarily intended to clarify which firms are involved in my group.**" I agreed with that statement. Thus, the statement in the motion by the Seven Law Firms about Mr. Plutzik's deletion of the word "total" changing the Letter Agreement does not make sense and is contrary to Mr. Plutzik's representation to me about the purpose of his changes. As far as I am

concerned, omitting the word "total" did not make any substantive change in the agreement I had reached with Mr. Plutzik.

4. For Mr. Plutzik's group, we agreed to pay "the sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the Actions." The phrase "plus reimbursement for out-of-pocket costs and expenses" was intended to mean that any claims the Seven Firms might have for fees and out-of-pocket costs and expenses would be satisfied by the payment of $600,000. If this meant expenses in some unknown amount to be given later (since at the time Mr. Plutzik had not provided me with their costs) in addition to the $600,000, the next sentence would not make sense and would not have been included in the Letter Agreement: "You will seek no other or additional payment from Class Counsel for attorneys' fees, costs or expenses incurred by any of the Seven Law Firms in the Actions." All of the ETF counsel submitted their expenses to us late too, but accepted a lump sum which certainly did not change based on expenses.

5. In fact, Mr. Plutzik's statement that "The Agreement requires Class Counsel to pay the Seven Law Firms $600,000 in fees, *plus* reimbursement of their expenses *on top of* and *in addition to* their fees" (Memo. of P's and A's., pg. 15) is not a recitation of what the Letter Agreement says, but is simply Mr. Plutzik's interpretation of the agreement

6. While I discussed the issue of out-of-pocket expenses with Mr. Plutzik, my understanding was that we agreed on a lump sum in the amount of $600,000.00, which was not dependent on the amount of his costs, particularly since he never *provided* us with his costs at the time we negotiated the agreement or in the Letter Agreement. As far as I was concerned, the intent of the Letter Agreement was to set forth what was included within the $600,000 payment to the Seven Firms, *i.e.,* any claims for fees plus expenses, not an agreement to pay the Seven Firms an unliquidated amount of expenses on top of the $600,000. All of the other agreements

3

with ETF counsel were for a lump sum, and my understanding and belief was and is that the agreement reached with Mr. Plutzik was not any different. In addition, by reaching agreements with all ETF counsel for definitive, liquidated amounts, Class Counsel, not ETF counsel, were bearing the risk that the Court may not approve the total requested amount of fees or expenses. Under Mr. Plutzik's interpretation of the agreement, Class Counsel would have to pay the out-of-pocket expenses of the Seven Law Firms in an amount Class Counsel did not know about, regardless if the Court approved such expenses or not.

7. Moreover, the intent of the Letter Agreement was to definitively resolve any claims the Seven Firms might have to the attorney fee/expense allocation under the Settlement Agreement. It would be contrary to reason and the purpose of the agreement for Class Counsel to have agreed, as the Seven Firms now claim, to pay some unknown amount of expenses which were not even limited by Court approval. We would not have and did not make such an agreement.

8. On October 7, 2010, I sent Mr. Plutzik an email discussing the attorneys' fees payment that we would have to pay to Joseph Antonelli. On October 11, 2010, Mr. Plutzik emailed me and confirmed that our "agreement provides for the payment of a flat sum to the seven law firms included in my group." (*See* Exhibit A hereto).

9. Attached hereto as Exhibit B is a true and correct copy of an email dated March 23, 2010 from Alan Plutzik.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 24, 2011

_____
BRIAN R. STRANGE

# EXHIBIT A

## Brian Strange

**From:** Alan Plutzik [aplutzik@bramsonplutzik.com]
**Sent:** Monday, October 11, 2010 7:04 PM
**To:** LACounsel@Earthlink.NET
**Cc:** jcecchi@carellabyrne.com
**Subject:** RE: Hall v AT&T

Brian:

I went back and looked at our agreement. The agreement provides for the payment of a flat sum to the seven law firms included in my group, not a percentage. As I read the agreement, it doesn't contemplate that the members of my group will be obligated to fund any portion of any settlements Class Counsel may reach with other plaintiffs' counsel. In my view, we don't owe any part of this.

Alan

>-----Original Message-----
>**From:** Brian Strange [mailto:LACounsel@Earthlink.NET]
>**Sent:** Thursday, October 07, 2010 1:49 PM
>**To:** Alan Plutzik
>**Cc:** jcecchi@carellabyrne.com
>**Subject:** FW: Hall v AT&T
>
>Alan-I think the Court is about to rule and there was an issue I needed to resolve with an attorney who appeared at the final approval hearing. A guy named Joe Antonelli who is a California attorney who had a California class action involving ETF's ( and other claims) appeared at the hearing and complained I made deals with everyone and ignored him. The Court basically told me to talk to him and I have over the last few months. He has a bunch of time in a case which basically went nowhere but if I did not do a deal with him he was going to file a motion which I think would have delayed the Court and possibly irritated the Court knowing what this guy would say.
>
>I therefore agreed we would collectly pay him $150,000 to go away provided we get the full fee. Your percentage share is $15,000 which is 10% of the amount which is your percentage of the total fee if we get it.
>
>
>
>Brian R. Strange
>STRANGE & CARPENTER
>12100 Wilshire Blvd., Suite 1900
>Los Angeles, CA 90025
>Tel: (310) 207-5055
>Fax: (310) 826-3210

1

# EXHIBIT B

## Jill Hood

**From:** "Brian Strange" <LACounsel@Earthlink.NET>
**To:** "Jill Hood" <JHood@strangeandcarpenter.com>
**Sent:** Wednesday, March 24, 2010 10:47 AM
**Subject:** Fw: Revised Letter Agreement from you to me

Jill--ok to retype the letter with these changes.

Brian R. Strange
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: (310) 207-5055
Fax: (310) 826-3210

----- Original Message -----
From: "Alan Plutzik" <aplutzik@bramsonplutzik.com>
To: <lacounsel@earthlink.net>
Cc: <jcecchi@carellabyrne.com>
Sent: Tuesday, March 23, 2010 6:17 PM
Subject: Revised Letter Agreement from you to me


BRIAN:

HERE IS A REVISED DRAFT OF THE LETTER AGREEMENT FROM YOU AND JIM CECCHI TO ME. IT WAS EASIER TO RETYPE THAN TO REDLINE. I DON'T THINK YOU'LL FIND MY CHANGES CONTROVERSIAL. THEY ARE PRIMARILY INTENDED TO CLARIFY WHICH FIRMS ARE INVOLVED IN MY GROUP.

This letter will confirm our agreement.

Class Counsel in the above-entitled action will pay you for the work performed by the Seven Law Firms (as defined below) in litigating the ETF claims in Cherrigan et al. v. AT&T Wireless Services, et al., California Superior Court, Alameda County, Case No. JCCP 4332; Ayyad et al. v. Cingular Wireless LLC, California Superior Court, Alameda County, Case No. JCCP 4332; Graber v. AT&T Wireless PCS, LLC, et al., Florida Circuit Court, Palm Beach County, Case No. 50-2004CA004650MB(AI); and Pickering v. Cingular Wireless LLC, Florida Circuit Court, Palm Beach County, Case No. 50-2004CA005060MB (collectively, the "Actions"), the sum of $600,000.00 (Six Hundred Thousand dollars) for attorneys' fees, plus reimbursement of out-of-pocket costs and expenses incurred by the Seven Law Firms in the Actions.

You will seek no other or additional payment from Class Counsel for attorneys' fees, costs or expenses incurred by any of the Seven Law Firms in the Actions. You will not oppose or object to the settlement preliminarily approved on November 4, 2009 and will cooperate with Class Counsel in filing a request for attorneys' fees and costs in the Hall action, by providing summaries, as required by the Court, of the time, lodestar, costs and expenses of your firm in the Actions and forwarding summaries of the time, lodestar, costs and expenses of the other firms included in the Seven Law Firms.

The Seven Law Firms covered by this agreement are: Bramson, Plutzik, Mahler & Birkhaeuser, LLP, Franklin & Franklin, Law Offices of Anthony Ferrigno, Reich Radcliffe LLP, Cuneo Gilbert & LaDuca, Carl Hilliard and Law Offices of Joshua Davis. Your signature below represents you have the authority to sign this Letter Agreement on behalf of the Seven Law Firms. Thank you.

Please indicate your acceptance by signing below.

IF THIS IS ACCEPTABLE, PLEASE RE-TYPE, RE-SIGN, RESEND AND I WILL COUNTERSIGN AND RETURN. THIS WILL ALSO CONFIRM YOUR REPRESENTATION TO ME THAT THE SEVEN LAW FIRMS WILL NOT BE BOUND BY THE MARCH 24 DEADLINE TO PROVIDE OUR TIME, LODESTAR AND EXPENSES TO CLASS COUNSEL. WE WILL ENDEAVOR TO MEET THAT DEADLINE BUT WE MIGHT BE A DAY OR TWO LATE.

ALAN

3/24/2010