**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF MARTIN LUTHER KING JR.
JOSE L. LINARES FEDERAL BUILDING & U.S. COURTHOUSE
JUDGE 50 WALNUT ST., ROOM 5054
 P.O. Box 999
 Newark, NJ 07101-0999
 973-645-6042

**LETTER ORDER**

**All Counsel Via Electronic Filing** March 3, 2011

 Re: **Larson, et al. v. Sprint Nextel, et al.**
 Civil Action No. 07-5325 (JLL)

Dear Counsel:

 Pending before this Court is Defendant's application (1) to enjoin an appeal pending before the Court of Appeal of the State of California First Appellate District, Division Five, Docket No. A120026 (the "California Appeal"); (2) to stay the litigation of the Subscriber Class Case; and (3) for the entry of an order to show cause for contempt of this Court's Final Judgment. (D.E. 603). The Court has reviewed the papers submitted in support of and in opposition to the instant application. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's application is **DENIED** without prejudice.

 On January 26, 2010, Alan Plutzik, on behalf of the Respondents to the Defendant's application, notified the Court that Respondents filed a "Motion for Order Staying" the California Appeal until the Third Circuit rules on the pending appeals from this Court's Final Approval Order and Judgment ("Stay Motion"). (D.E. 615).

 If the Stay Motion is granted, then such a stay would have the same effect as the application before this Court – namely, preventing the California Court of Appeal from reviewing this Court's decisions – at least until the Third Circuit rules on the pending appeals.[1] As far as this Court is aware, the California Court of Appeal has neither ruled on the Stay Motion, nor on the appeal itself. Therefore, in the interests of judicial economy and this Court's inherent power to manage its docket, the Court will administratively terminate Defendant's application. <u>Eash v. Riggins Trucking, Inc.</u>, 757 F.2d 557, 567 (3d Cir. 1985)("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases.")

 In the event that the California Court of Appeal denies the Stay Motion, then Defendant may renew the instant application. At that time, the Court will rely on the papers currently before the Court in support of and opposition to the motion unless good cause is shown for additional briefing.

---

 [1]Inasmuch as a grant of the Stay Motion would only prevent the California Appeal from proceeding until the Third Circuit has issued its decision, Defendant could re-file the instant application in the event that Respondents seek to prosecute their appeal after the Third Circuit renders a decision..

1

The Court now turns to Defendant's motion for an order holding Katherine Zill and her attorneys in contempt. The terms of this Court's Final Judgment are clear, unambiguous, and need not be repeated here. Respondents' actions may indeed rise to the level of contempt. However, the Court's power to find a litigant in contempt is discretionary. Thompson v. Johnson, 410 F.Supp. 633, 640 (E. D. Pa. 1976). Given the unique circumstances surrounding the California Appeal – namely, that the Stay Motion may render Defendant's application for a stay moot – and in the interests of judicial economy, this Court declines to exercise its power to find Respondents in contempt under these particular facts at this particular time. However, moving forward, this Court will entertain motions for contempt where warranted. In those instances, if the Court finds that "(1) a valid order of the court exist[s]; (2) ... [a party] had knowledge of the order; and (3) ... [the party] disobeyed the order," then this Court will not hesitate to level the appropriate sanctions against the offending party. Marchak v. Treadwell, 595 F.3d 478, 485 (3rd Cir. 2009).

Therefore, for the reasons set forth above, **IT IS** on this **3rd day** of **March, 2011,**

**ORDERED** that Defendant's motion is **DENIED** without prejudice.

**SO ORDERED.**

/s/ Jose L. Linares
Jose L. Linares
United States District Judge