ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
MICHAEL S. STRIMLING

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

PAUL F. MAHLER
Of Counsel

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

March 7, 2010

**Via ECF**

Hon. Jose L. Linares, U.S.D.J.
U.S. District Court, District of New Jersey
M. L. King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

      Re:    *Judy Larson, et al. v. AT&T Mobility LLC, et al.*, Civil Action No. 07-5325(JLL)

Dear Judge Linares:

      I write on behalf of Katherine Zill and the following counsel: myself and Bramson, Plutzik, Mahler & Birkhaeuser, LLP; J. David Franklin and Franklin & Franklin; and Scott A. Bursor and L. Timothy Fisher and the Law Office of Scott A. Bursor, now known as Bursor & Fisher, P.A. (collectively, "Respondents"), in response to Defendant Sprint Nextel's letter to the Court dated March 4, 2011. In its letter, Sprint purports to

> … renew[] its application (1) to enjoin the appeal pending before the Court of Appeal of the State of California, First Appellate District, Division Five, in Case No. A120026 [*sic*]; (2) to stay the litigation of the Subscriber Class case; and (3) for the entry of an order to show cause for contempt of this Court's Final Judgment (the "Application").

      Sprint's renewed application should be denied for the reasons set forth in Respondents' Memorandum of Law in Opposition to Order to Show Cause, filed January 11, 2011 (which Respondents incorporate by reference herein in its entirety), and for the additional reasons set forth below:

      **(1) The Request to Enjoin California Appellate Proceedings**. Respondents are not involved in California Court of Appeal Case No. A120026. To the extent Sprint is seeking an injunction against further proceedings in *Zill v. Sprint Spectrum, L.P.*, Cal. Court of Appeal Case No. 128026, the request should be denied. An injunction be inappropriate for the reasons discussed in Respondents' January 11, 2011 filing. Moreover, Sprint has not shown that an injunction is necessary.

      Thus, even though the California Court of Appeal denied Zill's motion to stay the California appeal, there are other ways in which the forward progress of that case could be slowed to allow the Third Circuit to hear and rule on the *Larson* appeals first. For example, Sprint itself could apply for a stay. If it did so, Respondents would support that application.

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

March 7, 2011
Page 2

Respondents do not know why the California Court denied their stay application. However, that Court might well be more receptive to a motion for the same relief filed by the Appellee.

Moreover, Sprint, under California Rule of Court 8.212(b)(3), could request an extension of time to file its opposition brief until such time as the Third Circuit has acted. Respondents emailed Sprint's counsel on March 4, 2011, after the California Court of Appeal had denied the stay, and freely offered to stipulate to such an extension. Such a request might well meet with favor from the California Court, especially if accompanied by an Order from this Court, of which the California Court could take judicial notice, that such an extension, in this Court's view, would serve the interests of justice.

**(2) Sprint's Request to Enjoin "the Litigation of the Subscriber Class Case."** There is no basis for a stay of "the litigation of the Subscriber Class case." There is no ongoing litigation of any Subscriber Class Claims in the California trial court. The appeal in the *Zill v. Sprint,* California Court of Appeal, Case No. 128026, is the only aspect of the "Subscriber Class case" that is still active.

**(3) Sprint's Request "for an Order to Show Cause for Contempt."** Sprint's request for an "order to show cause for contempt" should be denied. In its March 3, 2011 Letter Order, the Court denied Sprint's motion to hold Respondents in contempt. That ruling was not made "without prejudice," as Sprint represents in its March 4, 2011 letter. Rather, it was unequivocal and final, as to the facts on which Sprint's application for a contempt order was based. *See* March 3, 2011 Letter Order at 2 ("…[T]his Court declines to exercise its power to find Respondents in contempt under these particular facts at this particular time.") The Court emphasized that in the future, it would "entertain motions for contempt where warranted." *Id.* But nothing has occurred since the Court issued its March 3rd ruling that would warrant a new application for contempt. All that Respondents have done since that time is to offer Sprint their cooperation in attempting to stay the California appeal or hold it in abeyance until the Third Circuit can act on the pending appeal of the Final Judgment in *Larson*. There are no grounds for a finding of contempt.

                                            Very truly yours,

                                            Alan R. Plutzik

63760

## Alan Plutzik

**From:** Alan Plutzik
**Sent:** Friday, March 04, 2011 5:24 PM
**To:** 'bgresham@mcguirewoods.com'
**Subject:** FW: Zill v. Sprint appeal

-----Original Message-----
**From:** Alan Plutzik
**Sent:** Friday, March 04, 2011 5:23 PM
**To:** 'brooksgresham@mcguirewoods.com'; 'jboyle@kellydrye.com'
**Cc:** 'jdfranklaw@san.rr.com'; 'scott@bursor.com'
**Subject:** Zill v. Sprint appeal

Brooks and Joe:

The California court of appeal has now denied Sprint's motion to dismiss the Zill appeal. As we have discussed previously, that appeal is necessary, inter alia, to preserve the class members' rights under California law in the event the Third Circuit disapproves the *Larson* settlement. *Talley v. Valuation Counselors*, 191 Cal. App. 4th 132 (Dec. 22, 2010). The court of appeal has also unexpectedly denied our unopposed motion to stay the appeal.

We understand from Sprint's letter to the New Jersey court that Sprint now faces a very limited period of time in which to complete and file its brief on appeal. Appellant Zill is willing to enter into a stipulation that would allow Sprint an extension of time to file its brief. Please let me know whether you would be interested in such a stipulation.

Alan

Alan R. Plutzik
Bramson, Plutzik, Mahler & Birkhaeuser
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: 925/945-0200
Fax: 925/945-8792
E-mail: aplutzik@bramsonplutzik.com

1