# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | | RAYMOND E. STAUFFER° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | JACOB A. KUBERT |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | STEPHEN R. DANEK |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | ERIC MAGNELLI |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | DONALD ECKLUND |
| | G. GLENNON TROUBLEFIELD | | | VINCENZO M. MOGAVERO |
| | BRIAN H. FENLON | | | AUDRA E. PETROLLE |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | | °MEMBER N.Y. BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | | |

March 8, 2011

<u>VIA ECF</u>

Honorable Jose L. Linares, U.S.D.J.
United States District Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re: *Larson, et al. v. AT&T Mobility, et al.*
       **Civil Action No. 07-5325 (JLL)**

Dear Judge Linares:

  We are co-counsel for the Class in the above matter. We join Sprint's renewed application to enjoin the California appeal and to hold California Counsel in contempt. For all of the reasons set forth in Sprint's papers, the California appeal should be enjoined and counsel should be appropriately sanctioned for defying the Court's orders prohibiting further litigation of claims which were settled here.

  In addition to the reasons set forth in Sprint's papers, California Counsel is also in contempt of the Court's orders appointing Class Counsel. We were appointed as Interim Class Counsel by way of Order dated August 6, 2008 [Docket Entry 64], which gave us the exclusive authority to represent the putative class. We were likewise appointed as Class Counsel in the preliminary approval order [Docket Entry 92].

  California Counsel is in contempt of those orders because the California appeal is on behalf of a class of persons who are included in the Settlement Class here, *i.e.,* they are prosecuting an appeal on behalf of our clients. Ms. Zill opted out of the Settlement Class here, but California Counsel has filed an appeal on behalf of her, and the California Subscriber Class, which is part of the Settlement Class here. California Counsel is challenging in California, on behalf of members of the Settlement Class, notice to the Class, one of the very same issues which was litigated here and is presently on appeal before the Third Circuit. (*See* Boyle Declaration, Ex. F, Docket Entry 603-3) Mr. Bursor may, within the confines of other orders from the Court, take whatever actions he deems appropriate to represent his own client, but we did not authorize Mr. Bursor or his colleagues in California to take any action on behalf of members of the Settlement Class. California Counsel are taking actions on behalf of a class of persons that they do not represent.

Honorable Jose L. Linares, U.S.D.J.
March 8, 2011
Page 2

      We also wish so briefly address the issues raised in Mr. Plutzik's March 7, 2011 letter. First, his suggestion that *Sprint* move in California to stay the California appeal now that their own motion for a stay was denied should be rejected. The claims which are the subject of the appeal were settled here and California Counsel was enjoined from pursuing them anywhere else. They ignored this Court's order and did so anyway. Sprint should not have to further litigate a matter in California it should not have to litigate at all. Likewise, Mr. Plutzik's contention that pursing the appeal on behalf of the Subscriber Class in California is not "litigating" is contrary to the generally understood concept of litigation. Further, Mr. Plutzik's contention that Sprint's previous application was not denied without prejudice is contrary to the explicit words in the Order. The Court specifically said "**IT IS** this **3rd day** of **March, 2011**, **ORDERED** that Defendant's motion is **DENIED** without prejudice." [Docket Entry 621, p. 2, emphasis in original]. The Court denied Sprint's application because, if California Counsel's application for a stay of the California appeal were granted, the motion for a stay and contempt would essentially be moot. [*Id.* at 1, 2] However, the Court likewise explicitly stated that if the motion for a stay were denied, Sprint could renew its application. [*Id.* at 1] The motion for a stay was denied, so Sprint appropriately renewed its application.

      Finally, we wish to note that a finding of contempt against California Counsel would be particularly appropriate under the circumstances. They have shown little other than contempt for the Court, both in the legal and the dictionary sense. They have repeatedly been enjoined from running back to California to relitigate matters decided by this Court, and have repeatedly been the subject of contempt motions for doing so. *See* Docket Entries 481, 603. *See also Milliron v. T-Mobile USA, Inc.*, Civil Action No. 08-4149(JLL), Docket Entries 109, 118. In the past, after contempt motions have been filed, they have managed one way or another to dodge the bullet by withdrawing or staying whatever action was the subject of the contempt motion. They have not managed to withdraw the offending litigation this time. They were enjoined from further litigating claims on behalf of members of the Settlement Class, but did so anyway, purposefully and willfully in defiance of the Court's directions. We respectfully suggest that California Counsel be reminded that the Court's Orders are exactly that, Orders that are to be obeyed, not Suggestions which California Counsel may ignore if doing so suits their convenience.

      Thank you for your continued attention to this matter. If the Court wishes, we are available to discuss these issues further at the Court's convenience.

                          Respectfully submitted,

                          CARELLA, BYRNE, CECCHI,
                     OLSTEIN, BRODY & AGNELLO, P.C.

                             /s/ James E. Cecchi

                             JAMES E. CECCHI

cc:    All Counsel (via ECF)