BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
MICHAEL S. STRIMLING

PAUL F. MAHLER
Of Counsel

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

March 9, 2010

**Via ECF**

Hon. Jose L. Linares, U.S.D.J.
U.S. District Court, District of New Jersey
M. L. King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

    Re:    *Judy Larson, et al. v. AT&T Mobility LLC, et al.*, Civil Action No. 07-5325(JLL)

Dear Judge Linares:

    I write on behalf of Katherine Zill and the following counsel – myself and Bramson, Plutzik, Mahler & Birkhaeuser, LLP; J. David Franklin and Franklin & Franklin; and Scott A. Bursor and L. Timothy Fisher and the Law Offices of Scott A. Bursor, now known as Bursor & Fisher, P.A. (collectively, "Respondents") – in response to James Cecchi's March 8, 2011 letter to the Court. Mr. Cecchi seeks to "join Sprint's renewed application to enjoin the California appeal and to hold California Counsel in contempt." His letter is improper and without merit.

    First, Mr. Cecchi's letter, while masquerading as a submission supporting Sprint's request for relief, is actually a *new* request for an injunction and a contempt order, on entirely different grounds from those recited in Sprint's application. Sprint based its application on alleged violations of injunctive provisions of the Final Judgment. The Court denied that application. I have explained in my March 7, 2011 letter to the Court why that decision should stand despite Sprint's renewal of its application. Mr. Cecchi, however, bases his request for an injunction and contempt order on the grounds that "California Counsel" violated *two other* orders of the Court – the Court's August 6, 2008 Order appointing Mr. Cecchi, Paul Weiss and Stephen Weiss as Interim Class Counsel in this litigation [Docket No. 64] and the Court's December 8, 2008 Order granting preliminary approval and "preliminarily" appointing Messrs. Cecchi, Weiss and Weiss as Class Counsel. But Mr. Cecchi does not point to any particular provisions of either order that he claims "California Counsel," or any of them, violated. The August 6, 2008 Order contains *no* injunctive provisions of any kind  The only injunctive provisions of the December 8, 2008 Order provide that *discovery into the adequacy of the settlement* must take place in this action and nowhere else. Thus, neither order  contains any injunctive provisions that would prohibit counsel for an opt-out like Ms. Zill from representing her in her California appeal.

    Second, Mr. Cecchi's request is procedurally improper. He has not brought a noticed motion specifying the relief he seeks or the factual or legal grounds therefor. He has not even defined the "California Counsel" against whom he asks the Court to grant relief, let alone what

Bramson, Plutzik, Mahler & Birkhaeuser, LLP

March 9, 2011
Page 2

provisions of the two orders he claims they violated or how they violated them. He has proffered no evidentiary record and filed no memorandum of law

Third, Mr. Cecchi ignores the fact that while this Court appointed him and his colleagues to serve as Interim Class Counsel in *this* litigation, the California Court appointed my firm and others to serve as counsel for the California Subscriber Class in the California litigation. The Subscriber Class was ordered certified by the California Court of Appeal in *In re Cellphone Termination Fee Cases*, 2008 WL 2332971(Cal. App. June 9, 2008), well before the "interim" appointment of Messrs. Cecchi, Weiss and Weiss by this Court, and more than six months before their "preliminary" appointment pursuant to Fed. R. Civ. P. 23(g) . The California Court entered formal orders on November 14 and December 19, 2008, that certified the Subscriber Class and directed that notice be disseminated to the class members at plaintiffs' counsel's expense. Counsel complied with that order. The California Subscriber Class *remains* certified, it has never been decertified and counsel appointed by the California Court to represent that class have never been relieved of their duties. Mr. Cecchi's accusation that "California Counsel" are "taking actions on behalf of a class of persons that they do not represent" is therefore wrong.

Fourth, Mr. Cecchi is not a party to the action and lacks the capacity to bring a motion for an injunction or for contempt on his own behalf.

Fifth, Mr. Cecchi fails to acknowledge that in doing the things he complains of, the Respondent law firms were representing a client, Katherine Zill, who opted out of the class and is therefore not bound by any of the Court's orders.

Finally, Mr. Cecchi's general contention that "California Counsel" have shown contempt for the Court "in both the legal and the dictionary sense" is as untrue as it is unavailing. My firm and its colleagues – assuming that Mr. Cecchi intends to include us in the definition of "California Counsel" – have consistently respected and complied with the orders of this Court. Despite our view that the Court's orders do not prohibit the continued prosecution of the California state-court appeal in *Zill v. Sprint* – a view that the California Court has seemingly endorsed by denying Sprint's motion to dismiss the appeal – we have made every effort to obtain a stay or delay of that appeal so as to allow the Third Circuit priority in deciding the appeal of this Court's approval of the *Larson* settlement. Initially, we proposed to Sprint that if it would withdraw its motion for an injunction and a contempt order, we would seek a stay of the *Zill* appeal. When Sprint declined that offer, we filed a motion for a stay of the *Zill* appeal anyway. When the California Court of Appeal denied that motion, we contacted Sprint's counsel again and offered to consent to any stay or extension of time that Sprint might wish to seek from the California Court of Appeal. Sprint has not, as of yet, taken us up on that offer. As we have previously explained to the Court, the *Zill* appeal cannot be dismissed without gravely and permanently prejudicing the interests of the California Subscriber Class. *Talley v. Valuation Counselors Group, Inc*., 191 Cal. App. 4th 132 (2010).

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

March 9, 2011
Page 3

  In sum, Mr. Cecchi's request for an injunction and an order holding "California Counsel" in contempt is procedurally, legally and factually insufficient. The Court should deny Mr. Cecchi the relief he seeks.

          Very truly yours,

          Alan R. Plutzik

63760