NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARSON, et al., : | |
| : | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 07-5325 (JLL) |
| : | |
| AT&T MOBILITY LLC, et al., : | |
| : | OPINION |
| Defendants. : | |

**LINARES, District Judge.**

Pending before this Court is Defendant Sprint's ("Sprint") application to: (1) enjoin an appeal pending before the Court of Appeals of the State of California First Appellate District, Division Five (the "California Appeal"); (2) stay the litigation in the Subscriber Class Case; and (3) enter an order to show cause for contempt of this Court's Final Judgment. (Dckt. No. 603; renewed through Dckt. No. 622 ).

## BACKGROUND

The instant application arises out of a case – that was ultimately settled – involving a claim by Plaintiffs that the early-termination fees ("ETFs") charged by Sprint violated, inter alia, the Federal Communications Act and state consumer protection laws. (Second Am. Compl. 1 ¶ 4, Docket Entry No. 90).

Prior to the filing of this action, however, Ms. Zill filed an ETF case against Sprint on August 28, 2003 in Alameda (Cal.) County Superior Court ("the Subscriber Class Case") in which she ultimately obtained certification of a "Subscriber Class - composed of people who were current subscribers to Sprint's service and were subject to an ETF." (Opp'n Br.at 3). On January 15, 2009, this Court entered an All Writs Act Order that temporarily enjoined Subscriber Class Counsel from prosecuting its claims in the Subscriber Class Case.

On January 15, 2010, this Court granted final approval of the Settlement Agreement by Order and Opinion. (Dckt. Nos. 437 & 438). In rendering that decision, this Court found that the California Subscriber Class is Subsumed by the Settlement Class. (See January 15, 2010 Opinion at p. 8, fn.7). Subsequently, on February 16, 2010, this Court entered the Final Judgment which, *inter alia*, provides that:

No settlement Class Member, either directly, representatively, or in any other

capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Extension), shall commence, continue, or prosecute any action or proceeding against any and all Sprint-Nextel released Parties in any court or tribunal asserting any of the Class Released Claims denied in the Agreement, and are hereby permanently enjoined for so proceeding.

(Dckt. No. 470, Final Judgment at ¶ 23).[1]

Following the approval of settlement, Sprint moved to dismiss the claims of the Subscriber Class in the California case. On March 9, 2010, the Superior Court granted Sprint's motion to dismiss the claims of the absent Subscriber Class members, but denied the motion as to Ms. Zill in her individual capacity.

On March 18, 2010, Ms. Zill – acting in a representative capacity as the named Appellant – filed a notice of appeal from Judge Smith's ruling dismissing the absent Subscriber Class claims ("the California Appeal"). On January 13, 2011, Ms. Zill filed her opening brief on behalf of absent Subscriber Class members. Sprint now moves to: (1) enjoin said appeal; (2) stay the litigation in the Subscriber Class Case; and (3) enter an order to show cause for contempt of this Court's Final Judgment.[2] (Dckt. No. 603; renewed through Dckt. No. 622 ).

## JURISDICTION

This Court has jurisdiction over the instant application because it retained jurisdiction over the "Action," the Parties and the Settlement Class, and the administration and enforcement of the Settlement. ( See Dckt. No. 470, Final Judgment; see generally In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 367-68 (3d Cir.2001) ("A district court has the power to enforce an ongoing order against relitigation so as to protect the integrity of a complex class settlement over which it retained jurisdiction.")). Moreover, neither side disputes that this Court has jurisdiction with respect to the instant application.

The Court recognizes that the filing of an appeal generally divests the district court of jurisdiction over matters dealing with the merits of such appeal. Nevertheless, the Court will exercise its jurisdiction over the instant application for three reasons. First, the Court has continuing jurisdiction to protect and enforce its judgments so long as it does not disturb the

---

[1] Ms. Zill's brief in opposition misquotes the Final Judgment as stating "Request for Exclusion." The Final Judgment in fact states: "Request for Extension." (See Dckt. No. 470, Final Judgment at ¶ 23).

[2] As set forth in this Court's March 3, 2011 Letter-Order, this Court declines to exercise its discretion to hold Ms. Zill and her counsel in contempt at this juncture.(See Dckt. No. 621).

issues that are on appeal.[3] Second, the Court finds that its assessment of and ruling on Defendant's application, regardless of the outcome, would not disturb the issues that are on appeal. Third, as previously stated, neither side disputes this Court's jurisdiction over the instant application. Therefore, the Court will exercise its jurisdiction over Sprint's application.

## DISCUSSION

Ms. Zill is proceeding in California State Court as both the class representative of absent Subscriber Class members ("Ms. Zill the representative") and as an individual litigant who opted-out of the Settlement ("Ms. Zill the individual"). The application before the Court only concerns Ms. Zill the representative.

The All Writs Act gives district courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is limited in scope and application by the Anti-Injunction Act, 28 U.S.C. § 2283.[4] The Anti-Injunction Act prohibits "injunction[s] to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, "[t]he two statutes act in concert, and '[i]f an injunction falls within one of [the Anti-Injunction Act's] three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." In re Diet Drugs, 369 F.3d 293, 305 (3d Cir. 2004).

The injunction requested here is not expressly authorized by statute, so it may be justified only under the Anti-Injunction Act's "in aid of its jurisdiction" or "to protect or effectuate its jurisdiction" exceptions. Such exceptions "are narrow and are 'not [to] be enlarged by loose statutory authority.'" Id. (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)).

Sprint urges the Court to enjoin the California Appeal under the "to protect or effectuate its judgements" exception, also known as the "re-litigation exception." See In re Diet Drugs, 369 F.3d at 305. "The re-litigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." Chick Kam Choo, 486 U.S. at 147.

---

[3] See, e.g., Georgine v. AmChem Prods., No. 93-0215, 1995 WL 561297, at *7 (E.D.Pa. July 10, 2001) (noting that "a district court generally retains jurisdiction to enforce, implement, or otherwise treat as valid judgments and orders that are the subject of pending appeals, as long as this enforcement, implementation, or treatment does not disturb the issues that are on appeal.") (citing Venen v. Sweet, 758 F.2d 117, 123 (3d Cir.1985)).

[4] See In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 305 (3d Cir.2004) ("The authority the All Writs Act imparts to district courts is limited, however, by the Anti-Injunction Act.").

Here, the issues upon which Ms. Zill the representative bases her appeal – namely, sufficiency of notice and adequacy of representation – were decided by this Court in the January 15, 2010 Opinion approving the settlement in this action and are currently pending before the Third Circuit Court of Appeals.[5]  In other words, through her California Appeal, Ms. Zill the representative impermissibly seeks to litigate issues in a state court that were presented to and decided by a federal court.  This falls squarely within the narrow restrictions of the re-litigation exception to the All Writs Act.  Accordingly, Sprint's application to enjoin the California Appeal as it pertains to the Subscriber Class and to stay the litigation of the Subscriber Class Case is **granted**.

## CONCLUSION

Based on the reasons set forth above, Sprint's application is **GRANTED** in part and **DENIED** in part.  An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
Jose L. Linares
UNITED STATES DISTRICT JUDGE

---

[5] The issue of the adequacy of notice was presented to and decided by this Court. (See Jan. 15, 2010 Opinion at pp. 9 – 22;  Dckt. No. 438).  In addition, the issue of the adequacy of representation was presented to and decided by this Court. (Id. at pp. 6 – 8).  Moreover, as stated before, this Court has already found that the California Subscriber Class is Subsumed by the Settlement Class. The "California Subscriber Class Claims, part of the Cellphone Termination Fee Cases, JCCP 4332 (Calif. Superior Ct., Alameda Cty, CA), are identified as "Related Claims" in Article I of the Settlement Agreement. Thus, the Settlement Agreement will settle and release the California Subscriber Class Claims." (Id. at p. 8, fn.7).  It is therefore necessary to enjoin the California Appeal in order to protect and effectuate this Court's entry of Final Judgment which addressed, inter alia, the rights of the Subscriber Class members.