BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
MICHAEL S. STRIMLING

PAUL F. MAHLER
Of Counsel

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

April 18, 2011

**Via ECF**

Hon. Jose L. Linares, U.S.D.J.
U.S. District Court, District of New Jersey
M. L. King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

      Re:    *Hall v. AT&T Mobility LLC, et al.*, Civil Action No. 07-5325 (JLL)

Dear Judge Linares:

      I write on behalf of Bramson, Plutzik, Mahler & Birkhaeuser, LLP; Franklin & Franklin; the Law Offices of Anthony A. Ferrigno; Reich Radcliffe & Kuttler, LLP; Cuneo, Gilbert & LaDuca; the Law Offices of Carl Hilliard; and the Law Offices of Joshua Davis (collectively, "the Seven Law Firms"), in response to the Court's April 11, 2011 Order (the "April 11 Order").

      The Seven Law Firms request the Court to modify the April 11 Order to permit the parties to select their own mediator. I would anticipate that the mediator selected by the parties would be in California, where Class Counsel Brian Strange and I, who were the principal negotiators of the letter agreement that is the subject of the dispute between the parties, live and work. None of the Seven Law Firms maintains an office in New Jersey. It would be a hardship to require travel to New Jersey for mediation proceedings when mediation could be conducted more conveniently and inexpensively in California.

      Alternatively, if the Court is not inclined to modify its April 11 Order as requested in the above paragraph, we ask the Court to clarify that Order (especially the second ordering clause, at page 2, lines 2-3) to specify that the Seven Law Firms can comply with it by designating a single representative with settlement authority to attend and participate in mediation proceedings on behalf of the Seven Law Firms. We do not believe that the Order, as written, would require each of the Seven Law Firms to appear personally. However, we ask the Court to make that clear. Requiring each firm to appear would impose an undue burden, especially in view of the fact that a number of the Seven Law Firms have relatively small amounts at stake in the dispute.

      Very truly yours,

Alan R. Plutzik

63760