# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | ___ | RAYMOND E. STAUFFER° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | ERIC MAGNELLI |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | DONALD A. ECKLUND |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | VINCENZO M. MOGAVERO |
| | G. GLENNON TROUBLEFIELD | | | AUDRA E. PETROLLE |
| | BRIAN H. FENLON | | | °MEMBER N.Y. BAR ONLY |
| JAMES D. CECCHI (1933-1995) | KHOREN BANDAZIAN | | | |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | | |

May 10, 2011

<u>VIA ECF</u>

Honorable Jose L. Linares
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

    Re: *Hall, et al. v. AT&T Mobility LLC, et al.*,
       <u>Civil Action No. 07-5325(JLL)</u>

Dear Judge Linares:

  As you know, we are co-Class Counsel for Plaintiffs in the above-referenced action. Please accept this letter in lieu of more formal brief in support of Class Counsel's application to enjoin prosecution of the Seven Law Firms'[1] state-court action against Class Counsel, and to hold the Seven Firms in contempt of the Court's April 11, 2011 Order directing the fee dispute to mediation [Docket Entry 634] (the "Mediation Order") and the Final Approval Order and Judgment dated October 13, 2010 [Docket Entry 584] (the "Final Approval Order").

**a)**   <u>**Factual Background**</u>

  As the Court is aware, this dispute relates to a settlement agreement between Class Counsel and the Seven Law Firms with respect to the payment of attorneys' fees to the Seven Law Firms from the attorney fee award as part of the settlement of the overall case with AT&T Mobility. In summary, the dispute is whether the agreed-upon amount to be paid to the Seven Law Firms included the Seven Law Firms' expenses in related California Litigation or whether

---

[1]   Bramson, Plutzik, Mahler & Birkhaeuser, LLP; Franklin & Franklin, APC; Law Offices of Anthony A. Ferigno, Reich Radcliffe LLP, Cuneo Gilbert & LaDuca; Law Offices of Carl Hilliard, and Law Offices of Joshua Davis.

Honorable Jose L. Linares
May 10, 2011
Page 2

those expenses were to be paid in addition to the agreed upon amount. When the dispute arose, the parties agreed to submit it to the Court for resolution. (*See* Cecchi Dec., Ex. A) Per that agreement, the Seven Law Firms filed a motion for the Court to resolve the dispute. The Court thereafter referred the dispute to mediation before Michael D. Sirota, Esq.

In what has developed into a regular practice by California Counsel when they are dissatisfied with the Court's rulings (*See* Docket Entries 481, 603, *Milliron v. T-Mobile*, Civil Action No. 08-4149(JLL)[Docket Entries 109, 118], the Seven Law Firms took the dispute back to California rather than abiding by the Court's decision. On April 22, 2011, the Seven Law Firms filed an action in Superior Court of California, Contra Costa County, seeking payment of the same fees which were the subject of the prior motion before the Court.[2] The filing of this state court action is contrary to the Mediation Order and the Final Approval Order.

b)   **The Seven Law Firms' Lawsuit Should Be Enjoined And The Firms Should Be Held In Contempt**

Pursuant to the All Writs Act, the Court may "issue all writs necessary or appropriate in aid of [its] jurisdiction [] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This authority is constrained by the Anti-Injunction Act, which prohibits federal courts from issuing injunctions to "stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In order to "to ensure the effectiveness and supremacy of federal law," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988), when "an injunction falls within one of [the Anti-Injunction Act's] three exceptions, the All-Writs Act provides the positive authority for the federal courts to issue injunctions to state court proceedings," *In re Diet Drugs*, 369 F.3d 293, 305 (3d Cir. 2004) (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133,143 (3d Cir. 1998)).

The Third Circuit has explained that a court may, through its orders, properly retain jurisdiction over post-approval disputes relating to class action settlements. *See In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 367 (3d Cir. 2001) ("[T]he district court expressly retained exclusive jurisdiction to oversee the implementation of the settlement and the judgment. The court acted quite properly in retaining jurisdiction in that fashion.") (internal citation omitted). The Court has done so here. The second full Ordered paragraph on Page 4 of the Final Approval Order states: "The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court." Paragraph 13 of the Settlement Agreement provides:

> The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with

---

[2]   A copy of the summons and complaint is annexed hereto as Exhibit A.

Honorable Jose L. Linares
May 10, 2011
Page 3

>respect thereto, including with respect to the disputes about allocation of fees between Class Counsel and ETF Counsel.

Thus, the Final Approval Order, incorporating the Settlement Agreement, explicitly provided that this Court is the exclusive jurisdiction for resolving any disputes with respect to allocation of fees between Class Counsel and ETF Counsel, which this dispute is.

Violation of a court order constitutes contempt where: 1) a valid court order exists; 2) the defendant had knowledge of the order; and 3) the defendant disobeyed the order. *E.g., Harris v. City of Philadelphia*, 47 F.3d 1311, 1327 (3d Cir. 1995).

Class Counsel respectfully requests that the Seven Law Firms be enjoined from proceeding with their California lawsuit pursuant to the All Writs Act in order to protect and effectuate the Court's prior Orders. The Final Approval Order explicitly provides that the exclusive jurisdiction for resolving any disputes between Class Counsel and ETF Counsel, which includes the Seven Law Firms, is before this Court. Further, the Court directed that the parties attempt to resolve the dispute in mediation before proceeding further.[3] The filing of the California lawsuit, particularly before mediation was even scheduled, is contrary to these orders. Any fee disputes among counsel are to be decided here, both under the terms of the Orders and the agreement of the parties. Once again, the Seven Firms have thumbed their nose at the Court, and reneged on their agreement to have the Court resolve the fee issue, and taken a dispute which should be, and has been (at least preliminarily) decided here, back to California.

Class Counsel also respectfully requests that the Seven Law Firms be held in contempt of the Final Approval Order and the Mediation Order. Those Orders are valid, the Seven Law Firms were all aware of the existence of these Orders, and they disobeyed the Orders. All fee disputes are to be decided here. Their filing the California action is contrary to the Court's Orders as to where and how the instant fee dispute is to be resolved. Very simply, California Counsel has run back to California to avoid the Court's Orders one too many times and we respectfully suggest that the Seven Law Firms be reminded that when the Court directs them to do something, that is what they are to do, not to do something different in California.

---

[3]  In the Mediation Order, the Court suggested in footnote 3 that the dispute might be "more properly suited for litigation in state court." We do not read that observation as an invitation for the Seven Law Firms to immediately file a state court action in California, since the import of the Order was to mediate the dispute in New Jersey. Moreover, in the prior round of briefing, no one addressed the provisions of the Final Approval Order and Settlement Agreement providing that the Court had exclusive jurisdiction to resolve any fee disputes, since it did not become an issue until the Seven Law Firms filed their California action.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Honorable Jose L. Linares
May 10, 2011
Page 4

    Thank you for your continued attention to this matter.  If the Court wishes to discuss the matter further, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:    All Counsel (via ECF)