UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al., | Civil Action No. 07-05325 (JLL) |
| Plaintiffs, | |
| vs. | **DECLARATION OF ALAN R. PLUTZIK IN OPPOSITION TO CLASS COUNSEL'S LETTER BRIEF REQUESTING INJUNCTION AND A CONTEMPT ORDER** |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al., | |
| Defendants. | |
| | Before: Hon. Jose L. Linares |

1

I, Alan R. Plutzik, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am also a member of the Bars of the District of Columbia (inactive member), the United States Supreme Court, the United States Courts of Appeal for the Second, Third, Eighth, Ninth, Tenth and District of Columbia Circuits and a number of federal district courts. I have been admitted pro hac vice in this Court.

2. I am a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP ("BPMB"), which specializes in complex litigation in the federal and state courts, and, in particular, in the representation of plaintiffs in consumer, securities and antitrust class actions and derivative litigation. I submit this Declaration on behalf of seven law firms – BPMB; Franklin & Franklin, APC; Law Offices of Anthony A. Ferrigno; Reich Radcliffe & Kuttler LLP; Cuneo Gilbert & LaDuca; Law Offices of Carl Hilliard; and Law Offices of Joshua Davis (the "Seven Law Firms") – in response to the May 10, 2011, letter brief submitted to the Court by James E. Cecchi, Esq., in which Mr. Cecchi requests the Court to enjoin the state-court action that the Seven Law Firms have filed against Class Counsel and to hold the Seven Law Firms in contempt of court. I have personal knowledge of the facts asserted in this Declaration, and if called to testify to them, I could and would competently do so.

3. On April 11, 2011, the Court issued an Order in response to the Seven Law Firms' motion to enforce their agreement with Class Counsel regarding attorneys' fees and expenses. The Order referred the Seven Law Firms and Class Counsel to mediation of their dispute and designated Michael Sirota, Esq. to serve as their mediator. At page 2 n.3 of the Order, the Court stated: "However, in the event that mediation is unsuccessful, the Court tends to believe that this dispute is more properly suited for litigation in state court." At page 2 of the Order, the


Court ordered the mediator to contact the Seven Law Firms and Class Counsel to schedule the mediation.

4. The Seven Law Firms will participate in the mediation as ordered by the Court.

5. On May 9, 2011, I sent an email to Brian Strange of Strange & Carpenter, with a copy to James E. Cecchi of the Carella Byrne law firm, stating: "We intend to participate fully in mediation with you and the mediator appointed by the Court." A copy of my email exchange is attached hereto as Exhibit A.

6. On May 10, 2011, I wrote to the mediator, stating: "The Seven Law Firms will participate in the mediation ordered by the Court. Please contact me to schedule the mediation." A copy of that letter is attached hereto as Exhibit B.

7. Today, I received an email from the mediator proposing a schedule for the mediation.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed this 11th day of May, 2011, at Walnut Creek, California.



/s/ Alan R. Plutzik
Alan R. Plutzik

**EXHIBIT A**

## Alan Plutzik

**From:** Alan Plutzik
**Sent:** Monday, May 09, 2011 6:47 PM
**To:** 'LACounsel@Earthlink.NET'
**Cc:** jcecchi@carellabyrne.com
**Subject:** RE: Hall v AT&T: California Lawsuit in Violation of Court Order

Brian:

   I will pass your message along to my colleagues and will let you know their reaction. In the meantime, please note the following in response to your email:

1. You are correct that we are under a court order to mediate the dispute. We intend to participate fully in mediation with you and the mediator appointed by the Court.

2. Nothing in Judge Linares's order prohibited us from filing suit in state court. In fact, the Court's order affirmatively stated that if we are unable to resolve our dispute through mediation, it should be decided by a state court, not the District of New Jersey. If we settle it, we settle it. If we're unable to reach a settlement, the state court will decide the dispute as Judge Linares envisioned.

3. I did not agree that our dispute would be *resolved* by Judge Linares. What I agreed to do was to *present* it to Judge Linares for resolution. I did that, in good faith. I can't help the fact that the Court did not resolve it and decided that it belonged in state court.

4. One thing is certain: This dispute needs to be resolved. We can't just let it drift. It has already been six months since the issue arose.

   You'll hear back from me when I've canvassed my colleagues. But these are my thoughts at the moment.

Alan

>        -----Original Message-----
>        **From:** Brian Strange [mailto:LACounsel@Earthlink.NET]
>        **Sent:** Monday, May 09, 2011 5:45 PM
>        **To:** Alan Plutzik
>        **Cc:** jcecchi@carellabyrne.com
>        **Subject:** Hall v AT&T: California Lawsuit in Violation of Court Order
>
>
>        Alan-As you know, your law firm and all the firms that filed the lawsuit on April 22 against my firm and Carella Byrne are under a Court Order from the Federal Court in New Jersey to mediate the dispute. You have previously tried to go around other federal Court orders and have been enjoined. If you don't immediately dismiss the lawsuit we will file a motion to hold you and the others in violation of the Order and will request appropriate relief including attorneys fees. In addition, as you know, you further agreed with both Jim and I that this dispute would be resolved by Court in New Jersey when you cashed the check for $600,000 so you are also in breach of that agreement.
>
>        Please let us know if you will dismiss the case without involving the Federal Court. Please communicate this request to all members of your group as we will hold all of them responsible for this conduct.
>
>        Brian R. Strange, Esq.

5/10/2011

| STRANGE & CARPENTER |

12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
Tel: 310.207.5055
Fax: 310.826.3210
lacounsel@earthlink.net

5/10/2011

**EXHIBIT B**

## BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
MICHAEL S. STRIMLING

PAUL F. MAHLER
OF COUNSEL

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

May 10, 2011

VIA FIRST CLASS MAIL AND FAX (FAX: 201-489-1536)

Michael D. Sirota, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
Hackensack, NJ 07601

Re: Mediation

Dear Mr. Sirota:

I write on behalf of seven law firms – my own firm; Franklin & Franklin; Law Offices of Anthony A. Ferrigno; Reich Radcliffe & Kuttler, LLP; Cuneo Gilbert & LaDuca; Law Offices of Carl Hilliard; and Law Offices of Joshua Davis (the "Seven Law Firms").

The Hon. Jose L. Linares, United States District Judge for the District of New Jersey, has referred to you for mediation a dispute between the Seven Law Firms and two other law firms, Strange & Carpenter and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. Copies of Judge Linares's Orders regarding the mediation are attached hereto.

The Seven Law Firms will participate in the mediation ordered by the Court. Please contact me to schedule the mediation.

Very truly yours,

BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER, LLP

Alan R. Plutzik

cc: James E. Cecchi, Esq.
    Brian R. Strange, Esq.
Encl.
64093

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AT & T MOBILITY LLC f/k/a CINGULAR, WIRELESS LLC, et al., <br><br> Defendants. | Civil Action No.: 07-5325 (JLL) <br><br><br><br> **ORDER** |

This matter comes before the Court on the Seven Law Firms' application for an order enforcing an agreement between the Seven Law Firms and ETF Class Counsel.[1] This Court has reviewed the papers submitted in support of and in opposition to said application and finds that mediation would conserve judicial resources and be in the best interest of the court and the parties. Therefore,

**IT IS ON THIS 11th DAY OF APRIL, 2011;**

**ORDERED,** that this application be and hereby is referred to mediation before Michael D. Sirota, Esq. of Cole, Schotz, Meisel, Forman, & Leonard, P.A.;[2] and, it is further,

**ORDERED,** that counsel and their respective clients participate and cooperate fully in the mediation process and with mediator, Michael D. Sirota, Esq.; and, it is further,

---

[1] The Seven Law Firms refers to the law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP; Franklin & Franklin, APC; Law Offices of Anthony A Ferrigno; Reich Radcliffe LLP; Cuneo Gilbert & LaDuca; Law Offices of Carl Hilliard; and Law Offices of Joshua Davis. ETF Class Counsel refers to the law firms of Strange & Carpenter and Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein.

[2] Mr. Sirota's professional biography is attached to this order as Exhibit A.

**ORDERED,** the mediator shall contact the parties to schedule mediation; and, it is further

**ORDERED,** that counsel and the parties (including all individuals with settlement authority) shall attend all mediation sessions requested by the mediator; and, it is further,

**ORDERED,** that the mediator may meet with counsel and parties jointly or *ex parte*. All information presented to the mediator shall be deemed confidential and shall be disclosed by the mediator only on consent of counsel, except as necessary to advise the court of an apparent failure to participate. The mediator shall not be subject to subpoena by any party. No statements made or documents prepared for mediation sessions shall be disclosed in any subsequent proceeding or construed as an admission against interest; and, it is further,

**ORDERED,** that in the event that mediation is unsuccessful, the parties shall notify the Court.[3]

_____
Jose L. Linares
United States District Judge

---

[3] However, in the event that mediation is unsuccessful, the Court tends to believe that this dispute is more properly suited for litigation in state court.

# EXHIBIT A



# COLE SCHOTZ
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.



TEL: 201-525-6262

FAX: 201-678-6262

msirota@coleschotz.com

**EDUCATION**

- Syracuse University College of Law, J.D., *cum laude*, 1986

**BAR & COURT ADMISSIONS**

- New Jersey, 1986
- U.S. District Court, District of New Jersey, 1986
- New York, 1987
- U.S. District Court, Southern District of New York, 1987
- U.S. Court of Appeals, District of Columbia Circuit, 1987
- U.S. Court of Appeals, First Circuit, 2007
- U.S. Court of Appeals, Third Circuit, 1987
- U.S. Court of Appeals, Sixth Circuit, 1987
- U.S. Court of Appeals, Eleventh Circuit, 1987

### Michael D. Sirota
**Member**

Bankruptcy & Corporate Restructuring

Michael D. Sirota, Co-Managing Shareholder of the firm and Co-Chair of the firm's Bankruptcy & Corporate Restructuring Department, concentrates in all facets of restructurings, insolvency law and complex bankruptcy and commercial litigation. In 2009 and 2010, Mr. Sirota was recognized by Chambers USA with a #1 tier ranking as a leader in all areas of bankruptcy and restructuring.

Mr. Sirota has represented clients in a myriad of industries including casino and gaming, healthcare, real estate, manufacturing, distribution, finance and transportation. He represents publicly and privately held debtors, trustees, secured and unsecured creditors, equity holders, indenture trustees, venture capitalists, private equity/hedge funds and parties with substantial interests in distressed situations and insolvency proceedings throughout the country. Mr. Sirota's commercial and insolvency law knowledge and extensive court experience frequently result in his retention as special litigation counsel in complex matters tried before the United States Bankruptcy and District Courts.

Mr. Sirota's vast experience in "high stakes" insolvency and litigation matters has resulted in his frequent representation of businesses, high net worth individuals and professionals (including lawyers and financial advisors) faced with crisis situations.

He is a co-author of West Publishing's New Jersey Practice Series "Sirota and Meisel, Debtor-Creditor Law Practice" (2009), covering, among other topics, Receivers for Corporations, Bankruptcy and Assignment for Benefit of Creditors. He is also a co-author of the New Jersey Bankruptcy Manual. Mr. Sirota has written numerous articles that have been published in the *New Jersey Law Journal* and various other journals. Mr. Sirota frequently lectures and authors materials on bankruptcy topics for the New Jersey Institute for Continuing Legal Education.


COLE SCHOTZ

## Michael D. Sirota (Continued)

**NOTEWORTHY**

Mr. Sirota has been awarded an AV rating for his professionalism and the quality of his legal work from Martindale-Hubbell, the premier directory of legal professionals. He has been selected for inclusion in *Best Lawyers in America®* (since 2000) and has been included in either the Top 10 or Top 100 *New Jersey Super Lawyers®* list since 2005. He is a fellow of the American College of Bankruptcy.

*Chambers USA: America's Leading Lawyers For Business,* a well-respected legal directory, compiled based on in-depth interviews with key in-house counsel and private practice attorneys, ranks Mr. Sirota in Band 1 for the second consecutive year and notes:

- "Co-managing partner and co-chair of the practice Michael Sirota is considered to be the team's leading light. He led the representation of Tarragon and is described as 'an outside-the-box thinker, who can devise creative solutions to any stalemate.'" *2010 edition.*
- "...foremost among the team's extremely capable and highly strategic thinkers is departmental chair Michael Sirota, who is one of the area's leading practitioners in all areas of bankruptcy and restructuring matters. He is widely revered for his ability to develop innovative and effective solutions to bankruptcy issues. 'He's very diligent – and because he's been in so many major cases, he has great general experience'," say sources. *2009 edition.*

Mr. Sirota serves as a member of the Lawyers Advisory Committee for the United States District and Bankruptcy Courts for the District of New Jersey. He served on the 2006, 2007, 2009 and 2010 United States Magistrate Judges Judicial Selection Committee for the United States District Court and the 2006 Merit Selection Committee for the selection of a United States Bankruptcy Judge.

**Presentations:**

Panelist - Third Circuit Judicial Conference

Guest - CNN Moneyline with Lou Dobbs
Fox Business

Panelist for New Jersey Institute of Continuing Legal Education:

- Recent Case Law Development in Bankruptcy 1992-2006
- Dischargeability
- The Power of the Bankruptcy Court: An Analysis of Section 105
- New Federal Rules of Bankruptcy Procedure


COLE SCHOTZ

**Michael D. Sirota** (Continued)

- Financial Aspects of Chapter 11
- Important Decisions and Aspects of Chapter 11 Practice

**REPRESENTATIVE MATTERS**

Mr. Sirota has restructured billions of dollars of distressed debt over his career. In addition to accomplishing countless out-of-court restructurings, including New York Waterway and St. Joseph's Hospital & Medical Center, Mr. Sirota has represented Chapter 11 debtors such as Tarragon Development Corporation, Zayat Stables, LLC, Adamar of New Jersey, Inc. (a/k/a Tropicana Casino and Resort--Atlantic City) and Manchester Mall, Inc., EnCap Golf Holdings, LLC, Marcal Paper Mills, Inc., Passaic Beth Israel Hospital, Princeton Ski Shops, Best Manufacturing Group, LLC (one of the country's largest textile distributors and manufacturers), Burke Industries, Inc. (aerospace and defense company), Topps Appliance City, Inc., Knights Lodging, Inc., Economy Lodging Systems, Inc. (188 motel franchisor), Carretta Trucking, Inc. (national trucking company), Horowitz/Rae Book Manufacturers, Inc. (national book distributor), Hit or Miss, Inc. (national retailer of women's clothing), Integral Nuclear Management, Workbench Furniture, Inc. and Jazz Photo Corp. He has also represented clients in pivotal roles in the bankruptcy proceedings of St. Vincents Hospital, Linens 'N Things, Parmalat USA (special litigation counsel to Creditors' Committee), K-Mart, Bethlehem Steel, New Valley Corporation (Western Union), Bayonne Medical Center (counsel to largest secured creditor), Kara Homes (counsel to Creditors' Committee), Rickel Home Centers, Inc., Neuman Distributors, Inc., Keystone Camera Corporation, MacGregor Sporting Goods, Inc., Mutual Benefit Overseas, Inc., Grand Court Lifestyles, Inc., Bradlees Stores, Inc., and Agway, Inc.

**PUBLISHED DECISIONS**

*In re Bressman*, 327 F.3d 229 (3rd Cir. 2003) - successfully defended pre-eminent NYC criminal law firm against Chapter 7 Trustee disgorgement claim.

*In re Swedeland Development Group, Inc.*, 16 F.3d 552 (3rd Cir. 1994) - argued before Third Circuit panel and *en banc*, seminal case in Third Circuit on debtor-in-possession financing and the standard for "priming" a secured creditor.

*In re Jazz Photo Corp.*, 312 B.R. 524 (Bankr. D.N.J. 2004) -prosecution of sanctions motion against creditor and counsel.

*In re Bressman*, 214 B.R.131 (Bankr. D.N.J. 1997) - addressing the challenges in representing individual debtor against non-dischargeability actions and the funding of such defense.


COLE SCHOTZ

### Michael D. Sirota (Continued)

*In re Economy Lodging Systems, Inc.*, 205 B.R. 862 (Bankr. N.D. Ohio 1997) - "cram-down" and absolute priority rule in contested Chapter 11 confirmation proceeding.

*Centennial Associates Ltd. Partnership v. F.D.I.C.*, 927 F. Supp. 806 (D.N.J. 1996) - successful dismissal of mortgagor's claims for lack of jurisdiction.

*In re Geriatrics Nursing Home, Inc.*, 195 B.R. 34 (Bankr. D.N.J., 1996 - reimbursement of costs and expenses sought by hostile plan proponent pursuant to 11 U.S.C. § 503(b)(3)(D).

*Touch of Class v. Mercedes-Benz Credit of Canada, Inc.*, 248 N.J. Super. 426 (N.J. Super. A.D. 1991) - successful prosecution of case on behalf of Mercedes Benz in establishing true lease versus purchase agreement.

*Matter of Keystone Camera Products Corp.*, 126 B.R. 177 (Bankr. D.N.J. 1991) - successfully opposed debtor's attempt to prime existing liens and obtained conversion to Chapter 7.

*Matter of Quality Spice Corp.*, 107 B.R. 843 (D.N.J. 1989) - doctrine of mootness on appeals from bankruptcy court orders.

*C.B. Snyder Realty Inc. v. BMW of North America, Inc.*, 233 N.J. Super. 65 (N.J. Super. A.D. 1989) - successful defense of BMW North America against real estate broker's claim.

**PUBLICATIONS**

Retail Debtors Aggressively Attempt to Realize the Value of Shopping Center Leases, *New Jersey Law Journal*

Buyer and Seller Beware!, *New Jersey Law Journal*

Co-Author, West Publishing's *New Jersey Practice Series*, "Sirota and Meisel, Debtor-Creditor Law Practice"

New Jersey Bankruptcy Manual, *New Jersey Institute of Continuing Education*

Practice Pitfalls in Chapter 11 Proceedings, *New Jersey Law Journal*

Competing Proceedings: A Debtor's Dilemma, *New Jersey Law Journal*

It Pays To Be Diligent, *New Jersey Law Journal*

Section 503 (b): Potent Tool for Selfless Creditors, *New Jersey Law Journal*



COLE SCHOTZ

## Michael D. Sirota (Continued)

Bankruptcy and the Automatic Stay: The 'Stealth' Supersedeas Bond, *New Jersey Law Journal*

Can a Plan of Reorganization Bind a Creditor Holding a Non-Dischargeable Debt?, *Essex County Chronicle*

ADR Can Help a Chapter 11 Debtor, *New Jersey Law Journal*

### SPEAKING ENGAGEMENTS
- Bankruptcy Preparation: Beyond the Basics, *American Bankruptcy Institute 2010 Annual Spring Meeting*, May 1, 2010

### PROFESSIONAL ACTIVITIES
- New Jersey State Bar Association (Bankruptcy Law Section, former Legislative Coordinator)
- American Bankruptcy Institute
- Master, Bankruptcy Inn of Court
- Bergen County Bar Professionalism Committee, 2005 Co-Chairman

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALL, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 07-5325 (JLL) |
| AT&T MOBILITY LLC, et al., | |
| Defendants. | **ORDER** |

**LINARES, District Judge.**

On April 18, 2011, the Seven Law Firms wrote to this Court seeking a modification or clarification this Court's April 11 Order. Class Counsel opposes the modification, but does not oppose the suggested clarification. Having considered both parties' positions

**IT IS** on this 5th day of May, 2011,

**ORDERED** the Seven Law Firms request to modify the April 11 Order to allow the parties to select their own mediator is **DENIED**; and it is further

**ORDERED** that the Seven Law Firms may comply with the April 11 Order by designating a single representative with settlement authority to attend and participate in mediation proceedings on behalf of the Seven Law Firms; and it is further

**ORDERED** that the Seven Law Firms' motion for attorney fees (D.E. 610) is administratively terminated.

**SO ORDERED.**

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE