BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
MICHAEL S. STRIMLING

PAUL F. MAHLER
OF COUNSEL

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

May 11, 2011

**Via ECF**

Hon. Jose L. Linares, U.S.D.J.
U.S. District Court, District of New Jersey
M. L. King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

Re: *Hall v. AT&T Mobility LLC, et al.*, Civil Action No. 07-5325 (JLL)

Dear Judge Linares:

I write on behalf of Bramson, Plutzik, Mahler & Birkhaeuser, LLP; Franklin & Franklin; the Law Offices of Anthony A. Ferrigno; Reich Radcliffe & Kuttler, LLP; Cuneo, Gilbert & LaDuca; the Law Offices of Carl Hilliard; and the Law Offices of Joshua Davis (collectively, "the Seven Law Firms"), in response to the May 10, 2011 letter that James E. Cecchi, Esq. has submitted to the Court.

In his letter, Mr. Cecchi asks the Court to hold the Seven Law Firms in contempt of court and issue an All Writs Act injunction enjoining them from proceeding with the case of *Bramson, Plutzik, Mahler & Birkhaeuser, LLP et al. v. Strange & Carpenter et al.*, Contra Costa County (Cal.) Superior Court Case No. C11-00952 (the "California Action").[1] The Court should deny the relief requested by Mr. Cecchi.

**THE COURT SHOULD NOT HOLD THE SEVEN LAW FIRMS IN CONTEMPT OF COURT**

First, the Seven Law Firms are not in violation of any Order of this Court and should not be held in contempt.

[1] The Seven Law Firms object to the informal manner in which Mr. Cecchi has presented that request to the Court. If the Court is to consider any request for relief of the type Mr. Cecchi requests, it should be filed, briefed and heard as a noticed motion. The Seven Law Firms submit this letter subject to, and without waiving, that objection, and reserve their right to submit additional evidence and argument at a later time.

The Mediation Order

The Seven Law Firms are in full compliance with the Court's April 11, 2011 Order ordering the parties to mediate their dispute before Michael D. Sirota, Esq. (the "Mediation Order"). The Seven Law Firms are committed to participating in the mediation. Declaration of Alan R. Plutzik, filed herewith (the "Plutzik Declaration"), at ¶ 4.

Thus, in a May 9, 2011, email to Mr. Strange, with a copy to Mr. Cecchi, I stated: "We intend to participate fully in mediation with you and the mediator appointed by the Court." Mr. Cecchi did not provide a copy of that email to the Court. It is attached as Exhibit A to the Plutzik Declaration. On May 10, 2011, I wrote to the mediator, stating: "The Seven Law Firms will participate in the mediation ordered by the Court. Please contact me to schedule the mediation." A copy of that letter is attached as Exhibit B to the Plutzik Declaration. Today, May 11, 2011, the mediator responded to my letter, proposing a schedule for the mediation. Plutzik Declaration, ¶ 7. Thus, it is the Seven Law Firms, not Class Counsel, that have acted to advance the mediation.

The Mediation Order did not prohibit the Seven Law Firms from filing suit in state court. Indeed, to the contrary, it suggested that the dispute was "more properly suited for litigation in state court" than in this Court. Mediation Order at 2 n.3. When this Court indicated that it was not inclined to decide this dispute, the Seven Law Firms were left without a forum. To avoid statute of limitations or other defenses occasioned by the passage of time, they filed a state court complaint to litigate the dispute in the event it is not resolved in mediation. That was entirely proper and consistent with the Mediation Order.

The Final Approval Order

Mr. Cecchi's contention that the Seven Law Firms have violated the Court's September 15, 2009 Order granting final approval to the Settlement (the "Final Approval Order") is equally meritless. Mr. Cecchi argues that Article X, Paragraph 13 of the Final Approval Order vests exclusive jurisdiction in this Court over this dispute about attorneys' fees. That provision states:

> The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto, including with respect to disputes about allocation of fees between Class Counsel and ETF Counsel.

The Court itself, in its Mediation Order, indicated that it did not believe this provision gave it exclusive jurisdiction to decide the dispute between the Seven Law Firms and Class Counsel. Thus, the Court stated, at p. 2 n.3 of the Mediation Order, that it was not inclined to decide that dispute and believed it was "more properly suited for litigation in state court."

The Court's interpretation of Paragraph 13 is correct – it *does not* vest exclusive jurisdiction in this Court over the dispute between the Seven Law Firms and Class Counsel. First, it applies only to "Parties and Settlement Class Members." The Seven Law Firms are neither. Furthermore, the dispute between the Seven Law Firms and Class Counsel arises from a private contract between them. It is not the sort of allocation dispute that the Court resolved in the *Larson* and *Milliron* cases, based on its evaluation of the relative contributions made by the various law firms to the class. It is a dispute between contracting parties regarding the interpretation of their contract and other aspects of their legal relationship with each other.

**THE COURT SHOULD NOT ENJOIN THE CALIFORNIA ACTION**

There is no reason or legal basis for enjoining the Seven Law Firms from proceeding with the California Action. The Anti-Injunction Act prohibits most injunctions "to stay proceedings in a State court." 28 U.S.C. § 2283. It allows only such injunctions as are expressly authorized by an Act of Congress, or "necessary in aid of [the Court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

In *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002), the Third Circuit explained:

> The exceptions in the Anti-Injunction Act are to be construed narrowly. Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.

Furthermore, to be permissible under the Anti-Injunction Act, an injunction against a state court proceeding must be *necessary* in aid of the federal court's jurisdiction. It is not enough that the requested injunction is merely *related to* that jurisdiction. *Id.* "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 202 (3d Cir. 1993).

Here, the injunction Mr. Cecchi seeks is not necessary in aid of this Court's jurisdiction, nor is it necessary to protect or effectuate the Court's judgment in the *Hall* action. The Court has indicated that it does not intend to exercise jurisdiction over the fee dispute, and has stated that state court is the appropriate forum for its resolution. Accordingly, Mr. Cecchi is wrong in stating that the Anti-Injunction Act permits the Court to issue such an injunction.

The dispute between the Seven Law Firms and Class Counsel arises from a private contract they negotiated, not from the Settlement Agreement or an Order of the Court. There is no basis for enjoining proceedings in the very forum in which this Court held the dispute belongs.

**CONCLUSION**

The Court should deny the relief Mr. Cecchi has requested. The Seven Law Firms acted in good faith in presenting their dispute to the Court for resolution. The Court informed the parties that it did not intend to resolve it and noted that it believed state court was the correct venue. The Seven Law Firms therefore filed a complaint in state court to resolve the dispute. The Seven Law Firms have every intention of mediating in good faith and hope that Class Counsel will do so as well. No Court order either expressly or impliedly forbade the Seven Law Firms from filing a state court action promptly to protect them against possible statute of limitations issues or other defenses.

Very truly yours,

Alan R. Plutzik

64101