Anthony A. Ferrigno, Esq., CA State Bar No. 61104
1116 Ingleside Avenue
Athens, TN 37303
Tel: (423) 744-4041/Fax: (925) 945-8792

*In Propria Persona*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARRY HALL, et al.,** <br><br> Plaintiffs, <br> vs. <br> **AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,** <br><br> Defendants. | Civil Action No. 07-05325 (JLL) <br><br> **DECLARATION OF ANTHONY A. FERRIGNO IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO ENJOIN RELITIGATION OF CERTAIN ATTORNEYS' ENTITLEMENT TO ATTORNEYS' FEES** <br><br> Hearing Date: January 30, 2012 <br> Time: 3:00 p.m. <br> Courtroom: 5D |

Anthony A. Ferrigno, of full age, and under penalty of perjury, hereby declares as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law licensed to practice in the State of California. I was admitted to practice in that State in 1974 and have been an active member in good standing of the State of California Bar Association continuously since then. I have been ordered to appear before this Court to show cause why the Court should not grant the Defendant's motion for an order enjoining me and Attorney J. David Franklin from making and/or pursuing an application for attorneys' fees or costs in Alameda County Superior Court

2. I submit this Declaration in opposition to the motion of the Defendant AT&T Mobility seeking an order enjoining me and Attorney Franklin from making and/or pursuing an application in the Alameda County Superior Court in California or in any other Court in any other jurisdiction for attorneys' fees or costs. I have personal knowledge of the facts set forth herein, except where such facts are stated on information and belief, and, as to those facts, I believe them to be true. I could and would competently testify thereto if called upon to do so. Furthermore, I have reviewed the Declaration of Attorney J. David Franklin, being filed concurrently with my herein subject Declaration, and I'm informed and believe the facts set forth therein are true and correct and that the Exhibits attached thereto are genuine, true and correct copies of the documents they are represented to be and are as represented in Attorney Franklin's Declaration.

3. I am informed and believe that in 2005, Angela Rel retained Attorney Franklin and me to represent her in a putative class action lawsuit against Cingular Wireless LLC in the Superior Court of the State of California for the County of Alameda. I am informed and believe that at that time Angela Rel entered into an oral contingency fee agreement with J. David Franklin for the purpose of Attorney Franklin and I representing her in her putative class action lawsuit against Cingular Wireless LLC, under the terms of which, Attorney Franklin and I would receive one-third of the total recovery of monies from the lawsuit, which included any monies from any award of damages, any award of restitution, and/or any attorneys' fees

1

awarded to Angela Rel. In other words, any attorneys' fees awarded to Angela Rel were to be added to any other monies recovered in the lawsuit, and the contingent fee was to be applied to the total sum of money recovered.

4. Attorney Franklin and I proceeded to file a putative class action complaint against Defendant Cingular Wireless LLC in the Superior Court of the State of California for the County of Alameda on July 19, 2005. A true and correct copy of said Complaint is attached to Attorney Franklin's Declaration as Exhibit A,. Said case is still ongoing in the Alameda County Superior Court.

5. On or about August 25, 2005, an attorney for Defendant Cingular Wireless LLC, Donald Falk, sent Attorney Franklin a letter acknowledging having received the Complaint filed on behalf of Angela Rel, and requested that Angela Rel dismiss her claims in the Alameda County Superior Court, and pursue whatever claims she had against Defendant Cingular either by way of arbitration or small claims court. Attorney Falk indicated in his letter that if Angela Rel did not dismiss her claims and seek either arbitration or file a small claims action by September 9, 2005, that Cingular would bring a motion to compel arbitration. Attached as Exhibit B to Attorney Franklin's Declaration is a true and correct copy of that letter and the enclosures thereto, which purport to be Angela Rel's Customer Service Agreement with Defendant Cingular Wireless.

6. On or about September 30, 2005, Defendant Cingular Wireless filed a motion to compel arbitration, seeking to compel Angela Rel to arbitrate all of her claims that were set forth in her Complaint against Cingular. A true and correct copy of Defendant Cingular's notice of motion and motion to compel arbitration is attached to Attorney Franklin's Declaration as Exhibit C. Defendant Cingular's motion to compel arbitration was denied by the Alameda County Superior Court by an order entered on January 10, 2006. Thereafter, Defendant Cingular filed a notice of appeal in the Court of Appeal for the State of California, First Appellate District.

2

Attached to Attorney Franklin's Declaration as Exhibit D is a true and correct copy of the notice of appeal filed by Defendant Cingular. After Defendant Cingular filed its Appellant's Opening Brief, and after Plaintiff Angela Rel filed her Respondent's Brief in the Court of Appeal, Defendant Cingular dismissed its appeal.

7. As a result of a Coordination Proceeding, civil cases against Cingular Wireless LLC and AT&T Wireless Services were coordinated in the Alameda County Superior Court. There were multiple plaintiffs, including Angela Rel, who were being represented in the Coordinated Proceedings by multiple plaintiffs' counsel, including Attorney Franklin and me. Several of these plaintiffs became settlement class members in the nationwide class action settlement in *Hall v. AT&T Mobility LLC, et al.* As a result of the legal work that Attorney Franklin and I did on behalf of those settlement class members, we individually submitted declarations in support of an award of attorneys' fees, costs and expenses to this Court and to Attorney James Cecchi. A true and correct copy of my declaration signed May 7, 2010 is attached hereto as **Exhibit A**.

I have excluded the exhibits to said declaration because of my understanding that the declaration together with the exhibits were filed with this Court prior to the final approval hearing in the *Hall* case. I am informed and believe that any time, lodestar and expenses set forth in that Declaration and the exhibits thereto *concerning which I claimed any fees or expenses* did <u>not</u> include any work performed or expenses incurred related to the California named Plaintiffs' successful defense against Cingular's and AT&T's motions to compel arbitration and related appellate proceedings. In fact, in my referenced Declaration, Exhibit A hereto, at Paragraph 6, I specifically stated to the Court and put all parties and counsel on notice that, "These hours and costs do not include those expended on the opposition to defendants' arbitration motions which are not being sought in this request but may be sought elsewhere". Thus, none of the legal work

3

that I did in defending Angela Rel in Cingular's motion to compel arbitration was included in hours for which I requested any payment in the motion for an award of attorneys' fees, costs and expenses that I, as one of the ETF counsel, submitted in the *Hall* case.

8. After publication of this Court's Preliminary Approval Order in the *Hall* settlement, Angela Rel opted out of the *Hall* settlement. Attached to Attorney Franklin's Declaration as Exhibit G is a true and correct copy of the Defendants' Request for Judicial Notice in Support of Motion for Judgment on the Pleadings that was filed by counsel for Cingular Wireless and AT&T Wireless Services on November 18, 2011 in the Superior Court of the State of California for the County of Alameda. <u>Exhibit E</u> to the Defendants' request for judicial notice is a list of exclusion requests which meet exclusion criteria in the case of *Hall v. AT&T Mobility*. The fifth name on the list is that of Angela Rel.

9. I am informed and believe that in October, 2011, Plaintiff Angela Rel authorized Attorney Franklin and I to file a motion on her behalf in the Alameda County Superior Court seeking an award of attorneys' fees for the legal work that was done in successfully defending her from Defendant's motion to compel arbitration. No such motion has yet been filed. Counsel for AT&T Mobility notified Attorney Franklin and me in a letter that we were restrained by the Settlement Agreement in this case, and by this Court's Orders from seeking an award of Attorney's fees in Angela Rel's individual case in Alameda County, California. A true and correct copy of said letter is attached to Attorney Franklin's Declaration as Exhibit H. Thereafter, I am informed and believe Attorney Franklin sent a letter on his and my behalf to counsel for AT&T Mobility pointing out why Cingular's position was factually and legally wrong. A true and correct copy of Attorney Franklin's letter is attached to Attorney Franklin's Declaration as Exhibit I. I am informed and believe that, without responding to that letter, Defendant filed the instant Motion. Under no circumstances have Attorney Franklin and I violated any Order of this Court issued in the *Hall* case, and therefore, any sanctions against us

are wholly unwarranted. On the other hand, AT&T Mobility's instant Motion is completely frivolous, and as a consequence, Attorney Franklin and I seek sanctions against AT&T Mobility and its counsel to reimburse us for the costs of having to defend the instant Motion.

I declare under penalty of perjury under the laws of the United States of America and under the laws of the State of California that the foregoing is true and correct. Executed on December 27, 2011 at Athens, Tennessee.

_____
ANTHONY A, FERRIGNO, Declarant

SHERMAN BUSINESS LAW
Steven M. Sherman, Esq.
220 Montgomery Street, Suite 1500
San Francisco, CA 94104
Tel: 415/403-1660
Fax: 415/397-1577

Plaintiffs' ETF Counsel

Anthony A. Ferrigno (State Bar No. 61104)
LAW OFFICES OF ANTHONY A. FERRIGNO
501 N. EL Camino Real, Suite 200
San Clemente, CA 92672
Tel: (423) 744-4041
Fax: (423) 744-7616

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARRY HALL *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC *et al.*, <br><br> Defendants, | Civ. Act. No. 07-5325 (JLL) <br><br> **DECLARATION OF ANTHONY A. FERRIGNO ON BEHALF OF LAW OFFICES OF ANTHONY A. FERRIGNO IN SUPPORT OF JOINT MOTION OF CALIFORNIA COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES** |

EXHIBIT A

I, ANTHONY A. FERRIGNO, declare as follows:

1. I am an attorney at law admitted to practice in the State of California and my firm name is Law Offices of Anthony A. Ferrigno, in which I practice as a sole proprietor in the law firm which is one of the law firms serving as counsel for plaintiffs in this action. I am a member in good standing of the State Bar of California. I have personal knowledge of the statements contained in this Declaration and if called to testify, I could and would testify competently to them. I am submitting this declaration in support of Class Counsel's Application for an Award of Attorneys' Fees, Costs and Expenses with respect to the AWS/CingularDefendants.

2. I have devoted 406.7 hours to the prosecution of the AWS/Cingular Defendant cases, which were two of the Defendant carrier matters I prosecuted in the coordinated "ETF" cases. I have a current lodestar rate of $575.00 hour. Time that related to the case against these Defendants, AWS and Cingular, was allocated and segregated from the overall time I spent in total in prosecution of all the ETF cases in this litigation. That segregated time ascribable to "AWS/Cingular" is set forth to the tenth of an hour in my itemized time records which are not attached but which are available should the Court request or require. My total lodestar at the $575 hourly rate for the 406.7 hours is $230,832.00.

5. Specifically, my firm has made the following contributions to the prosecution of these cases on behalf of the class: I took multiple PMK depositions; with respect to the AWS/Cingular matters, I propounded and conducted written discovery, met and conferred with defense counsel in the course of discovery disputes; participated in law and motion practice; participated in briefing, and preparation of pleadings including the complaints; was involved in counsels' strategic planning including regarding settlement. The specific detail of my involvement is reflected in my itemized time records

6. My firm expended a total of $45,000.00 directly into the "ETF" litigation fund. My percentage share, therefore, of the ETF fund that contributed to the costs actually expended out of said fund towards just the AWS/Cingular defendants matter was 4%. I have paid a Plaintiffs' expert, James Hobson, directly the amount of $1,398.47 and Plaintiffs' expert, Miller & Van Eaton, directly the amount of $3,158.30. I believe as well that I have contributed an additional

1  $51,416.50 indirectly, which I believe are part of the monies the ETF fund shows as being
2  contributed by Attorney J. David Franklin. I am not seeking any of that $51,416.50 amount here,
3  as to the extent those were my contributions, I will look to Attorney Franklin from any amounts
4  awarded him that might represent my contributions. I have cancelled checks or other
5  documentation of payment such as credit card statements and/or receipts for the expenses
6  claimed herein. I have incurred travel expenses from Tennessee to at least 16 hearings,
7  depositions and or Plaintiff meetings in this case, but I have limited the requested reimbursement
8  from those expenses to the lesser amount of travel from my office in San Clemente instead,
9  which is estimated at $250.00 per trip, which is far less than the amount I actually paid for travel
10 which was from Tennessee. The amount requested for air travel therefore is 16 x $250.00 in the
11 total amount of $4,000.00. I will provide my documentation for each such trip. They include to
12 hearings in 2003 on 10/22/'03, 12/11/'03; in 2004 on 1/12/'04, 2/19/'04, 2/23/'04, 3/18/'04,
13 4/19/'04, 4/21/'04, 5/25/'04, 6/14/'04, 7/7/'04, 8/4/'04, 9/1/'04 and in 2005 on 3/14/'05,
14 5/25/'05, 5/25/'05 and 6/24/'05. These hours and costs do not include those expended on the
15 opposition to defendants' arbitration motions which are not being sought in this request but may
16 be sought elsewhere. Therefore, the total amount I request for costs expenditures I made is 4% of
17 the $45,000 into the litigation fund which is $1,876.25 plus 25% of the remaining $14,631.87,
18 including the itemized expenses reflected as "expenses" in the time records in the amount of
19 $9,531.73. The 25% is $3,657.97 for a total of $9,541.72. This $9,541.72 in costs claimed
20 together with my $230,832.00 lodestar brings the total I request in this application for fees and
21 costs to $240,373.72.

22
23 I declare under penalty of perjury under the laws of the State of California and the United
24 States of America that the foregoing is true and correct, and that this declaration was
25 executed this 7th day of May 2010, at Walnut Creek, California.

26
27                                               ANTHONY A. FERRIGNO, ESQ., Declarant
28

DECLARATION OF [NAME] IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES
56269