NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY HALL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, et al.,<br><br>    Defendants. | Civil Action No.: 07-5325 (JLL)<br><br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion by Defendant AT&T Mobility LLC f/k/a Cingular Wireless LLC ("ATTM") to enjoin two attorneys, David Franklin and Anthony Ferrigno, from seeking certain attorney's fees or costs in California Superior Court, Alameda County. The Court held oral argument on January 30, 2012. For the reasons set forth below, Defendant's motion is DENIED.

## I. BACKGROUND

ATTM previously defended a nationwide class action before this Court relating to early termination fees ("ETF"). On October 13, 2010, this Court entered final approval of a settlement agreement which resolved all claims related to early termination fees (CM/ECF No. 584) in the action before this Court as well as related actions throughout the country ("Settlement Agreement"). In relevant part, the final approval order and judgment permanently enjoined the following:

1

> all Settlement Class Members, including Class Representatives, and their successors, assigns, parents, subsidiaries, affiliates, *agents or representatives* of any of them including ETF Class Counsel . . . from filing, commencing, prosecuting maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, any litigation, arbitration, administrative proceeding, regulatory proceeding, or other proceedings in any court, arbitration, tribunal or jurisdiction, as class members or otherwise or *receiving any benefits (including seeking or receiving awards of attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsover) from any lawsuit, arbitration*, administrative proceeding, regulatory proceeding or other proceedings or order in any jurisdiction, based on or relating to the claims, causes of actions, motions, defenses, or the facts, and circumstances relating thereto, in the Action.

(Final Approval Order and Judgment, CM/ECF 584, 5) (emphasis added). Further, it provided that the terms of the Settlement Agreement would have maximum preclusive effect with regard to all claims, including attorney's fees and costs. (Id. at 6). Finally, the Settlement Agreement provided for an award of attorney's fees of 33.3% of the class benefit, which equaled $6 million as well as reimbursement of costs for $506,943.75. (Id. at 7; Final Approval Opinion, CM/ECF 583, 29).

With regard to attorney's fees, the Court's Preliminary Approval Order provided that ETF Counsel should submit to Class Counsel a summary of attorney's fees they wish to seek as part of the Settlement within 21 days of the Final Approval Hearing. (CM/ECF 421, ¶ 8). The same paragraph contained the following language: "All other claims for attorneys' fees, of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, by Class Counsel and/or ETF Counsel shall be deemed waived." (Id.).

David Franklin and Anthony Ferrigno are two California attorneys who represented plaintiffs from the Related Actions, a term defined in the Settlement Agreement. Significantly, it is undisputed that Franklin and Ferrigno participated in Class Counsel's fee application before this Court and were awarded fees for their work in the Alameda ETF actions. (ATTM Br., 2).

However, while Franklin and Ferrigno represented various class plaintiffs and received fees in connection with such representation, they additionally represented Angela Rel, a plaintiff who opted out of the Settlement Agreement and is now proceeding with an individual case in California Superior Court. (Tr. 5:21-6:7).

Ms. Rel retained Franklin and Ferrigno to represent her in a putative class action lawsuit against Cingular Wireless in the Superior Court, Alameda County in 2005. (Ferrigno Decl. ¶ 3). The representation was on a contingency basis and pursuant to their agreement, "any attorney's fees awarded to Angela Rel were to be added to any other monies recovered in the lawsuit, and the contingent fee was to be applied to the total sum of money recovered." (Id.).

Cingular, a defendant in the ETF cases, filed a motion to compel arbitration on or about September 30, 2005, which was denied by the Superior Court, Alameda Count. (Id. at ¶ 6). Subsequently, Cingular appealed the decision to the Court of Appeals for the State of California, First Appellate District, and then dismissed its appeal. (Id.). Separate and apart from the ETF dispute and eventual settlement, the arbitration provision of the relevant ATTM customer agreement provides that if Ms. Rel succeeded in arbitration, she might be entitled to attorneys' fees, or her attorneys could get an attorney's fee award. (Tr. 7:24-8:2).

Angela Rel's claims were coordinated in the Alameda County Superior Court as per a Coordination Proceeding with other plaintiffs represented by the same counsel. (Opp'n., Ferrigno Decl. at ¶ 7). Some of the other plaintiffs later became settlement class members in the class action settlement of Hall v. AT&T Mobility, and Franklin and Ferrigno submitted declarations of support of an award of attorneys' fees in connection with the work they did on behalf of those settlement class members. (Id.). However, Franklin and Ferrigno state that none

3

of the work performed in connection with Angela Rel's claims was included in their application because after publication of this Court's Preliminary Approval Order, Angela Rel opted out of the Hall settlement. (Id. at ¶¶ 7-8). In addition, nor did Franklin and Ferrigno include work performed in connection with defending motions to compel arbitration and related appellate proceedings on behalf of any client because Franklin and Ferrigno maintain that those are separate special proceedings under California law.

ATTM alleges that on November 7, 2011, it became aware that Franklin and Ferrigno intend to make an additional fee petition. (ATTM Br., 5). Although Franklin and Ferrigno scheduled a hearing in the California court they have not yet made a filing attempting to seek fees. (Tr. 37:6-14). ATTM filed the instant motion for an Order to Show Cause in this Court on December 13, 2011. (CM/ECF No. 647).

## II. JURISDICTION

This Court has jurisdiction over the instant motion because it retained jurisdiction over the "Action," the Parties and the Settlement Class, and the administration and enforcement of the Settlement. (See CM/ECF Nos. 470 Final Judgment, 584, Final Approval Order; see generally In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 367-68 (3d Cir. 2001) ("A district court has the power to enforce an ongoing order against relitigation so as to protect the integrity of a complex class settlement over which it retained jurisdiction."); see also Georgine v. AmChem Prods., No 93-0215, 1995 WL 561297, at *7 (E.D.Pa July 10, 2001). Further, neither party disputes this Court's jurisdiction over the instant motion.[1]

---

[1] Specifically, Messrs. Franklin and Ferrigno consent that the Court has jurisdiction over them in connection with this motion because they participated in the ETF settlement. However, they dispute that the Court has jurisdiction over Ms. Rel or her attempt to attain fees. (TR. 35:2-13).

4

As discussed in the Court's previous opinions, although the filing of an appeal generally divests the district court of jurisdiction over matters dealing with the merits of such appeal, the Court may exercise its jurisdiction over the present matter for the following reasons: (1) the Court has continuing jurisdiction to protect and enforce its judgments as long as doing so does not disturb the issues on appeal; (2) assessment of and ruling on Defendant's application would not disturb any issues on appeal in this instance; and (3) as previously noted, neither side disputes the Court's jurisdiction over the present matter. Thus, the Court will exercise its jurisdiction over ATTM's application.

## III. RELEVANT LAW

District courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law" pursuant to the All Writs Act, 28 U.S.C. § 1651. However, the Anti-Injunction Act, 28 U.S.C. § 2283 limits the scope of the All Writs Act by prohibiting "injunction[s] to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The two statutes act in concert, and '[i]f an injunction falls within one of [the Anti-Injunction Act's] three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." In re Diet Drugs, 369 F.3d 293, 305 (3d Cir. 2004) (hereafter "In re Diet Drugs II"). However, a federal court has the positive authority to issue injunctions of state proceedings if an injunction falls within one of the following exceptions: (1) express authorization by Act of Congress; (2) where necessary in aid of a court's jurisdiction; and (3) to protect or effectuate its judgments. 28

U.S.C. § 2283; In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 134 F.3d 133, 143 (3d Cir. 1998). "[H]owever, the exceptions to the Anti-Injunction Act are very narrow indeed." Id. at 144. Finally, "[a]ny doubts as to the propriety of a federal injunction against state court proceeding should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." Id. (quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 90 S.Ct. 1739, 1748 (1970)).

## IV. DISCUSSION

As there is no express authorization by Act of Congress, the only two possible exceptions applicable here are the "to protect or effectuate its judgments" exception and the in aid of jurisdiction exception. After careful consideration of the particular and limited circumstance presented here, the Court declines to issue an injunction pursuant to the All Writs Act in order to prohibit Franklin and Ferrigno from attempting to seek fees in connection with defending Ms. Rel against Cingular's motion to compel arbitration.

### A. In Aid of Jurisdiction Exception

The "necessary in aid of its jurisdiction" exception "applies only 'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." In re General Motors, 134 F.3d at 144 (quoting Atlantic Coast, 398 U.S. at 295). The Third Circuit has also provided that this exception is particularly narrow and is typically applied in "removal cases (where a district

court must ensure its exclusive governance of the particular litigation removed) and in <u>in rem</u> cases (where, under the traditional view, only one court can entertain jurisdiction over a particular res)." <u>Id</u>. The following factors are relevant to whether an injunction is warranted: (1) the nature of the federal action and what kind of state court interference would sufficiently impair the federal proceeding; (2) the state court's actions and whether they present a sufficient threat to the federal action; and (3) principles and comity with an eye toward preventing friction between state and federal courts. <u>In re Diet Drugs</u>, 282 F.3d 220, 234 (3d Cir. 2002) (hereafter "In re Diet Drugs I").

The Court finds that the in aid of jurisdiction exception is inapplicable here. The Court notes that entry of judgment does not preclude a Court from issuing an injunction pursuant to this exception where, for example, that court retains jurisdiction to supervise the implementation of its order. <u>See</u> <u>In re Diet Drugs I</u>, 282 F.3d at 234-38; <u>see also</u> <u>In Re General Motors</u>, 1996 WL 683785, at *9-12 (E.D.Pa 1996) (discussing three areas in which in aid of jurisdiction exception applies). However, the Court declines to invoke this exception as a basis for enjoining the Alameda County proceedings because, given the procedural history, present status of the case before this Court, and prior All Writs Act applications regarding ETF settlements, the Court finds that the instant application will not seriously impair this Court's flexibility and authority to decide its own case.

**B. Relitigation Exception**

The "to protect or effectuate its judgments" exception is also known as the "re-litigation exception." <u>See</u> <u>In re Diet Drugs II</u>, 369 F.3d at 305. As explained by the Supreme Court, "[t]he

7

re-litigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).

Defendant ATTM primarily relies on Milliron v. T-Mobile USA, Inc., Civ. No. 08-4149, 2009 WL 4798240 (D.N.J. 2009), in which this Court enjoined two attorneys from seeking fees where they previously sought full compensation for their work in connection with the underlying action within the settlement fee allocation process and attempted to seek additional fees in a California court for specific pieces of the litigation. There the court wrote as follows:

> California Counsel's efforts in this regard are not only inappropriate but threaten to completely dismantle national class action settlements by allowing plaintiffs' attorneys dissatisfied with the fee allocation to simply continue to look for ways to break down the lawsuit into different pieces and to seek separate compensation for those pieces in state court actions. Such a trend would leave defendants without the finality of judgment promised by the settlement, which would surely hinder the ability of courts to settle multi-state litigation in one forum, at one time.

Milliron, at * 6. Thus, the Court found that an All-Writs Act injunction was necessary under the circumstances. Id. (citing In re Linerboard Antitrust Litig, 2008 WL 4451914 ("[R]einstatement of the All Writs Act Injunction is appropriate to prevent relitigation of the overall Linerboard counsel fee allocation in state court and to protect this Court's ongoing jurisdiction over the MDL res.")). However, the Court finds the instant matter distinguishable because, as the Court previously wrote, "[e]ach of the grounds upon which California Counsel now seek to garner fees from a California state court is encompassed by the Milliron settlement – specifically, each is premised entirely upon, and arises out of, their representation with the plaintiffs in the [Related Action]." Milliron, at * 6.

Rather, with regard to the instant application, the Court finds the following facts determinative. First, Ms. Rel opted out of the class after the Court issued its Preliminary Approval Order and chose instead to pursue her claims on an individual basis. Further, the attorneys' fees sought are based on claim in contract pursuant to the non-ETF provisions of the Customer Service Agreement arbitration provision and, significantly, they are part of the damages that Ms. Rel seeks in connection with her individual claim. (Tr. 36:5-17).

In addition, under California law, a motion to compel arbitration involves a separate special proceeding. See e.g. Towers, Perrin, Forster & Crosby, Inc. v. Brown, 732 F.2d 345, 348-49 (3d Cir. 1984). As discussed above, Franklin and Ferrigno were successful in defending ATTM's motion, which, they argue, resulted in a final judgment under California law.[2] Thus, Ms. Rel may be entitled to fees per the arbitration provisions of the Customer Service Agreement. Also, it bears mention that Cingular brought the motion seeking to compel Ms. Rel to arbitrate her claims at issue which was separate and apart from an additional motion to compel arbitration regarding certain class members. (ATTM Reply, Connolly Decl., Exs. B and C).

Also, pursuant to the fee agreement between Ms. Rel and Franklin and Ferrigno, her attorneys would receive one third of all fees awarded, including attorneys' fees. (Tr. 36:15-17).[3] Finally, in the fee declaration submitted pursuant to the ETF Settlement Agreement, Franklin and

---

[2] The parties dispute whether the ATTM's motion to compel arbitration resulted in a final judgment. However, the Court need not reach that issue because in light of the fact that no injunction will issue, such is more appropriately determined by a California court in connection with the likely forthcoming application for fees.

[3] The parties also dispute whether under California law the alleged agreement between Ms. Rel and her attorney's would effectively transfer ownership of any attorney's fees awarded from the attorney to the litigant. Both primarily rely on the same case, Flannery v. Prentice, 26 Cal.4th 572 (2001). The Court has already found that under the limited circumstances at hand, the specific application made by ATTM does not fall within any of the All Writs Act exceptions and thus Messrs. Franklin and Ferrigno will not be enjoined from seeking fees in connection with the work performed on behalf of Ms. Rel in defending the motion to compel arbitration initiated by Cingular. Thus, a California court is better suited to resolve the parties' dispute regarding the ownership of counsel fees under California law.

Ferrigno stated that they may seek the specific type of fees at issue here at a different time and made it clear that those fees were not included in their application. (Tr. 33:15-23; Opp'n, at 3). Notably, there is no indication that ATTM took issue at the time. Further, the Court finds significant the particular reason that Franklin and Ferrigno did not include the fees at issue. As explained by Mr. Ferrigno at oral argument, "Ms. Rel had opted out. Now, I mean, if she stayed in as a settling party, then we would have included her fees. The settlement provisions provide that the attorneys are going to seek any fees related to the settlement claims that are being settled here." (Tr. 33:15-23). Thus, the Court declines to enjoin Franklin and Ferrigno from attempting to seek fees in California.

### C. Sanctions

Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "As evidence from the text of the statute, § 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the proceedings; and (4) doing so in bad faith or by intentional misconduct." Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002). As per Third Circuit precedent, "a finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing attorney's fees under this provision. Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991); Baker Indus. v.

Cerberus Ltd., 764 F.2d 204, 208 (3d Cir. 1985) ("This bad faith requirement is seen necessary to avoid chilling an attorney's legitimate ethical obligation to represent his client zealously . . . .").

Finally, "The appropriateness of sanctions is a matter entrusted to the discretion of the district court." Hackman v. Valley Fair, 932 F.2d at 242. "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew of should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." Prudential Ins. Co., 278 F.3d at 188. If the court finds that sanctions should be imposed under § 1927, it must only award those costs and expenses resulting from particular misconduct. Id. Finally, "the power to assess costs on an attorney in a given case is a power which 'courts should exercise only in instances of a serious and studied disregard for the orderly process of justice.'" Ford v. Temple Hospital, 790 F.2d 342, 347 (3d Cir. 1986) (citations omitted).

Here, both parties seek sanctions against the other. ATTM argues that sanctions against Franklin and Ferrigno are warranted because ATTM informed them of its belief that their conduct violated this Court's Orders (ATTM Br., 15), because these attorneys are allegedly part of a certain group of California attorneys which were subject to previous injunctions (Tr. 25:16-25), and because ATTM counsel states that "I think that there is a bit of an after the fact ginning up of an oral fee agreement with Ms. Rel that is belied by the facts" (Tr. 26:1-5). Franklin and Ferrigno respond that ATTM's conduct is deserving of sanctions because they failed to include the determinative fact that Ms. Rel opted out of the settlement and mischaracterized the correspondence between the parties.

Having considered the aforesaid arguments, the Court does not find that the conduct at issue herein rises to the level of bad faith as to either party. With regard to Franklin and

11

Ferrigno, this Court declines to issue sanctions because those allegations exceed the scope of this motion and the Court lacks sufficient evidence to justify a finding of bad faith.

## V. CONCLUSION

Therefore, for the reasons discussed herein, Defendant's motion for an injunction pursuant to the All Writs Act is denied. In addition, the requests of both parties for sanctions against the other are also denied.

An appropriate Order accompanies this Opinion.

Dated: February 17, 2012

Jose L. Linares
United States District Judge