**BURSOR & FISHER, P.A.**
Scott A. Bursor
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
scott@bursor.com

**BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER, LLP**
Alan R. Plutzik
Jennifer S. Rosenberg
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Tel: (925) 945-0200
Fax: (925) 945-8792
aplutzik@bramsonplutzik.com
jrosenberg@bramsonplutzik.com

*Counsel To Katherine Zill And The Zill Subscriber Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUDY LARSON, BARRY HALL, JOE MILLIRON, TESSIE ROBB, and WILLIE DAVIS, individually and on behalf of all others similarly situated, | Civ. Act. No. 07-5325 (JLL) |
| Plaintiffs, | **KATHERINE ZILL'S OPPOSITION TO SPRINT'S MOTION FOR AN ORDER TO SHOW CAUSE** |
| v. | |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC and SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL AND NEXTEL FINANCE COMPANY | |
| Defendants, | |

## TABLE OF CONTENTS

**PAGE(S)**

JOINDER IN CHRISTINE MORTON'S BRIEF ........................................................ 1

ARGUMENT ................................................................................................................ 1

    I.    THE *LARSON* CLASS REPRESENTATIVES CANNOT ADEQUATELY REPRESENT KATHERINE ZILL OR MEMBERS OF THE *ZILL* SUBSCRIBER CLASS .............................. 1

        A.    No Ability:  The Larson Class Representatives Lack Standing To Assert Claims For Injunctive Relief To Stop Sprint From Enforcing Flat-Rate ETFs Against Existing Customers ................................................... 2

        B.    No Incentive:  The Larson Class Representatives Had No Incentive To Stop Sprint From Enforcing Flat-Rate ETFs Against Existing Customers .............................. 3

        C.    Conflict Of Interest:  The Interests Of The *Larson* Class Representatives Were To Sacrifice Current Subscribers' Injunctive Relief Claims, And To Permit Sprint To Continuing Charging Flat ETFs To The Detriment Of Current Subscribers .................................. 4

    II.    SPRINT'S SUGGESTION THAT THE ADEQUACY PROBLEM CAN BE FIXED BY EXTENDING THE CLAIM PERIOD IS INCORRECT ........................................................ 4

CONCLUSION ............................................................................................................. 5

i

Nonparty Katherine Zill, one of the court-appointed representatives of the certified class in *Zill v. Sprint Spectrum, L.P.* (Case No. RG03121510, Calif. Super. Ct., Alameda County) (the "*Zill* Subscriber Class"), respectfully submits this opposition to Sprint's motion for an order to show cause to stay the "California Litigations" and enjoin and restrain the Bursor Group.

### Joinder In Christine Morton's Brief

To avoid duplicative briefing, Katherine Zill hereby joins in Christine Morton's opposition to Sprint's motion for an order to show cause, which is being filed contemporaneously herewith. Zill submits this separate memorandum to raise arguments specifically relating to her claim and the claims of the *Zill* Subscriber Class.

### Argument

**I. THE *LARSON* CLASS REPRESENTATIVES CANNOT ADEQUATELY REPRESENT KATHERINE ZILL OR MEMBERS OF THE *ZILL* SUBSCRIBER CLASS**

The Third Circuit specifically and directly questioned the ability of the *Larson* class representatives to represent Katherine Zill and members of the *Zill* Subscriber Class. *See* 3d Cir. Opinion at 58 (Dkt. No. 666-2) ("Here, it is difficult to understand how the Class Representatives, none of whom were Sprint customers at the time that the Settlement Agreement was executed, had the interest, much less the incentive, to stop Sprint from enforcing flat-rate ETFs against its current customers."). Since this Court last addressed the issue, the Third Circuit has made

1

three decisions clarifying the legal standard for determining the adequacy of class representatives. *See* 3d Cir. Opinion at 56 (3d Cir. June 29, 2012); *Dewey v. Volkswagen AG*, 2012 WL 1948970, at \*13 (3d Cir. May 31, 2012), and *In re Community Bank of Northern Virginia*, 622 F.3d 275, 291, 303-08 (3d Cir. 2010) ("*Community Bank II*"). To be adequate, class representatives must have (1) the <u>ability</u> to represent the claims of the class vigorously, (2) the <u>incentive</u> to do so, and (3) <u>no conflict</u> between their interests and those of absent class members. *See* 3d Cir. Opinion at 56 (Dkt. 666-2), *citing Community Bank II*, 622 F.3d at 291. With respect to Katherine Zill's claims on behalf of the *Zill* Subscriber Class, the *Larson* class representatives fail all three parts of this test.

### A. <u>No Ability: The Larson Class Representatives Lack Standing To Assert Claims For Injunctive Relief To Stop Sprint From Enforcing Flat-Rate ETFs Against Existing Customers</u>

The *Larson* class representatives included only persons who had terminated service with Sprint at the time the settlement agreement was made. There were no representatives who were current subscribers at the time the Settlement Agreement was executed. *See* Second Amended Complaint ¶¶ 7-11 (Dkt. No. 90). The *Larson* plaintiffs never asserted claims on behalf of current subscribers, and never sought prospective injunctive relief on behalf of subscribers subject to illegal ETFs, but not yet charged. *See* Complaint (Dkt. No. 1), and First Amended Complaint (Dkt. No. 14) (asserting no claims on behalf of subscribers, and seeking

no prospective relief).  It was not until after the proposed settlement was made that such claims were cobbled into a new complaint.

Because they lacked standing to assert these claims, the *Larson* class representatives fail the first part of the test for adequacy – they lacked the <u>ability</u> to assert claims for injunctive relief against ongoing ETF charges.  *See* 3d Cir. Opinion at 57-58 (Dkt. 666-2) (stating this Court's prior analysis of adequacy "fails to include the first and, in this instance likely the most important part of the *Community Bank* inquiry … [which] requires that the Class Representatives have 'the ability and the incentive to represent the claims of the class vigorously.'"), *quoting Community Bank II*, 622 F.3d at 291.  *See also Hassine v. Jeffes*, 846 F.2d 169, 175-75 (3d Cir. 1988) (holding that plaintiffs who lack standing are "inadequate class representatives"); *Zimmerman v. HBO Affilliate Group*, 834 F.3d 1163, 1169 (3d Cir. 1987) ("It is well settled that to be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim").

    **B.**    <u>**No Incentive:  The Larson Class Representatives Had No Incentive To Stop Sprint From Enforcing Flat-Rate ETFs Against Existing Customers**</u>

The *Larson* class representatives also fail the second part of the adequacy test because they had no incentive to assert claims for injunctive relief to stop ongoing ETF charges.  They had no interest in stopping those charges because, as former customers, they were no longer subject to them.  Prospective injunctive relief was therefore of no value to them.  That is why they did not seek it in their

3

complaint and did not negotiate for it in their proposed settlement. But prospective injunctive relief against these charges was of enormous value to the *Zill* Subscriber Class, and to members of the national Settlement Class against whom Sprint continued to impose up to $60 million per month in illegal ETF charges for nearly two years after the Settlement Agreement was made.

    **C.** **Conflict Of Interest: The Interests Of The *Larson* Class Representatives Were To Sacrifice Current Subscribers' Injunctive Relief Claims, And To Permit Sprint To Continuing Charging Flat ETFs To The Detriment Of Current Subscribers**

Since the *Larson* class members were all former subscribers, it was in their interest to sell out the claims of current subscribers in the interests of securing a better deal for former subscribers. And the deal they struck manifests that conflict. It permitted Sprint to continue the ongoing charges against current subscribers unabated, and provided only non-cash "Category IV" benefits to members to subscribers who remained subject to ETF charges going forward. *See* 3d Cir. Opinion at 59 (noting the dissimilar treatment).

**II.** **SPRINT'S SUGGESTION THAT THE ADEQUACY PROBLEM CAN BE FIXED BY EXTENDING THE CLAIM PERIOD IS INCORRECT**

Mr. Boyle's July 16 letter to the Court contends the "potential adequacy issue … can be completely resolved without disturbing the Settlement Agreement." Boyle Letter at 2 (Dkt. 662). Mr. Boyle suggests this can be done by extending the claim period "for those persons who claimed under the Larson Settlement because they were charged a flat rate ETF at any point in time until the last flat rate ETF

4

contract term lapsed." *Id.* With all due respect, Mr. Boyle should re-read the Third Circuit's ruling. Tweaking the claim period after the fact does not change whether the *Larson* class representatives had the ability or incentive to vigorously represent the claims of the *Zill* Subscriber Class at the time they negotiated this settlement. Similarity of benefits is not the test for adequacy. *See, e.g.*, 3d Cir. Opinion at 59 n.39 ("adequacy of representation cannot be determined solely by reviewing the settlement benefits available to class members") (Dkt. No. 666-2). Changing the benefits available to members of the Subscriber Class does nothing to change whether the *Larson* class representatives had the ability or incentive to vigorously prosecute subscribers' claims at the time this settlement was negotiated and executed. Sprint's suggestion that the settlement be modified merely to extend the claim period – instead of including class representatives with the ability and incentive to assert Subscriber Class claims – would repeat the same error the Third Circuit just identified. It would again "fail[] to include the first and, in this instance, likely the most important part of the *Community Bank* inquiry. That part requires that the Class Representative have 'the ability and the incentive to represent the claims of the class vigorously.'" *Id.* at 57-58, *quoting In re Cmty. Bank of N. Va.*, 622 F.3d at 291.

## Conclusion

For the foregoing reasons, the Court should not issue an order to show cause. Nor should the Court enjoin the *Zill* case. Alternatively, if the Court does not deny

5

Sprint's motion on the current record, Zill respectfully requests the opportunity to present full briefing of these important issues on a regular schedule. The Court entered an order on July 17 giving us only one week to respond to Sprint's motion, which was not adequate time to respond given the complexity of the issues and the volume of Sprint's filing. If the Court is inclined to enjoin the *Zill* action based on the present record, we respectfully request that the Court incorporate a stay of the effective date of its order for 30 days to permit Zill to seek relief by way of a petition for a writ of mandamus or prohibition in the Third Circuit, and thereafter until the Third Circuit has ruled on that petition.

     Regardless of the outcome of this motion, the Court should encourage the parties to take the Third Circuit's ruling seriously. Sprint seems intent on minimizing that ruling and presenting the same flawed settlement again. That approach will certainly draw renewed objections from Galleguillos, as well as an objection from Zill on behalf of the Subscriber Class. The better approach would be to negotiate in good faith with the *Robertson* and *Zill* class representatives to work toward a revised settlement that all parties can support, and which this Court can approve.

6

| | |
|---|---|
| DATED:  July 24, 2012 | BURSOR & FISHER, P.A. |

Scott A. Bursor
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113

By: ___/s/ Scott A. Bursor_____
    Scott A. Bursor

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
Alan R. Plutzik
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200

BURSOR & FISHER P.A.
L. Timothy Fisher
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515

FRANKLIN & FRANKLIN
J. David Franklin
550 West "C" Street, Suite 950
San Diego, CA 92101-8569
Telephone:  (619) 239-6300

*Counsel for Katherine Zill and the* Zill *Subscribers Class*

7