# C<small>ARELLA</small>, B<small>YRNE</small>, C<small>ECCHI</small>, O<small>LSTEIN</small>, B<small>RODY</small> & A<small>GNELLO</small>, P.C.

### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | | |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | | °MEMBER NY BAR ONLY |
| | | | | +MEMBER FL BAR ONLY |

July 30, 2012

**VIA ECF**

Honorable Jose L. Linares, U.S.D.J.
United States District Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

>       Re:   *Larson, et al. v. Sprint, et al.*
>             **Civil Action No. 07-5325 (JLL)**

Dear Judge Linares:

We are co-counsel for the Class in the above matter. Please accept this letter in response to Mr. Bursor's July 27 letter, arguing that the Court does not have jurisdiction over the subjects of Sprint's proposed All-Writs injunction. Those arguments are wrong.

The All-Writs Act permits district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The power conferred by the All-Writs Act extends, under appropriate circumstances, to persons who, though not parties to the original action, are in a position to frustrate the implementation of a court order or the proper administration of justice. *U.S. v. N.Y. Telephone Co.*, 434 U.S. 149, 174 (1977). In particular, the Court has the power under the All-Writs Act to enjoin parallel litigation which would undermine the implementation of a class-action settlement. *See In re Diet Drugs*, 369 F.3d 293, 306 (3d Cir. 2004); *In re Prudential Insurance Co. of America Sales Practices Litigation*, 314 F.2d 99, 103-104 (3d Cir. 2002).

It is simply a misstatement of the procedural posture of the case that the settlement class was vacated. The final approval of the settlement may have been vacated by the Third Circuit, but not preliminary approval. Preliminary approval of a class action settlement is sufficient to give the Court jurisdiction over absent class members to enjoin them from proceeding with actions in a state court which would tend to undermine the implementation of a settlement before the Court. *See Carlough v. Amchem*, 10 F.3d 189, 201-204 (3d Cir. 1993). *See also* Docket Entry 335 (denying request to lift prior All-Writs injunction after final approval was denied at first hearing). "The threat to the federal court's jurisdiction posed by parallel state actions is

Honorable Jose L. Linares, U.S.D.J.
July 30, 2012
Page 2

particularly significant where there are conditional class certifications and impending settlements in federal actions." *In re Diet Drugs Product Liability Litigation*, 282 F.3d 220, 236 (3d Cir. 2002).

Unquestionably, the Court has jurisdiction to issue an injunction against state court proceedings, such as those being pushed by Ms. Morton and Ms. Zill, which would tend to "interfere with the federal court's path to judgment." *See Diet Drugs*, 282 F.3d at 234. Ms. Zill wishes to litigate in California, on behalf of the California Subscriber Class, the propriety of notice of the settlement to the class members here. That is precisely the issue the Third Circuit remanded to this Court to decide. Ms. Morton wants to litigate the claims on behalf of the California Nextel class, which are also the subject of the Settlement pending before the Court. The Court's reasoning in denying Mr. Bursor's application to lift the original All Writs injunction is equally applicable here.

> On April 30, 2009, this Court simply ordered the parties to re-notice the class. It made no finding as to the reasonableness of the settlement, because such a finding would at this point be premature. Thus, the settling parties are back at the preliminary approval stage. The Court has not rejected the settlement, and thus sees no reason why it should vacate its earlier preliminary approval order. Contrary to Mr. Bursor's arguments, the April 30, 2009 Opinion did not re-write the settlement agreement between the parties. Rather, it left the settlement agreement in place, to be evaluated in full at a future fairness hearing. This matter, therefore, remains under preliminary approval and Mr. Bursor's request to vacate the preliminary approval order in light of the April 30, 2009 opinion is denied.

Docket Entry 335 at 2.

The Third Circuit similarly did not rule on the reasonableness of the settlement, but the Third Circuit did even less than the Court did at the April 30, 2009 final approval hearing. The Third Circuit did not decide that notice had been insufficient; it remanded the matter to this Court to make additional findings as to *whether* notice had been sufficient. The Third Circuit likewise did not decide that the class representatives were inadequate; it remanded that issue for the Court to decide *whether* the class representatives were adequate. The case is in exactly the same procedural posture as after the April 30, 2009 final approval hearing.

Mr. Bursor's contention that the facts are analogous to those in *GM Trucks* is based upon a misreading of the procedural posture of the case as of the time that the All-Writs application was made. In the original *GM Trucks* opinion, *In re General Motors Pick-Up Fuel Tank Product Liability Litigation,* 55 F.3d 768 (3d Cir. 1995), the Third Circuit vacated a class certification and final settlement approval order. The difference, though, between *GM Trucks* and this litigation, is explained in the first paragraph of the Third Circuit's *GM Trucks* All-Writs opinion, 134 F.3d 133, 137 (3d Cir. 1998).

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

In *GM I,* we vacated the class certification order and set aside the settlement but left open the possibility that the defect in the certification procedure might be cured, the class certified, and a revised settlement approved on remand. However, instead of proceeding further in the Eastern District of Pennsylvania, the parties to the settlement repaired to the 18th Judicial District for the Parish of Iberville, Louisiana, where a similar suit had been pending, restructured their deal, and submitted it to the Louisiana court, which ultimately approved it.

*Id.* After the revised settlement had been preliminarily approved in Louisiana, certain Pennsylvania class members moved in the Eastern District to enjoin the Louisiana proceedings under the All-Writs Act. *Id.* By the time the Third Circuit ruled on the injunction application, the Louisiana court had granted final approval of the settlement. *Id.* at 137-38. The Third Circuit held that the All-Writs application was barred by the Full Faith and Credit Act and the *Rooker-Feldman* doctrine. *Id.* at 141-43.

The situation here is the exact opposite of what occurred in *GM Trucks*. Rather than taking the Settlement elsewhere, the parties (at least Plaintiffs and Sprint) *are* proceeding in this Court to address the concerns expressed by the Third Circuit and have the Settlement approved here. *Compare GM Trucks*, 134 F.3d at 144-45 ("in those cases cited by appellants where a state action has been enjoined, the federal court had already approved or conditionally approved its own settlement or the approval was imminent. That is not the case here. The MDL court is not considering a nationwide settlement pursuant to our remand in *GM I*.") Thus, any proceedings in another court would interfere with this Court's ability to rule on the propriety of the Settlement here. The reasoning in *GM Trucks* is nothing more than the opposite side of the coin from the cases cited in favor of enjoining the California proceedings. Federal courts will not allow litigants to go to one court to throw a monkey wrench into the approval of a class-action settlement in another court. The cases cited above stand for the proposition that a federal court may enjoin proceedings in state court which would interfere with the approval process of a class action settlement pending before it. *GM Trucks* stands for the proposition that a federal court will not interfere with the approval process for a class action settlement pending in state court.

Mr. Bursor's contention that the Court lacks jurisdiction to enjoin the California proceedings is incorrect. For the reasons set forth previously, those proceedings should be enjoined.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc: All counsel (via ECF)