UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

July 30, 2012

## LETTER ORDER

Re: <u>Larson, et al. v. Sprint Nextel, et al.</u>
Civil Action No. 07-5325 (JLL)

Dear Counsel:

      This matter comes before the Court by way of Defendant Sprint's "Application for a Stay of the California Litigations and to Enjoin the Bursor Group from Further Interfering with this Settlement and this Court's Continuing Jurisdiction Over the Settlement Class" [Docket Entry No. 663]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's application is **denied without prejudice**.[1]

      This class action involves a claim by Plaintiffs that flat-rate early-termination fees ("ETFs") charged by Sprint violate, *inter alia,* the Federal Communications Act and various state consumer protection laws. The parties to this action eventually reached a nationwide settlement which was submitted to the Court for its approval. On December 5, 2008, this Court preliminarily approved the settlement and preliminarily certified the settlement class. Over objections lodged by several class members, this Court certified the settlement class and approved the Larson Settlement on January 15, 2010. Objectors Lina Galleguillos, Antranick Harrentsian, and Michael Moore (collectively, the "Galleguillos Objectors"), along with Jessica Hall, appealed this Court's January 15, 2010 decision.

      On June 29, 2012, the Court of Appeals for the Third Circuit entered an Opinion vacating this Court's January 15, 2010 final approval of the Larson Settlement and remanding the matter for further proceedings consistent with its decision. See *Larson v. AT & T Mobility LLC, et al.*, --- F.3d ---, 2012 WL 2478376 (3d Cir. June 29, 2012). In particular, the Third Circuit directed this Court to reconsider, "on a more complete record" and "in greater detail," two (2) aspects of its January 15,

---

[1] No party disputes that this Court has subject matter jurisdiction over this action or the instant application. See December 5, 2008 Preliminary Approval Order [Docket Entry No. 92].

1

2010 decision: (1) whether the Amended Notice Plan passes muster under Rule 23(c)(2) given "Sprint's concession that a billing records search could result in identifying millions of class members who were charged a flat-rate ETF;"[2] and (2) whether the Class Representatives have "the ability and the incentive to represent the claims of the class vigorously,"[3] and are thus adequate under Rule 23(a)(4).[4]

In light of these directives, this case has been restored to the Court's active docket, a conference has been scheduled before the Undersigned for Wednesday, August 1, 2012 and a briefing schedule will be issued shortly, allowing all parties—including any objectors—an opportunity to weigh in on the discrete issues that the Third Circuit has asked this Court to address. The Court will then conduct a final fairness hearing to address all outstanding issues concerning the fairness, reasonableness and adequacy of the Larson Settlement, as required by Federal Rule of Civil Procedure 23(e)(2). In the meantime, the Larson Settlement remains subject to the Preliminary Approval Order entered by this Court on December 5, 2008. [Docket Entry No. 92].

At issue in Sprint's application are two actions pending in California courts: (1) *Robertson v. Nextel Commc'ns, Inc.*, and (2) an appeal pending before the Court of Appeals of the State of California First Appellate District, Division Five (the "California Appeal") (hereinafter referred to collectively as the "California litigations"). Both actions are encompassed by the Larson Settlement and both had been previously stayed in light of the Larson Settlement. *See* January 15, 2009 Order, Docket Entry Nos. 139 (granting Sprint's motion to enjoin Subscriber Class Counsel from any further prosecution of its claims in California state court and staying the Subscriber Class Case); March 21, 2011 Opinion and Order, Docket Entry Nos. 626, 627 (granting Sprint's application to enjoin the California Appeal as it pertains to the Subscriber Class and to stay the litigation of the Subscriber Class Case, pursuant to the re-litigation exception to the All Writs Act).

Scott Bursor, Esq., on behalf of certain plaintiffs in the California litigations, has filed applications before the California courts seeking to lift the stay imposed in both actions in light of the Third Circuit's June 29, 2012 decision. *See* Gresham Decl., ¶¶ 2, 3. Sprint has, in turn, filed an application before *this* Court to enjoin the California litigations from proceeding, pursuant to the All Writs Act, 28 U.S.C. § 1651.

As a preliminary matter, Scott Bursor takes the position that this Court cannot grant Sprint the injunction it seeks because it lacks jurisdiction over his clients—Christine Morton and Katherine

---

[2] *Larson*, 2012 WL 2478376, at *14.

[3] *Id.* at *15 (quoting *In re Cmty. Bank of Northern Va.*, 622 F.3d 275, 291 (3d Cir. 2010)).

[4] *Id.*

Zill—neither of whom are parties to this action.[5] In particular, Mr. Bursor claims that, in light of the Third Circuit's June 29, 2012 decision, this Court "lacks personal jurisdiction over Morton, Zill and other absent class members of the now-vacated settlement class." [Docket Entry No. 671]. On the other hand, class counsel, James Cecchi, Esq., argues that "preliminary approval of a class action settlement is sufficient to give the Court jurisdiction over absent class members to enjoin them from proceeding with actions in a state court which would tend to undermine the implementation of a settlement before the Court."[6]

It is clear that counsel have very different interpretations of the Third Circuit's June 29, 2012 decision and the implications thereof. This Court has no reason to address the merits of that dispute in adjudicating Sprint's motion. Suffice it to say that no evidence has been presented suggesting that either California court has lifted the stay or that such course of action is imminent. Thus, the Court finds Sprint's application to be premature. To the extent the circumstances change, Sprint may renew its application, at which point in time the issue of jurisdiction shall be briefed in greater detail.

Accordingly, **IT IS** on this **30th day of July, 2012,**

**ORDERED** that Defendant's application [Docket Entry No. 663] is **DENIED** without prejudice.

**SO ORDERED.**

Jose L. Linares
United States District Judge

---

[5] Mr. Bursor relies on *In re General Motors Pick-Up Fuel Tank Product Liability Litig.*, 55 F.3d 768 (3d Cir. 1995) in support of his position.

[6] Mr. Cecchi relies on *Carlough v. Amchem Prods.*, 10 F.3d 189, 201-204 (3d Cir. 1993), in support of his position.